**MICHAEL J. STENGEL**
Lawyer
619 South Cooper Street
Memphis, Tennessee 38104

Telephone:
(901)527-3535

E-Mail: mstengel@mjspc.com

Direct Fax:
(901)302-4867

September 14, 2023

Mr. David Pritchard
Ms. Libby Rogers
Asst. U.S. Attys.
Odell Horton Federal Building
167 North Main Street, Room 800
Memphis, TN 38103

    Re:   <u>United States v. Demetrius Haley</u>,
           WD Tenn. No. 23-20191

Dear Counsel:

    Pursuant to Fed.R.Crim.P. 16, the defendant hereby requests a copy of all items discoverable in accordance with subparagraphs (a)(1)(A) through (G) inclusive.

    Next, the defendant also requests, pursuant to Fed.R.Evid. 404(b) as amended, notice of the government's intent to use any like or similar conduct on the part of the defendant should this case proceed to trial.

    Third, defendant requests notice of the governments intent to use any evidence, including any items seized or information obtained by law enforcement agents, which may or could be the subject of a motion to suppress in conformity with Fed.R.Crim.P. 12(b)(4).

    Fourth, the defendant requests notice of the use of any electronic surveillance or wiretap in this case.

    Fifth, defendant requests that the government furnish any evidence which would tend to exculpate the defendant or mitigate punishment pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny. This includes any material which could be used to impeach potential government witnesses pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and its progeny.

Further, the existence, substance, extent, and the manner of execution or fulfillment of any inducement, promise, statement, agreement, understanding, or arrangement, either verbal, written, or implied, between the government and any of its agents and any prosecution witness, or his or her attorneys or representatives, for the purpose of obtaining said person's testimony, cooperation, or provision of information to the government wherein the government has agreed, stated, or implied action as to any of the following:

(a) Not to prosecute said person for any crime or crimes, charged or uncharged.

(b) To provide a formal grant of statutory immunity, or to provide an informal assurance that the person will not be prosecuted in connection with any testimony, cooperation, or information given.

(c) To recommend leniency or a particular sentence for any crime or crimes for which he or she stands convicted or for which he or she will be charged or is expected to be convicted.

(d) To reconsider or otherwise alter its present position towards sentence, prosecution, or other exposure based upon the nature and extent of the person's future testimony or cooperation relative to this or any other case.

(e) To make any recommendation of benefit to the person or any state or federal agency.

(f) To provide favorable treatment or consideration, that is, money, a job, a new location, etc., to the person himself or to friends or relatives of the person in return for his testimony, cooperation, or provision of information.

(g) Not to prosecute a third party for any crime or crimes where the reason for not prosecuting said third party is the consideration to the person or witness.

(h) To make any other recommendations of benefit, or to give any other consideration to the person or friends or relatives of said person.

  Finally, please note that this request seeks all items discoverable pursuant to, *inter alia*, Fed. R. Crim. P. 16(a)(1)(G). It requires the government to furnish any purported expert's opinion, the bases and reasons for such opinion(s), and the witness's qualifications without further request. If the United States provides notice that it intends to call an expert without fully complying with this subparagraph of Rule 16 Mr. Haley will seek to exclude any such opinion from being introduced into evidence due to the United States refusal to timely comply with the letter and spirit of Rule 16.

              Sincerely,

              S/Michael J. Stengel

cc: Demetrius Haley
cc: Clerk, United States District Court