LAW OFFICES
## BALLIN, BALLIN & FISHMAN, P.C.
200 JEFFERSON AVENUE
SUITE 1250
MEMPHIS, TENNESSEE 38103-2357
Telephone (901) 525-6278
Facsimile (901) 525-6294
www.bbfpc.com

LESLIE I. BALLIN
RANDALL J. FISHMAN
BLAKE D. BALLIN
TIM EDWARDS†*[1]

RICHARD S. TOWNLEY
ERIKA L. RUCH
ADRIAN VIVAR-ALCALDE
LYNN ROWE
ANDREW R. CARR, JR.
*Special Counsel*

MARVIN E. BALLIN *(RETIRED)*
C. BARRY WARD *(RETIRED)*

KRISTIE SEDGWICK
Paralegal
B. JUNE YOUNG
Paralegal
DIANE ASBRIDGE
Paralegal

ALLISON MANNING
Office Administrator

†CERTIFIED CIVIL TRIAL SPECIALIST
*CERTIFIED CIVIL PRETRIAL PRACTICE ADVOCATE
[1] ALSO LICENSED IN ARKANSAS, KENTUCKY & MONTANA

September 14, 2023

David Pritchard, Esq.
Assistant United States Attorney
167 North Main Street, Eighth Floor
Memphis, TN 38103

   Re: United States of America v. Desmond Mills, Jr.
      Case #2:23cr20191 MSN

Dear David:

Please be advised that this firm is representing the above referenced defendant. I would request that you regard this letter as our request for discovery, inspection and notice of intent to use evidence in this case.

The Defendant seeks to discover all items within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government in any way relating to this matter. For the purpose of this request, the "government" includes the Federal Bureau of Investigation, the office of the United States Attorney, and any and all other State or Federal agencies, bureaus, agents or employees or any other person acting in conjunction with or in behalf of the government. This request includes but is not limited to:

  (a) A list of names and current addresses of all witnesses whom the United States Attorney intends to call to testify in this cause;

  (b) The criminal records of any witnesses so identified;

  (c) Any and all police reports relating to this matter and any and all witness

(d)     statements, to the extent that such statements contain the Defendant's prior record, his statement or statements and that of any co-defendant or the results of any tests or examinations;

(d)     Any and all statements and reports of any witnesses after such witness testifies;

(e)     The exact date, time and place the Defendant is alleged to have engaged in the specific conduct for which he is indicted. Defendant seeks herein to receive sufficient information with regard to this request such that Defendant may, if applicable, present proof of an alibi defense;

(f)     Any relevant written or recorded statements made by the Defendant;

(g)     The substance of any oral statement which the government intends to offer into evidence at the trial which was allegedly made by the Defendant, whether before or after arrest in response to interrogation by any person then known to the Defendant to be a law enforcement officer;

(h)     To inspect and copy any written or recorded statement, confession or admission against interest made by the Defendant;

(i)     To be advised of the substance of any oral statement, confession or admission against the interest made by the Defendant, whether before or after his arrest and in response to any person known to the Defendant to be a law enforcement officer;

(j)     Upon a determination by the government to place any co-defendant on trial jointly with this Defendant, to inspect and copy any oral, written or recorded statements, including testimony before the Grand Jury relating to the offense charged, made by any alleged co-defendant, aider, abettor or accomplice, whether made before or after his arrest;

(k)     A copy of the Defendant's prior criminal record, if any;

(l)     To inspect and/or copy all books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government and which are intended for use by the government as evidence-in-chief at the trial of this cause;

(m)     To inspect and/or copy all books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government and which are intended for use by the government and which are material to the perpetration of a defense in this cause;

(n)     To inspect and/or copy all books, papers, documents, photographs, tangible

<ul style="list-style:none">
<li>objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government and which are intended for use by the government and which were obtained from or belonged to the Defendant;</li>

<li>(o) Notification as to whether there has been any electronic surveillance or any type, including wire-tapping, conducted in connection with the investigation of this case. In the event of any such electronic surveillance, the Defendant further requests an inventory of all telephonic, radio and/or recorded information which has been intercepted and/or recorded by law enforcement or any other person acting on behalf of or in conjunction with law enforcement officers during the investigation of this case. Further, the Defendant requests that he be provided with the contents of all such intercepted communications;</li>

