# SPARKMAN-ZUMMACH, P.C.

### ATTORNEYS AT LAW

**Attorneys**
Joseph M. Sparkman, Jr.*
Martin W. Zummach+

\* Licensed in MS & TN
+ Licensed in MS, TN, AR & TX

7125 Getwell Road, Ste. 201
Southaven, Mississippi 38672
(662) 349-6900 Telephone
(662) 349-6800 Facsimile

Martin@Sparkman-Zummach.com

**Legal Assistants**
Mistie M. Wynn
Kristi P. Cherry
Veronica L. Hicks
Sarah N. Mashburn

September 15, 2023
**VIA EMAIL**
**David.Pritchard2@usdoj.gov**
**Elizabeth.Rogers@usdoj.gov**

David Pritchard, Esq.
Libby Rogers, Esq.
Assistant U.S. Attorney
167 North Main Street, Room 800
Odell Horton Federal Building
Memphis, TN 38103

Re:   United States of America vs. Emmitt Martin, III, Tadarrius Bean, Demetrius Haley, Desmond Mills, Jr., and Justin Smith
United States District Court for the Western District of Tennessee, Western Division
Cause No.: 2:23-CR-20191-MSN

Dear Counsel:

Pursuant to Fed.R.Crim.P. 16 and Local Rule 15.1, Defendant, Justin Smith (hereinafter Mr. Smith) hereby requests a copy of all items discoverable. This request is continuing in nature and includes, but is not limited to:

1.     Mr. Smith requests, pursuant to Fed.R.Evid. 404(b) as amended, notice of the Government's intent to use any like or similar conduct on the part of Mr. Smith should this case proceed to trial.

2.     Mr. Smith requests notice of the Government's intent to use any evidence, including any items seized or information obtained by law enforcement agents, which may or could be the subject of a motion to suppress in conformity with Fed.R.Crim.P. 12(b)(4).

3.     Mr. Smith requests notice of the use of any electronic surveillance or wiretap in this case.

4.     Mr. Smith requests that the Government furnish any evidence which would tend to exculpate him or mitigate punishment pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. This includes any material which could be used to impeach potential Government witnesses pursuant to *Giglio v. United States*, 405 U.S. 150 (1972) and its progeny.

David Pritchard, Esq.
Libby Rogers, Esq.
September 15, 2023
Page 2

5. Mr. Smith requests the Government to disclose the existence, substance, extent, and the manner of execution or fulfillment of any inducement, promise, statement, agreement, understanding, or arrangement, either verbal, written, or implied, between the Government and any of its agents and any prosecution witness, or his or her attorneys or representatives, for the purpose of obtaining said person's testimony, cooperation, or provision of information to the government.

6. Written or recorded statements made by Mr. Smith as well as Mr. Smith's co-defendants.

7. Any written record containing the substance of any oral statement by Mr. Smith as well as Mr. Smith's co-defendants.

8. The substance of any oral statement by Mr. Smith, as well as Mr. Smith's co-defendants, made before or after arrest in response to interrogation by a government agent known to the defendants.

9. Recorded testimony of any defendant before a grand jury relevant to the offense charged.

10. Mr. Smith's prior criminal record.

11. As to any witness who will be called by the Government, the criminal records of each witness.

12. Documents and tangible objects including but not limited to books, papers, photographs, tangible objects, buildings, or places which are material to Mr. Smith's defense preparation or intended for use by the Government at trial as evidence in chief or obtained from Mr. Smith.

13. Results or reports of physical or mental examinations and scientific tests or experiments.

14. A written summary of testimony, witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications as an expert witness that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence in its case-in-chief at trial.

15. Co-conspirator's statements.

16. Exculpatory evidence or evidence that may lead to exculpatory evidence.

17. A list of the names, addresses and present location of each and every person interviewed by the Government as a prospective, possible or potential witness in this case, whether or not the Government now intends to call such person as a witness in its case-in-chief at trial, including but not limited to informants/witnesses who participated in the

David Pritchard, Esq.
Libby Rogers, Esq.
September 15, 2023
Page 3

activities alleged, and informants/witnesses who were present during any act by Mr. Smith, his co-defendants or co-conspirator in furtherance of any alleged conspiracy in the indictment.

