UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-CR-20191-MSN |
| | : | |
| TADARRIUS BEAN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO MODIFY CONDITIONS OF
<u>RELEASE</u>**

The United States of America by and through its attorney, the United States Attorney for the Western District of Tennessee, respectfully submits this memorandum in opposition to defendant Tadarrius Bean's Motion to Modify Conditions of Release. (ECF No. 45.)

**I.      <u>Bean's Charges and Pretrial Conditions</u>**

On January 7, 2023, Bean and the four other defendants killed Tyre Nichols during an arrest by taking turns punching, kicking, batoning, and pepper-spraying him. Tadarrius Bean and four other defendants were charged in a four-count Indictment returned on September 12, 2023. (ECF No. 1). In Counts 1 and 2, each of the defendants was charged with aiding and abetting the others in civil rights offenses including using excessive force and failure to intervene in the use of excessive force, and deliberate indifference to Nichols's serious medical need. (*Id.*) In Count 3, the defendants were charged with participating in a conspiracy to obstruct justice, with the aim of the conspiracy being to omit material information and provide false and misleading information to cover up their use of unreasonable force on Nichols. (*Id.*). Several overt acts were charged in the Indictment, including that each of the defendants participated in conversations with each other in which they discussed the Nichols incident. (*Id.*) In Count 4, each of the defendants is charged

with aiding and abetting the others in obstructing justice, again by providing false and misleading information and intentionally omitting material information about Nichols's death to their supervisors and others. (*Id.*)

Bean made his initial appearance on Wednesday, September 13, 2023, along with defendants Desmond Mills, Jr., Demetrius Haley, and Justin Smith. Emmitt Martin made his initial appearance in federal court the next day on September 14, 2023. The government recommended that each of the defendants be released on $50,000 unsecured bond with identical conditions of release. The conditions of release recommended by the government and imposed by the Court were as follows:

- That the defendant not violate federal, state, or local law while on release
- That the defendant cooperate in the collection of a DNA sample if authorized
- That the defendant must advise the court or pretrial services officer in writing before making any change of residence or telephone number;
- That the defendant must appear in court as required
- That the defendant sign an Appearance Bond, if ordered
- That the defendant must submit to supervision by the Pretrial Office
- That the defendant continue or actively seek employment
- That the defendant continue or start an education program
- That the defendant surrender any passport to the Clerk of Court of the Western District of Tennessee
- That the defendant not obtain a passport
- That the defendant be restricted in travel to the Western District of Tennessee and their district of residence
- That the defendant avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: no contact with co-defendants
- That the defendant not possess a firearm, destructive device, or other weapon

(ECF No. 18, Order Setting Conditions of Bean's Release; ECF No. 20, Order Setting Conditions of Haley's Release; ECF No. 22, Order Setting Conditions of Mills's Release; ECF No. 24, Order Setting Conditions of Smith's Release; ECF No. 37, Order Setting Conditions of Martin's Release.) None of the defendants objected to these conditions at that time. Each defendant also had an interview with a pretrial services officer, who then recommended to the Court that the

defendants remain released on the bond imposed and under the conditions imposed, most relevant here the condition that "Defendant [is] to have no contact direct or indirect, with co-defendants, members of the victim's families, individuals identified as witnesses, or any third parties acting as intermediaries on behalf of these individuals, in connection with the proceedings related to this case." (ECF No. 31, Smith's Pretrial Servs. Rep.; ECF No. 39, Haley's Pretrial Servs. Rep.; ECF No. 40, Mills's Pretrial Servs. Rep; ECF No. 42, Bean's Pretrial Servs. Rep; ECF No. 43, Martin's Pretrial Servs. Rep.)

