```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```

UNITED STATES,

    Plaintiff,

v.                                                    No. 23-20191

DEMETRIUS HALEY,

    Defendant.

---

MOTION TO COMPEL DISCOVERY AND ORDER UNITED STATES TO PRODUCE AND INDEX OF INVESTIGATIVE MATERIAL THE UNITED STATES POSSESSES BUT DOES NOT INTEND TO PRODUCE

---

Comes now the defendant, Demetrius Haley, by and through his undersigned counsel of record, Michael J. Stengel, Esq., and, pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i), (F) moves this court to order the United States to produce the "dump" of Tyre Nichols' phone it possesses. In addition, pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny; Fed.R.Crim.P. 5(f); and the order entered as R. 15 herein, he seeks an order compelling the United States to furnish an index of investigative material within its possession, custody, or control – including the possession, custody, or control of the investigative agencies which has not been produced in discovery to enable the defendant to form his own, independent opinion on whether the United States is complying

with the Brady obligation it has acknowledged it must meet. In support thereof, Mr. Haley would show:

1. Mr. Haley has requested discovery, R. 16, which includes the United States' obligation to turn over, *inter alia,* documents, objects, and reports of examinations or tests which are in its possession, custody, or control and are material to preparing Mr. Haley's defense. Fed. R. Crim. P. 16(a)(1)(E)(i), (F)(i), (F)(iii).

2. In an October 4, 2023 email from AUSA Rogers to Martin Zummach, counsel for co-defendant, Justin Smith, the United States acknowledged that Tyre Nichols' phone "was dumped", but indicated that it has not reviewed the "dump" and does not intend to produce it in discovery.

3. The contents of Mr. Nichols' phone are material to the preparation of Mr. Haley's defense. Accordingly, it is discoverable and the United States should be ordered to produce it. In consulting with the United States regarding this motion, through counsel, Mr. Haley has notified the United States that the phone "dump" is material to resolution of count 1 because it is pertinent to the reasonableness of the force used. This inquiry involves addressing the question of "whether the officers' actions are objectively reasonable in light of the facts and circumstances *confronting them,* without regard to their underlying intent or

motivation". Graham v. Connor, 490 U.S. 386, 397 (1989). One of the guideposts in making this determination is whether, in this case, Tyre Nichols was "actively resisting arrest or attempting to evade arrest by flight". Graham v. Connor, *supra,* at 396. Resistance to arrest manifested by refusing to comply with demands to roll over to be handcuffed and continued attempts to stand up can justify the force necessary to incapacitate a suspect. Kapuscinski v. City of Gibraltar, 821 Fed.Appx. 604 (6th Cir. 2020). Herein, Tyre Nichols had refused to pull over, refused to obey commands to be handcuffed, reached for an officer's gun while engaged, and fled after the use of pepper spray and a taser. His phone is material to presenting the full story behind his state of mind and actions which created the facts and circumstances confronting the officers who physically engaged him on January 7, 2023.

4. Further, the United States' acknowledgement that it possesses the contents of Mr. Nichols' phone, but hasn't reviewed it and does not intend to produce it demonstrates a failure to recognize and/or abide by its Brady obligation and this Court's Rule 5(f) order. (R. 15). It cannot honestly represent that it has disclosed all potential Brady material if it is willing to stick its proverbial head in the sand and consciously both decline to review material it has assembled as part of the investigation and

concurrently decline to produce it for defense investigation. This unilateral decision is disconcerting enough that an appropriate remedy is to order the United States to provide defense counsel an index of the investigative material that it does not intend to produce. Mr. Haley acknowledges that he isn't necessarily entitled to the entire investigative file, however, an index of it will enable him to ascertain whether he agrees that all discoverable material has been furnished and, if not, seek further relief. Furnishing an index, rather than access to the entire investigative file, has the additional benefit of protecting non discoverable portions of the investigative file from disclosure.

5. Consistent with L.Crim.R. 12.1(a), the undersigned emailed AUSA's Pritchard, Rogers, and Gilbert regarding this motion. While a constructive dialogue occurred, the parties could not agree. The United States does object to the granting of the motion.

Respectfully submitted,

S/Michael J. Stengel
_____
Michael J. Stengel (12260)
Lawyer for Demetrius Haley
619 South Cooper Street
Memphis, TN 38104
(901) 527-3535

Certificate of Service

I hereby certify that I have served a copy of the foregoing Motion to Compel by electronic means, via the Court's electronic

filing system, on AUSA's David Pritchard, Libby Rogers, and Kathryn Gilbert this 5th day of October, 2023.

                                                                S/Michael J. Stengel