IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | CR. No. <u>**2:23-CR-20191-MSN**</u> |
| | ) | |
| v. | ) | |
| | ) | |
| **EMMITT MARTIN III,** | ) | |
| **TADARRIUS BEAN,** | ) | |
| **DEMETRIUS HALEY,** | ) | |
| **DESMOND MILLS JR., and** | ) | |
| **JUSTIN SMITH,** | ) | |
| | ) | |
| Defendants. | ) | |

### <u>UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT HALEY'S MOTION TO COMPEL</u>

The United States opposes Defendant Demetrius Haley's motion to compel the United States to produce the contents of the personal cellular phone possessed by the victim, Tyre Nichols, prior to his death. The contents of the victim's phone were unknown to the defendants at the time they assaulted Mr. Nichols and therefore had no bearing on their actions. Defendant Haley cites no legal authority that would authorize the defendants to root through the deceased victim's personal phone, nor can he. Nor does the defendant cite any legal basis for his request for an index of undiscoverable investigative material. The motion should be denied.

### <u>FACTUAL BACKGROUND</u>

Counsel for Defendant Haley sent the United States a letter on October 4, 2023, requesting the United States' position on an earlier version of the instant motion. The

draft motion, like the present motion, demanded unfettered access to the victim's personal phone and failed to identify any piece or category of information sought by the defendant or any legal basis for a defendant to search the phone of a deceased victim in an excessive force case.

The United States responded the same day, copying all defense counsel of record, and explained that the contents of Mr. Nichols' phone could not contain relevant evidence pertaining to any claim or defense in the case. The United States nevertheless invited defense counsel to contact the United States to discuss the possibility of a limited search of the victim's phone, if defense counsel could identify a legal basis to search the victim's phone for some limited period prior to his death for some specific relevant information.

Defense counsel responded the next day, declining the United States' offer to discuss the issue further and instead insisting that the victim's phone "likely" contains information that "may explain" the victim's conduct on the date of his arrest. The United States again responded on the same day, providing case law to defense counsel explaining that the victim's conduct prior to his arrest is irrelevant under Supreme Court and Sixth Circuit precedent. The undersigned pointed out that the contents of the victim's personal phone were (1) unknown to the defendants at the time of their use of force and (2) unrelated to the moments leading up to the defendants' use of force. The United States explained that it could not, without a legal basis to do so, provide defense counsel with wholly unfettered access to the victim's phone. Again, the United States indicated that if defense counsel could identify a specific search term or timeframe calibrated to address any legitimate discovery request, government counsel would

happily continue the conversation. The United States' final email on the matter concluded, "We will make every effort to resolve any discovery matter." Defense counsel did not respond and instead filed the instant motion.

Discovery in this case is due on November 6, 2023.

## ARGUMENT

Defendant Haley's motion to compel is baseless and premature, and should be denied. The information Defendant Haley claims to need is factually and legally irrelevant to the criminal charges he now faces.

To begin, Federal Rule of Criminal Procedure 16 lays out the scope of the government's discovery obligations in a criminal case. Generally, Rule 16 requires the government to disclose a defendant's written or oral statement, the defendant's prior record, documents and objects that are material to the defense, documents that the government intends to use in its case-in-chief, or that belong to the defendant, and reports of examinations or tests. Fed. R. Crim. P. 16. And of course, a defendant's due process rights obligate the government to disclose information that is favorable to the defendant and thus material to the guilt or innocence of the defendant. Brady v. Maryland, 373 U.S. 83 (1993).

When responding to a defendant's discovery request, it is the government's obligation to determine which information must be disclosed. "A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [government's] files." Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987); see also, e.g., United States v. Alaouie, No. 10-20705, 2011 WL 795072, at *1 (E.D. Mich. Mar. 1, 2011) (denying defendant's motion to compel government to retain certain

materials and denying defendant's request to have the court inspect materials to determine their discoverability; United States v. Russell, No. 22-20348-CR, 2022 WL 17736195, at *2 (S.D. Fla. Dec. 17, 2022) (noting that "courts generally accepted federal prosecutors' good faith averments that the information they have is not exculpatory, that certain exculpatory evidence is not in their possession, or that the alleged exculpatory evidence has been produced").

