IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES,

    Plaintiff,

v.   No. 23-20191

DEMETRIUS HALEY,

    Defendant.

---

NOTICE OF AMENDMENT TO MOTION TO COMPEL DISCOVERY (R. 59) AND
REPLY TO GOVERNMENT'S RESPONSE (R. 61)

---

Comes now the defendant, Demetrius Haley, by and through his counsel of record, Michael J. Stengel, Esq., and, provides notice that he has obtained access to the Tyre Nichols phone "dump". Accordingly, he no longer seeks a court order compelling the United States to produce it in discovery.

The United States' asserted posture regarding compliance with Brady v. Maryland, 373 U.S. 83 (1963) and its progeny; Fed.R.Crim.P. 5(f); and the order entered as R. 15 herein requires a ruling on the request for an index. The government boldly asserts that Mr. Haley's failure to cite case law supporting his motion for the index sought is a basis for denial. Unique factual circumstances can create novel issues for resolution. The lack of

a case citation is impertinent to the motion as the court as the authority to grant it. Fed. R. Crim. P. 16(d)(1), 16(d)(2)(D).

The government further argues that the motion should be denied because it has, in good faith, claimed that the phone "dump" doesn't contain material subject to disclosure pursuant to the Brady doctrine and its progeny. Relying on United States v. Russell, 2022 WL 17736195 *2 (S.D. Fl. 2022) for the proposition that "courts have generally accepted federal prosecutors' good faith averments that the information they have is not exculpatory, that certain exculpatory evidence is not in their possession, or that the alleged exculpatory evidence has been produced", (R. 61, United States' Response, ID 180), the government seems to ignore that it has acknowledged possessing the phone, but hasn't examined the contents.  A good faith assertion should require knowing the contents of the phone "dump" before speaking about them. Here the prosecutors have unilaterally decided that some portions of the investigative material are unnecessary to introduce in the government's attempt to convict Mr. Haley. As a result of that unilateral decision, the prosecutor's presenting the case to a jury have not looked at these portions of the investigative file, yet, concurrently can apparently divine that no material covered by the Brady doctrine exists *in that which they haven't examined,* thus they comply with Fed. R. Crim. P. 5(f) by unilaterally stating

the effective equivalent of "nothing to see here". This is NOT the "good faith" representation projected.

The existence of this case is a tragedy, however, the protection of Mr. Haley's constitutional rights to the effective assistance of counsel and due process deserve the prosecution to be forthcoming and comply with the rules of procedure governing criminal prosecutions.

WHEREFORE, PREMISES CONSIDERED, Mr. Haley prays this court consider his request that the United States produce the Tyre Nichols "phone dump" moot, but order it to produce the index requested.

Respectfully submitted,

S/Michael J. Stengel

_____
Michael J. Stengel (12260)
Lawyer for Demetrius Haley
619 South Cooper Street
Memphis, TN 38104
(901) 527-3535

## Certificate of Service

I hereby certify that I have served a copy of the foregoing Notice of Amendment to Motion to Compel and Reply by electronic means, via the Court's electronic filing system, on AUSA's David Pritchard, Libby Rogers, Kathryn Gilbert, and Forrest Christian this 12th day of October, 2023.

S/Michael J. Stengel