UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                                              CAUSE NO.: **2:23-cr-20191-MSN**

TADARRIUS BEAN                                               DEFENDANT

### TADARRIUS BEAN'S RESPONSE IN OPPOSITION TO MOTION IN LIMINE FILED BY UNITED STATES GOVERNMENT

Comes now Defendant, Tadarrius Bean, by and through counsel filing this Response in Opposition to the Government's motion as follows:

The Government recently filed a Motion in Limine regarding potential pleadings filed in this cause.[1] While the Government's motion presupposes much by way of speculating the motive of Counsels for the Defendants, it fails to lay any premise for which this Court should determine what can and cannot be filed as motions in this case. Defendant Bean, by and through counsel respectfully asks that the motion of the Government be denied and that the pleadings in this case be treated as if the pleadings filed in any other case wherein Defendants participate in litigation of contested issues. In this response, Defendant Bean will not restate the point made in the response filed by Defendant Haley. While joining in the response of Defendant Haley, Defendant Bean ask this court to consider the following:

**I.**     The motion to compel the contents of Mr. Nichols' phone is proper because the probative value outweighs any potential prejudice. The phone contents should be turned over to Defendants insomuch that it is probative because it could shed light on the following:

---

[1] In Defendant Haley's Response, counsel correctly asserts that the same is really a request for a protective order. Counsel for Defendant Brean agrees.

1. Whether the state of mind of Nichols at the time of fleeing from the blue lights of certified Memphis Police Department officers when they were first initiated nearly 2 miles away from his eventual stop.

2. Whether Nichols indicated to anyone that he had been seen or suspected of taking the various credit cards and identification subsequently located in Mr. Nichols' vehicle and whether these items were stolen moments prior to his first contact with the Memphis Police Department.

3. Whether the phone records can identify when Mr. Nichols had last ingested psilocybin "magic mushrooms". Although some was located in the vehicle, messaging could have confirmed that it was recently taken, and the quality or quantity of the substance possibly ingested.

4. Why Mr. Nichols was sweating profusely, had a heightened sense of anxiety, and although verbally compliant, refused to put both arms in a position to be handcuffed thereby allowing himself to be safely placed in custody.

II. While the Government is now concerned about publicity, for more than 9 months failed to have any concern with publicity, whatsoever.

This incident is one that has received international publicity. The Government has never exhibited a concern for "jury nullification" or "tainting a jury pool". This overwhelming concern only developed because defense counsel truthfully placed in a Court pleading facts that did not favor the sensationalized language that the Government has used.

Pleadings are a part of advocacy. When the Government asserted statements that are not only inflammatory, but also called for legal opinions, Defense counsel has not filed responsive pleadings demanding that the language include "is alleged" to, or "allegedly". Examples of an examination of the Government's language shows the following:

**Example A.** "On January 7, 2023, Bean and the four other defendants killed Tyre Nichols during…" Doc.50, p.1.

**Example B.** "Defendants Haley, Bean, and Smith recently sought to compel the United States to produce the contents of victim's phone, even though the defendants assaulted Tyre Nichols…" Doc.67, pg.1.

As the response filed by Defendant Haley clearly shows, the Government has had no reservations about risking the fair trial that Defendants clearly have a well-established Constitutional right to. He notes at least six press conferences wherein they failed to raise the concerns levied in the "Motion in Limine". The Government has never asked this Court for any extraordinary or injunctive relief regarding statements from potential witnesses in this case and has never had any concern for attempts to paint the 5 officers currently charged in the worst possible light.

If the Government followed the normal course of discovery and turned information over to the Defense after they have had an adequate opportunity to receive dump and analyze results, we would not be here. Admissibility has always been the determination of the Court based on the rules of law. The Government has no basis for the relief requested and the same should be denied.

Respectfully submitted,

**PERRY GRIFFIN, PC**

/s/ **John Keith Perry, Jr.**
John Keith Perry, Jr., #24283
Attorney for Defendant
5699 Getwell Road. Bldg. G5
Southaven, MS 38672
P: 662-536-6868
F:662-536-6869
JKP@PerryGriffin.com

**CERTIFICATE OF SERVICE**

      I, John Keith Perry, certify that a true and correct copy of the above and foregoing unto the following, United States District Attorney for the Western District of Tennessee, via the Court's electronic filing system.

**David Pritchard**
U.S. ATTORNEY'S OFFICE
Federal Building
167 N. Main St.
Ste. 800
Memphis, TN 38103
Email: david.pritchard2@usdoj.gov

**Elizabeth Jane Rogers**
US ATTORNEY'S OFFICE
167 N. Main
Suite 800
Memphis, TN 38103
901-544-4231
Email: elizabeth.rogers@usdoj.gov

This the 23rd day of October 2023

                                                        /s/ **John Keith Perry, Jr.**
                                                        JOHN KEITH PERRY, JR.