IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 23-20191-MSN |
| ) | |
| ) | |
| EMMITT MARTIN, III, et al., ) | |
| ) | |
| Defendants. ) | |

**REPLY TO RESPONSE TO GOVERNMENT'S MOTION IN LIMINE**

Comes now the United States of America, by and through the United States Attorney for the Western District of Tennessee and his duly authorized Assistant, Elizabeth Rogers, and replies to the responses of defendants Haley, Smith, Bean, and Martin (ECF Nos. 68, 69, 70, and 74) to the government's motion in limine (ECF No. 67).   Before the Court are also defendant Haley's motion to compel discovery (ECF No. 59), the government's response to that motion (ECF No. 61), the joinder to that motion by defendants Smith (ECF No. 60) and Bean (ECF No. 63), the reply from defendant Haley (ECF No. 65), and a motion to file a sur-reply by the government (ECF No. 66).   The government believes that these filings all relate to one central issue:   the scope of relevant evidence in this case.

For context, the parties in this case have been engaged in good-faith discussions concerning the scope of discovery in this case.   The government of course intends to fulfill its obligations under Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, and has made and will continue to make efforts to satisfy defendants' requests.   Specifically here, a dispute

arose as to whether the government should be compelled to disclose the contents of the dead victim's cell phone to the defendants. Defendant Haley filed a motion to compel the production of the dead victim's cell phone, as well as "an index of investigative material within [the government's] possession, custody, or control . . . which has not been produced in discovery to enable the defendant to form his own, independent opinion on whether the United States is complying with the *Brady* obligation it has acknowledged it must meet." (ECF No. 59.) The government filed its response in opposition, explaining that anything unknown to officers at the time of the assault on the victim, like the contents of the victim's cell phone, is irrelevant and inadmissible and therefore not required to be disclosed in discovery. (ECF No. 61.) Defendant Haley filed a reply, stating that he no longer seeks compulsory disclosure of the victim's cell phone because he had "obtained access," presumably through the ongoing discovery process in state court.[1] (ECF No. 65.) Defendant Haley maintained his request for the government to be ordered to produce the "index" as described in his motion to compel. (ECF No. 65.) The government has filed for leave of Court to file a sur-reply to defendant Haley's reply. (ECF No. 66.)

Meanwhile, defendants Smith and Bean filed notices of joinder with Haley's motion to compel. (ECF Nos. 60, 63.) The Notice of Joinder filed by Smith contained disputed factual allegations that the government believes are an inappropriate smear of character of the dead victim that could taint the jury pool.

The government then filed a motion in limine seeking a ruling by the Court to bar any

---

[1] Defendants Smith and Bean have not indicated that they have withdrawn their motion to compel the contents of the victim's cell phone.

2

improper reference to or inadmissible evidence of the deceased victim's character or prior acts. (ECF No. 67.)   Defendants Haley, Smith, and Bean filed individual responses in opposition. (ECF Nos. 68, 69, 70.)

The government's motion in limine seeking a ruling by the Court that character evidence of the dead victim is irrelevant and inadmissible was an attempt by the government to foreclose both disputes between the parties at once – a ruling that character evidence is irrelevant and inadmissible would clearly circumscribe the government's discovery obligations in this case, as well as hopefully preventing the defendants from discussing such irrelevant and inadmissible evidence in public filings.

The government respects and understands that when the parties reach an impasse on a discovery dispute, praying upon the Court for a ruling is the correct course of action.  The government also respects and understands that each defendant is entitled to a zealous defense, including their own presentation of facts and their own arguments applying the facts to the law. However, the case law on the relevance and admissibility of evidence of the character and prior acts of victims in civil rights cases such as this is abundantly clear – anything unknown to officers at the time of the assault on the victim is irrelevant and inadmissible.   See ECF No. 61, Govt's Resp. to Mot. to Compel, and ECF No. 67, Govt's Mot. in Limine.   Therefore, the government has no obligation to seek or produce character or prior act evidence of the dead victim if it's unknown to the defendants at the time of the use of force, and the defendants should be foreclosed from referencing such evidence at trial or in public filings.

Despite extensive filings on this issue, the defendants have not identified any basis in case law that would allow them to demand in discovery or admit at trial the information they seek about the victim's past.   The defendants' responses have asked the Court to wait to decide whether the

information they have requested is admissible, but the defendants have also, in the same filings, accused the government of violating its discovery obligations by failing to find and disclose such evidence of the victim's past.

The government seeks a ruling from the Court now about this evidence because the Court's discovery deadline is fast approaching. The United States is aware of its ongoing discovery obligations and will continue to review materials in its possession, including the victim's phone, to ensure those obligations are satisfied. In the event the Court is inclined to wait to rule on the government's motion in limine, however, the government reiterates its request that the Court order that filings about any alleged "bad character" evidence about the victim be filed under seal. Such an approach would not in any way "prevent[] the defendants from making good faith arguments in pretrial motions," ECF No. 74 at 3, because the defendants may make any arguments they like in such motions. Nor would such an order affect any defendant's right to investigate and mount a defense. The defendants are free to request any information from the United States that they like and submit any filing they wish so long as their public filings do not contain unsubstantiated, irrelevant claims about the victim that will be inadmissible at trial and are likely to taint the jury pool. Just as the United States would not submit a public filing about irrelevant, inadmissible, and unsubstantiated "bad character" evidence about a defendant, the defense should not be allowed to submit a public filing about such evidence about a victim.

The government's proposed approach would comply with the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. Under that statute, a crime victim has "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. §§ 3771(a)(1), (8). *See United States v. Rand*, No. 11-60088-CR, 2011 WL 4949695, at *4 (S.D. Fla. Oct. 18, 2011) (denying motion to compel victim's phone and memory card that contained "private information

about the victim" based in part on CVRA). Through the motion in limine, the government seeks now to resolve a discovery dispute to avoid the improper dissemination of inadmissible and irrelevant (and unsubstantiated) allegations about the deceased victim's personal life.

Respectfully submitted,

Kevin G. Ritz
UNITED STATES ATTORNEY

By:   s/*Elizabeth Rogers*
ELIZABETH ROGERS
DAVID PRITCHARD
Assistant United States Attorneys
167 N. Main Street, Ste. 800
Memphis, TN 38103
(901) 544-4231
Elizabeth.Rogers@usdoj.gov

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

FORREST CHRISTIAN
Deputy Chief
KATHRYN GILBERT
Special Litigation Counsel
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 616-2430
kathryn.gilbert@usdoj.gov

5

## CERTIFICATE OF SERVICE

      I, Elizabeth Rogers, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

s/Elizabeth Rogers
ELIZABETH ROGERS
November 1, 2023
