IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 11/2/2023
TIME:
INITIALS:

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 23-cr-20191-MSN |
| ) | |
| DESMOND MILLS, JR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

The Defendant, DESMOND MILLS, JR., by and through his counsel, and the United States, through the United States Attorney for the Western District of Tennessee and the Assistant Attorney General for the Department of Justice, Civil Rights Division, and the undersigned Assistant U.S. Attorneys and Civil Rights Division counsel, have reached the following agreement.

1. The Defendant agrees:

    (A) to plead guilty to Counts One and Three of the Indictment in the above styled case;

    (B) to waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, his rights to appeal any and all issues related to the case, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and consents to the final disposition of the matter by the district court;

    (C) that his knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute;

    (D) that the special assessment of $100 per count is due and payable to the U.S. District Clerk's Office immediately following the defendant's sentencing.

2. The defendant agrees that he is pleading guilty knowingly and voluntarily because he is in fact guilty of the offenses charged in Counts One and Three of the Indictment. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The Statement of Facts, which is incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

3. The United States agrees:

(A) to move to dismiss Counts 2 and 4 at sentencing;

(B) pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and in consideration for the defendant's plea of guilty, to recommend that the defendant receive three points for acceptance of responsibility under U.S. Sentencing Guidelines § 3E1.1, provided he continues to exhibit acceptance of responsibility. The Defendant understands that if, in the opinion of the United States, it is learned that the Defendant has engaged in additional conduct inconsistent with acceptance of responsibility, including, but not limited to, participation in any additional criminal activities or inaccurately portraying his involvement in this offense, between now and the time of sentencing, this position could change.

(C) that it will recommend a sentence not to exceed 180 months of incarceration. The defendant understands that if, in the opinion of the United States, it is learned that the defendant has engaged in additional conduct inconsistent with acceptance of responsibility, including, but not limited to, participation in any additional criminal activities or inaccurately portraying his involvement in this offense, between now and the time of sentencing, then the United States will be released from its obligations and would become free to argue for any sentence within statutory limits.

(D) that the defendant will be free to argue for a sentence of less than 180 months of incarceration.

4. Neither the United States nor any law enforcement officer can or does make any promises or representations as to what sentence will be imposed by the Court. The defendant understands that any discussions with his attorney regarding a sentence are estimates about possible outcomes, not promises or guarantees.

5. If the United States, solely within its discretion, judges that the defendant has violated any federal, state or local law, or has engaged in any conduct constituting obstructing or impeding justice within the meaning of U.S. Sentencing Guidelines § 3C1.1 or has failed to make any court appearances in this case, or if the defendant attempts to withdraw the plea, or if he engages in any conduct inconsistent with acceptance of responsibility, including, but not limited to, minimizing the scope of his criminal involvement, from the date of the defendant's signing of this plea agreement to the date of the defendant's sentencing, then the United States will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the defendant would not release the defendant from this plea of guilty.

6. It is contemplated that the government may recommend to the Court a departure in the defendant's sentence pursuant to U.S. Sentencing Guidelines § 5K1.1 and 18 U.S.C. §

3553(e). This would be solely within the discretion of the government and is not part of the plea agreement. The defendant acknowledges that the government's determination of whether the defendant has cooperated fully and provided substantial assistance, and the government's assessment of the value, truthfulness, and completeness of the defendant's assistance, is solely within the judgment and discretion of the government and shall be binding on the defendant. Additionally, the defendant understands that the United States retains complete discretion in determining whether a departure motion will be filed. Substantial assistance is understood by both parties to require good faith during all phases of the cooperation period, including the defendant's provision of complete and truthful information which assists in the investigation or prosecution of other individuals and complete and truthful testimony at subsequent proceedings when needed.

7.   This writing constitutes the entire Plea Agreement between the defendant and the United States with respect to the plea of guilty. No additional promises, representations, or inducements other than those referenced in this Plea Agreement have been made to the defendant or to the defendant's attorney with regard to this Plea, and none will be made or entered into unless in writing and signed by all parties. The defendant acknowledges that he has reviewed the Agreement with his attorney and that he is satisfied with his attorney's advice and counsel.

_____   11/02/2023
DESMOND MILLS, JR.            Date
Defendant

_____   11-2-23
BLAKE BALLIN                  Date
Attorney for Defendant


KEVIN RITZ                              KRISTEN CLARKE
UNITED STATES ATTORNEY                  ASSISTANT ATTORNEY GENERAL

By: _____           _____   11/2/23
David Pritchard                         Forrest Christian              Date
Elizabeth Rogers                        Kathryn Gilbert
Assistant U.S. Attorneys                Civil Rights Division