```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

UNITED STATES,

    Plaintiff,

v.                                          No. 23-20191

DEMETRIUS HALEY,

    Defendant.

MOTION TO EXCLUDE ANY OPINIONS PURSUANT TO FRE 702,703,705

    Comes now the defendant, Demetrius Haley, by and through his counsel of record, Michael J. Stengel, Esq., and moves this court to prohibit the government from seeking to introduce any opinion testimony pursuant to Fed. R. Evid. 702, 703, or 705. In support thereof, Mr. Haley would show:

    1. Mr. Haley requested discovery from the government on September 14, 2023. The request sought, in pertinent part, "all items discoverable in accordance with subparagraphs (a)(1)(A) through (G) [of Rule 16] inclusive". (R. 16, Haley's Discovery Request).

    2. The government responded, in pertinent part:

As to Rule 16(a)(1)(G), the United States does not at this time intend to introduce any expert testimony as defined by the Federal Rules. We will advise you should that change and provide the

appropriate information to you. (R. 47, U.S. Discovery Response, ¶ 5).

    3. In addition to the scheduling order entered, R. 51, the local rules govern the timing of disclosures, specific addressing Rule 16 (a)(1)(G) and opinion evidence. L. Crim. R. 16.1(b), (c).

    4. The rules clearly provide that, when the government intends to introduce opinions pursuant to Rules 702, 703, or 705, upon request, Rule 16(a)(1)(G) requires disclosure of a summary which must describe the witness's opinions, qualifications, and bases and reasons for the opinions. This should "cover not only written and oral reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts." United States v. Romano, 2022 WL 3097514, *2 (S.D. Ohio, E.D. 2022) *citing* United States v. Davis, 514 F.3d 596, 611-12 (6th Cir. 2008).

    5. The timing of disclosure is critical to effective preparation and presentation of Mr. Haley's defense. After all, opinion testimony is, by its very definition, not within the purview of a layman's knowledge. Counsel needs time to evaluate any opinion disclosed, likely be required to retain a consultant with the same or similar background as the proposed witness to review the opinion, and determine whether a defense opinion witness is a necessary part of his case. In addition, timely disclosure would promote adherence to the scheduling order and enable

sufficient time for any pre-trial hearing necessitated by a Daubert motion challenging any such proposed opinion testimony.

6. The court should accept the government's explicit statement that it doesn't intend to introduce any expert testimony, as defined by the Federal Rules, at face value and prohibit it from introducing any opinions pursuant to Fed. R. Evid. 702, 703, or 705 including, but not limited to, an opinion on the alleged unreasonableness of any force used against Tyre Nichols, whether any alleged force used against Tyre Nichols resulted in bodily injury, whether any alleged force used against Tyre Nichols resulted in his death, the cause of Tyre Nichols' death, toxicology test results, and DNA test results.

7. In accordance with L.Crim.R. 12.1(a), the undersigned has consulted with the United States and learned that it objects to this motion being granted.

WHEREFORE, PREMISES CONSIDERED, Mr. Haley prays this court grant his motion and prohibit the United States from seeking to introduce any evidence pursuant to Fed. R. Evid. 702, 703, or 705 against him in light of its explicit statement prior to the discovery deadline that it didn't intend to introduce any such testimony.

Respectfully submitted,

S/Michael J. Stengel

_____
Michael J. Stengel (12260)
Lawyer for Demetrius Haley
619 South Cooper Street
Memphis, TN 38104
(901) 527-3535

Certificate of Service

I hereby certify that I have served a copy of the foregoing Motion to Exclude Opinion Testimony by electronic means, via the Court's electronic filing system, on AUSA's David Pritchard, Libby Rogers, Kathryn Gilbert, and Forrest Christian this 6th day of November, 2023.

S/Michael J. Stengel