IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.   No. 2:23-cr-20191-MSN

EMMITT MARTIN, III,
    Defendant.

### UNOPPOSED MOTION TO EXTEND PRETRIAL MOTIONS DEADLINE

Comes the defendant, through counsel and pursuant to LR 16.5 and 83.4(g), U.S. Const. amend. V and VI and the authorities cited herein, and respectfully moves this Court to continue the pretrial motions deadline and to declare this case extended and complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii); *see also* 18 U.S.C. § 3161(h)(7)(B)(i) (delay necessary to prevent "miscarriage of justice"), § 3161(h)(7)(B)(iv) (delay necessary to prevent denial of counsel or to provide necessary time for effective preparation). At minimum, a 60-day extension of the pretrial motions deadline is requested.

In further support, the following is respectfully submitted:

(1)    An indictment was returned against Mr. Martin on September 12, 2023. (Indictment, Doc. 2.) In a scheduling order entered on September 21, 2023, the Court ordered the Government to make Rule 16 Discovery available to Mr. Martin and his codefendants by November 6, 2023. (Doc. 51, PageID 148.) The Court also ordered the defendants to file pretrial motions, including any motions to suppress, by close of business on November 6, 2023. *Id*.

(2)    On September 21, 2023, the Government provided defense counsel with 90 GB of

discovery, including defendants' statements, investigative reports, medical records, videos, audio recordings, and photographs.Due to the size of the production, the Government provided some of the discovery on an encrypted drive. Additional evidence – specifically, two cell phones – was made available for inspection at the United States Attorney's Office. In a letter to defense counsel, the Government said it "anticipate[d] making additional productions as needed." (Doc. 47, PageID 131.)

(3)   On November 2, 2023, the Government sent defense counsel another letter regarding an additional production of discovery. (Doc. 94, PageID 279-281.)This additional discovery includes statements made by Mr. Martin and his codefendants, police reports, interview reports, investigative reports, transcripts of witness statements, personnel and training records, videos, audio recordings, and photographs. Due to the size of the production, the Government asked defense counsel to provide it with an external hard drive so that it could download the discovery to a drive. According to the Government's letter, the evidence in question is BATES stamped US_00010952-US_00046118 –so, presumably, the production contains approximately 35,000 additional pages of documents and photographs in addition to video- and audio-recorded material that appears to be approximately 316 hours.

(4)   Defense counsel will not be able to complete their review of discovery by November 6, 2023, let alone meet the Court's pretrial motions deadline set that same day. The discovery made available on November 2, 2023, includes information that may be subject to suppression – for example, statements made by Mr. Martin. Furthermore, the additional discovery provided just four days before the pretrial motions deadline will require additional defense investigation and consultation with defense experts.In addition to reviewing the approximately 35,000 additional pages of discovery made available just four days before the deadline, defense counsel must also

share this material with their experts for analysis and review. Defense counsel may need to file additional evidentiary motions after consulting with its experts. Further, the additional discovery materials provided will likely require additional defense investigation. The Sixth Amendment "requirement that defendants receive 'the effective assistance of competent counsel' extends to all critical stages of a criminal proceeding," *Byrd v. Skipper*, 940 F.3d 248, 255 (6th Cir. 2019) (reversing and remanding based on ineffective assistance that foreclosed plea negotiations), and inherent within the right to counsel is the duty of trial counsel to conduct pre-trial investigation and meaningfully consult with the person accused. *Mitchell v. Mason*, 325 F.3d 732, 743-44 (6th Cir. 2003) (citing and quoting *Strickland v. Washington*, 466 U.S. 668, 691 (1984)).

(5)   This motion is not made for the purpose of procrastination or unreasonable delay in this matter or some other improper purpose, but rather so that counsel may provide the defendant with the effective assistance of counsel to which he is entitled, that the defendant receive zealous representation, and that the defendant, through counsel, be able to adequately review discovery, research potential issues to be raised via motion, investigate and develop evidence necessary to present a defense to the charged offenses, and engage in preparation for trial. *See* 18 U.S.C. § 3161(h)(7)(B); LR 83.4(g); Tenn. Sup. Ct. R. 8, Rules of Prof. Conduct; U.S. Const. Amend. VI; *McCoy v. Louisiana*, 138 S. Ct. 1500, 200 L.Ed.2d 821, 829-834 (2018) (holding Sixth Amendment requires right to a criminal defendant to a personal defense, to choose its objective, and to guide counsel's trial strategy); *Lafler v. Cooper*, 566 U.S. 156, 162 (2011) (holding Sixth Amendment right to counsel extends to effective assistance of competent counsel prior to trial, to include necessary defense investigation and diligence to engage in meaningful negotiations); *Missouri v. Frye*, 566 U.S. 134, 144-146 (2012) (same); *United States v. Gonzalez-Lopez*, 548 U.S.

140, 152 (2006) (holding that a violation of a criminal defendant's Sixth Amendment right to counsel of choice is not subject to harmless-error analysis).

(6) Counsel William Massey certifies that he has consulted with AUSA David Pritchard and counsel for remaining codefendants concerning the extension of time to file pretrial motions for 60 days. There is no opposition by any of the parties.

WHEREFORE, Emmitt Martin III respectfully moves that the Court grant his request to extend the pretrial motions deadline for at least an additional 60days.

Respectfully submitted this 6th day of November, 2023.

THE LAW OFFICE OF MASSEY MCCLUSKY
FUCHS & BALLENGER

/s/ William D. Massey_____
WILLIAM D. MASSEY [BPR No. 9568]
3074 East Road
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com
*Counsel for Emmitt Martin III*

RITCHIE, DILLARD, DAVIES & JOHNSON

/s/ Stephen Ross Johnson_____
STEPHEN ROSS JOHNSON [BPR No. 022140]
CATALINA L.C. GOODWIN [BPR No. 038660]
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
www.rdjs.law
johnson@rdjs.law
*Counsel for Emmitt Martin III*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I filed a copy of the foregoing Motion for Extend Time to File Pretrial Motions via the Court's Electronic Filing System which sends notification to all parties. This motion was filed on the 6th day of November, 2023.

*/s/ William D. Massey*