IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Criminal No. 2:23-cr-20191-MSN |
| ) | |
| ) | |
| **EMMITT MARTIN, III, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**JOINT MOTION TO CONTINUE HEARING**

The parties respectfully jointly move this Court to continue the hearing to consider the United States' Motion *in Limine* to Preclude Use of Inadmissible and Improper Character Evidence, currently set for December 4, 2023. (ECF 67.) The defendants have agreed not to refer to such evidence in publicly available pretrial filings, thereby mooting that component of the United States' Motion. Accordingly, the United States withdraws its request for a prompt hearing on this issue. The parties agree that the United States' remaining request for relief—namely, an order prohibiting the defendants from referring to such evidence at trial—may be considered alongside other pretrial motions, closer to the trial date. The parties therefore request that the hearing be continued.

The procedural history around the pending motion is as follows. The United States filed the Motion *in Limine* at issue on October 20, 2023. At that time, there was a pending defense motion to compel the United States to disclose the victim's personal cellular telephone and to compel the United States to provide an index of undiscoverable materials in its possession. (*See*

ECF 59, 60, 62, 63, 65.)   The United States opposed the motion to compel in part because the information the defendants sought—information about the victim's character that was unknown to the defendants at the time of the charged conduct—is neither discoverable nor admissible.   (ECF 61 at 7, ECF 66.)   The United States also filed the present Motion *in Limine* to preclude the use of inadmissible "bad character" evidence at trial.   (ECF 67.)   The United States also asked in that Motion for an order prohibiting the defendants from referencing such inadmissible "bad character" evidence about the victim in publicly available pretrial filings and requested an immediate hearing to address the issue.   (*Id.* at 2.).

At the Court's status hearing in this matter on November 14, 2023, the defendants made clear that they have fully withdrawn their request for the United States to disclose the contents of the victim's phone and that they have fully withdrawn their request for the United States to provide an index of undiscoverable material.   After the hearing, the defendants advised the United States that they would agree not to include any inadmissible "bad character" evidence about the victim in public filings, thereby mooting that aspect of the United States' Motion *in Limine*.

To conserve Court resources and address all evidentiary issues at the same time, the parties therefore request that the Court continue the December 4, 2023 motions hearing and address the Motion *in Limine* when the Court addresses the remainder of the parties' pretrial motions.

    Respectfully submitted,

    KEVIN G. RITZ
    United States Attorney

    DAVID PRITCHARD
    ELIZABETH ROGERS
    Assistant United States Attorneys
    167 N. Main Street, Ste. 800
    Memphis, TN 38103

    KRISTEN CLARKE

        Assistant Attorney General
        Civil Rights Division
        U.S. Department of Justice

By:   s/ Forrest Christian
       FORREST CHRISTIAN
       Deputy Chief
       KATHRYN E. GILBERT
       Special Litigation Counsel
       950 Pennsylvania Ave., NW
       Washington, DC 20530
       (202) 616-2430
       kathryn.gilbert@usdoj.gov

## CERTIFICATE OF SERVICE

      I, Forrest Christian, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

s/Forrest Christian
FORREST CHRISTIAN
November 20, 2023
