```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

UNITED STATES,

    Plaintiff,

v.                                                No. 23-20191

DEMETRIUS HALEY,

    Defendant.

MOTION FOR WRITTEN PROFFER OF STATEMENTS GOVERNMENT INTENDS TO SEEK TO ADMIT PURSUANT TO FED. R. EVID. 801(d)(2)(E)

    Comes now the defendant, Demetrius Haley, by and through his counsel of record, and moves this court to order the United States to submit a written proffer of all statements it contends are admissible against him as a "co-conspirator" statement pursuant to Fed. R. Evid. 801(d)(2)(E) (hereafter "FRE") before deciding which of the three methods for determining admissibility acknowledged by the Sixth Circuit is appropriate to employ herein. <u>United States v. Mills</u>, 2019 WL 77032, *4 (E.D. Mich. 2019). In support thereof, Mr. Haley would show:

    The United States can seek to introduce out of court statements for the truth of the matter asserted if such statement "was made by the party's coconspirator during and in furtherance of the conspiracy". FRE 801(d)(2)(E). Prior to admission, however,

the court must make a preliminary finding that the statement(s) meet the requirements of FRE 801(d)(2)(E). FRE 104(a); <u>United States v. Childs</u>, 539 F.3d 552, 559 (6th Cir. 2008). Whether the government has met this burden is typically called an "<u>Enright</u> finding", <u>United States v. Young</u>, 847 F.3d 328, 352 (6th Cir. 2017), and the Sixth Circuit has approved three distinct methods for the district court to employ in making the finding. The first method involves a "'mini hearing,' during which the district court 'hears the government's proof of conspiracy and makes the preliminary <u>Enright</u> finding'"; the second method has the court require the government to produce independent evidence to establish the conspiracy at trial before any coconspirator statements are introduced; and the third method has the court conditionally admit co-conspirator statements subject to demonstrating the existence of the conspiracy before the close of the government's proof. <u>United States v. Vinson</u>, 606 F.2d 149 (6th Cir. 1979). Each method has its drawbacks and there is no "hard and fast procedure" for making the necessary finding on admissibility. <u>Vinson</u>, *supra,* at 152. The "conditional admittance" method is firmly entrenched within the Sixth Circuit. <u>United States v. Holloway</u>, 740 F.2d 1373, fn. 2 (6th Cir. 1984).

Herein, despite repeated requests for the government to identify specific statements it will seek to introduce, the closest

counsel has come to eliciting the identification of a specific statement and speaker which the government will seek to introduce from the 50+ hours of audio and video of the confrontation and detention of Tyre Nichols on January 7, 2023 is a single phrase Haley allegedly spoke to Hemphill[1]; the general statement that the BWC's should be watched because "most of the statements are in a 20-25 minute period after" Tyre Nichols was detained; grand jury transcripts and FBI 302's have been provided; and that many statements are listed in the indictment. This is insufficient given what has been produced. The government failed to identify specific statements any defendant allegedly made in its discovery response, (R. 47, United States' Discovery Response), and any statements it may seek to introduce as a co-conspirator admission was captured on the 50+ hours of body worn cameras. Those cameras are often difficult to understand and reasonable minds can differ when trying both to discern what was said and who said it. In fact, the discovery has made clear that various witnesses have had trouble discerning the number of people saying something and changed their mind about who they think is speaking a particular phrase. The ambient noise the BWC's pick up from a street corner scene exacerbates the issue. With respect to the indictment, none of the alleged statements referenced are attributed to a single speaker.

---

[1] Assuming, *arguendo,* Haley made this statement it doesn't involve FRE 801(d)(2)( E).

The statements mentioned in the indictment are also not exclusive – but overt acts "among others" (count 3). Importantly, to the extent that written discovery can help identify alleged statements, it is often inconsistent.

In view of the uncertainty surrounding what statements the government may seek to introduce pursuant to FRE 801(d)(2)(E), the legitimate potential disagreements about who said what, the need for the court to make a preliminary finding of admissibility, and the lack of any "hard and fast rules" for how to do so within this Circuit, Haley suggests that, like the district court determined in Mills, *supra,* "the best approach is to order the Government to submit an offer of proof identifying any alleged co-conspirator statements it contemplates introducing at trial under Rule 801(d)(2)(E), after which the Court will review the proffer and decide which of the three methods for determining admissibility" it will employ herein. Mills, *supra,* at \*4. This procedure requires virtually no extra effort on behalf of the United States because it knows what it will seek to introduce. This method has the added benefit of flushing out any potential disputes regarding such statements pretrial. If disputes about whether a statement was made and who made it exist, the court can order Mr. Haley to file such objection pretrial and employ the procedure the Sixth Circuit prefers when a dispute regarding a transcript the government

prepares from audio it intends to use at trial exists. United States v. Scarborough, 43 F.3d 1021, 1024-25 (6th Cir. 1994); United States v. Robinson, 707 F2d 872, 878-79 (6th Cir. 1983).

Finally, if the parties dispute who spoke a particular phrase the government will seek to introduce, pretrial identification will enable a party to retain a consultant who can employ voice recognition tools. This should enable pretrial resolution of any reasonable or compliance with the disclosure requirements for opinion witnesses.

In accordance with L.Crim.R. 12.1(a), the undersigned has consulted with the United States and learned that it objects to this motion being granted.

WHEREFORE, PREMISES CONSIDERED, Mr. Haley prays this court grant his motion and order the United States to file a written proffer outlining all statements it intends to introduce pursuant to FRE 801(d)(2)(E) prior to determining which method for determining admissibility the court will employ.

Respectfully submitted,

S/Michael J. Stengel

_____
Michael J. Stengel (12260)
Lawyer for Demetrius Haley
619 South Cooper Street
Memphis, TN 38104
(901) 527-3535

S/Stephen R. Leffler
_____
Stephen R. Leffler (11038)
Lawyer for Demetrius Haley
2670 Union Ave. Extd., Ste. 819
Memphis, TN 38112
(901) 509-9112

Certificate of Service

I hereby certify that I have served a copy of the foregoing Motion to Order Written Proffer of Coconspirator Statements by electronic means, via the Court's electronic filing system, on AUSA's David Pritchard, Libby Rogers, Kathryn Gilbert, and Forrest Christian this 17th day of January, 2024.

S/Michael J. Stengel