IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES,

    Plaintiff,

v.                                                                                                                No. 23-20191

DEMETRIUS HALEY,

    Defendant.

---

MOTION TO COMPEL DISCOVERY OF DEMETRIUS HALEY'S STATEMENTS

---

Comes now the defendant, Demetrius Haley, by and through his counsel of record, and, to the extent the request is outside the Motion for a Bill of Particulars (R. 127) and Motion Regarding Co-Conspirator Statements (R. 128), moves this court to compel the United States to identify any statement it contends he made and allegedly admissible against him pursuant to Fed. R. Evid. 801(d)(2). (hereafter "FRE")

Herein, the government has provided notice that it intends to introduce Mr. Haley's statements, culled from within the 50+ hours of audio and video of the confrontation and detention of Tyre Nichols on January 7, 2023 against him. Despite this intention, the government has failed to specifically identify those statements. Indeed, contrary to the spirit of Fed. R. Crim. P. 16(a)(1) and L.Crim. R. 16.1(b)(2) the government's discovery

response noted generically "[a]s to Rule 16(a)(1)(A) and (B), statements by your clients[1], including reports and statements provided to investigators in relation to this matter, are included in discovery". (R. 47, U.S. Initial Discovery Response). The government's failure to identify specific statements it contends Mr. Haley made, which it will seek to introduce, in its discovery response when such statement was captured on the 50+ hours of body worn cameras is contrary to the rules, seeks to employ a "trial by ambush" strategy, and invites surprise and error at trial. The BWC's are often difficult to understand and reasonable minds can differ when trying both to discern what was said and who said it. Contrary to the government's position that the speakers are often on camera and voices distinctive, without absolute identification of what the government contends is Mr. Haley's statement, neither he nor his counsel can certain as to what the government contends is his "distinctive" voice captured on a BWC.  A review of the discovery demonstrates that various witnesses have had trouble discerning the number of people saying something and changed their mind about who they think is speaking a particular phrase. The ambient noise the BWC's pick up from a street corner scene exacerbates the issue. In fact, in a meeting to attempt to resolve discovery differences, the undersigned learned about a statement

---

[1] The discovery response was addressed to counsel for all five co-defendants.

the government contends Mr. Haley made captured on a specific BWC. The government identified the BWC footage and approximate time stamp. Despite this, counsel has been unable to discern the statement, but is at least alerted to the government's position and will be prepared to meet it at trial. Failure to get the government to identify all such statements may well result in Mr. Haley and his counsel first learning of an alleged statement at trial.

In view of the uncertainty surrounding what statements the government may seek to introduce as Haley's pursuant to FRE 801(d)(2) and the potential disagreement about whether he made any particular statement captured on a BWC, this court should exercise its discretion and compel the government to identify specific statements it contends Mr. Haley made which it will seek to admit pursuant to FRE 801(d)(2). This procedure requires virtually no extra effort on behalf of the United States because it knows what it will seek to introduce. This method has the added benefit of flushing out any potential disputes regarding such statements pretrial. If disputes about whether a statement was made exist, Mr. Haley can file an objection pretrial, enabling this court to employ the procedure the Sixth Circuit prefers when a dispute regarding a transcript the government prepares from audio it intends to use at trial exists. United States v. Scarborough, 43

F.3d 1021, 1024-25 (6th Cir. 1994); United States v. Robinson, 707 F2d 872, 878-79 (6th Cir. 1983).

Finally, if Mr. Haley and his counsel are aware of the all of his purported statements according to the government pretrial, he can retain a consultant to employ voice recognition tools for admission at trial. Simply, production now will enable pretrial resolution of any reasonable disputes or compliance with the disclosure requirements for opinion witnesses.

In accordance with L.Crim.R. 12.1(a), the undersigned has consulted with the United States and learned that it objects to this motion being granted.

WHEREFORE, PREMISES CONSIDERED, Mr. Haley prays this court grant his motion and order the United States to identify all of his statements it intends to introduce pursuant to FRE 801(d)(2)

Respectfully submitted,

S/Michael J. Stengel
_____
Michael J. Stengel (12260)
Lawyer for Demetrius Haley
619 South Cooper Street
Memphis, TN 38104
(901) 527-3535

S/Stephen R. Leffler
_____
Stephen R. Leffler (11038)
Lawyer for Demetrius Haley
2670 Union Ave. Extd., Ste. 819
Memphis, TN 38112
(901) 509-9112

Certificate of Service

I hereby certify that I have served a copy of the foregoing Motion to Identify Haley's Statements by electronic means, via the Court's electronic filing system, on AUSA's David Pritchard, Libby Rogers, Kathryn Gilbert, and Forrest Christian this 17th day of January, 2024.

S/Michael J. Stengel