# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

---

**STATE OF TENNESSEE**

    **Plaintiff,**

vs.                                                         **Case No.: 2:23-cr-20191-MSN**

**TADARRIUS BEAN**

    **Defendant.**

---

## MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT BEAN'S MOTION TO DISMISS COUNTS TWO, THREE, AND FOUR OF THE INDICTMENT

**COMES NOW** the Defendant Tadarrius Bean requesting that this Court dismiss the aforementioned counts, for the reasons articulated in the body of the memorandum contained herein:

1. Currently, Defendant Bean is indicted under four counts: (1) Deprivation of Rights Under Color of Law: Excessive Force and Failure to Intervene, (2) Deprivation of Rights Under Color of Law: Deliberate Indifference, (3) Conspiracy to Witness-Tamper, and (4) Obstruction of Justice: Witness-Tampering.

2. Defendant Bean was indicted on counts for which the Government offers no specific factual assertions nor are those specific counts supported by no evidence presented through the information provided through discovery.

3. To prevent a miscarriage of justice, the prosecution should not have indicted and charged Defendant Bean with counts that are not provable using the facts and discovery presented. Under the plain language of the indictment, Bean cannot be made aware of how the allegation can be either proved or defended at trial.

4. We pray this Court grants this Motion to Dismiss three counts of Defendant Bean's indictment. These counts include Deprivation of Rights Under Color of Law: Deliberate Indifference, Conspiracy to Witness-Tamper, and Obstruction of Justice: Witness-Tampering.

# MEMORANDUM

## INTRODUCTION

Defendant Tadarrius Bean ("Defendant Bean") actively seeks to dismiss three counts of the federal indictment, including (Count Two) the deprivation of rights under color of law- deliberate indifference, (Count Three) conspiracy to witness-tamper, and (Count Four) obstruction of justice witness-tampering, on the grounds that there are no factual allegations in the complaint, only conclusions. The Government failed to show, through discovery and the indictment, that Defendant Bean allegedly did what was stated. The Government does not provide a concise written statement of the essential facts constituting the offense charged. Consequently, we pray this Court exercises its discretion and dismisses three counts of the indictment, including (Count Two) deprivation of rights under color of law- deliberate indifference, (Count Three) conspiracy to witness-tamper, and (Count Four) obstruction of justice- witness tampering, in pursuit of justice.

## BACKGROUND

The Motion stems from the Government not providing a factual basis for the alleged allegations on three counts of the indictment. On January 7, 2023, Defendant Bean responded to a call of a fleeing suspect that resulted in the death of the arrestee, Tyre Nichols ("Nichols"). Defendant Bean, along with other co-defendants, were indicted under four counts: (Count One) Deprivation of Rights Under Color of Law: Excessive Force and Failure to Intervene, (Count Two) Deprivation of Rights Under Color of Law: Deliberate Indifference, (Count Three) Conspiracy to Witness-Tamper, and (Count Four) Obstruction of Justice: Witness-Tampering. This is a technical issue involving the sufficiency of the indictment for (Count Two) deprivation of rights under color of law- deliberate indifference, (Count Three) conspiracy to witness-tamper, and (Count Four) obstruction of justice- witness tampering, in pursuit of justice.

## LAW & ARGUMENT

Due to the Government inability to provide factual basis and background for three counts on the indictment, Defendant Bean is entitled to a dismissal of these charges. Pursuant to Federal Rule of Criminal Procedure 7(c)(1), an indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The

standard test for the sufficiency of an indictment identifies two functions: "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Additionally, the language of the statute "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Id.* at 118 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)). An indictment must contain the elements of the charged crime in an adequate detail to inform the defendant of the crime. *United States v. Huping Zhou*, 678 F.3d 1110, 1113 (9th Cir. 2012).

