IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 2:23-cr-20191-MSN |
| | ) |
| | ) |
| EMMITT MARTIN, III, et al., | ) |
| | ) |
| Defendants. | ) |

RESPONSE IN OPPOSITION
TO DEFENDANT HALEY'S MOTION FOR A BILL OF PARTICULARS

The United States respectfully opposes Defendant Demetrius Haley's Motion for a Bill of Particulars. (RE 127). Therein, Defendant seeks additional information as to Counts Three and Four of the Indictment, including the identity of the "other persons" and any "false representations" and "material omissions" not specifically set forth and upon which the government intends to rely at trial. Given the detail set forth in the indictment and the information already provided by the government in discovery, Defendant has failed to demonstrate that providing such additional information is necessary to the preparation of his defense and avoidance of prejudicial surprise. His motion should be denied.

**Factual and Procedural Background**

A. Factual Background

On January 7, 2023, Tyre Nichols was the subject of a traffic stop by Memphis Police Department (MPD) officers, including two of the defendants.  According to the officers, they stopped Nichols because he was speeding and committing traffic infractions.  The officers pulled

Nichols from his car; repeatedly threatened him, including by threatening to "knock [his] a** out"; and used force on him following the traffic stop. Nichols, as captured on body-worn camera footage, protested that the officers were "doing a lot" and said that he was "just trying to go home." When the officers continued to use force, Nichols ran from the scene. The officers, joined by the remaining defendants, pursued him. When the defendants caught Nichols, they struck, batoned, and kicked him, including in the head. Nichols was transported to the hospital where he succumbed to his injuries and died three days later.

After the defendants struck, batoned, and kicked Nichols, the defendants stayed at the arrest scene and discussed amongst themselves striking Nichols and hitting him with "haymakers" and "pieces." Body-worn camera footage captures many of these conversations. The defendants did not, however, tell any MPD or Memphis Fire Department (MFD) official that Nichols had been struck repeatedly. Instead, when their supervisor responded to the scene, they told him that Nichols was high and omitted any information about the strikes Nichols experienced. After the defendants left the scene, they met with another MPD detective to provide a narrative for the incident report. Again, the defendants omitted that they had punched and kicked Nichols, and they provided the detective with false and misleading information about the arrest, including that Nichols had actively resisted arrest by, among other things, pulling on officers' gun belts.

B. Procedural History

The federal indictment charges each defendant with four felony counts stemming from the Nichols arrest. Count One charges the defendants with, while acting under color of law, willfully violating Nichols' Fourth Amendment right to be free from the use of unreasonable force by a police officer, resulting in his injury and death, in violation of 18 U.S.C. § 242. Count Two charges the defendants with violating the same statute by, while acting under color of law, willfully

violating Nichols' Fourteenth Amendment right to be free from police officers' deliberate indifference to his serious medical needs, resulting in his injury and death. Count Three charges the defendants with conspiring to engage in witness-tampering by conspiring to withhold truthful information and to provide misleading information to their supervisor and others, in violation of 18 U.S.C. § 1512(k), while Count Four charges the defendants with so doing by in fact withholding information and providing false and misleading information to their supervisor, and an MPD Detective, in violation of 18 U.S.C. § 1512(b)(3). (RE 1).

Counts Three and Four each detail the defendants' witness-tampering efforts, including by identifying:

- The witnesses the defendants mislead and attempted to corruptly persuade, including the MPD dispatcher, the defendants' MPD supervisor, MFD EMTs and paramedics, and the MPD detective tasked with writing the incident report;

- The purpose of the defendants' obstruction, namely, that they engaged in obstruction "to cover up the use of unreasonable force on Nichols";

- Specific material information the defendants omitted, including that: Nichols had been struck repeatedly, the defendants had taken turns hitting Nichols, the defendants had punched and kicked Nichols, defendant Martin repeatedly punched Nichols, and defendants Martin and Haley kicked Nichols;

- Specific information the defendants falsely reported, including falsely characterizing Nichols as resisting in specific ways, and falsely describing their efforts to get Nichols into custody.

Discovery provided to the defendants clearly identifies each of the witnesses described above and includes detailed statements from each of these witnesses. The discovery further includes the statements of witnesses who identified the defendants on video footage with time stamps and attributions to specific defendants.

