IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 23-20191

DEMETRIUS HALEY,

    Defendant.

DEMETRIUS HALEY'S REPLY TO THE UNITED STATES' RESPONSE (R. 137)
IN OPPOSITION TO HIS MOTION FOR A BILL OF PARTICULARS (R. 127)

    Comes now the defendant, Demetrius Haley, by and through his counsel of record, and replies to the government's response in opposition to his request for a Bill of Particulars as follows:

    Essentially, Mr. Haley seeks on order compelling the government to file a Bill of Particulars because he cannot determine from reading the Indictment and reviewing the discovery provided what he needs to be prepared to confront to defend himself at trial, which is the purpose of a Bill of Particulars. <u>United States v. Salisbury</u>, 983 F.2d 1369, 1375 (6th Cir. 1993).

    Critically, much of the discovery involves body worn cameras and the audio thereon. The government has confirmed that it will introduce many statements from this source. It knows what statements it will seek to introduce and who it contends made the statement. This isn't always clear or easy to ascertain, and

frequently subject to interpretation. As noted, (R. 127, Motion, ID 426), one prosecutor admitted he missed a statement the government now attributes to Mr. Haley the first 20 or so times he reviewed a particular body worn camera. (hereafter "BWC"). The undersigned has reviewed that portion of the BWC and would state that, pending the results of audio enhancement work, reasonably disputes whether the alleged statement was made. This difficulty is underscored by the fact that the witness statements provided in discovery, which the government wants Mr. Haley to rely upon to prepare his defense and this Court to rely upon to deny the motion, (R. 137, U.S. Response, ID 546), don't identify or address this phrase which the government will seek to introduce.

Words and phrases are subject to interpretation, especially given the context in which the audio was captured – an outdoor street corner with plenty of ambient noise. Speakers cannot necessarily be identified. Oft times a speaker is off camera or people are speaking simultaneously and over each other. Any reasonable factual dispute about who said what must be resolved before a statement can be admitted. This is a necessary step to authentication and determining whether the statement is admissible after considering the rules governing relevance, undue prejudice, hearsay, and exceptions.

Despite these issues, the government asks the Court to deny the motion because the BWC's "capture many of these" statements.

It contends that the discovery clearly identifies witnesses and their detailed statements. Mr. Haley concedes that the discovery includes the identification of many witnesses, grand jury testimony for some, and FBI 302 interview forms.

This production is insufficient for several reasons and, with the possible exception of Count 4, the particulars requested are necessary for Mr. Haley to receive or he will likely be unable to adequately prepare his defense and be surprised at trial.

First, despite the modest details in the Indictment, the government has obtained an Indictment which doesn't limit its potential proof to the explicit allegations stated. The Indictment includes expansive language, repeated in the response in opposition to the motion for a Bill of Particulars, noting that the statements and omitted material information the government will seek to prove at trial *includes* that listed in the Indictment and response. This is potentially a coy attempt by the government allowing it to rely upon statements and omissions NOT MENTIONED in the Indictment at trial. Hence, Mr. Haley seeking particularization of information NOT mentioned in the Indictment. (R. 127, Motion, Requests #9-12).

Next, in a similar vein, the Indictment charges that Mr. Haley conspired with his co-defendants to corruptly persuade or attempt to corruptly persuade his Supervisor, MPD Detective 1 (both known to him) and "other persons". (R. 2, Indictment, Count 3). Mr. Haley

sought particularization of the "other persons" to prepare his defense and prevent surprise. (R. 127, Motion, Requests #1-2). If, consistent with the government's response, the "recipients of these [false and misleading statements are] an MPD Supervisor and an MPD Detective" (R. 137, U.S. Response in Opposition, ID 549) Mr. Haley has received the particularization sought for those requests.

Likewise, while the government's response accurately quotes a portion of Count 4, it fails to acknowledge that the Indictment itself contains the expansive language that the false and misleading statements and omitted material information **includes**, meaning they are not necessarily limited to the statements explicitly recited. (R. 2, Indictment, Count 4). Again, concerned that he didn't have enough information to prepare to defend additional statements and/or omissions not identified in the Indictment and he could be surprised at trial, Mr. Haley sought such information NOT MENTIONED in the Indictment. (R. 127, Motion, Request #12). If, consistent with the Response, the government is limited to establishing the alleged false, misleading statements and purported material omissions explicitly recited in the Indictment, Mr. Haley has the information he needs.

Finally, the government makes much of the fact that it has produced the videos, grand jury transcripts, and witness interview notes in suggesting that Mr. Haley can adequately prepare his

defense and avoid surprise at trial. This is inaccurate. First, neither the Indictment nor the response in opposition, R. 137, attribute alleged false, misleading statements or omitted material information to a particular defendant. Knowledge of who the government contends said what is essential to Mr. Haley preparing his defense. The audio can be difficult to understand, some portions may reasonably be disputed, and, just as importantly, if the government will identify the exact statements it will rely upon and who it contends made such statement, the areas of agreement will be determined. For instance, one interview summary has the interviewee identify two different people as using the phrase "hit him" during the confrontation with Nichols. (US_00001231). In discussing the same "hit him" phrase, a grand jury witness vacillates between whether one or two voices use the phrase, identifies a single officer, and confirms that at other times he has thought it was two voices. (US_00016411-413). Another witness identifies a third officer as one of two speakers of the phrase "hit him". (US_00046721). On another occasion a witness identifies two different speakers as using the phrase "rocking" in reference to the use of force on Nichols. (US_00046718).

   Simply, reviewing the Indictment, even coupled with reading the discovery provided, does not allow Haley to adequately prepare his defense and avoid potential surprise at trial. This Court, exercising the discretion it has, can resolve the problem by

ordering the United States to file a Bill of Particulars identifying the alleged false and misleading statements and material information omitted and speaker thereof. (R. 127, Motion, Requests #3-6).

WHEREFORE, PREMISES CONSIDERED, defendant prays this Court grant his motion and order the United States to file a Bill of Particulars as requested.

Respectfully submitted,

S/Michael J. Stengel
_____
Michael J. Stengel (12260)
Lawyer for Demetrius Haley
619 South Cooper Street
Memphis, Tennessee   38104
(901)  527-3535

S/Stephen R. Leffler
_____
Stephen R. Leffler (11038)
Lawyer for Demetrius Haley
2670 Union Ave. Extd., Ste. 819
Memphis, TN 38112
(901) 509-9112

Certificate of Service

I hereby certify that I have served a copy of the foregoing Reply to United States' Response in Opposition to Motion for Bill of Particulars by electronic means, via the Court's electronic filing system, on AUSA's David Pritchard, Libby Rogers, Kathryn Gilbert, and Forrest Christian this 28th day of January, 2024.

S/Michael J. Stengel