IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 23-20191

DEMETRIUS HALEY,

    Defendant.

## DEMETRIUS HALEY'S REPLY TO THE UNITED STATES' RESPONSES IN OPPOSITION (R. 139, 140) TO HIS MOTIONS SEEKING IDENTIFICATION OF STATEMENTS

Comes now the defendant, Demetrius Haley, by and through his counsel of record, and replies to the government's response in opposition to his Motions to Compel Identification of His Statements (R. 129) and those of his co-defendants. (R. 128) as follows:

The court will recognize that, through a series of motions, Mr. Haley sought an order(s) essentially compelling the United States to identify the statements it will seek to introduce against him. (R. 127, 128, 129). The government's responses have provided a few more details, but not the identification sought. The government confirms that the statements are contained within the voluminous discovery and note that it believes multiple bases for admission exist.

Mr. Haley hasn't filed a straightforward motion to compel discovery because he is well aware of the discovery produced and that it contains statements which may well be admissible. His concern isn't text messages or other written material, but verbal statements difficult to hear, discern, and understand because they were picked up on various MPD cameras on an outdoor street corner with plenty of activity and ambient noise.

The dispute may well be a fundamental disagreement on the United States' discovery disclosure obligations. Herein, addressing statements, the government has filed cover letters with the discovery produced which, in Mr. Haley's opinion, do not satisfy the letter or spirit of the disclosure rules requiring "specification of items, or reasonably specific categories of items" in responding to a discovery request. L.Cr.R. 16.1(b)(2). The discovery responses merely state:

> As to Rule 16(a)(1)(A) and (B), statements by your clients,[1] including reports and statements provided to investigators in relation to this matter, are included in discovery. (R. 47, U.S. Initial Discovery Response; R. 55, U.S. Second Discovery Response).

The discovery provided with respect to the initial discovery response, R. 47, included over 50 hours of video recordings related to this traffic stop and confrontation plus extensive audio (bates labeled 001-835) and just over 10,000 pages of documents. (bates

---

[1] The cover letters filed as discovery responses were addressed to counsel for all five co-defendants.

labeled 836-10,951). The second discovery response, R. 55, included another 300 hours of video plus documents bates labeled 10,952 – 46,118. Other than the generic statement that "statements by your clients" meaning all five of the charged individuals in each cover letter the United States has not identified what Mr. Haley really seeks - oral statements the government contends are captured on the various videos produced that it will seek to introduce. Mr. Haley's concern is that he may not be able to identify all of them. This isn't a dispute about text messages he sent or received on his phone. He simply wants the government to identify the statements it believes have been captured on videos produced because the audio is not necessarily easy to understand. The United States has conceded that it missed what it now will seek to introduce as Mr. Haley's statement against him the first twenty or so times it reviewed a particular video, which underscores Mr. Haley's position.[2] Interestingly, the grand jury testimony and interview reports of this witness do NOT address this purported statement in any manner. (US_00009623, US_00016002 – 00016008).

Next, the government contends the motions should be denied because it has produced witness interviews and grand jury testimony

---

[2] After this was revealed during a meeting with counsel, the undersigned reviewed the video. A consultant is currently working to enhance the audio because the government's position isn't necessarily accurate, however, simply playing the video doesn't necessarily reveal the audio the government contends exists and it will seek to introduce.

in discovery. This ignores the fact that counsel has identified discrepancies amongst witnesses as to what was said. (R. 138, Haley Reply, ID 556-57). The fact that counsel can cross examine regarding these discrepancies begs the question, he seeks identification of the government's position on what statements were made, by whom, which it will seek to introduce against him from the 50+ hours of video when the government has failed to specify such statements within the discovery produced.

    WHEREFORE, PREMISES CONSIDERED, defendant prays this Court grant his motions and order the United States to identify what specific statements it has produced that it will seek to introduce against him.

Respectfully submitted,

S/Michael J. Stengel
_____
Michael J. Stengel (12260)
Lawyer for Demetrius Haley
619 South Cooper Street
Memphis, Tennessee  38104
(901)  527-3535

S/Stephen R. Leffler
_____
Stephen R. Leffler (11038)
Lawyer for Demetrius Haley
2670 Union Ave. Extd., Ste. 819
Memphis, TN 38112
(901) 509-9112

<u>Certificate of Service</u>

    I hereby certify that I have served a copy of the foregoing Reply to United States' Response in Opposition to Motions for Written Proffer (R. 128) and Identification of Haley's Statements (R. 129) by electronic means, via the Court's electronic filing system, on AUSA's David Pritchard, Libby Rogers, Kathryn Gilbert, and Forrest Christian this 31st day of January, 2024.

                                       S/Michael J. Stengel