**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cr-20191-MSN |
| | ) | |
| v. | ) | |
| | ) | |
| EMMITT MARTIN III, | ) | |
| TADARRIUS BEAN, | ) | |
| DEMETRIUS HALEY, | ) | |
| DESMOND MILLS JR., and | ) | |
| JUSTIN SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO EXCLUDE ANY OPINIONS PURSUANT TO FRE
702, 703, 705**

Before the Court is Defendant Demetrius Haley's ("Defendant Haley") Motion to Exclude

Any Opinions Pursuant to FRE 702, 703, 705.  ("Motion, ECF No. 95.)   The Government

responded in opposition to Defendant's Motion on November 14, 2023, (ECF No. 105), to which

Defendant replied the same day, (ECF No. 109).  Defendant Justin Smith ("Defendant Smith")

filed a Notice of Joinder to Defendant's Reply to the Government's Response, (ECF No. 110), and

Defendant Emmitt Martin III provided oral notice of his joinder to Defendant Haley's Motion at

the hearing held on January 24, 2024.  For the reasons below, Defendant Haley's Motion is

**DENIED**.

**STANDARD OF REVIEW**

Federal Rule of Criminal Procedure 16 governs discovery in criminal cases, including

discovery related to expert witnesses.  That Rule provides, in relevant part, as follows:

(G) *Expert Witnesses*.

(i) Duty to Disclose. At the defendant's request, the government must disclose to the defendant, in writing, the information required by (iii) for any testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C) . . . .

. . .

(ii) Time to Disclose. The court, by order or local rule, must set a time for the government to make its disclosures. The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence.

Fed. R. Crim. P. 16(G)(i)-(ii).  As Rule 16 indicates, the Local Rules may also govern the timing of expert witness disclosures.  In this District, Local Criminal Rule ("LCrR") 16.1 applies to discovery in criminal cases and states that in response to an attorney's discovery request, "[t]he United States Attorney shall respond in writing to the request for discovery within 14 days . . . ."  LCrR 16.1(a)-(b).  Rule 16 also sets forth the requisite contents of expert witness disclosures, which include the expert's opinions and the bases and reasons for them, as well as information related to the expert's qualifications and prior testimony.  Fed. R. Crim. P. 16(G)(iii).  LCrR 16.1, in turn, specifies the information that must be included in the government's response to a discovery request.  LCrR 16.1(b)(1)-(3).

Should a party fail to comply with Rule 16, the district court "has discretion to impose a number of sanctions, including ordering discovery, granting a continuance, excluding the undisclosed evidence, or granting 'any other order that is just under the circumstances.'"  *United States v. Jordan*, 544 F.3d 656, 667 (6th Cir. 2008) (quoting Fed. R. Crim. P. 16(d)(2)).

**DISCUSSION**

I.      **Background**

Given parties' very different understandings of the governing deadlines in this matter, the Court thinks it best to begin with a slight detour through the chain of events leading up to this dispute.  On September 21, 2023, this Court entered a Criminal Scheduling Order establishing several deadlines for this case.  (ECF No. 51.)  Relevant to Defendant Haley's Motion (in the Court's view, at least), the Order specified that "[d]iscovery pursuant to Rule 16[1] shall be made available by the Government to the Defendant by November 6, 2023." (*Id.* at PageID 148.)  The footnote to that sentence provided that "[d]iscovery and inspection of evidence shall be in accordance with Rule 16 of the Federal Rules of Criminal Procedure. Defendant must promptly request discovery. To expedite the case, the Government should anticipate a discovery request and be prepared to respond by no later than the initial report date/date of scheduling conference." (*Id.* at n.1.)

Defendant Haley requested discovery from the government on September 14, 2023, seeking, "in pertinent part, 'all items discoverable in accordance with subparagraphs (a)(1)(A) through (G) [of Rule 16] inclusive.'" (ECF No. 95 PageID 282 (quoting Defendant's discovery request) (alteration in original).)  A week later, the Government responded to Defendant's Rule 16(a)(1)(G) request as follows: "As to Rule 16(a)(1)(G), the United States does not at this time intend to introduce any expert testimony as defined by the Federal Rules. We will advise you should that change and provide the appropriate information to you." (ECF No. 47 at PageID 132 ¶ 5.)

On November 6, 2023—the deadline for Rule 16 discovery—Defendant Haley filed the Motion now before the Court, asking that the Court "accept the [G]overnment's explicit statement

that it doesn't intend to introduce any expert testimony, as defined by the Federal Rules, at face

value and prohibit it from introducing any opinions pursuant to Fed. R. Evid. 702, 703, or 705 . . .

