IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 2:23-cr-20191-MSN |
| | ) | |
| EMMITT MARTIN, III | ) | |

**MOTION TO DISMISS DUPLICITOUS INDICTMENT**

The defendant, Emmitt Martin, III, through counsel and pursuant to U.S. Const. Amends. V and VI; Fed. R. Crim. P. 12(b)(3)(B); *United States v. Hall*, 979 F.3d 1107 (6th Cir. 2020); and *United States v. Kakos*, 483 F.3d 441 (6th Cir. 2007); respectfully moves the Court to dismiss the unconstitutionally duplicitous indictment. The indictment is unconstitutionally duplicitous because each count impermissibly alleges multiple offenses, violating Fifth Amendment due process requirements of notice and protection from Double Jeopardy and Sixth Amendment guarantees of jury unanimity and the right to present a defense. The duplicity can only be remedied via dismissal and return of a constitutionally valid indictment.

In further support, the following is submitted:

1. Mr. Martin, along with former Memphis Police Department officers Tadarrius Bean, Demetrius Haley, Desmond Mills, Jr.,[1] and Justin Smith, were jointly charged in a four-count indictment with two counts of depriving Tyre Nichols of his civil rights (Counts 1 and 2) and two counts of witness tampering (Counts 3 and 4). *See* (Indictment, Doc. 2, PageIDs 8–14). Counts 1 and 2 carry a maximum punishment of death, and absent notice being filed by the government to seek that penalty, a potential life sentence. *See* (Indictment, Notice of Penalties, Doc. 2-1, PageID 15).

---

[1] Mr. Mills has entered a guilty plea. (Order, Change of Plea, Doc. 92, PageID 277). All other defendants remain in a trial posture.

1

2. The four-count indictment purports to charge two counts of depriving Tyre Nichols of his civil rights (Counts 1 and 2) and two counts of witness tampering (Counts 3 and 4). *See* (Indictment, Doc. 2, PageIDs 8–14).

3. "Separate offenses must be charged in separate counts of an indictment." *United States v. Williams*, 998 F.3d 716, 734 (6th Cir. 2021) (quoting *United States v. Boyd*, 640 F.3d 657, 665 (6th Cir. 2011) (citing Fed. R. Crim. P. 8(a)).

4. "An indictment is duplicitous if it sets forth separate and distinct crimes in one count." *United States v. Hall*, 979 F.3d 1107, 1116 (6th Cir. 2020) (quoting *United States v. Kakos*, 483 F.3d 441, 443 (6th Cir. 2007)).

5. A duplicitous indictment violates the Fifth Amendment protection against double jeopardy because it does not adequately protect against subsequent prosecution for the same offense. *See United States v. Davis*, 306 F.3d 398, 417 (6th Cir. 2002) (stating that principles of double jeopardy address "three harms: second prosecution for an offense after initial acquittal, second prosecution for an offense after an initial conviction, and multiple punishments for the same offense" (quoting *United States v. Gibbons*, 994 F.2d 299, 301 (6th Cir. 1994)).

6. A duplicitous indictment also violates the Sixth Amendment guarantee of jury unanimity. *See United States v. Hall*, 979 F.3d 1107, 1116 (6th Cir. 2020) (stating that "a duplicitous indictment threatens" the right to a unanimous verdict "because a 'jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both'" (quoting *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002)); *see also Ramos v. Louisiana*, 140 S. Ct. 1390, 1396 (2020) ("This Court has, repeatedly and over many years, recognized that the Sixth Amendment requires unanimity.").

7. Count 1, which purports to charge a violation of 18 U.S.C. § 242 by excessive force, is duplicitous on its face because it charges both that Mr. Martin and his co-defendants assaulted Mr. Nichols *and* that they failed to intervene in the assault of Mr. Nichols. Charging these separate and distinct factual averments in a single count prevents the jury from returning a unanimous verdict and fails to protect Mr. Martin against double jeopardy because a general verdict of guilty upon that count would make it impossible to determine which set of facts upon which the conviction rests. *See United States v. Alsobrook*, 620 F.2d 139, 142 (6th Cir. 1980) (stating that even those acts of the defendant that "may represent a single, continuing scheme" must be pleaded in separate counts when they implicate the dangers of duplicity).

8. Count 2, which purports to charge a violation of 18 U.S.C. § 242 by deliberate indifference, is duplicitous on its face because it charges both that Mr. Martin and his co-defendants failed to render aid to Mr. Nichols *and* that they misinformed emergency responders of Mr. Nichols's medical condition. Charging these separate and distinct factual averments in a single count prevents the jury from returning a unanimous verdict and fails to protect Mr. Martin against double jeopardy because a general verdict of guilty upon that count would make it impossible to determine which set of facts upon which the conviction rests.

