IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 2:23-cr-20191-MSN |
| | ) | |
| EMMITT MARTIN, III | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
DUPLICITOUS COUNTS IN THE INDICTMENT**

The defendant, Emmitt Martin, III, through counsel and pursuant to U.S. Const. Amends. V and VI; Fed. R. Crim. P. 12(b)(3)(B); *United States v. Hall*, 979 F.3d 1107 (6th Cir. 2020); and *United States v. Kakos*, 483 F.3d 441 (6th Cir. 2007); respectfully moves the Court to dismiss the unconstitutionally duplicitous indictment. The indictment is unconstitutionally duplicitous because each count impermissibly alleges multiple offenses, violating Fifth Amendment due process requirements of notice and protection from Double Jeopardy and Sixth Amendment guarantees of jury unanimity and the right to present a defense. The duplicity can only be remedied via dismissal and return of a constitutionally valid indictment.

Although the "overall vice" of a duplicitous indictment is that the trial jury "cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both," *United States v. Kakos*, 483 F.3d 441, 443 (6th Cir. 2007) (citing *United States v. Duncan*, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988)), "[a] duplicitous indictment also could eviscerate the defendant's Fifth Amendment protection against double jeopardy, because of a lack of clarity concerning the offense for which he is charged or convicted," *United States v. Jakits*, No. 2:22-CR-194, 2023 U.S. Dist. LEXIS 40364, at *16 (S.D. Ohio Mar. 9, 2023) (citations omitted). In this case, the indictment's duplicity violates both Mr. Martin's Fifth Amendment protection against double jeopardy and his Sixth Amendment right to

1

a unanimous jury verdict. Given that duplicity impacts fundamental constitutional rights, this Court should dismiss the unconstitutionally duplicitous indictment. Should the Court determine that dismissal is not appropriate, the Court should, at a minimum, require the State to elect prior to trial which of the charges it intends to rely upon in each count.

I. **AN INDICTMENT THAT CHARGES MORE THAN ONE OFFENSE IN A SINGLE COUNT IS DUPLICITOUS AND VIOLATES THE FIFTH AND SIXTH AMENDMENTS.**

Criminal prosecutions must begin with a valid indictment, returned by an impartial grand jury, that provides fair notice about the allegations raised, and that allows the jury to render a unanimous verdict. *See* U.S. Const. amends. V and VI; *United States v. Blandford*, 33 F.3d 685, 704–05 (6th Cir. 1994) (indictment set forth sufficient facts to provide adequate notice to the accused). "Separate offenses must be charged in separate counts of an indictment," *United States v. Williams*, 998 F.3d 716, 734 (6th Cir. 2021) (quoting *United States v. Boyd*, 640 F.3d 657, 665 (6th Cir. 2011) (citing Fed. R. Crim. P. 8(a)), and "[a]n indictment is duplicitous if it sets forth separate and distinct crimes in one count," *United States v. Hall*, 979 F.3d 1107, 1116 (6th Cir. 2020) (quoting *United States v. Kakos*, 483 F.3d 441, 443 (6th Cir. 2007)). "Ultimately, the indictment must be measured in terms of whether it exposes the defendant to any of the inherent dangers of a duplicitous indictment", including "the possibility that the defendant may not be properly notified of the charges against him, that he may be subjected to double jeopardy, that he may be prejudiced by evidentiary rulings during the trial, and that he may be convicted by a less than unanimous verdict." *United States v. Alsobrook*, 620 F.2d 139, 142 (6th Cir. 1980).

