```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```

UNITED STATES,

    Plaintiff,

v.  No. 23-20191

DEMETRIUS HALEY,

    Defendant.

MOTION *in limine* TO RESTRICT LAY OPINION TESTIMONY REAGARDING USE OF FORCE

Comes now the defendant, Demetrius Haley, by and through his counsel of record, and, in opposition to the United States' Notice of Intent to call "Hybrid Witnesses Regarding Use of Force Issues" (R. 142, U.S. Notice) moves this court, *in limine,* to restrict any lay opinion testimony on the use of force he or any law enforcement officer employed against Tyre Nichols on January 7, 2023 to a witness who was present and personally observed the employment of force.  In support thereof Mr. Haley would show:

Initially, the United States responded to Mr. Haley's request for discovery pursuant to Fed. R. Crim. P. 16(a)(1)(G) with the statement:

> As to Rule 16(a)(1)(G), the United States does not at this time intend to introduce any expert testimony as defined by the Federal Rules. We will advise you should that change and provide the

appropriate information to you. (R. 47, U.S. Discovery Response, ¶ 5).

Pursuant to court order, the government has since provided notice that it intends to call up to five witnesses "to offer hybrid or expert testimony regarding use of force issues." (R. 142, U.S. Notice).

Haley concedes that, in exercising its "gatekeeper" role,[1] the court may find that any of the proffered witness's testimony is admissible as an expert opinion pursuant to F.R.E. 702, although limits would exist.[2] King v. Taylor, 944 F.Supp.2d 548, 558 (E.D. Ky. 2013); Askew v. City of Memphis, 2016 WL 4536447, *10 (W.D. Tenn. 2016)(collecting cases). A "hybrid" witness offers opinions based upon both personal knowledge or observations and their scientific, technical, or other specialized knowledge. While someone can testify as both a fact and expert witness, special care must be taken to ensure that the jury understands such a witness's dual role. United States v. Tocco, 200 F.3d 401, 418-19 (6th Cir. 2000). A lay opinion pursuant to F.R.E. 701, however, is a different animal because none of these five potential witnesses were present on the scene of these defendants January 7, 2023 encounters with Tyre Nichols.

---

[1] United States v. LaVictor, 848 F.3d 428, 441 (6th Cir. 2017).
[2] Mr. Haley will address his objections to any proposed expert testimony on "use of force issues" by any of these five potential witnesses in a separate response to the notice filed.

Lay opinion testimony is admissible when the opinion is rationally based on the witness's perception; helpful to clearly understanding the witness's testimony or to determining a fact in issue; and not based upon scientific, technical, or other specialized knowledge within the scope of Rule 702. FRE 701. Lay opinion testimony must be based upon personal knowledge and the perception of the witness. <u>United States v. Kilpatrick</u>, 798 F.3d 365, 379-81 (6th Cir. 2015). Similarly, a "hybrid" witness has direct personal knowledge of the facts. <u>Federal Express Corporation v. Accu-Sort Systems, Inc.</u>, 2006 WL 8434937, *2 (W.D. Tenn. 2006).

In addressing opinion testimony on the reasonableness of force employed in the civil rights prosecution of a police officer under 18 U.S.C. § 242 the Fourth Circuit held that lay opinions on the reasonableness of the force employed by the defendant were admissible when offered by officers who were present, but inadmissible when the witness was not present for the employment of force by the defendant. <u>United States v. Perkins</u>, 470 F.3d 150 (4th Cir. 2006). The distinction was that those officers present observed the employment of force by the defendant, "thus testified based on their contemporaneous perceptions" which satisfied the personal knowledge requirement of Rule 701(a). The opinions offered by officers who didn't observe the defendant use force

didn't satisfy Rule 701(a), thus was impermissible because they weren't qualified as experts and authorized to give a Rule 702 opinion. United States v. Perkins, *supra*, at 155-56.

A lay opinion is permitted under Rule 701 because it provides the jury something it could not otherwise experience "by drawing upon the witness's sensory and experiential observations that were made as a first-hand witness to a particular event". United States v. Freeman, 730 F.3d 590, 595 (6th Cir. 2013). A review of video of Tyre Nichols' encounter with Demetrious Haley and other MPD officers on January 7, 2023 by someone who was NOT present on the scene during the employment of force does not enable that person to meet the personal knowledge requirement of Rule 701(a) or offer the "sensory and experiential observations" necessary to make such lay opinion on the reasonableness of any force employed admissible.

The FBI 302 interview reports and grand jury testimony provided and referenced in the United States' notice, R. 142, make clear that Juan Gonzalez, Larnce Wright, and Kevin Barrett have all offered opinions on the use of force against Tyre Nichols based upon watching videos. Sixth Circuit caselaw prohibits the admission of such testimony pursuant to FRE 701. *Ibid*. While no such opinions by Zayid Saleem or Tracey Branch appear in the discovery, neither was present on the scene and, likewise, cannot

offer an admissible lay opinion on the use of force against Tyre Nichols consistent with Sixth Circuit caselaw.

In view of the fact that this motion is a response in opposition to the United States' Notice of Intent to introduce "hybrid" witness testimony on "use of force issues", R. 142, which necessarily incorporates lay opinions, the undersigned has not consulted with the United States pursuant to L.Crim.R. 12.1(a). He presumes the United States objects to this motion being granted based upon R. 142.

WHEREFORE, PREMISES CONSIDERED, Mr. Haley prays this court grant his motion and prohibit the United States from seeking to introduce any lay opinion testimony on the reasonableness of force employed by law enforcement from any witness who was not present at the scene and didn't personally observe such force being employed, including, but not limited to Juan Gonzalez, Larnce Wright, Kevin Barrett, Zayid Saleem, and Tracey Branch.
.

Respectfully submitted,

S/Michael J. Stengel
_____
Michael J. Stengel (12260)
Lawyer for Demetrius Haley
619 South Cooper Street
Memphis, TN 38104
(901) 527-3535

S/Stephen R. Leffler
_____
Stephen R. Leffler (11038)
Lawyer for Demetrius Haley
2670 Union Ave. Extd., Ste. 819
Memphis, TN 38112
(901) 509-9112

## Certificate of Service

I hereby certify that I have served a copy of the foregoing Motion to Limit Lay Opinion Testimony by electronic means, via the Court's electronic filing system, on AUSA's David Pritchard, Libby Rogers, Kathryn Gilbert, and Forrest Christian this 7th day of February, 2024.

S/Michael J. Stengel