IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. No. 2:23-cr-20191-MSN |
| ) | |
| EMMITT MARTIN, III ) | |

**MOTION FOR PRETRIAL EVIDENTIARY HEARING ON ADMISSIBILITY OF ANY EVIDENCE PURSUANT TO FED. R. EVID. 801(d)(2)(E)**

The defendant, Emmitt Martin, III, through counsel, pursuant to U.S. Const. amends. V and VI; *Bourjaily v. United States*, 483 U.S. 171 (1987); *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978); Fed. R. Evid. 104(a) and 801(d)(2)(E); respectfully moves this Court to hold a pretrial evidentiary hearing to determine the admissibility of statements pursuant to Fed. R. Evid. 801(d)(2)(E), where the government must show, by a preponderance of the evidence, that a conspiracy existed, that the defendant was part of, and the proposed hearsay statement was made in furtherance of that conspiracy. Given multiple defendants and the volume of recordings and writings that have been produced so far in discovery, the government must be required to specify what discoverable evidence it intends to introduce at trial, to include potential hearsay statements or writings, and a pretrial hearing must be held on admissibility to prevent constitutional confrontation and fair trial issues from developing in the middle of trial, requiring a mistrial.

In further support, the following is submitted:

1.      A co-conspirator's statement is admissible under Fed. R. Evid. 801(d)(2)(E) if the district court determines that the government has shown by a preponderance of the evidence: (a) that a conspiracy existed, (b) that the defendant against whom the hearsay was offered was a member of that conspiracy, and (c) that the hearsay statement was made during and in furtherance of the conspiracy. *United State v. Young*, 847 F.3d 328, 352 (6th Cir. 2017); *United States v.*

*Vinson*, 606 F.2d 149, 152–53 (6th Cir. 1979) (approving decision in *United States v. James*, 590 F.2d 575, 582–83 (5th Cir. 1979), and citing *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978)). The party seeking to introduce hearsay testimony under Rule 801(d)(2)(E) bears the burden of proving the relevant facts by a preponderance of the evidence. *United States v. Warman*, 578 F.3d 320, 335 (6th Cir. 2009) (citing *United States v. Vinson*, 606 F.2d 149, 153 (1979)); *see also Bourjaily v. United States*, 483 U.S. 171, 176 (1987). "Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule." *Id*. at 171.

    2.    Mere association with members of a conspiracy is not enough to infer that the defendant was a member of a conspiracy. *United States v. Martinez*, 430 F.3d 317, 333 (6th Cir. 2005) (citing *United States v. Brown*, 332 F.3d 363, 372 (6th Cir. 2003)). Similarly, "mere idle chatter or casual conversation about past events is not considered a statement in furtherance of the conspiracy." *United States v. Warman*, 578 F.3d 320, 338 (6th Cir. 2009) (citing *United States v. Darwich*, 337 F.3d 645, 657 (6th Cir. 2003)).

    3.    Importantly, "the contents of the declarant's statement do not alone suffice to establish a conspiracy in which the declarant and the defendant participant. The court must consider in addition the circumstances surrounding the statement, such as the identity of the speaker, the context in which the statement was made, or evidence corroborating the contents of the statement in making its determination as to each preliminary question." Fed. R. Evid. 801 Advisory Committee Notes (1997 Amendment). The existence of the conspiracy cannot be based on the hearsay statements alone—there must be independent corroborating evidence. *United States v. Payne*, 437 F.3d 540, 544 (6th Cir. 2006). The amount of independent evidence required is "not merely a scintilla, but rather, enough to rebut the presumed unreliability of the hearsay." *United*

*States v. Warman*, 578 F.3d 320, 337 (6th Cir. 2009) (citing *United States v. Clark*, 18 F.3d 1337, 1342 (6th Cir. 1994)).

4. A hearing to determine the admissibility of any statements under Fed. R. Evid. 801(d)(2)(E) is constitutionally necessary here because, given the allegations in the indictment, volume of discovery, multiple defendants, and lack of specificity provided by the government to date over what items provided in discovery the government intends to introduce in trial, a pretrial determination of the admissibility of what hearsay the government intends to introduce will avoid confrontation, severance, and fair trial issues manifesting themselves mid-trial, warranting a mistrial. Mr. Martin has asked the government to specify the information it will seek to introduce at trial, including under 801(d)(2)(E) evidence, pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B).

> "Given the volume of information provided, such as the extensive video and audio footage, it is necessary for the government to detail what it is going to use in its evidence-in-chief. For example, if the government is intending to introduce certain audio or video recordings, or any other form of an alleged statement (such as a writing), under Federal Rule of Evidence 801(d)(2)(E), in a multi-defendant case it is necessary for the defense to have notice in advance so that the appropriate pretrial litigation can occur on the admissibility of such evidence to prevent any constitutional confrontation issue at trial and to enable effective preparation of the defense."

