IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR. No. 2:23-cr-20191-MSN |
| ) | |
| EMMITT MARTIN, III ) | |

**MOTION TO DISMISS COUNTS 1 AND 2 FOR
VAGUENESS AND INSUFFICIENCY**

The defendant, Emmitt Martin, III, through counsel, pursuant to U.S. Const. art. I, § 1, art. III, § 1, amends. V, VI, and VIII; *Ruan v. United States*, 213 L. Ed. 706, 142 S. Ct. 2370 (2022); *United States v. Davis*, 139 S. Ct. 2319 (2019); Fed. R. Crim. P. 7 and 12; has respectfully moved this Court to dismiss Counts 1 and 2 of the indictment because the charged offense, 18 U.S.C. § 242, is unconstitutionally vague, both facially and as applied and because the indictment is unconstitutionally insufficient, implicating the constitutional protections of fair notice, preparing and presenting a defense, and the requirement that a grand jury hear evidence and determine the criminal accusation.

In further support, the following is submitted:

1. Mr. Martin, along with former Memphis Police Department officers Tadarrius Bean, Demetrius Haley, Desmond Mills, Jr., and Justin Smith, were jointly charged in a four-count indictment with two counts of depriving Tyre Nichols's civil rights (Counts 1 and 2) and two counts of witness tampering (Counts 3 and 4). See (Indictment, Doc. 2, PageIDs 8–14). Counts 1 and 2 are punishable by life imprisonment or death. See (Indictment, Notice of Penalties, Doc. 2-1, PageID 15).

2. Criminal offenses must be defined to allow a person of common understanding to know what is prohibited, to avoid arbitrary enforcement, and to protect the power of the legislative

branch to define criminal offenses. The Due Process Clause of the Fifth Amendment prohibits enforcement of a statute that "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement[.]" *United States v. Williams*, 553 U.S. 285, 304 (2008); *see also United States v. Lanier*, 520 U.S. 259, 266 (1997) (stating that "the vagueness doctrine bars enforcement of 'a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" (citations omitted).

3. Vague laws "undermine the Constitution's separation of powers and the democratic self-governance it aims to protect." *United States v. Davis*, 139 S. Ct. 2319, 2325 (2019) (citation omitted). If a statute is vague, it cannot form the basis for a criminal conviction because "a vague law is no law at all. *See United States v. Davis*, 139 S. Ct. 2319, 2323 (2019); *Bouie v. Columbia*, 378 U.S. 347, 351 (1964) ("The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.").

4. Counts 1 and 2 charge Mr. Martin and his codefendants with deprivation of civil rights, in violation of 18 U.S.C. § 242, through the use of unreasonable force (Count 1), failure to intervene (Count 1), failure to render aid to Mr. Nichols (Count 2), and failure to correctly communicate his condition to EMS (Count 2).

5. The civil rights deprivation statute, 18 U.S.C. § 242, facially vague because does not describe with definiteness the conduct proscribed but instead resorts to the incorporation by reference of constitutional guarantees that do not, themselves, describe forbidden conduct with constitutionally sufficient particularity and that invite arbitrary and discriminatory application. *See United States v. Lanier*, 520 U.S. 259, 265 (1997). "The result is that neither the statutes nor a

good many of their constitutional referents delineate the range of forbidden conduct with particularity." *United States v. Lanier*, 520 U.S. 259, 265 (1997).

6. The text of the statue does not define the "deprivation of rights" element, and the "made specific" standard developed in *Screws v. United States*, 325 U.S. 91, 103, 104 (1945) (the statute applies to constitutional rights "made specific either by the express terms of the Constitution or laws of the United States or by decisions interpreting them"), to remedy the lack of definition, is itself vague and of questionable validity in light of later decisions of the Supreme Court. The *Screws* test does not satisfy modern understandings of constitutional vagueness because its application does not clarify the prohibited conduct with sufficient specificity to satisfy due process. Instead, the *Screws* test, as affirmed by *Lanier*, exemplifies rather than cures the vagueness in 18 U.S.C. § 242.

7. Recent cases invalidating vague statutes demonstrate that the *Screws* test violates the separation of powers. *See United States v. Davis*, 204 L. Ed. 2d 757 (2019) (stating that "doctrine prohibiting the enforcement of vague laws rests on the twin constitutional pillars of due process and separation of powers"). "When Congress passes a vague law, the role of courts under our Constitution is not to fashion a new, clearer law to take its place, *but to treat the law as a nullity and invite Congress to try again*." *United States v. Davis*, 139 S. Ct. 2319, 2323–24 (2019) (emphasis added).

8. Application of the mens rea of willfulness does not save 18 U.S.C. § 242 from vagueness because willfulness is open to differing definitions and, even if given the definition propounded in *Screws* is insufficient to define the prohibited conduct and prone to arbitrary application. *See Screws v. United States*, 325 U.S. 91, 103 (1945) ("We do say that a requirement

of a specific intent to deprive a person of a federal right made definite by decision or other rule of law saves the Act from any charge of constitutionality on the grounds of vagueness.").

9. Even if facially valid, 18 U.S.C. § 242 is vague as-applied in this case because it does not adequately define the criminal conduct "made specific" for purposes of the deprivation element. Determining application of 18 U.S.C. § 242 to the conduct charged in this case requires a resort to judicial interpretations which are themselves vague and imprecise, inviting arbitrary and discriminatory application. Because the constitutional authority incorporated into the civil rights offenses charged in Counts 1 and 2 is not clearly raised, this offense is vague as applied.

