# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 2:23-cr-20191-MSN |
| | ) | |
| EMMITT MARTIN, III | ) | |

## MOTION TO DISMISS COUNTS 3 AND 4
## FOR INSUFFICIENCY AND VAGUENESS AS APPLIED

The defendant, Emmitt Martin, III, through counsel, pursuant to U.S. Const. amends. V, VI, and VIII; *Ruan v. United States*, 142 S. Ct. 2370 (2022); *Hamling v. United States*, 418 U.S. 87 (1974); *United States v. Davis*, 139 S. Ct. 2319 (2019); Fed. R. Crim. P. Rules 7 and 12; and moves this Court to dismiss the indictment because Counts 3 and 4 fail to state an offense and because each count omits necessary legal and factual elements of the charged offenses. Constitutional and statutory insufficiencies implicate the constitutional protections of fair notice, preparing and presenting a defense, and the requirement that a grand jury hear evidence and determine the criminal accusation. These deficiencies render the statutory violations alleged in Counts 3 and 4 vague as applied.

In further support, the following is submitted:

1. Mr. Martin, along with former Memphis Police Department officers Tadarrius Bean, Demetrius Haley, Desmond Mills, Jr.,[1] and Justin Smith, were jointly charged in a four-count indictment with two counts of depriving Tyre Nichols's civil rights (Counts 1 and 2) and two counts of witness tampering (Counts 3 and 4). *See* (Indictment, Doc. 2, PageIDs 8–14). Counts

---

[1] Mr. Mills has entered a guilty plea. (Order, Change of Plea, Doc. 92, PageID 277). All other defendants remain in a trial posture.

1 and 2 are punishable by life imprisonment or death. *See* (Indictment, Notice of Penalties, Doc. 2-1, PageID 15).

2. Criminal prosecutions must begin with a valid indictment, returned by an impartial grand jury, that provides fair notice about the allegations raised. *See* U.S. Const. amends. V and VI; *United States v. Blandford*, 33 F.3d 685, 704–05 (6th Cir. 1994) (indictment set forth sufficient facts to provide adequate notice to the accused). All elements necessary to the conviction and punishment of the defendant must be charged in an indictment and proven to a jury beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99 (2013); *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Landham*, , 251 F.3d 1072, 1081 (6th Cir. 2001) (citing and applying *Hamling* standard, finding indictment insufficient and reversing convictions where government did not allege specific facts to support each count); Fed. R. Crim. P. 7(c)(1) ("The indictment or information must be a plain, concise and definite written statement of the essential facts constituting the offense charged.").

3. An indictment is sufficient if it "contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet," and (2) "in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *Russell v. United States*, 369 U.S. 749, 763–64 (1962); *United States v. Douglas*, 398 F.3d 407, 413 (6th Cir. 2005) (citation omitted).

4. The indictment must also be specific enough "to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction . . . . For this, facts are to be stated, not conclusions of law alone." *Valentine v. Konteh*, 395 F.3d 626, 631

n.1 (6th Cir. 2005) (citing *United States v. Cruikshank*, 92 U.S. 542, 558 (1875)); *see also United States v. Landham*, 251 F.3d 1072, 1080 n.4 (6th Cir. 2001).

5. An indictment is insufficient when only conclusory statements of fact are alleged. *See United States v. Landham*, 251 F.3d 1072, 1081 (6th Cir. 2001) (citing and applying *Hamling* standard, finding indictment insufficient and reversing convictions where government did not allege specific facts to support each count); *United States v. Cruikshank*, 92 U.S. 542, 558 (1875) ("A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances.")

6. In evaluating the sufficiency of an indictment, each count is treated as if it was a separate indictment. *United States v. Powell*, 469 U.S. 57, 62 (1984) (citing *Dunn v. United States*, 284 U.S. 390, 393 (1932)); *United States v. Lattus*, 512 F.2d 352, 353 (6th Cir. 1975) (citing *Dunn*, 284 U.S. 393); *United States v. Roberts*, 465 F.2d 1373, 1375 (6th Cir. 1972) ("In ascertaining the sufficiency of the count of an indictment each count must be considered by itself.") *overruled in other part United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984) (overruling *Roberts* based on distinction between direct and circumstantial evidence).

7. Counts 3 and 4 are constitutionally and statutorily insufficient because they recite the statutory language without alleging sufficient facts and circumstances to support the charged offense. Neither count alleges that the defendants knew that their purported persuasion was related to a potential federal case, whether the defendants knew the nature of these purported lies or omissions, or the factual basis for that knowledge.

8. Both Counts 3 and 4 are unconstitutionally and statutorily insufficient because they allege that the defendants corruptly persuaded, and attempted to corruptly persuade, MPD

Supervisor 1 and MPD Detective 1 but do not define corruption, much less corrupt persuasion, and make no allegation that Mr. Martin, or his codefendants, engaged in any actual persuasion.

9. Counts 3 and 4 are unconstitutionally and statutorily insufficient state the legal conclusion that the defendants provided false information and omitted material information but do not allege that the defendants intended to provide false information or to omit material information.

10. Counts 3 and 4 allege that the defendants intentionally withheld and omitted "material information" but do not provide any facts or circumstances to show how the false and omitted information was actually material. Counts 3 and 4 do not identify the purported federal offense.

11. Counts 3 and 4 are constitutionally and statutorily insufficient because although they allege that the defendants provided false information and withheld information "relating to the commission and possible commission of a Federal offense," *see* (Indictment, Doc. 2, Page ID 6), they do not allege the federal offense (or possible federal offense) that the witness tampering was actually connected to. *See, e.g.*, *United States v. Murphy*, 762 F.2d 1151, 1154 (1st Cir. 1985) (holding indictment insufficient because it did not identify any proceedings in which defendants were allegedly attempting to influence witness testimony; reversing and remaining for dismissal because indictment failed to provide adequate notice).

12. Count 3 is constitutionally and statutorily insufficient because it does not allege the elements required to show a conspiracy. *See, e.g.*, *United States v. Edlind*, 887 F.3d 166, 176 n.4 (4th Cir. 2018) (stating that 18 U.S.C. 1512(k) "does not contain an overt act requirement, so the Government need only prove (1) an agreement . . . to tamper with witnesses; (2) knowledge of this conspiracy; and (3) that both knowingly joined the conspiracy to witness tamper"). Count 3 is

constitutionally and statutorily insufficient because it does not allege any agreement or understanding among the defendants to commit witness tampering.

13. These deficiencies render the statutory violations alleged in Counts 3 and 4 vague as applied.

14. This motion is filed based on undersigned counsel's efforts to comply with the Court's current scheduling order. (ECF No. 122.) However, it remains counsel's position that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the current schedule and that the constitutional protections afforded persons accused, and the essential requirements of the defense function, cannot be met without additional time to prepare. (ECF No. 120.) Mr. Martin, through counsel, is separately filing a motion to continue the trial and all corresponding deadlines.

Respectfully submitted this 7th day of February, 2024.

RITCHIE, DAVIES, JOHNSON, & STOVALL, P.C.

/s/Stephen Ross Johnson
STEPHEN ROSS JOHNSON [TN BPR No. 022140]
CATALINA L.C. GOODWIN [TN BPR No. 038660]
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
www.rdjs.law
johnson@rdjs.law
goodwin@rdjs.law

THE LAW OFFICE OF MASSEY MCCLUSKY FUCHS & BALLENGER

/s/ William D. Massey
WILLIAM D. MASSEY [BPR No. 9568]
3074 East Road
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com

## **CERTIFICATE OF SERVICE**

I certify that on February 7, 2024 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Stephen Ross Johnson