**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | CR. No. 2:23-cr-20191-MSN |
| | ) | |
| **EMMITT MARTIN, III** | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS 3 AND 4
FOR INSUFFICIENCY AND VAGUENESS AS APPLIED**

The defendant, Emmitt Martin, III, through counsel, pursuant to U.S. Const. amends. V, VI, and VIII; *Ruan v. United States*, 142 S. Ct. 2370 (2022); *Hamling v. United States*, 418 U.S. 87 (1974); *United States v. Davis*, 139 S. Ct. 2319 (2019); Fed. R. Crim. P. Rules 7 and 12; has respectfully moved this Court to dismiss the indictment because Counts 3 and 4 fail to state an offense and because each count omits necessary legal and factual elements of the charged offenses. Constitutional and statutory insufficiencies implicate the constitutional protections of fair notice, preparing and presenting a defense, and the requirement that a grand jury hear evidence and determine the criminal accusation. In turn, these insufficiencies render these Counts unconstitutionally vague as applied.

Mr. Martin, along with former Memphis Police Department officers Tadarrius Bean, Demetrius Haley, Desmond Mills, Jr.,[1] and Justin Smith, were jointly charged in a four-count indictment with two counts of depriving Tyre Nichols's civil rights (Counts 1 and 2) and two counts of witness tampering (Counts 3 and 4). *See* (Indictment, ECF No. 2, PageIDs 8–14). Counts 1 and 2 are punishable by life imprisonment or death. *See* (Indictment, Notice of Penalties, ECF No. 2-1, PageID 15).

---

[1] Mr. Mills has entered a guilty plea. (Order, Change of Plea, ECF No. 92, PageID 277). All other defendants remain in a trial posture.

**I.     COUNTS 3 AND 4 ARE CONSTITUTIONALLY AND STATUTORILY INSUFFICIENT TO STATE AN OFFENSE.**

Criminal prosecutions must begin with a valid indictment, returned by an impartial grand jury, that provides fair notice about the allegations raised. *See* U.S. Const. amends. V and VI; *United States v. Blandford*, 33 F.3d 685, 704–05 (6th Cir. 1994) (indictment set forth sufficient facts to provide adequate notice to the accused). All elements necessary to the conviction and punishment of the defendant must be charged in an indictment and proven to a jury beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99 (2013); *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Landham*, , 251 F.3d 1072, 1081 (6th Cir. 2001) (citing and applying *Hamling* standard, finding indictment insufficient and reversing convictions where government did not allege specific facts to support each count); Fed. R. Crim. P. 7(c)(1) ("The indictment or information must be a plain, concise and definite written statement of the essential facts constituting the offense charged."). The standard is (1) whether the indictment "contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet," and (2) "in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *Russell v. United States*, 369 U.S. 749, 763–64 (1962); *United States v. Douglas*, 398 F.3d 407, 413 (6th Cir. 2005) (citation omitted). The indictment must also be specific enough "to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction . . . . For this, facts are to be stated, not conclusions of law alone." *Valentine v. Konteh*, 395 F.3d 626, 631 n.1 (6th Cir. 2005) (citing *United States v. Cruikshank*, 92 U.S. 542, 558 (1875)); *see also United States v. Landham*, 251 F.3d 1072, 1080 n.4 (6th Cir. 2001).

Defects in an indictment, including failure to state an offense, must be raised by pretrial motion if the issue may be determined without a trial on the merits. *See* Fed. R. Crim. P.

12(b)(3)(B)(v); *United States v. Levin*, 973 F.2d 463, 470 (6th Cir. 1992) (affirming dismissal of indictment "because the government was, as a matter of law, incapable of proving beyond a reasonable doubt the intent required to convict the appellees of the controversial counts of the indictment which were dismissed with prejudice" based on the undisputed extrinsic evidence).

