IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 2:23-cr-20191-MSN |
| | ) | |
| EMMITT MARTIN, III | ) | |

**MOTION FOR A BILL OF PARTICULARS**

The defendant, Emmitt Martin, III, through counsel and pursuant to U.S. Const. amends. V, VI, and VIII; and Fed. R. Crim. P. 7(f); respectfully moves this Court to Order the government to file a bill of particulars in this case. As written, the indictment fails to provide the constitutionally and statutorily required notice of the allegations against Mr. Martin. If the indictment is not dismissed, particularization is necessary to provide Mr. Martin with notice, due process, a fair trial, and to be free from double jeopardy.

In further support, the following is submitted:

1. On September 12, 2023, MPD officers Mr. Martin, Taddarius Bean, Demetrius Haley, Desmond Mills, and Justin Smith were charged in a four-count indictment with depriving Mr. Nichols's constitutional rights to be free from an unreasonable seizure by a police officer (Count 1) and from a police officer's deliberate indifference to his serious medical needs (Count 2), as well as conspiracy to witness tamper (Count 3) and a substantive witness tampering offense (Count 4). (Indictment, ECF No. 2 at PageIDs 8–14.)

2. Rule 7(f) gives this Court authority to Order the government to file a bill of particulars. The purpose of Rule 7(f) is to provide the defendant with sufficient particularization of the charges to present a defense, prevent unfair surprise at trial, and assert constitutional protections. A bill of particulars is a useful tool "to minimize surprise and assist defendant in

obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salsbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).

3. A bill of particulars is appropriate in civil rights and witness tampering cases. *See, e.g.*, *United States v. Mann*, 701 F.3d 274, 288 (8th Cir. 2012) (defendant granted bill of particulars as to witness tampering offense); *United States v. Fleming*, 526 F.2d 191, 192 (8th Cir. 1975) (finding indictment charging violation of 18 U.S.C. § 242 sufficient; "If the defendants in this case desire more specific information than that provided in the indictment, they may move for a bill of particulars.") (citing *United States v. Debrow*, 346 U.S. 374, 378 (1953); *Tasby v. United States*, 504 F.2d 332, 335 (8th Cir. 1974)).

4. The extensive discovery in this case does not alleviate the need for particularization of the indictment. *See United States v. Twiss*, No. 1:14-CR-67, ECF No. 428, 2014 U.S. Dist. LEXIS 200004, at *16–17 (W.D. Mich. July 9, 2014) (Brenneman, J.) (rejecting government's argument that a bill of particulars is not necessary because of the volume of discovery) (citing *United States v. Smith*, 16 F.R.D. 372, 374–75 (W.D. Mo. 1954) (Whitaker, J.)); *United States v. Montague*, No. 14-CR-6136-FPG, 2017 U.S. Dist. LEXIS 136996, at *3–4 (W.D.N.Y. Aug. 25, 2017) (Geraci, Jr., J.) (requiring government to identify the evidence it intends to use in its case-in-chief, including the particular identification of where the defendants appear among video surveillance and audio recordings).

5. Mr. Martin has separately moved to dismiss all counts of the indictment based on insufficiency and vagueness. (ECF Nos. 152, 153, 167–170.) The deficiencies outlined in those motions and supporting memoranda are incorporated herein. The only remedy for a constitutionally insufficient indictment is dismissal, and a defective indictment cannot be cured by a bill of particulars. *See United States v. Sturman*, 951 F.2d 1466, 1479 (6th Cir. 1991)

("Furnishing the defendant with a bill of particulars fails to save deficiencies in the indictment.") (citing *Russell v. United States*, 369 U.S. 749, 769–70 (1962)). In the event this Court does not dismiss each count of the indictment, a bill of particulars on the raised deficiencies is warranted.

Respectfully submitted this 7th day of February, 2024.

RITCHIE, DAVIES, JOHNSON, & STOVALL, P.C.

/s/Stephen Ross Johnson
STEPHEN ROSS JOHNSON [TN BPR No. 022140]
CATALINA L.C. GOODWIN [TN BPR No. 038660]
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
www.rdjs.law
johnson@rdjs.law
goodwin@rdjs.law

THE LAW OFFICE OF MASSEY MCCLUSKY FUCHS & BALLENGER

/s/ William D. Massey
WILLIAM D. MASSEY [BPR No. 9568]
3074 East Road
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on February 7, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Stephen Ross Johnson