

# U.S. Department of Justice

United States Attorney
Western District of Tennessee

---

*167 North Main Street, Suite 800*  *Telephone (901)544-4231*
*Memphis, Tennessee 38103*  *Fax (901)544-4230*

February 8, 2024

Stephen Ross Johnson
606 W. Main Street, Suite 300
Knoxville, TN 37902

Re:   *United States vs. Emmitt Martin et al.*
        Cr. No. 2:23-cr-20191-MSN

Dear Mr. Johnson:

  This letter is in response to your second discovery request, which we received via email on February 5, 2024.

  1. You have cited Federal Rule of Evidence 12(b)(4)(B) as authority for your request that the government "detail what evidence it is going to use in its evidence-in-chief." But "Rule 12(b)(4)(B) is not a mechanism to extract an exhibit or witness list from the government or require the government to identify all the particular documents it will offer at trial." *United States v. Ferguson*, No. 2:16-CR-00103-JRG, 2018 WL 636710, at *2 (E.D. Tenn. Jan. 30, 2018).

  Further, your request two days before the motions deadline is untimely. Rule 12(b)(4)(B) requests must be made "[a]t the arraignment or as soon afterward as practicable." Your first discovery request, filed on September 21, 2023, does not contain any reference to Rule 12(b)(4)(B); it accordingly does not, as you claim in your second request, "fairly encompass[]" a Rule 12(b)(4)(B) request. Instead, you made your request just before the motions deadline, which was itself extended at the defendants' request. *See Ferguson*, 2018 WL 636710, at *3 (refusing to grant 12(b)(4)(B) request where defendants had months to review discovery and where defendants filed motion day before motions deadline). Finally, your request is "exceedingly broad" and therefore "devoid of the specificity contemplated by the rule" and caselaw. *Id.* at *4; *United States v. Ishak*, 277 F.R.D. 156, 160 (E.D. Va. 2011) ("[D]efendants' requests [pursuant to 12(b)(4)(B)] that the government designate 'its evidence' and any 'calls,' 'transcripts,' and 'physical evidence' pertaining to the defendants are insufficiently specific.").

  Nevertheless, although neither the Rule nor case law supports your request, the government responds to the part of your request stated with sufficient specificity for us to do so. *See Ferguson*, 2018 WL 636710, at *2. ("In order to trigger a notice obligation, the defendant's request must identify potentially suppressive evidence with specificity."). You asked for us to identify which (1) audio or video recordings and (2) co-conspirator statements we intend to introduce at trial.

With regard to audio and video recordings, we intend to introduce in our case-in-chief audio-visual recordings of the arrest of Tyre Nichols, which includes body-worn camera footage, SkyCop camera footage, and the dispatch audio recording. All of these materials were produced in discovery. The government will produce an exhibit list in accordance with the Court's scheduling order.

With regard to co-conspirator statements, the United States has already specifically detailed defendant statements it anticipates admitting pursuant to Rule 801(d)(2)(A) and (B). To the extent necessary, these statements may also be admissible pursuant to Rule 801(d)(2)(E). The discovery produced by the government clearly identifies statements by a defendant that the government will seek to introduce. This includes:

- The indictment, which details numerous specific phrases and statements in addition to omissions, and which also references the defendants' specific written reports;
- Police reports from this incident written by, or created with the assistance of, the defendants;
- Grand jury transcripts and interview reports, which provide a comprehensive road map for the government's case and detail specific statements to which trial witnesses will testify;
- Text messages sent by or to the defendants; and
- A 13-page response to Defendant Haley's Motion regarding co-conspirator statements, in which co-conspirator statements are further detailed; ECF 140.

As the government has explained in multiple communications with defense counsel and in its filings, *see, e.g.*, ECF 140, we have provided far more notice of co-conspirator statements than is legally required at this stage in the case. Further, the government anticipates submitting a trial brief and motions *in limine* that will further address co-conspirator statements and their admissibility at trial.