<li>(p) The names and addresses of all persons known to the United States Attorney or other law enforcement officers to have been present at the time and place of the alleged offenses or conduct constituting the offense;</li>

<li>(q) Pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), and *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), any and all evidence in the possession of the government or in the possession of any governmental agency that might fairly be termed "favorable" to the defense of this cause, whether that evidence either be completely exculpatory in nature or simply tends to reduce the degree of the offense or punishment therefor, or whether such evidence might be termed "favorable" in the sense that might be fairly used by the Defendant to impeach the credibility of any witness whom the government intends to call in this matter. Specifically, the Defendant seeks but does limit his request to the following:

<ol>
<li>The nature and substance of any agreement, immunity promise or understanding between the government, or any agent thereof, and any witness relating to that witness' expected testimony, including but not</li>
</ol>
</li>
</ul>

      limited to understandings or agreements relating to pending or potential prosecutions. *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *Graves v. State*, 49 S.W.2d 74 (Tenn. Cr. App. 1972);

2. The nature and substance of any preferential treatment given at any time by any government agent, whether or not in connection with this case, to any potential witness, including but not limited to letters from government attorneys or other law enforcement personnel to government agencies, State agencies, creditors, etc., setting out such witness' cooperation or status with the government, and which letter or communication might fairly be said to have been an attempt to provide some benefit or help to the witness;

3. Any money or other consideration paid to any witness by the government, including but not limited to rewards, subsistence payments, expenses or other payments made for specific information supplied to the government;

4. Any and all information in the possession of the government regarding the mental condition of the government's witnesses which would reflect or bring into questions such witness' credibility;

5. The original statement and any amendment thereto of any individuals who have provided the government with a statement inculpating the Defendant, who later retracted all or any portion of such statement, where such retraction would raise a conflict in the evidence which the government intends to introduce. *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978);

6. Any and all interview memoranda or reports which contain information, whatever the source(s), which might fairly be said to contradict or be inconsistent with any evidence which the government intends to adduce at the trial of this cause. *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978);

7. The names and addresses of any witnesses who the government believes would give testimony favorable to the Defendant in regard to the matters

|   |   |
|---|---|
|   | alleged in this indictment, even though the government may not be in possession of a statement from such witness and regardless of whether the government intends to call such witness. *United States v. Eley*, 335 F.Supp. 359 (N.D. Ga. 1972); |
| 8. | The results of any scientific test or analysis done on any person or object in connection with this cause where the result of that test or analysis did not implicate or was neutral to the Defendant. *Norris v. Slayton*, 540 F.2d 1241 (4th Cir. 1976); |
| 9. | Any documentary evidence in the possession of the government which contradicts or is inconsistent with any testimony which the government intends to introduce in this case; and |
| 10. | The statement of any individual who has given a description to any person of any individual involved in the perpetration of the charged offense, which person the government alleges to be the Defendant, whether such description might fairly be said not to match the Defendant in characteristics such as height, weight, body build, color of hair, etc. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); |

(r) Disclosure of any information compiled by the United States Attorney's office as to any prospective juror, including but not limited to arrest or conviction records, or whether such prospective juror was ever a witness;

(s) In the event that the government intends to offer any eyewitness identification testimony, to be informed as to whether any such witness has at any time been asked to make any pre-trial, extra-judicial identification of the Defendant, whether by means of a live line-up, photographic spread, or any other type of confrontation.  In the event that such extra-judicial identification has taken place, the Defendant would request disclosure of the date of such identification(s) and the names of all persons present at the identification.  If such identification occurred as the result of a line-up, show up or photographic identification, the Defendant requests the names and addresses of all person attending and all person who may have appeared in such a line-up or photo spread with the Defendant, as well as any written memoranda or documentation of such line-up or photo spread, including but not limited to the photographs taken or used in the identification process; and

(t) Disclosure of the United States Attorney's intention to use in the government's case-in-chief all materials subject to discovery by this request;

(u) Disclosure of the United States Attorney's intention to use evidence of other crimes, wrongs or acts pursuant to Rule 404(b) of the Federal Rules of Criminal Procedure.

If you should have any questions, please do not hesitate to contact me. Thank you for your attention to this matter.

Very truly yours,

/s/Blake D. Ballin
Attorney for Defendant