18. A list of the names and addresses of each and every law enforcement officer, or officer of any agency, whether federal or state, involved in the investigation of this case.

19. Disclosure of any identification procedure, if any, that has been used in an attempt to elicit photographic or other identification of Mr. Smith whether or not it resulted in a positive identification and, if so, the name and address of such witness, the method of identification, name and address of any law enforcement officer present at the identification, the photographs or other items used in the identification procedure, and any and all other information concerning the identification procedure.

20. Disclosure of any searches that were conducted in connection with this matter, whether by warrant, or not, and whether resulting in the seizure of evidence or not, and if so disclose the date, time and location of each search, and if by warrant, copies of all documents associated with said warrant, copies of any documents seized, or inspection of any items seized.

21. Any and all information in the possession of the Government regarding the mental condition of the Government's witnesses which would reflect or bring into questions such witness' credibility.

22. The original statement and any amendment thereto of any individuals who have provided the Government with a statement inculpating Mr. Smith, who later retracted all or any portion of such statement, where such retraction would raise a conflict in the evidence which the government intends to introduce. *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978).

23. Any and all interview memoranda or reports which contain information, whatever the source(s), which might fairly be said to contradict or be inconsistent with any evidence which the Government intends to adduce at the trial of this cause. *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978).

24. The names and addresses of any witnesses who the Government believes would give testimony favorable to Mr. Smith in regard to the matters alleged in this indictment, even though the Government may not be in possession of a statement from such witness and regardless of whether the Government intends to call such witness. *United States v. Eley*, 335 F.Supp. 359 (N.D. Ga. 1972).

25. The results of any scientific test or analysis done on any person or object in connection with this cause where the result of that test or analysis did not implicate or was neutral to Mr. Smith. *Norris v. Slayton*, 540 F.2d 1241 (4th Cir. 1976).

26. Any documentary evidence in the possession of the Government which contradicts or is inconsistent with any testimony which the Government intends to introduce in this case.

David Pritchard, Esq.
Libby Rogers, Esq.
September 15, 2023
Page 4

27.     Disclosure of any information compiled by the United States Attorney's office as to any prospective juror, including but not limited to arrest or conviction records, or whether such prospective juror was ever a witness.

28.     In the event that the Government intends to offer any eyewitness identification testimony, to be informed as to whether any such witness has at any time been asked to make any pre-trial, extra-judicial identification of Mr. Smith, whether by means of a live line-up, photographic spread, or any other type of confrontation. In the event that such extra-judicial identification has taken place, Mr. Smith would request disclosure of the date of such identification(s) and the names of all persons present at the identification. If such identification occurred as the result of a line-up, show up or photographic identification, Mr. Smith requests the names and addresses of all person attending and all persons who may have appeared in such a line-up or photo spread with Mr. Smith, as well as any written memoranda or documentation of such line-up or photo spread, including but not limited to the photographs taken or used in the identification process.

29.     Disclosure of the United States Attorney's intention to use in the Government's case-in-chief all materials subject to discovery by this request.

As stated earlier, the requests herein are continuing in nature, and Mr. Smith would ask that the Government supplement its responses with any information coming into its possession subsequent to their initial discovery responses.

**Additionally, owing to the depth and breath of the number of defendants; counts of the indictment; and the need to adequately prepare the defense of this matter for trial, Mr. Smith's counsel asks that the Government respond to the above twenty-nine (29) requests for discovery in their respective order so that it is clear to the recipients which request for discovery the response is provided or is not available or objected to by the Government.**

Sincerely,

SPARKMAN-ZUMMACH, P.C.

*S/Martin Zummach*

Martin Zummach
MZ/mw