On September 20, 2023, Bean filed this motion to modify the conditions of release, arguing that the "no contact" order (that is, the condition that the defendants not communicate with each other) is "arbitrary and serves no purpose other than to burden the codefendants" and that "there are no concerns, dangers, threats, coercion, or potential undue influence concerns in this case." (ECF No. 45.)  Bean requests that he and the other defendants be "free to converse, discuss strategies, and console each other during this stressful period." (ECF No. 45.)  The government now opposes that motion and requests that the Court deny it. [1]

**II.   Argument**

Under the Bail Reform Act, if a judicial officer determines that release on personal recognizance "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the judicial officer may impose additional conditions. 18 U.S.C. §§ 3142(b), (c)(1).  The judicial officer shall release the defendant "subject to the least restrictive further condition, or combination of conditions" that "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18

---

[1] Defendant Haley also filed a motion to modify bond conditions to clarify that defendants were allowed to have incidental contact with each other when they made joint court appearances.  (ECF No. 41.)  The government readily conceded to that common-sense clarification, and the Court has granted that motion.  (ECF No. 53.)

U.S.C. § 3142(c)(1)(B). The possible conditions contemplated by Congress in drafting the Bail Reform Act specifically include the conditions that the person "abide by specified restrictions on personal associations" (18 U.S.C. § 3142(c)(1)(B)(iv)) and/or "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense." (§ 3142(c)(1)(B)(v)).

In determining appropriate conditions of release, the judicial officer considers factors including: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence"; (3) "the history and characteristics" of the defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g) ("Section 3142(g) factors"). The judicial officer may amend a release order "at any time." 18 U.S.C. § 3142(c)(3).

"Once a judicial officer makes the decision to release a defendant (admit the defendant to bail), regulation of pretrial release is not prohibited unless the conditions of release are excessive compared against the governmental interest sought to be protected." *United States v. Campbell*, 309 F. Supp. 3d 738, 746 (D.S.D. 2018) (citing *United States v. Salerno*, 481 U.S. 739, 753-54 (1987)). "Courts every day are obliged to adjudicate criminal cases . . . and must assess and impose no-contact orders, as well as lesser restrictions on personal associations." *United States v. Pennington*, 606 F. App'x 216, 223 n.3 (5th Cir. 2015) (citing *Salerno,* 481 U.S. 739). In this case in particular, the condition that the defendants not contact each other is a logical and important one. Considering the nature of the offenses charged, namely that the defendants have been charged both with a conspiracy to obstruct justice and with witness-tampering, the condition that they not be allowed to continue to freely communicate with each other pretrial is particularly appropriate. Further, the defendants are charged with obstruction of justice for trying to cover up their

4

involvement in a death-resulting civil rights offense, conduct for which they now face the prospect of lengthy prison sentences. Under these circumstances, even the possibility that they could continue to communicate about what really happened the night Nichols was killed is a danger to the community and the integrity of the proceedings in this case. Furthermore, whether one or more of the defendants will eventually become witnesses in this case who would testify at trial is unknown at this time. Each defendant should take his own path through the criminal justice system, free of undue influence and pressure from their codefendants. These defendants, to the government's knowledge, do not have close relationships – they do not share relatives, children, homes, or businesses. There is no particular reason that Bean is requesting the Court to modify this condition of release, other than that it is a "burden." (ECF No. 45.) But as reasoned by another district court, "[w]hile the defendant certainly has an important constitutional right to speech and association, after indictment and awaiting trial, the Government's interests in witness safety and preserving the sanctity of court proceedings substantially outweighs the Defendant's right to association or speech with alleged victims or potential witnesses." *United States v. Blankenship*, No. 5:14-cr-00244, 2015 WL 1565774, at *6–7 (S.D. W. Va. Apr. 8, 2015).

### III. Conclusion

Prohibiting communication among the codefendants is the least restrictive condition the Court can impose to assure the safety of the community and the integrity of the criminal justice process. The Court should deny Bean's motion.

>Respectfully submitted,
>
>KEVIN G. RITZ
>United States Attorney

By:    s/*Elizabeth Rogers*
      ELIZABETH ROGERS
      Assistant United States Attorney
      167 N. Main Street, Ste. 800
      Memphis, TN 38103
      (901) 544-4231
      Elizabeth.Rogers@usdoj.gov

## CERTIFICATE OF SERVICE

I, Elizabeth Rogers, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

>s/Elizabeth Rogers
>ELIZABETH ROGERS
>October 3, 2023