Turning to the specific request of the defendant in the present motion, the contents of the victim's cell phone are not subject to disclosure under Rule 16 or Brady as they are irrelevant to the charged conduct. Defendant Haley and his co-defendants face charges of violating 18 U.S.C. § 242. To prove that a defendant violated § 242, the government must show that he acted under color of law to willfully deprive an arrestee of his Fourth Amendment right to be arrested without unreasonable force. See United States v. Lanier, 520 U.S. 259, 264 (1997). To prove the constitutional deprivation, the government must show that the defendant used an objectively unreasonable amount of force. See Graham v. Connor, 490 U.S. 386, 397 (1989). As the Supreme Court and the Sixth Circuit have repeatedly explained, this objective reasonableness inquiry assesses "reasonableness at the moment," in light of "the facts and circumstances confronting them." Goodwin v. City of Painesville, 781 F.3d 314, 321 (6th Cir. 2015) (quoting Graham, 490 U.S. at 386). In other words, the Fourth Amendment requires courts to "consider[] only the facts the officers knew at the time of the alleged Fourth Amendment violation." Miller v. Vill. of Pinckney, 365 F. App'x 652, 654 (6th Cir. 2010) (internal quotation marks omitted); see also, e.g., United States v. Harris, 735 F.3d 1187, 1191 (10th Cir. 2013) ("The Fourth Amendment requires [courts] to evaluate the reasonableness of searches and seizures

4

based on the facts <u>known to officers when the event in question occurred</u>.") (emphasis added).

Defendant Haley does not assert that he or any defendant knew any facts about what was in the victim's phone at the time they assaulted him. As a matter of law, any facts <u>unknown</u> to the defendants at the time they used force against Mr. Nichols are irrelevant and inadmissible. "[Courts] must consider only the facts the officers knew at the time of the alleged Fourth Amendment violation." <u>Dickerson v. McClellan</u>, 101 F.3d 1151, 1155 n.3 (6th Cir. 1996). Defendant Haley cites no law to the contrary, nor can he.

Although the United States pointed the defendant to this line of well-settled authority, the defendant nevertheless contends that with the benefit of hindsight, that is, with additional information gleaned from his victim's personal effects, he could present newly discovered information that would justify the force the defendant used on the victim. But the Supreme Court has prohibited precisely that type of evidence. <u>Kingsley v. Hendrickson</u>, 576 U.S. 389, 397 (2015) ("A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." (citing <u>Graham</u>, 490 at 396)); <u>see also</u> <u>Rowland v. Perry</u>, 41 F.3d 167, 172 (4th Cir. 1994) (The inquiry "must be filtered through the lens of the officer's perceptions at the time of the incident in question. [citation omitted]. Such a perspective serves two purposes. First, using the officer's perception of the facts at the time limits second-guessing the reasonableness of actions with the benefit of 20/20 hindsight. Second, using this perspective limits the need for decision-makers to sort through conflicting versions of the 'actual' facts, and allows them to focus instead on what the police officer reasonably perceived.") (citing <u>Graham</u>, 490 U.S. at 396).

As Graham and its progeny have made clear for decades now, the substantive law governing this action requires the jury to confine its examination to the facts and circumstances known to the defendants at the time they used force on Tyre Nichols, not to unrelated events that preceded or post-dated that use of force. See Graham, 490 U.S. at 397; Sherrod v. Berry, 856 F.2d 802, 805 (7th Cir. 1988) (noting that, after Graham, "it is obvious that 'under the circumstances' refers only to those circumstances known and information available to the officer at the time of his action (firing the fatal shot). When a jury measures the objective reasonableness of an officer's action, it must stand in his shoes and judge the reasonableness of his actions based upon the information he possessed and the judgment he exercised in responding to that situation.") (citing Graham, 490 U.S. at 396).

Defendant Haley nevertheless insists that the victim's cellular phone may contain information about the victim's "state of mind" and "the full story" behind the victim's flight and alleged resistance. Def. Mot. to Compel at 3. The fact that an arrestee resisted or fled arrest is of course relevant to the Fourth Amendment analysis. But why an arrestee fled or "resisted" arrest, to the extent such information is even knowable when the victim is dead, is categorically irrelevant. An arrestee's "privately-held intent is irrelevant to the constitutional analysis because the Court must focus on the totality of facts known to the officers at the time of the encounter." Williams v. Schismenos, 258 F. Supp. 3d 842, 857 (N.D. Ohio 2017), aff'd, 738 F. App'x 342 (6th Cir. 2018).