Further, a bill of particulars cannot save an invalid indictment. *Russell v. United States*, 369 U.S. 749, 1050 (1962). "To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure." *Id.* "For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." *Id.*

In *Hamling v. United States*, William L. Hamling, and other co-conspirators, were charged on 21 counts of an indictment, in direct violation of a federal law. *Hamling*, 418 U.S., at 91. Petitioners moved to dismiss the indictment on the grounds that it failed to inform them of the charges, and that the grand jury had insufficient evidence before it to return an indictment and was properly instructed on the law. *Id.* at 91. The Supreme Court held that a legal term of art, and not merely a generic or descriptive term, does not change with each indictment because the legal term of art has a legal meaning, unlike generic or descriptive terms. *Id.* at 118 Therefore, the indictment in the case was sufficient to adequately inform petitioners of the charges against them. *Id.* at 119.

In *Faust v. United States*, the Supreme Court held that a "name need not be correctly spelled in an indictment, if substantially the same sound is preserved." *Faust v. United States*, 163 U.S. 453, 454 (1896). Additionally, in *United States v. Doe*, the First Circuit Court held that "the use of an alias in an indictment and in evidence is permissible if it is necessary to connect the defendants with the acts charged." *United States v. Doe*, 741 F.3d 217, 227 (1st Cir. 2013).

The Government failed to give Defendant Bean fair notice of his charges. Unlike in *Hamling*, the indictment did not have a term of art ambiguity. Additionally, unlike in *Faust* and *Doe*, the Government did not misinterpret or incorrectly present Defendant Bean's name. Instead,

the Government failed to provide a specific offense. Specifically, on count two of the indictment, deliberate indifference, the Government does not provide information that Defendant Bean would or should have known his actions were erroneous. Next, on count three, conspiracy to witness-tamper, the Government failed to provide specific evidence of Defendant Bean conspiring to witness tamper. The Government failed to provide specific instances of how Defendant Bean failed to inform other first responders, participated in conversations with other co-defendants to discuss striking Nichols, deliberately removed his body-worn camera to prevent the capture of the incident, participated in meetings with other co-defendants to provide detectives with false and misleading information, omitted material information, and submitted false and misleading information on the Response to Resistance Report. Lastly, on count four, obstruction of justice- witness tampering, the Government alleged obstruction of justice without specifying the particular act that was deemed to be obstructive. Ultimately, the Government failed to provide specific instances of the offense for each account. The lack of clarity in this indictment poses a challenge to adequately prepare for trial. The Government fails to furnish specific instances of Defendant Bean's role or elaborate details of the alleged crime. Additionally, a bill of particulars will not suffice because, as stated in *Russell*, a bill of particulars cannot save an invalid indictment. To prevent any potential miscarriage of justice, we respectfully ask the court to dismiss all three counts.

## CONCLUSION

Defendant Bean is entitled to a dismissal of these three counts. The Government failed immensely to provide information regarding the alleged allegations. The Court has a duty to ensure that Defendant Bean is accurately indicted.

For the foregoing reasons, Defendant Bean respectfully prays this Court grants his Motion to Dismiss in this cause.

    Respectfully submitted,

    /s/ John Keith Perry, Jr.
    John Keith Perry, Jr., #24283
    Attorney for Defendant
    5699 Getwell Road. Bldg. G5
    Southaven, MS 38672
    P: 662-536-6868
    F:662-536-6869
    JKP@PerryGriffin.com

## CERTIFICATE OF SERVICE

I, John Keith Perry, certify that a true and correct copy of the above and foregoing *Motion and Memorandum in Support* unto the following, United States District Attorneys for the Western District of Tennessee, via the Court's electronic filing system.

**David Pritchard**
U.S. ATTORNEY'S OFFICE
Federal Building
167 N. Main St.
Ste. 800
Memphis, TN 38103
Email: david.pritchard2@usdoj.gov

**Elizabeth Jane Rogers**
US ATTORNEY'S OFFICE
167 N. Main
Suite 800
Memphis, TN 38103
Email: elizabeth.rogers@usdoj.gov

**Forrest Christian**
DOJ-CRT
950 Pennsylvania Avenue, NW Building
Room 7116
Washington, DC 20530
Email: Forrest.Christian@usdoj.gov

**Kathryn Gilbert**
DOJ-CRT
Crt
950 Pennsylvania Ave NW
Washington, DC 20530
Email: kathryn.gilbert@usdoj.gov

This the 24th day of January 2024

/s/ John Keith Perry, Jr.
JOHN KEITH PERRY, JR.