## Law

Federal Rule of Criminal Procedure 7(f) states

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).[1]

"[T]he test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 Fed.Appx. 706, 724 (6th Cir. 2008). In this Circuit "[c]ourts utilize a common sense construction in determining whether an indictment sufficiently informs a defendant of an offense." *Allen v. United States*, 867 F.2d 969, 971 (6th Cir. 1989). It is well established that a motion for a bill of particulars lies within the sound discretion of the trial court. *United States v. Kendall,* 665 F.2d 126, 134 (6th Cir.1981).

Unquestionably, a bill of particulars is not meant as "a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369 at 1375 (citations omitted). Additionally, "[t]he defendant is not entitled to know all the evidence the government intends to produce at trial, but only the theory of the government's case." *Kendall*, 665 F.2d at 135; *see also, e.g.*, *United States v. Cain*, No. 05-CR-360A(SR), 2007 WL 1385726, at *1 (W.D.N.Y. May 9, 2007) (rejecting defense motion for a bill of particulars where motion demanded "a laundry list of details or particulars primarily consisting of what is anticipated to be the government's evidence in proving the charges set forth against the defendant in the indictment").

Generally, an indictment is sufficient, and no bill of particulars is warranted, if the indictment sets forth the statutory language of the charged offenses along with a statement of the

---

1 Defendant's Motion was not filed within 14 days of arraignment.

4

facts and circumstances that will inform the defendant of the specific offense for which he is charged. *Hamling v. United States*, 418 U.S. 87, 117-18 (1974); *see also United States v. Hudson*, 491 F.3d 590, 593 (6th Cir. 2007); *United States v. Sease*, 2007 WL 9658374, at *2 (W.D. Tenn. Aug. 22, 2007). Further, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." *United States v. Higdon*, 68 F. Supp. 3d 807, 811 (E.D. Tenn. 2014); *United States v. Briggs*, 2023 WL 8854773, at *2 (E.D. Tenn. Dec. 21, 2023) (quoting *United States v. Paulino*, 935 F.2d 739 (6th Cir. 1991), *superseded on other grounds by statute United States v. Caseslorente*, 220 F.3d 727, 736 (6th Cir. 2000)).

In *United States v. Hall*, the defendant moved for a Bill of Particulars regarding the following: "(1) which IRS investigations Mr. Hall allegedly knew about; (2) how his actions were designed to impede those investigations; (3) how his actions caused him to obtain a benefit for himself or another; (4) what benefit he attempted to obtain; (5) what law prohibited his right to obtain the benefit; and (6) which statements Mr. Hall made to IRS agents were false." *United States v. Hall*, 261 F. Supp. 3d 812, 818 (E.D. Mich. 2017). In denying the defendant's motion, the district court found that the indictment in the case sufficiently addressed the first five items. The court further found that materials provided by the government in discovery identified the false statements at issue. *Id.* at 819.

In *United States v. Sease*, the grand jury returned a fifty (50) count indictment charging Sease, who at the time of the alleged offenses was an officer with the Memphis Police Department, with conspiring with other police officers to deprive individuals of their constitutional rights in violation of 18 U.S.C. § 241. The indictment also charged the defendants with possessing with intent to distribute drugs in violation of 21 U.S.C. §§ 841 and 846, obstructing commerce by extortion in violation of 18 U.S.C. §§ 2 and 1951, kidnapping and attempted kidnapping in

5

violation of 18 U.S.C. §§ 2 and 242, and committing these offenses while carrying and using firearms in violation of 18 U.S.C. § 924(c). *United States v. Sease,* 2007 WL 9658374, at *1 (W.D. Tenn. Aug. 22, 2007). In denying the Motion for a bill of particulars, the court noted that such a motion is not intended as a discovery device. The motion may not be used to force disclosure of the government's case before trial or to "compel the Government to provide the essential facts regarding the existence and formation of a conspiracy, including the overt acts which it intends to prove." *Id*. at *2.