." (ECF No. 95 at PageID 284.)  The Government opposed the request as premature, stating:

> Federal Rule of Criminal Procedure 16(a)(1)(G) requires the Court to "set a time for the government to make its disclosures" of "any testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 during its case-in-chief."  As trial is six months from now, the Court has not yet set such a date.  Accordingly, neither party has yet noticed expert witnesses.  The government has, however, already produced in discovery interview reports and related records for witnesses who could be qualified as experts in this case.

(ECF No. 105 at PageID 359.)  The Government also suggested setting an expert disclosure

deadline for March 8, 2024.  (*Id.*)

On January 24, 2024, the Court held a hearing on Defendant's Motion.  The Government

advised that it now intends to use expert witnesses and maintained its position that they do not

read the Scheduling Order to set a date for the expert disclosures deadline under Fed. R. Crim. P.

16.  In their view, the Scheduling Order simply referenced Rule 16, and Rule 16's provisions

concerning the timing of such disclosures just says the court sets a deadline via order or local rule.

And Local Rule 16.1 does not provide a specific deadline by which the Government must make

its expert disclosures.  In short, the Government seems to believe that, absent a specific line item

in the Scheduling Order, the Government is not beholden to a particular expert disclosures deadline

unless parties work one out on their own.  Because the Government does not believe it has violated

Rule 16, it sees no need to discuss remedies.  Should the Court disagree, however, the Government

argues that excluding experts, as Defendants request, is draconian and unsupported by case law.

In contrast, Defendants Haley and Smith maintain that there were two deadlines for the

Government to provide expert disclosures and that both of them have passed.  Defendant Haley

argued that Local Rule 16.1 set the first deadline because that Rule requires the government to

respond to a defendant's request for discovery within 14 days and he requested expert discovery

in their September 14 discovery requests.  Under that timeline, then, the first deadline was actually September 28.  He added that he does not see anything in Rule 16 or the Local Rules that treats expert disclosures differently than any other type of discovery.  As for the second deadline, he argues that the Scheduling Order set a discovery deadline of November 6 and that it similarly provided no language to indicate that expert disclosures were excluded from that discovery.  Regarding the remedy, Defendant Haley requests that the Court prohibit the Government from calling expert witnesses.

Defendant Smith seconded Defendant Haley's arguments, noting that he sent his discovery requests on September 15.  He similarly requests the exclusion of any expert witnesses but offers, in the alternative, that the Government be confined to the use of expert(s) concerning the four corners of the forensic pathology report, which the Government provided to Defendants on September 23.

After hearing parties' arguments and in the interest of time, the Court ordered the Government to provide its expert disclosures by January 31, 2024.  It took under advisement, however, the question of whether those experts should be excluded on the grounds Defendants cited.  Thus follows this Order.

On January 31, the Government disclosed its experts as ordered.  They include five use of force trainers, two medical examiner-pathologists, the two doctors who served as treating or consulting physicians during Mr. Nichols's hospitalization, and a toxicologist.  (*See* ECF Nos. 142 and 144.)  The Government offers these witnesses out of an abundance of caution because they may constitute "hybrid or expert" witnesses, since they are fact witnesses but could provide opinion testimony based on their specialized knowledge.  (*See id.*)

II.     **Compliance with Rule 16**

The Court declines to consider at this time whether the witnesses the Government has disclosed will need to be qualified as expert witnesses.  From the Government's representations about the testimony it seeks to elicit from these witnesses, it may be necessary.  Thus, to the extent the Government's witnesses provide testimony that would require them to be disclosed as experts, the Government has not complied with Rule 16 because it did not comply with the deadline for Rule 16 disclosures that was set forth in the Scheduling Order.

The Court discerns two main reasons that the Government disagrees.  First, the Government does not consider the Rule 16 deadline in the Scheduling Order to apply to expert witness disclosures.  Try as it might (and it has certainly tried), the Court cannot understand this position.  Why expert disclosures—which are governed by Rule 16(a)(1)(G)—would be excluded from a Rule 16 discovery deadline is lost on this Court, and apparently everyone else involved in this matter save for the Government. The Government is correct that the Scheduling Order does not include a "line item" for expert disclosures.  But the Scheduling Order does not include a "line item" for *any* form of discovery, and this absence has not stopped the Government from providing other discovery to Defendants.  The Government also failed to explain why it does not consider the Scheduling Order (and the deadlines in that Order) to constitute an "order" for purposes of Rule 16(a)(1)(G)(ii).  The Government seems to have skipped over this part of the Rule and looked instead to the Local Rules for answers, which it says provides none.