9. Counts 1 and 2 are also duplicitous because they allege that Mr. Martin's actions resulted in serious bodily injury, which if true, would permit a sentence of up to ten years, *and* that Mr. Martin's actions resulted in Mr. Nichols' death, which, if true, would permit a sentence of life imprisonment. The allegation of these two separate and distinct aggravating facts in the conjunctive results in duplicity because a general verdict in Count 1 would be insufficient to allow a determination of which, if any, of the enhancements should be applied. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("Any fact that, by law, increases the penalty for a crime is an

'element' that must be submitted to the jury and found beyond a reasonable doubt. …Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."); *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) (stating that Fifth and Sixth Amendments require that any fact "that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.") (quoting *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999)); *Cf. United States v. Neuhausser*, 241 F.3d 460, 468 (6th Cir. 2001) (reaffirming return of a general verdict involving two different drugs permitted imposition of only "the shorter maximum sentence" when "one drug allows for a sentence above the maximum for another charged drug").

10. Count 3, which purports to charge conspiracy to witness tamper, is duplicitous because it alleges that Mr. Martin and his co-defendant's conspired to violate 18 U.S.C. 1512(b)(3) "by knowingly engaging in misleading conduct towards, corruptly persuading, and attempting to corruptly persuade" various parties. *See* (Indictment, Doc. 2, PageID 10). Although the government is not prohibited from charging multiple modes of committing an offense, and particularly a conspiracy in the conjunctive, *see, e.g.*, *United States v. Murph*, 707 F.2d 895, 896–97 (6th Cir. 1983) ("It is settled law that an offense may be charged conjunctively in an indictment where a statute denounces the offense disjunctively."), the offense must nevertheless be charged in a manner that will allow the jury to return a unanimous verdict and protect Mr. Martin against double jeopardy. Count 3 does not satisfy these requirements.

11. Count 4, which purports to charge witness tampering, is duplicitous because it charges that Mr. Martin both provided false information and withheld truthful information and that he did so with respect to more than one person. Combining these allegations into a single count

4

prevents the jury from returning a unanimous verdict and fails to protect Mr. Martin against double jeopardy.

12. Given that every count suffers from duplicity, this Court should dismiss the indictment. *See United States v. Kakos*, 483 F.3d 441, 444 (6th Cir. 2007) (stating that "[a] defendant moving pursuant to Rule 12 can request that a duplicitous indictment be dismissed"); *see also United States v. Giampietro*, 475 F. Supp. 3d 779, 784 (M.D. Tenn. 2020) (Crenshaw, J.) ("Providing the jury with a unanimity instruction or a special verdict form is not the only possible remedy to duplicitous charges.").

13. Should the Court determine that the indictment's duplicity does not warrant dismissal, the Court should force the government to make a pretrial election of the charge within each count that it intends to rely. *See United States v. Kakos*, 483 F.3d 441, 444 (6th Cir. 2007) (stating that "[a] defendant moving pursuant to Rule 12 . . . can attempt to force the government to elect the charge within the count upon which it will rely"). While pretrial election will not cure the constitutional deficiencies with the duplicitous indictment, and the appropriate remedy here is dismissal, pretrial election at minimum assists in protecting Mr. Martin's Fifth Amendment protection from double jeopardy, his Sixth Amendment right to a unanimous jury verdict, and his Sixth Amendment right to present a defense.

14. This motion is filed based on undersigned counsel's efforts to comply with the Court's current scheduling order. (ECF No. 122.) However, it remains counsel's position that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the current schedule and that the constitutional protections afforded persons accused, and the essential requirements of the defense function, cannot be met without additional time to prepare. (ECF No. 120.) Mr. Martin, through counsel, is separately filing a motion to continue the trial and all

corresponding deadlines, in part due to recent discovery productions by the government, including but not limited to the government's opinion testimony disclosures made January 31, 2024. (ECF Nos. 142 and 144.; *see also* Order Denying Motion to Exclude, ECF No. 149.)

Respectfully submitted this 6th day of February, 2024.

        RITCHIE, DAVIES, JOHNSON, & STOVALL, P.C.

/s/Stephen Ross Johnson
STEPHEN ROSS JOHNSON [TN BPR No. 022140]
CATALINA L.C. GOODWIN [TN BPR No. 038660]
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
www.rdjs.law
johnson@rdjs.law
goodwin@rdjs.law

THE LAW OFFICE OF MASSEY MCCLUSKY FUCHS & BALLENGER

/s/ William D. Massey
WILLIAM D. MASSEY [BPR No. 9568]
3074 East Road
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com

## CERTIFICATE OF SERVICE

I certify that on February 6, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

        s/Stephen Ross Johnson