A. **A duplicitous indictment violates the Sixth Amendment right to a unanimous jury verdict.**

The Sixth Amendment to the United States Constitution guarantees the accused "the right to a speedy and public trial, by an impartial jury." U.S. Const. amend. VI. The Supreme Court

"has, repeatedly and over many years, recognized that the Sixth Amendment requires unanimity." *Ramos v. Louisiana*, 140 S. Ct. 1390, 1396 (2020). A duplicitous indictment "threatens" the right to a unanimous jury verdict because a "jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both." *United States v. Hall*, 979 F.3d 1107, 1116 (6th Cir. 2020) (quoting *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002)). "That is, a jury might return a guilty verdict on the single count submitted to them without all twelve jurors agreeing that the defendant committed either of the offenses charged within that count." *United States v. Kakos*, 483 F.3d 441, 443 (6th Cir. 2007).

      **B.**    **A duplicitous indictment violates the Fifth Amendment protection against Double Jeopardy.**

The Fifth Amendment to the United States Constitution protects the criminally accused from being "subject for the same offen[s]e to be twice put in jeopardy." U.S. Const. amend. V. One of the "inherent dangers of a duplicitous indictment" is that the defendant "may be subjected to double jeopardy." *United States v. Alsobrook*, 620 F.2d 139, 142 (6th Cir. 1980); *see also United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997) ("Duplicity can potentially prejudice the defendant in sentencing, obtaining appellate review, and protecting himself against double jeopardy."). Thus, when considering whether an indictment is duplicitous, this Court must consider not only whether it provides constitutionally sufficient notice of the allegations but also whether a general verdict of guilty will provide adequate protection against double jeopardy. *See United States v. Rogers*, 44 F.4th 728, 737 (7th Cir. 2022) ( citing *United States v. Berardi*, 675 F.2d 894, 899 (7th Cir. 1982)).

3

### C. A duplicitous indictment can potentially taint the trial in other ways.

The case law is clear that a duplicitous indictment impacts not only the Fifth Amendment protection against Double Jeopardy and the Sixth Amendment right to a unanimous jury verdict but also threatens prejudice in every facet of the trial. A duplicitous indictment can have "[o]ther adverse effects on a defendant" such as "improper notice of the charges against him, prejudice in the shaping of evidentiary rulings, in sentencing, [and] in limiting review on appeal." *United States v. Kakos*, 483 F.3d 441, 443-44 (6th Cir. 2007) (quoting *United States v. Duncan*, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988)); *see also United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997) ("Duplicity can potentially prejudice the defendant in sentencing, obtaining appellate review, and protecting himself against double jeopardy.").

### D. Application of Federal Rule of Criminal Procedure 7(c) cannot save a duplicitous indictment.

Although Federal Rule of Criminal Procedure 7(c) necessarily contemplates that two or more acts, each one of which would constitute an offense standing alone, may be joined in a single count," the rule does not "sanction 'duplicity.'" *United States v. Pavloski*, 574 F.2d 933, 936 (7th Cir. 1978). As is applicable here, Rule 7 provides that "[a] count may allege . . . that the defendant committed it by one or more specified means." Fed. R. Crim. P. 7(c)(1); *see also United States v. Murph*, 707 F.2d 895, 896–97 (6th Cir. 1983) ("It is settled law that an offense may be charged conjunctively in an indictment where a statute denounces the offense disjunctively."). An indictment that complies with Rule 7 is open to a duplicity challenge, even in the absence of a pretrial motion, when it results in constitutional harm, such as the failure to ensure jury unanimity. *See United States v. Kakos*, 483 F.3d 441, 444 (6th Cir. 2007) (stating that "while a defendant waives technical errors to an indictment by his failure to object to the duplicity before trial, the alleged harm to the defendant's substantive rights resulting from a duplicitous indictment can be

raised at trial or on appeal, notwithstanding the defendant's failure to make a pretrial motion" (citing *United States v. Adesida*, 129 F.3d 846, 849 (6th Cir. 1997)).