(Martin, Second Discovery Request, ECF No. 151 at PageID 797); (Martin, Motion for Order Requiring the Government to Produce Exhibit List and Witness List, ECF No. 155 at PageID 831) ("It is impossible to determine how many potential exhibits and witnesses the government could introduce at trial, let alone what exhibits and witnesses could be exculpatory or material to the defense in countering the government's case-in-chief.").

### A Pretrial Hearing is Necessary to Determine the Existence of a Conspiracy

5. "One acceptable method [of the court's making a determination of the existence of the conspiracy and the admissibility of the hearsay statement] is the so-called 'mini-hearing' in

which the court, without a jury, hears the government's proof of conspiracy and makes the preliminary *Enright* finding. If the hearsay is found admissible, the case, including coconspirator hearsay, is presented to the jury." *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979); *see e.g.*, *United States v. Herndon*, 156 F.3d 629, 632 (6th Cir. 1998) (noting that district court conducted pre-trial *Enright* hearing to determine admissibility of co-conspirator statements).

6. Regardless of whether preliminary proof of admissibility of out-of-court statements by an alleged coconspirator has been made in the preferred order during a conspiracy trial, or whether a coconspirator's statement has instead been admitted subject to later connection, the court must determine as a factual matter, on the appropriate motion at the conclusion of all evidence, whether the prosecution has shown by a preponderance of evidence independent of the statement itself that a conspiracy existed, that the coconspirator and the defendant against whom the coconspirator's statement is offered were members of conspiracy, and that the statement was made during course of and in furtherance of the conspiracy; if the court concludes that the prosecution has not borne its burden of proof on such issues, the statement cannot remain in evidence to be submitted to the jury, and, in that case, the judge must decide whether the prejudice arising from the erroneous admission of statements can be cured by a cautionary instruction or whether a mistrial is required. *United States v. Kelsor*, 665 F.3d 684, 693 (6th Cir. 2011) (citing *United States v. Vinson*, 606 F.2d 149, 153 (6th Cir. 1979)); *United States v. James*, 590 F.2d 575, 582–83 (5th Cir. 1979).

7. While in some cases it may be the practice to conditionally admit hearsay statements purported to be in furtherance of a conspiracy at trial without a pre-trial hearing on the existence of the conspiracy, *see e.g.*, *United States v. Young*, 847 F.3d 328, 353 (6th Cir. 2017); *United States v. Kelsor*, 665 F.3d 684, 693 (6th Cir. 2009); *United States v. Warman*, 578 F.3d

320, 335 (6th Cir. 2009), the complexity of this case, multiple defendants, volume of information, and constitutional issues implicated over improper admissibility necessitate a pretrial hearing on these issues as opposed to dealing with them in the middle of the jury trial.

8. Count 3 of the indictment, which charges all defendants with conspiracy to witness tamper in violation of 18 U.S.C. § 1512(k), does not provide a factual basis for an agreement between the parties, but rather alleges misstatements and omissions by the individual officers after the encounter with Mr. Nichols. The government has provided significant discovery in this case without any sort of designation specifying the statements it intends to use against Mr. Martin and the other defendants. *See* (Martin, Second Discovery Request, ECF No. 151 at PageID 797) (specific request for Fed. R. Crim. P. 12(b)(4)(B) designation among discovery materials); (Martin, Motion for Order Requiring the Government to Produce Exhibit List and Witness List at Least 45 Days Prior to Trial, ECF No. 155 at PageID 831–35.) Future discovery productions will likely contain more statements that potentially fall within 801(d)(2)(E), including the full extraction reports from seized cellular phones. (Martin Second Discovery Request, ECF No. 151 at PageID 797) (specific request for cellular phone extractions). For example, in a recent discovery production by the government made on January 26, 2024, a partial extraction of messaging from co-defendant Haley's mobile phone was provided.

9. The danger in this case is that the record will be injected with inadmissible hearsay in anticipation of proof of a conspiracy which never actually materializes as to Mr. Martin, or is not the conspiracy as alleged, which endangers the entire proceeding with the specter of mistrial. *United States v. Kelsor*, 665 F.3d 684, 695 (6th Cir. 2009) ("If the statement is admitted conditionally but the government fails to carry its burden by a preponderance of the evidence, the

district court should grant a mistrial unless convinced that a cautionary instruction would shield the defendant from prejudice.") (citing *United States v. Vinson*, 606 F.2d 149, 153 (6th Cir. 1979)).

10. Codefendant Haley previously moved for this Court to enter an Order compelling the government to specifically identity all potential coconspirator statements it intends to admit at trial but stopped short of requesting a hearing to determine the existence of a conspiracy. (ECF No. 128.) The government responded in opposition by relying on the "extensive discovery" already provided "including videotape, FBI-302s, text messages, and grand jury transcripts documenting the defendants' statements," and insisting that there is no legal authority *requiring* the government to specifically identify statements it intends to admit at trial. (ECD No. 139.) This Court has discretion to Order the government to disclose the 801(d)(2)(E) statements it will seek to introduce at trial. *See United States v. Bell*, No. 17-20183, ECF No. 539, 2020 WL 7041182, 2020 U.S. Dist. LEXIS 224338, at *2 (E.D. Mich. Dec. 2020) (Goldsmith, J.) (ordering government to file written proffer of statements it intended to introduce pursuant to Fed. R. Evid. 801(d)(2)(E) 60 days before trial; reserving ruling on conducting *Enright* hearing), *id.* at Doc. 781, 2022 WL 993634, 2022 U.S. Dist. LEXIS 62060, at *3 (Apr. 1, 2022) (statements conditionally admitted in lieu of *Enright* hearing).