10. It is not clear whether the amount of force used by the defendants, from their individual perspectives, is "made specific" for purposes of 18 U.S.C. § 242 and the *Screws* standard because the standard for an "unreasonable seizure" is entirely fact-dependent and the indictment does not include any indication of how the defendants' conduct meets this standard. Stated plainly, the application of criminal liability when the boundaries of permissible conduct are "hazy" meets the very definition of constitutionally deficient notice.

11. To comply with the constitution and separate culpable from innocent conduct, the *mens rea* must be read to modify not only the term that immediately follows it but also all the elements of the offense. *Xiulu Ruan v. United States*, 142 S. Ct. 2370, 2377, 213 L.Ed.2d 706, 716 (2022) (finding that "'knowingly' modifies not only the words directly following it, but also those other statutory terms that 'separate wrongful from innocent acts'"); *Flores-Figueroa v. United States*, 556 U.S. 646, 652 (2009) (stating that "courts ordinarily read a phrase in a criminal statute that introduces the elements of a crime with the word 'knowingly' as applying that word to each element").

12. The only way that 18 U.S.C. § 242 can be constitutionally applied in this case is if this court applies the mens rea of willfulness to every factual averment in the indictment. Application of the mens rea of willfulness, as defined by *Screws* as specific intent, must be applied to every element of the offense, including the underlying modes alleged despite the obvious limitations of that term and the *Screws* test. *See Flores-Figueroa v. United States*, 556 U.S. 646 (2009) (holding *mens rea* element modifies all subsequent elements); *United States v. Ruan*, 142 S. Ct. 2370 (2022) (holding that *mens rea* element modifies preceding "except as authorized" clause and all regulations imported by specific reference into drug distribution statute) is necessary to avoid punishing conduct that is not criminal.

13. Counts 1 and 2 should be dismissed because they violate Mr. Martin's right to due process of law because they fail to allege the facts constituting the charged offenses and otherwise fail to put him on notice of the charged offenses. *See Russell v. United States*, 369 U.S. 749, 763–64 (1962) (stating that to be valid indictment must "contain[] the elements of the offense intended to be charged and sufficiently apprise[] the defendant of what he must be prepared to meet," and "in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction"); Fed. R. Crim. P. 12(b)(3)(B)(v) (defects in the indictment must be raised prior to trial).

14. Count 1 does not contain sufficient factual averments to determine that Mr. Martin violated Mr. Nichols's constitutional rights by the use of unreasonable force and by failing to intervene. The indictment in this case contains only the legal conclusion that the defendants used unreasonable force. *See United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993) (stating that "mere intention to use force that the jury ultimately finds unreasonable - that is, general criminal intent - is insufficient for conviction under section 242"), but alleges no facts to support the legal

conclusion that the force was unreasonable, much less that Mr. Martin knew the force was unreasonable, that he knew he had a duty to intervene, and that he willfully failed to intervene with the specific intent to violate Mr. Martin's "made specific" constitutional rights.

15. Count 2 is constitutionally insufficient because it neither defines deliberate indifference nor provides sufficient factual allegations to support the legal conclusion that the officers showed a deliberate indifference to Mr. Nichols's medical need. Count 2 does not allege that the seriousness of Mr. Nichols's medical need would have been obvious to a lay person, *see, e.g.*, *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004) (citation omitted) (stating that to support deliberate indifference allegation, the "seriousness" of the medical need must be significant and "obvious even to a lay person"), or that he failed to act when Emergency Medical Technicians were *en route* to the scene of the arrest.

16. Counts 1 and 2 are constitutionally insufficient because they do not allege the facts necessary to apply either of the sentencing enhancements in 18 U.S.C. § 242. A violation of 18 U.S.C. § 242 that results in bodily injury is punishable by a term of imprisonment of "not more than ten years" while a violation of that same statute that results in death carries with it imprisonment "for any term of years or for life" or even a sentence of death. 18 U.S.C.S. § 242.

17. Counts 1 and 2 state the legal conclusion that Mr. Martin's actions or inactions resulted in bodily injury to Mr. Nichols and in his death but neither contains any factual allegations that would support the application of either provision, and, in consequence, both counts must be dismissed. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt. . . . Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted

to the jury."); *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) (stating that Fifth and Sixth Amendments require that any fact "that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt" (quoting *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999)); *Cf. United States v. Neuhausser*, 241 F.3d 460, 468 (6th Cir. 2001) (reaffirming return of a general verdict involving two different drugs permitted imposition of only "the shorter maximum sentence" when "one drug allows for a sentence above the maximum for another charged drug").

18. This motion is filed based on undersigned counsel's efforts to comply with the Court's current scheduling order. (ECF No. 122.) However, it remains counsel's position that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the current schedule and that the constitutional protections afforded persons accused, and the essential requirements of the defense function, cannot be met without additional time to prepare. (ECF No. 120.) Mr. Martin, through counsel, is separately filing a motion to continue the trial and all corresponding deadlines.

Respectfully submitted this 7th day of February, 2024.

            RITCHIE, DAVIES, JOHNSON, & STOVALL, P.C.

            /s/Stephen Ross Johnson
            STEPHEN ROSS JOHNSON [TN BPR No. 022140]
            CATALINA L.C. GOODWIN [TN BPR No. 038660]
            606 W. Main Street, Suite 300
            Knoxville, TN 37902
            (865) 637-0661
            www.rdjs.law
            johnson@rdjs.law
            goodwin@rdjs.law

THE LAW OFFICE OF MASSEY MCCLUSKY FUCHS & BALLENGER

<u>/s/ William D. Massey</u>
WILLIAM D. MASSEY [BPR No. 9568]
3074 East Road
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on February 7, 2024 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

<u>s/Stephen Ross Johnson</u>