    **A.**    **The indictment must allege every legal and factual element of the charged offense, including those incorporated from outside the statute, which is constitutionally and statutorily required to provide adequate notice to the accused, protection against double jeopardy, and the right to a grand jury.**

An indictment may be sufficient if it states the offense using the words of the statute itself, so long as the statute fully and unambiguously states all the elements of the offense. *See Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Farah*, 766 F.3d 599, 613 (6th Cir. 2014). The Supreme Court has cautioned, however, that "[u]ndoubtedly the language of the statute may be used in the general description of the offense, *but it must be accompanied with such a statement of facts and circumstances* as will inform the accused of the specific offense, coming under the general description with which he is charged." *Hamling v United States*, 418 U.S. 87, 117–18 (1974) (emphasis added, cleaned up). An indictment is insufficient when only conclusory statements of fact are alleged. *See United States v. Landham*, 251 F.3d 1072, 1081 (6th Cir. 2001) (citing and applying *Hamling* standard, finding indictment insufficient and reversing convictions where government did not allege specific facts to support each count). "A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances." *United States v. Cruikshank*, 92 U.S. 542, 558 (1875)). Further, "[a]n indictment that requires speculation on a fundamental part of the charge is insufficient." *United States v. Bobo*, 344 F.3d 1076, 1084 (11th Cir. 2003) (citation omitted). The facts alleged must be sufficient to determine upon what basis the grand jury returned the indictment. This ensures that the court is not required to guess what was in the grand jurors' minds and that the defendant is not

convicted based on facts not found by the grand jury. *Russell v. United States*, 369 U.S. 369, 769–70 (1962).

The essential elements of an offense are not just those listed in the underlying statute, but include any provisions or definitions incorporated into the elements of the offense. *See Neder v. United States*, 527 U.S. 1, 25 (1999) (holding "materiality of falsehood" an essential element of mail, wire and bank fraud even though that language is not contained in any of those statutes, but instead comes from understanding of fraud at common law); *Ruan v. United States*, 213 L. Ed. 706, 142 S. Ct. 2370 (2022) (holding scienter requirement applied with equal force to "except as authorized" clause incorporating federal regulations into drug distribution statute); *United States v. X-Citement Video*, 513 U.S. 64, 72 (1994) (presumption that scienter requirement applies to each statutory element of the offense).

The indictment must also allege any aggravating factors that, if proven, would increase the maximum punishment. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000) (any fact that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt) (quoting *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999)); *United States v. Booker*, 543 U.S. 220, 244 (2005) ("Accordingly, we reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

**B.     Each count of the indictment must be individually sufficient.**

In evaluating the sufficiency of an indictment, each count is treated as if it was a separate indictment. *United States v. Powell*, 469 U.S. 57, 62 (1984) (citing *Dunn v. United States*, 284 U.S. 390, 393 (1932)); *United States v. Lattus*, 512 F.2d 352, 353 (6th Cir. 1975) (citing *Dunn*, 284 U.S. 393); *United States v. Roberts*, 465 F.2d 1373, 1375 (6th Cir. 1972) ("In ascertaining the

sufficiency of the count of an indictment each count must be considered by itself.") *overruled in other part United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984) (overruling *Roberts* based on distinction between direct and circumstantial evidence). Inadequacies in an indictment are strongly construed against the government. *United States v. Leigh*, 515 F. Supp. 405, 414 (6th Cir. 1981); *cf. United States v. Herrera*, 928 F.2d 769, 773 (6th Cir. 1991) (noting that constitutional due process concerns require holding government to higher degree of responsibility than defendant when resolving ambiguities in plea agreement).

**II. BOTH COUNTS ARE CONSTITUTIONALLY AND STATUTORILY INSUFFICIENT BECAUSE THEY RECITE THE STATUTORY LANGUAGE WITHOUT ALLEGING SUFFICIENT FACTS AND CIRCUMSTANCES TO SUPPORT THE CHARGED OFFENSE.**