The courts in the Sixth Circuit have made it clear that the preferred practice is to resolve at trial any disputes over the admissibility of a defendant's statements under Rule 801(d)(2)(E). This makes sense, as the statements at issue will be derived primarily from the testimony of witnesses presented at trial. As a result, the United States has provided – and will continue to provide – as much notice as is practically achievable. The United States has provided its evidence of admissible co-conspirator statements to the defense; however, no one can comprehensively predict with absolute certainty which co-conspirator statements may come in at trial because testimony is not always predictable. Asking the Court to decide now, months before trial, which co-conspirator statements may prove to be admissible is asking the parties and the Court to guess how the evidence will come in at trial. The Court would then likely need to revisit its ruling at trial, after hearing from witnesses, which would be an inefficient and ineffective process. For this reason, the Sixth Circuit's preferred practice for co-conspirator statements is to conditionally admit them during trial and determine their admissibility at the conclusion of the evidence; that is the correct practice here as well.

Ultimately, the defense has been in receipt of discovery in this case for months. The point of Rule 12 is to allow the defense to file suppression motions. Here, the defendants have more than enough information to do so. *See United States v. Musick*, 291 F. App'x 706, 723 (6th Cir. 2008) (finding that "additional disclosures were not necessary for appellant to challenge the legality of the searches of his residences once all of the supporting affidavits and search warrants

were provided to him").

2. Your next request is for the United States to designate for the defense "what is *Brady*." As courts within the Sixth Circuit have explained, defendants are not entitled to outsource this task to the United States, nor is such a result desirable:

> Although the Court understands that the disclosure of such a volume of discovery by the Government may impose a daunting task on defense counsel, that task cannot be delegated to the United States Attorney. Indeed, it is inconceivable that [defense counsel] would rely upon the Government's characterization of which of those 12,000 pages of documents do and which do not constitute *Brady* material, rather than conducting their own thorough review in order to determine which of the universe of documents contain exculpatory material (or, for that matter, which documents are inculpatory, so that they can be prepared to meet them at trial). Moreover, if this Court were to order the Government to engage in the process [the defendants] have requested, its erroneous failure to identify certain documents as containing exculpatory information would not entitle those Defendants to relief. It is axiomatic that there is no violation of *Brady*, as long as the Government makes material available in time to be used at trial.

*United States v. Taylor*, No. 3:04CR130, 2006 WL 8438035, at *5 (S.D. Ohio May 10, 2006).

The out-of-circuit case you cited, *United States v. Saffarinia*, 424 F. Supp. 3d 46, 86 (D.D.C. 2020), involved 3.5 million pages of discovery, a far cry from the discovery provided in this case. You refer to the 800 GB of discovery we have provided, and it is true that we have provided far more discovery than is required. But over half of the discovery relates to 20 prior incidents, only three of which the United States has noticed in its 404(b) motion. The materials we provided to you as part of our recent formal hybrid or expert witness disclosure amounted to a fraction of the discovery – for example, only 17 pages of additional material were provided in relation to the use of force trainers. You have been in possession of the rest of the materials related to these witnesses for months. The most relevant discovery – the body-worn camera footage and SkyCop videos from the Nichols incident – amounts to only 80 GB, much of which is duplicative because it captures the same events and conversations.

All of that said, the government respectfully submits that it believes that the discovery contains little, if any, evidence that is truly exculpatory to defendant Martin. Your client was caught on camera repeatedly striking Tyre Nichols in the head while he was restrained by other officers; kicking Tyre Nichols; and laughing with his co-conspirators and talking about striking Tyre Nichols, including bragging about striking him with "straight haymakers." The evidence also shows that your client, like the other defendants, failed to provide material information to his supervisor, the detective assigned with writing the report, and others. Should the government develop exculpatory evidence for defendant Martin, it will provide discovery.

3. The material you have requested—namely, full extraction reports for cellular phones—has already been made available to you for inspection. To the knowledge of undersigned counsel, no defendant has reviewed the material.

Very truly yours,

KEVIN G. RITZ
United States Attorney

By:   s/David Pritchard
DAVID PRITCHARD
Assistant United States Attorney
167 N. Main Street, Ste. 800
Memphis, TN 38103
(901) 544-4231

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL

By:   s/Kathryn E. Gilbert
Forrest Christian
Deputy Chief
Kathryn E. Gilbert
Special Litigation Counsel
150 M Street NE
Washington, DC 20002
(202) 616-2430

cc:    Clerk of the Court (W.D. Tenn.)

**CERTIFICATE OF SERVICE**

I, Kathryn E. Gilbert, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to: Stephen Ross Johnson.

s/ Kathryn E. Gilbert  
KATHRYN E. GILBERT  
February 8, 2024