Nor can Defendant Haley credibly claim that any information contained in the victim's cellular phone is likely to lead to discoverable evidence. Defendant Haley demands that the government investigate the victim in hopes that such an inquiry will

uncover information the defendant can attempt to use to attack his deceased victim's character. But the defendants may not offer character evidence to impeach the victim's credibility because he is deceased and therefore will not be a witness at trial. See Fed. R. Evid. 404(a)(2), 608(a); United States v. Johnson, 872 F.2d 612, 619 (5th Cir. 1989) (holding that a victim cannot be impeached until that victim's statement is before the jury). Further, and as explained above, any information about the victim's activities at any point before the defendants arrested him is categorically irrelevant to the reasonableness of the defendants' use of force. Goodwin, 781 F.3d at 321 (6th Cir. 2015) (citing Graham, 490 U.S. at 386, for the proposition that officers' force must be assessed in the moment they used force).

      The defendant has not identified any authority that obliges the government to search a deceased victim's personal effects to find evidence of "bad" character that could be used to embarrass the victim or create a post hoc justification for a defendant's use of force in a civil rights case. No doubt this is because the relevant precedent makes it crystalline that the contents of the victim's cell phone in this case are irrelevant and inadmissible at trial. See Fed. R. Evid. 402. It is well settled that evidence about the victim's character or conduct at some point other than the one at which the defendant assaulted the victim simply has nothing to do with whether the matter presented for trial:

> Knowledge of facts and circumstances gained after the fact (that the suspect was unarmed) has no place in the trial court's or jury's proper post-hoc analysis of the reasonableness of the actor's judgment. Were the rule otherwise, . . . the jury would possess more information than the officer possessed when he made the crucial decision. Thus, we are convinced that the objective reasonableness standard . . . requires that [an officer's] liability be determined exclusively upon an examination and weighing of the information [the officer] possessed immediately prior to and at the very moment he fired the fatal shot. The reception of evidence or any information

> beyond that which [the officer] had and reasonably believed at the time he fired his revolver is improper, irrelevant, and prejudicial to the determination of whether Officer Berry acted reasonably under the circumstances.

Sherrod, 856 F.2d at 805 (citing Graham, 490 U.S. at 396); see also Hemry v. Ross, 62 F.4th 1248, 1257 (10th Cir. 2023) (citing Graham to hold that the use of force must be judged based on the "information possessed by the officers").

The fact that the defendant now seeks to rifle through the deceased victim's personal effects for new information suggests that he intends to attack the character of the victim at trial and, in so doing, ask the jury to improperly nullify the criminal charges. The Court should deny the defendant's motion to compel the government to investigate the deceased victim and, further, it should emphasize that efforts at jury nullification are not permitted in federal court. See United States v. Sepulveda, 15 F.3d 1161, 1190 (1st Cir. 1993) ("A trial judge … may block defense attorneys' attempts to serenade a jury with the siren song of nullification…"); United States v. Penn, 969 F.3d 450, 458 (5th Cir. 2020) ("Evidence admitted solely to encourage nullification is by definition irrelevant, and thus inadmissible, regardless of what other evidence might be introduced at trial.") (internal quotation marks omitted).

Because the defendant has offered no basis to compel the production of the contents of the victim's phone, there is also no basis to compel the United States to provide an index of undiscoverable material to the defendants.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny Defendant Haley's motion to compel production of the information on the deceased victim's personal cell phone and its related request for an index of all information in the

possession of the government.

This 6th day of October 2023.

                                                        Respectfully submitted,

                                                        KRISTEN CLARKE
                                                       ASSISTANT ATTORNEY GENERAL
                                                       CIVIL RIGHTS DIVISION
                                                       U.S. DEPARTMENT OF JUSTICE

                                       By:  s/ Kathryn E. Gilbert
                                                       Kathryn E. Gilbert
                                                       Special Litigation Counsel
                                                       950 Pennsylvania Ave NW
                                                       Washington, DC 20530
                                                       (202) 616-2430
                                                       kathryn.gilbert@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Kathryn E. Gilbert, Special Litigation Counsel for the Civil Rights Division, Criminal Section, hereby certify that a copy of the foregoing Notice has been sent via the District Court's Electronic Filing System.

This 6th day of October 2023.

s/ Kathryn E. Gilbert
Kathryn E. Gilbert
Special Litigation Counsel
950 Pennsylvania Ave NW
Washington, DC 20530
(202) 616-2430
kathryn.gilbert@usdoj.gov