## Argument

The indictment in this case adequately informs Defendant of the charges against him and identifies the applicable statutes. Count Three sets forth the date of the conspiracy, the nature of the conspiracy and explains its purpose. Count Three also sets forth a number of overt acts committed during the course of and in furtherance of the conspiracy. (RE 1 at 3-5). Count Four alleges that Defendants

> omitted that defendant MARTIN repeatedly punched Nichols; defendants MARTIN, BEAN, HALEY, MILLS, and SMITH omitted that defendants MARTIN and HALEY kicked Nichols; defendants MARTIN, BEAN, HALEY, MILLS, and SMITH omitted that Nichols had been struck in the head; defendants falsely stated to MPD Detective 1 that Nichols was actively resisting at the arrest scene; defendants falsely stated to MPD Detective 1 that Nichols grabbed defendant SMITH by his vest and pulled on officers' duty belts; and defendants MILLS and SMITH falsely stated to MPD Detective 1 that Nichols lifted both of them in the air.

*Id.* at 6. Thus the indictment sets forth not only specific material omissions and false statements, but also the recipients of these statements – an MPD Supervisor and an MPD Detective.

Federal courts have repeatedly denied defense motions for a bill of particulars in witness-tampering cases. These cases have held that a witness-tampering charge need not specify *any* false statements to be sufficient to apprise a defendant of the charge against him. *See, e.g.*, United

6

*States v. Brock*, 628 F. Supp. 3d 85, 93 (D.D.C. 2022), *aff'd*, No. 23-3045, 2023 WL 3671002 (D.C. Cir. May 25, 2023) (denying motion for bill of particulars in § 1512 offense where government had "provided [the defendant] with notice of which proceeding he is alleged to have obstructed, photos and videos of himself performing the acts that the government alleges form the basis of the charge, and witness statements describing his conduct"); *United States v. Carona*, No. SA CR 06-224-AG, 2008 WL 1970199, at *3 (C.D. Cal. May 2, 2008) (denying motion for bill of particulars in § 1512 offense where indictment specified the timing, target, and objective of the witness-tampering, *i.e.*, to influence a grand jury proceeding, without specifying any false statements). The indictment in this case provides far more detailed information than is legally required.

The Motion for Bill of Particulars is also not justified in light of the discovery that has been provided. The Government has far exceeded its duty under Fed. R.Crim. P. 16 and has provided extensive discovery, including: the video and audio from the police officers involved; investigative reports from both the FBI and TBI; and grand jury transcripts. These reports and transcripts, as well as those which will be provided as trial preparations proceed, define the universe of other persons, false statements and material omissions that the government intends to prove at trial to satisfy the allegations in Counts Three and Four of the indictment. Review of those reports, in conjunction with the video recordings provided should be adequate to eliminate surprise and assist Defendant in obtaining the information needed to prepare a defense. Further, and as Defendant acknowledges, the government has pointed to a very limited time range on the video recordings that contain the statements at issue, significantly narrowing the "over 360 hours of video and audio material" Defendant references in his Motion. (RE 127 at 7). The government has also identified particular investigative reports and grand jury transcripts for review. The only way Defendant

could be surprised at trial or unable to prepare a defense is by ignoring all of the information that has been provided by the Government. The discovery, therefore, obviates the need for a Bill of Particulars. *Hall*, 261 F. Supp. 3d at 818.

## Conclusion

For the reasons set forth above, the Government respectfully requests that the Court deny Defendant's Motion for a Bill of Particulars.

                    Respectfully submitted,

                    KEVIN G. RITZ
                    United States Attorney

By:    s/David Pritchard
        DAVID PRITCHARD
        ELIZABETH ROGERS
        Assistant United States Attorneys
        167 N. Main Street, Ste. 800
        Memphis, TN 38103
        901/544-4231

        KRISTEN CLARKE
        Assistant Attorney General
        Civil Rights Division
        U.S. Department of Justice

        FORREST CHRISTIAN
        KATHRYN E. GILBERT
        Trial Attorneys
        Civil Rights Division
        950 Pennsylvania Ave., NW
        Washington, DC 20530
        (202) 616-2430

## CERTIFICATE OF SERVICE

I, David Pritchard, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

                                                  s/David Pritchard
                                                  DAVID PRITCHARD
                                                  January 25, 2024