Second, the Government argues that it is "local practice" in this District that the Government may turn over the information required by Rule 16 so long as it is "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence."  *See* Fed. R. Crim. P. 16(a)(1)(G)(ii).  This is not a practice in which this Court has engaged, however.  Nor

is it clear how such a practice would comply with the time frames set forth in Rule 16; if the Government is truly bound only by this general "fairness" deadline, then the Rule's requirement that the court set a deadline becomes unnecessary and thus meaningless. *See id.* ("The court, by order or local rule, must set a time for the government to make its disclosures.") It may very well be that other courts are more lax than this one about when the Government should provide its disclosures. And the Court understands that some defendants may not object to a later disclosure, which obviously changes the calculus. But Defendant Haley objected immediately, and the Government should have known that, given the nature of this case, multiple experts would require more expedient disclosure if they had any intention of going to trial on the date set by the Court.

## III.    Remedy

Because the Court finds that the Government has failed to comply with Rule 16, the next question is what the remedy should be. A court considers multiple factors in determining whether to suppress evidence as a remedy to a Rule 16 violation:

> (1) the reasons for the government's delay in producing the materials, including whether it acted intentionally or in bad faith; (2) the degree of prejudice, if any, to the defendant; and (3) whether the prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance or a recess.

*United States v. Ganier*, 468 F.3d 920, 927 (6th Cir. 2006) (quoting *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995)). Among the range of remedies specified in Rule 16, "[e]xclusion of evidence is the most serious and least favored of these remedies." *United States v. Stone*, 218 F. App'x 425, 435 (6th Cir. 2007) (citing *Ganier*, 468 F.3d at 927). "District courts should embrace the 'least severe sanction necessary' doctrine, and hold that suppression of relevant evidence as a remedial device should be limited to circumstances in which it is necessary to serve remedial objectives." *Ganier*, 468 F.3d at 927 (quoting *Maples*, 60 F.3d at 247–48).

Applying those factors here, the Court does not consider exclusion appropriate.  As for the first factor, the Court frankly does not know why the Government did not produce the required materials before it was ordered to do so, particularly in light of the facts that Defendant Haley raised this issue months ago.  The Court also has no information about when precisely the Government changed its mind about the use of experts.  Of course, the Government's delay in providing this information becomes increasingly inexcusable the longer ago that decision took place.  Given this lack of information, however, the Court cannot say that the Government acted in bad faith.  From the Government's representations at the hearing, its decision to handle expert disclosures as it has was certainly intentional.  But it was also clear that Counsel for the Government believe they were acting in accordance with the relevant Rules and practices of the Court and had no specific intention to violate the Rules.

Considering prejudice to Defendants, this Court has little trouble finding that allowing the Government to proceed with experts at this date could have resulted in prejudice to them.  The Government has now disclosed ten hybrid or expert witnesses, some of whom Defendants may need to evaluate.  As Counsel for Defendant Smith explained, evaluating expert witnesses includes reviewing the experts' materials, investigating their backgrounds, finding and hiring consultants, reviewing consultants' reports, looking into the need for a *Daubert* hearing, and potentially preparing for such a hearing.  On top of that, the Court could potentially need to hold a hearing and issue a ruling—all while juggling other cases and continuing to work on the several motions still pending in this matter.  Furthermore, the Court indicated to parties during a Report Date on January 10 that the Government's proposed deadline for early March was not likely to work, as it was too close to the trial date.  But the Government finally disclosed notice of its intent to offer hybrid or expert witness testimony regarding use of force issues through officers previously

disclosed, and autopsy and medical evidence through doctors previously disclosed, and photographs and reports previously disclosed on January 31, 2024 instead.  Whether Dr. Assaf was previously disclosed is unclear.

Under the circumstances, the Court cannot say that outright exclusion is the "least severe sanction necessary."  The Government has now provided its disclosures, and it may be that they are such that Defendants will be able to conduct adequate investigations within a shorter amount of time than they suspect.  Time will also tell whether *Daubert* motions will, in fact, be necessary. Accordingly, Defendant Haley's Motion to Exclude is denied without prejudice, and the Court reserves judgment regarding the imposition of other sanctions, if any.

## CONCLUSION

Defendant Haley's Motion to Exclude Any Opinions, (ECF No. 95), is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of February, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

9