When, as here, an indictment alleges multiple modes in multiple counts, it "significantly aggravates the risk (present at least to a small degree whenever multiple means are at issue) that jurors, unless required to focus upon specific factual detail, will fail to do so, simply concluding from testimony, say, of bad reputation, that where there is smoke there must be fire." *Richardson v. United States*, 526 U.S. 813, 819 (1999). The Seventh Circuit Court of Appeals has recognized that "there is a possibility" of a lack of unanimity "whenever several criminal acts are joined pursuant to Rule 7(c)" and observed that addressing the issue "cannot be answered without reference to the specific case under consideration." *United States v. Pavloski*, 574 F.2d 933, 936 (7th Cir. 1978).

### II. THE INDICTMENT IN THIS CASE IS DUPLICITOUS, AND DISMISSAL IS REQUIRED.

Mr. Martin and his co-defendants have been charged via four-count indictment with depriving Mr. Nichols of his civil rights (Counts 1 and 2) and witness tampering (Counts 3 and 4). Each of these counts violates the prohibition against duplicity.

### A. Count 1 is duplicitous because it charges both that Mr. Martin and his co-defendants assaulted Mr. Nichols *and* that they failed to intervene in the assault of Mr. Nichols.

Count 1 alleges that Mr. Martin violated Mr. Nichols' civil rights by unlawfully assaulting Mr. Nichols and by failing to intervene in the assault of Mr. Nichols. *See* (Indictment, Doc. 2, PageID 9). The acts of assaulting and failing to intervene are distinct and based upon separate acts, one requiring proof that Mr. Martin acted and one requiring proof that he did not act. Although it is generally permissible to charge alternate means, charging these particular separate and distinct factual averments, particularly where there is alleged both an affirmative act and an omission, or

5

failure to act, in a single count prevents the jury from returning a unanimous verdict and fails to protect Mr. Martin against double jeopardy because a general verdict of guilty upon that count would make it impossible to determine whether Mr. Martin was convicted of the act of assaulting Mr. Nichols or for failing to intervene in the assault of Mr. Nichols. *See United States v. Alsobrook*, 620 F.2d 139, 142 (6th Cir. 1980) (stating that even those acts of the defendant that "may represent a single, continuing scheme" must be pleaded in separate counts when they implicate the dangers of duplicity).

  **B.**  **Count 2 is duplicitous because it charges both that Mr. Martin and his co-defendants failed to render aid to Mr. Nichols *and* that they failed to accurately apprise emergency responders of Mr. Nichols's medical condition.**

Count 2 alleges that Mr. Martin and his co-defendants failed to render aid to Mr. Nichols and that they failed to adequately apprise the dispatcher of the circumstances surrounding Mr. Nichols injuries. *See* (Indictment, Doc. 2, PageID 10). Again, this count of the indictment charges Mr. Martin with both an act and the failure to act, thereby preventing the jury from returning a unanimous verdict and failing to protect Mr. Martin against double jeopardy because a general verdict of guilty upon that count would make it impossible to determine whether Mr. Martin was convicted of the act of providing inaccurate information to the dispatcher or for his failure to act and render aid to Mr. Nichols.

  **C.**  **Both Counts 1 and 2 are duplicitous because they allege in the conjunctive separate facts that provide for different sentence enhancements.**

Both Counts 1 and 2 allege that Mr. Martin's actions, or inactions, resulted in serious bodily injury to Mr. Nichols and in his death. *See* (Indictment, Doc. 2, PageID 9-10). A violation of 18 U.S.C. § 242 that results in bodily injury is punishable by a term of imprisonment of "not more than ten years" while a violation of that same statute that results in death carries with it imprisonment "for any term of years or for life" or even a sentence of death. 18 U.S.C.S. § 242.

6

The allegation of these two separate and distinct aggravating facts in the conjunctive results in duplicity because a general verdict in Count 1 would make it impossible to determine whether the jury found that Mr. Martin's actions, or inactions, resulted in bodily injury to Mr. Nichols or in his death. Thus, a general verdict would be insufficient to allow a determination of which, if any, of the enhancements should be applied. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt. …Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."); *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) (stating that Fifth and Sixth Amendments require that any fact "that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.") (quoting *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999)).