### **The Confrontation Clause Emphasizes the Need for a Pretrial Hearing**

11. The Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right […] to be confronted with the witnesses against him." The "principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of *ex parte* examinations as evidence against the accused […] The Sixth Amendment must be interpreted with this focus in mind." *Crawford v. Washington*, 541 U.S. 36, 50 (2004); *Samia v. United States*, 216 L. Ed. 2d 597, 143 S. Ct. 2004 (2023) (holding admission

of codefendant's confession did not violate *Bruton* where direct references to defendant were removed in joint trial); *Hemphill v. New York*, 211 L. Ed. 2d 534, 142 S. Ct. 681, 692 (2022) (admission of third party plea allocution without cross-examination violated *Bruton*); *McCarley v. Kelly*, 801 F.3d 652, 668 (6th Cir. 2015) (granting habeas relief where letters, rather than live testimony, were presented to the jury in violation of confrontation clause); *Blackston v. Rapelje*, 780 F.3d 340, 348–49 (6th Cir. 2015) (recognizing right to impeach witness on cross-examination with inconsistent statements); *Peak v. Webb*, 673 F.3d 465, 474–75 (6th Cir. 2012) (suggesting that the Confrontation Clause requires an opportunity to immediately cross-examine a witness about testimonial statement admitted at trial); *United States v. Warman*, 578 F.3d 320, 33–40 (6th Cir. 2009) (holding that district court erred in admitting two statements of "ideal chatter or bragging" under 801(d)(2)(E) that were not made in furtherance of the conspiracy); *see also United States v. Nguyen*, 565 F.3d 668, 676–77 (9th Cir. 2009) (reversing conspiracy convictions where co-defendant statement was introduced through testifying law enforcement officer in violation of confrontation clause).

12.   "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Crawford v. Washington*, 541 U.S. 36, 68–69 (2004). The discovery provided to-date in this case includes a significant number of testimonial statements from body camera footage, audio recordings, internal Memphis Police Department investigation materials, and interviews with law enforcement the government may seek to introduce under 801(d)(2)(E). Only if such statements truly meet the strictures of 801(d)(2)(E) are confrontation concerns lessened. *See United States v. Martinez*, 430 F.3d 317, 329–30 (6th Cir. 2005) (holding that coconspirator

statements properly admitted under Rule 801(d)(2)(E) do not violate Sixth Amendment right to confrontation).

13.     There is heightened importance in the initial finding of whether statements offered by the prosecution are admissible pursuant to Fed. R. Evid. 801(d)(2)(E); if such statements are allowed to come into evidence before the jury preliminarily, and the prosecution is unable to tie such statements back to the conspiracy as charged and proven, then not only is 801(d)(2)(E) violated, but also potentially the defendant's right to confrontation under the Sixth Amendment is implicated, making it unlikely that any prejudice can be cured by a "cautionary jury instruction." *United States v. Kelsor*, 665 F.3d 684, 695 (6th Cir. 2009).

## Conclusion

14.     Accordingly, Mr. Martin moves the Court to hold a pretrial evidentiary hearing to determine the admissibility of statements pursuant to Fed. R. Evid. 801(d)(2)(E), where the government must show, by a preponderance of the evidence, that a conspiracy existed, that the defendant was part of, and the proposed hearsay statement was made in furtherance of that conspiracy. Given multiple defendants and the volume of recordings and writings that have been produced so far in discovery, the government must be required to specify what discoverable evidence it intends to introduce at trial, to include potential hearsay statements or writings, and a pretrial hearing must be held on admissibility to prevent constitutional confrontation and fair trial issues from developing in the middle of trial, requiring a mistrial.

Respectfully submitted this 7th day of February, 2024.

          RITCHIE, DAVIES, JOHNSON, & STOVALL, P.C.

          /s/Stephen Ross Johnson
          STEPHEN ROSS JOHNSON [TN BPR No. 022140]
          CATALINA L.C. GOODWIN [TN BPR No. 038660]
          606 W. Main Street, Suite 300
          Knoxville, TN 37902
          (865) 637-0661
          www.rdjs.law
          johnson@rdjs.law
          goodwin@rdjs.law


          THE LAW OFFICE OF MASSEY MCCLUSKY FUCHS & BALLENGER

          /s/ William D. Massey
          WILLIAM D. MASSEY [BPR No. 9568]
          3074 East Road
          Memphis, TN 38128
          (901) 384-4004
          w.massey3074@gmail.com


## CERTIFICATE OF SERVICE

     I certify that on February 7, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                              s/Stephen Ross Johnson