Count 3 charges all defendants with conspiracy to commit witness tampering while Count 4 charges all defendants with the substantive offense of obstructing justice through witness tampering. (Indictment, Doc. 2, PageIDs 10–13). Both counts allege the same underlying offense, witness tampering, and the government will have to prove, beyond a reasonable doubt, that the defendants (1) knowingly, (2) used intimidation, threatened, or corruptly persuaded another person, or attempted to do so, or engaged in misleading conduct, (3) toward another person, (4) with intent to, (5) hinder, delay, or prevent communication, (6) to a law enforcement officer or judge of the United States, (7) of information relating to the commission or possible commission of a federal offense. 18 U.S.C. § 1512(b)(3); *see also United States v. Eaton*, 784 F.3d 298, 304 (6th Cir. 2015) (outlining elements of witness tampering in case where defendant pressured officers to write false reports). For Counts 3 and 4, the government has specifically alleged that the defendants engaged in misleading conduct, corruptly persuaded, and attempted to corruptly persuade MPD Supervisor 1 and MPD Detective 1.

Both counts are constitutionally and statutorily insufficient because they recite the statutory language without alleging sufficient facts and circumstances to support the charged offense. Neither count alleges that the defendants knew that their purported persuasion was related to a potential federal case, whether the defendants knew the nature of these purported lies or omissions, or the factual basis for that knowledge. While Count 3 generally states that the defendants made misleading statements to cover up the use of unreasonable force, Count 4 does not identify the federal offense allegedly committed or possibly committed.

A. **Counts 3 and 4 do not provide a factual basis for corrupt persuasion.**

Both counts allege that the defendants corruptly persuaded, and attempted to corruptly persuade, MPD Supervisor 1 and MPD Detective 1. "Persuade" is not defined in 18 U.S.C. § 1512, so it is given its plain and ordinary meaning. *See United States v. Hart*, 635 F.3d 850, 857–58 (6th Cir. 2011) (holding that "'persuade' in 18 U.S.C. § 2422(b) has an ordinary meaning that is not subject to ambiguity"). The Merriam-Webster dictionary defines "persuade" as "to move by argument, entreaty, or expostulation to a believe, position, or course of action," to plead with, or to urge another person. *See* Merriam-Webster Online (persuade).[2] Persuasion requires someone to induce another to do something through influence "by reasoned argument." Black's Law Dictionary (9th ed. 2009) (persuade, persuasion). For purposes of 18 U.S.C. § 1512, the persuasion itself must be "corrupt," meaning the defendant actually *knew* that the persuasion was unlawful. *See Arthur Andersen LLP v. United States*, 544 U.S. 696, 707–08 (2005) (defining "corruptly persuade" to require consciousness of wrongdoing for 18 U.S.C. § 1512 offense); *United States v. Eaton*, 784 F.3d 298, 305–06 (6th Cir. 2015); *United States v. Carson*, 560 F.3d 566, 580–81 (6th

---

[2] Available online at: https://www.merriam-webster.com/dictionary/persuade (last accessed Feb. 4, 2024).

Cir. 2009). Corrupt persuasion requires consciousness of wrongdoing and does not include persuading another person to exercise their Fifth Amendment right not to disclose self-incriminating information. *See United States v. Farrell*, 126 F.3d 484, 488 (3rd Cir. 1997) (no corrupt persuasion when defendant persuaded coconspirator not to disclose information about the conspiracy).

The facts alleged in Counts 3 and 4 do not support corrupt persuasion because there is no allegation that Mr. Martin, or his codefendants, engaged in any actual persuasion. At most, taking the information in the indictment as true, it asserts that the defendants provided false information to other officers who were writing incident reports. But this does not show any form of coercion, inducement, or persuasion.

**B.    Counts 3 and 4 do not allege whether the defendants intended to provide false information or omit material information.**

The "intent" element modifies all subsequent elements of the offense, including the "truthful information." *See Flores-Figueroa v. United States*, 556 U.S. 646 (2009) (holding *mens rea* element modifies all subsequent elements); *United States v. Ruan*, 213 L. Ed. 706, 142 S. Ct. 2370 (2022) (holding that *mens rea* element modifies preceding "except as authorized" clause and all regulations imported by specific reference into drug distribution statute). Therefore, the government will be required to prove that the defendants acted intentionally as to the truthfulness of the information. While the indictment conclusively states that the defendants provided false information and omitted material information, it does not allege whether the defendants intended to provide false information or to omit material information. The intent required as to the truthfulness element is critical to distinguish innocence from criminal conduct. *See Elonis v. United States*, 575 U.S. 723, 734 (2015) (explaining importance of scienter requirement). Counts

3 and 4 should be dismissed because they do not allege whether the defendants intended the information provided to be false or intended to omit material information.