The Sixth Circuit considered an analogous situation in *United States v. Neuhausser*, 241 F.3d 460 (6th Cir. 2001). In that case, the defendant was charged with conspiracy to distribute both crack and marijuana. The jury was permitted to return a general verdict of guilty, making it impossible to discern whether it found that the defendant had distributed crack, marijuana, or both. The Sixth Circuit reaffirmed the rule that when "one drug allows for a sentence above the maximum for another charged drug" and the jury returns a general verdict of guilty, only "the shorter maximum sentence" could be imposed. *United States v. Neuhausser*, 241 F.3d 460, 468 (6th Cir. 2001).

    **D.**    **Count 3 is duplicitous because it charges Mr. Martin and his co-defendants with "engaging in misleading conduct towards, corruptly persuading, and attempting to corruptly persuade" more than one individual.**

Count 3, which purports to charge conspiracy to witness tamper, is duplicitous because it alleges that Mr. Martin and his co-defendants conspired to violate 18 U.S.C. 1512(b)(3) "by

7

knowingly engaging in misleading conduct towards, corruptly persuading, and attempting to corruptly persuade" various parties. *See* (Indictment, Doc. 2, PageID 10-13). Although it is true, generally, "that the allegation, in a single count of conspiracy, of an agreement to commit several crimes is not duplicitous, as conspiracy is itself the crime," *United States v. Dale*, 178 F.3d 429, 431 (6th Cir. 1999) (citing *United States v. Braverman*, 317 U.S. 49, 54 (1942); *United States v. Solimine*, 536 F.2d 703, 711 n.31 (6th Cir. 1976)), it does not automatically follow that no conspiracy allegation is vulnerable to a duplicity challenge. Count 4, which alleges multiple different modes that appear in the statute in the disjunctive, in the conjunctive within a single count of the indictment, and directs the multiple modes at different targets. Such an indictment "significantly aggravates the risk (present at least to a small degree whenever multiple means are at issue) that jurors, unless required to focus upon specific factual detail, will fail to do so, simply concluding from testimony . . . that where there is smoke there must be fire." *Richardson v. United States*, 526 U.S. 813, 819 (1999). This count, like the others, also alleges both an affirmative act and an omission, or failure to act. Consequently, Count 4 as currently charged prevents the jury from returning a unanimous verdict and fails to protect Mr. Martin against double jeopardy because a general verdict of guilty upon that count would make it impossible to determine which set of facts upon which the conviction rests.

      **E.    Count 4 is duplicitous because it alleges that Mr. Martin both provided false information and withheld truthful information to more than one person.**

Count 4, which purports to charge witness tampering, is duplicitous because it alleges that Mr. Martin and his co-defendants "by knowingly engaging in misleading conduct towards, corruptly persuading, and attempting to corruptly persuade" two different MPD officers by *both* providing false information to those officers and by intentionally omitting information. Combining these allegations, particularly where there is alleged both an affirmative act and an omission, or

8

failure to act, into a single count prevents the jury from returning a unanimous verdict and fails to protect Mr. Martin against double jeopardy. *See United States v. Alsobrook*, 620 F.2d 139, 142 (6th Cir. 1980) (stating that even those acts of the defendant that "may represent a single, continuing scheme" must be pleaded in separate counts when they implicate the dangers of duplicity). *See United States v. D-2 Chavonne Simmons*, No. 13-20184, 2013 WL 5933679, 2013 U.S. Dist. LEXIS 158158, at *15–16 (E.D. Mich. Nov. 4, 2013) (Cox, J.) (holding witness tampering count duplicitous because it alleged "multiple separate actions by the defendant that violate the statute, but include[d] them all in the same count") (citing *United States v. Dedman*, 527 F.3d 577, 600, n.10 (6th Cir. 2008)).