Generally, a false statement or omission must be material to the offense. *See Neder v. United States*, 527 U.S. 1, 25 (1999) (holding falsehoods must be material for mail, wire, and bank fraud statutes). Counts 3 and 4 allege that the defendants intentionally withheld and omitted "material information" but do not provide any facts or circumstances to show how the false and omitted information was actually material. Information is material if "a reasonable man would attach importance to its existence or nonexistence in determining his choice of action" or knows that the recipient of that information would likely regard the information as important. *Neder v. United States*, 527 U.S. 1, 22 n.5 (1999) (quoting with approval Restatement (Second) of Torts § 538 (1976)). The indictment lists some alleged falsehoods or omissions but does not allege how that information was material to the purported "commission and possible commission of a Federal offense."

    **C.**    **Counts 3 and 4 do not identify the purported federal offense.**

Witness tampering also requires the government to show that the defendants intended to hinder, delay, and prevent communication of information relating to the commission and possible commission of a federal offense. These counts allege that the defendants provided false information and withheld information "relating to the commission and possible commission of a Federal offense," *see* (Indictment, Doc. 2, Page ID 6), neither identifies the federal offense (or possible federal offense) that the witness tampering was actually connected to. *See United States v. Murphy*, 762 F.2d 1151, 1154 (1st Cir. 1985) (holding indictment insufficient because it did not identify any proceedings in which defendants were allegedly attempting to influence witness testimony; reversing and remaining for dismissal because indictment failed to provide adequate notice). Without identifying the federal offense that the officers are alleged to have been trying to

conceal, the indictment fails to apprise Mr. Martin "of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763 (1962) (stating that to be valid, indictment must "contain[] the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet" (citations and internal quotation marks omitted)).

"Where guilt depends so crucially upon such a specific identification of fact," such as the federal offense at issue in this case, the Supreme Court has "uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Russell v. United States*, 369 U.S. 749, 764 (1962); *Cf. Fowler v. United States*, 563 U.S. 668, 677-78, 131 S. Ct. 2045, 2052, 179 L.Ed.2d 1099, 1108 (2011) (interpreting 18 U.S.C. 1512(a) and holding that "where the defendant kills a person with an intent to prevent communication with law enforcement officers generally, that intent includes an intent to prevent communications with *federal* law enforcement officers only if it is reasonably likely under the circumstances that (in the absence of the killing) at least one of the relevant communications would have been made to a federal officer").

    **D.**    **Count 3 is insufficient because it does not allege the elements required to show a conspiracy.**

Conspiracy to commit witness tampering carries the same penalties as the substantive witness tampering offense. 18 U.S.C. § 1512(k). A criminal conspiracy requires more than mere knowledge, approval, or association, "there must be intentional participation in the transaction with a view to the furtherance of the common design and purpose." *United States v. Bostic*, 480 F.2d 965, 968 (6th Cir. 1973).

Unlike the general conspiracy statute, 18 U.S.C. § 371, the witness tampering conspiracy statute does not mention overt acts, and it is unclear if overt acts are required for conviction on a witness tampering conspiracy. *See, e.g.*, *United States v. Edlind*, 887 F.3d 166, 176 n.4 (4th Cir. 2018) (stating that 18 U.S.C. 1512(k) "does not contain an overt act requirement, so the