### III. THIS COURT SHOULD DISMISS THE DUPLICITOUS INDICTMENT.

Duplicity is more than a pleading defect. *See United States v. Kakos*, 483 F.3d 441, 444 (6th Cir. 2007) (stating that although the failure to file a pretrial motion challenging technical defects in the indictment results in waiver, "the alleged harm to the defendant's substantive rights resulting from a duplicitous indictment can be raised at trial or on appeal"). "By collapsing separate offenses into a single count, duplicitous indictments 'prevent the jury from convicting on one offense and acquitting on another,'" and, therefore, "implicate the protections of the Sixth Amendment guarantee of jury unanimity." *United States v. Campbell*, 279 F.3d 392, 398 (6th Cir. 2002) (quoting *United States v. Shumpert Hood*, 210 F.3d 660, 662 (6th Cir. 2000)). The "[o]ther adverse effects on a defendant" from a duplicitous indictment also touch on the constitutional trial rights, including "improper notice of the charges against him, prejudice in the shaping of evidentiary rulings, in sentencing, in limiting review on appeal, [and] in exposure to double jeopardy." *United States v. Kakos*, 483 F.3d 441, 443-44 (6th Cir. 2007) (quoting *United States v. Duncan*, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988)). "A defendant moving pursuant to Rule 12 can request that a duplicitous indictment be dismissed, he can attempt to force the government to elect

9

the charge within the count upon which it will rely, or he can ask the court to particularize the distinct offenses contained within a count." *United States v. Kakos*, 483 F.3d 441, 444 (6th Cir. 2007) (citations omitted).

Duplicity taints each of the counts of the indictment in this case, and Counts 1 and 2 are, essentially, doubly duplicitous. Given that every count suffers from duplicity, this Court should dismiss the indictment. *See United States v. Kakos*, 483 F.3d 441, 444 (6th Cir. 2007) (stating that "[a] defendant moving pursuant to Rule 12 can request that a duplicitous indictment be dismissed"); *see also United States v. Giampietro*, 475 F. Supp. 3d 779, 784 (M.D. Tenn. 2020) (Crenshaw, J.) ("Providing the jury with a unanimity instruction or a special verdict form is not the only possible remedy to duplicitous charges."). Should this Court determine that the indictment's duplicity does not warrant dismissal, it should force the government to elect the charge within each count that it intends to rely. *See United States v. Kakos*, 483 F.3d 441, 444 (6th Cir. 2007) (stating that "[a] defendant moving pursuant to Rule 12 . . . can attempt to force the government to elect the charge within the count upon which it will rely"). In addition to protecting Mr. Martin's Fifth Amendment protection from double jeopardy and his Sixth Amendment right to a unanimous jury verdict, pretrial election also protects Mr. Martin's constitutional right to present a defense and alleviates to some extent the other dangers attendant to duplicity, including a lack of notice and potential prejudice at trial and during sentencing. However, pretrial election alone does not cure the constitutional defects with the duplicitous indictment.

IV.   **CONCLUSION**

The indictment is unconstitutionally duplicitous because each count impermissibly alleges multiple offenses, violating Fifth Amendment due process requirements of notice and protection from Double Jeopardy and Sixth Amendment guarantees of jury unanimity and the right to present

a defense. The duplicity can only be remedied via dismissal and return of a constitutionally valid indictment.

    Respectfully submitted this 6th day of February, 2024.

RITCHIE, DAVIES, JOHNSON, & STOVALL, P.C.

/s/Stephen Ross Johnson
STEPHEN ROSS JOHNSON [TN BPR No. 022140]
CATALINA L.C. GOODWIN [TN BPR No. 038660]
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
www.rdjs.law
johnson@rdjs.law
goodwin@rdjs.law

THE LAW OFFICE OF MASSEY MCCLUSKY FUCHS & BALLENGER

/s/ William D. Massey
WILLIAM D. MASSEY [BPR No. 9568]
3074 East Road
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com

## CERTIFICATE OF SERVICE

    I certify that on February 6, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Stephen Ross Johnson