Government need only prove (1) an agreement . . . to tamper with witnesses; (2) knowledge of this conspiracy; and (3) that both knowingly joined the conspiracy to witness tamper"); *United States v. Yassein Abdulfatah Said*, 2023 U.S. App. LEXIS 781, at *7 n.17 (5th Cir. Jan. 12, 2023) (recognizing that the Fifth Circuit authority, requiring overt acts, "may be at odds with the Supreme Court's conclusions that a number of similarly-worded statutes do not contain an overt-act requirement."); *United States v. Johnson*, 2009 U.S. Dist. LEXIS 87172, at *9 (E.D. Mich. Sep. 23, 2009); *United States v. Chuyjoy*, 207 F. Supp. 3d 626, 648–49 (W.D. Va. Sep. 13, 2016) ("Notably, § 1512(k) does not require proof of an overt act.") (collecting cases); *Hold v. United States*, 2014 U.S. Dist. LEXIS 105453, at *11 (M.D. Fla. Aug. 1, 2014) (district court struck overt acts from indictment as mere surplusage because § 1512(k) does not require overt acts).

Count 3 is constitutionally and statutorily insufficient because it does not allege any agreement or understanding among the defendants to commit witness tampering; rather, the overt acts portion of this Count lists several individual allegations of lies or omissions, but no actual agreement or cooperation among the defendants beyond the legal conclusion that they conspired together without a common plan. *See, e.g.*, *United States v. Jenkins*, 675 F. Supp. 2d 647, 651 (W.D. Va. 2009) (dismissing conspiracy count because it contained "no allegation of an agreement or understanding" between the defendant and another person).

### III.  THE DEFICIENCIES IN HOW COUNTS 3 AND 4 ARE PLEADED RENDER THE CHARGED STATUTES VAGUE AS APPLIED.

The above factual and legal deficiencies in Counts 3 and 4 render the statutes vague as applied to Mr. Martin. A vague law "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* basis, with the attendant dangers of arbitrary and discriminatory application." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972); *see 600 Marshall Entm't Concepts, LLC v. City of Memphis*, 705 F.3d 576, 586 (6th Cir. 2013); *see also*

*FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012) ("[P]recision and guidance are necessary so that those enforcing the law do not act in an arbitrary or discriminatory way."); *United States v. Bryant*, 556 F.Supp.2d 378, 431–33 (D.N.J. 2008) (holding that mail fraud statute was unconstitutional as applied in defendant's case because there was no standard by which the defendant could have known whether his conduct would have been prohibited, and the ambiguous language of the indictment invited the jury to apply their own predilections in determining if defendant's conduct was illegal); *see also United States v. Biberfeld*, 957 F.2d 98 (3d Cir. 1992) (reversing and remanding for evidentiary hearing in habeas proceeding where fraud conviction was based on arbitrary and selective enforcement of government contract domestic preference clauses). Prohibited conduct must be clearly within the scope of a statute to satisfy due process, not *potentially* within the scope of the statute based on interpretations of flexible standards found in regulations and interpreting authority. *Skilling v. United States*, 561 U.S. 358, 409–12 (2010). It is based on these principles that the Supreme Court has prohibited the use of vague regulations to form the basis of criminal charges. *See United States v. Pennsylvania Indus. Chemical Corp.*, 411 U.S. 655, 673–74 (1973) ("Thus, to the extent that the regulations deprived [defendant] of fair warning as to what conduct the Government intended to make criminal, we think there can be no doubt that traditional notions of fairness inherent in our justice system prevent the Government from proceeding with the prosecution."); *United States v. Ford*, 639 F.3d 718, 722–23 (6th Cir. 2011).

## IV.     CONCLUSION

For the reasons explained above, the indictment at Counts 3 and 4 is constitutionally and statutorily deficient, fails to state an offense, is vague as applied, and should be dismissed.

Respectfully submitted this 7th day of February, 2024.

RITCHIE, DAVIES, JOHNSON, & STOVALL, P.C.

/s/Stephen Ross Johnson
STEPHEN ROSS JOHNSON [TN BPR No. 022140]
CATALINA L.C. GOODWIN [TN BPR No. 038660]
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
www.rdjs.law
johnson@rdjs.law
goodwin@rdjs.law

THE LAW OFFICE OF MASSEY MCCLUSKY FUCHS & BALLENGER

/s/ William D. Massey
WILLIAM D. MASSEY [BPR No. 9568]
3074 East Road
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com

## **CERTIFICATE OF SERVICE**

I certify that on February 7, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Stephen Ross Johnson