```
IN THE UNITED STATES DISTRICT COURT
 FOR THE WESTERN DISTRICT OF TENNESSEE
             WESTERN DIVISION
```

UNITED STATES,

    Plaintiff,

v.                                            No. 23-20191

DEMETRIUS HALEY,

    Defendant.

## DEMETRIUS HALEY'S RESPONSE TO UNITED STATES' MOTION TO CONTINUE TRANSCRIPT DEADLINE

Comes now the defendant, Demetrius Haley, by and through his counsel of record, and responds in opposition to the United States' motion as follows:

Regardless of the background, this Court has set a March 1, 2024 deadline for the United States to furnish any transcripts it intends to use at trial. (R. 113, Order). Second, Mr. Haley did not seek a continuance of the trial date, simply took no position when a co-defendant sought it. The trial continuance has little to do with the deadline for furnishing transcripts the government intends to use at trial.

The government's request to extend this deadline four months so that "it will correspond to the new trial date" fails to acknowledge the work necessary once the transcripts are furnished

to the defense. As Mr. Haley has made clear from the beginning, once the transcripts are furnished, counsel must review them to determine whether they agree that the proposed transcripts are accurate. If not, counsel must seek a resolution and agreed transcript with the government. If unsuccessful, the Sixth Circuit procedure involves him filing objections and the Court conducting a hearing to resolve the dispute. <u>United States v. Scarborough</u>, 43 F.3d 1021, 1024-25 (6th Cir. 1994); <u>United States v. Robinson</u>, 707 F2d 872, 878-79 (6th Cir. 1983). All of this takes time and there is no need to compress the time available for this critical work.

Finally, in stating that it understands that Haley's position is that he "would consent to a 30-day extension of the deadline but would object to any longer extension" (R. 201, U.S. Motion, ID 2501) it misstates Mr. Haley's position. In response to a request for his position, the undersigned emailed the prosecution as follows:

Given the timing of the trial continuance, it seems as though the transcripts should have already been virtually fully prepared. If the government will provide the transcripts which have been prepared and confirm that the remainder are not yet prepared, team Haley will consent to a 30 day extension for those yet to be prepared. We would object to anything longer.

We need time to review what the government will use and, if appropriate object to the accuracy. This would likely engender a hearing pursuant to <u>United States v. Scarborough</u>, 43 F.3d 1021, 1024-25 (6th Cir. 1994); <u>United States v. Robinson</u>, 707 F2d 872, 878-79 (6th Cir. 1983) which the Court will need time to conduct.

Call if you'd like to discuss further.

There was no further communication between the parties on this issue. It appears as though, rather than seeking an extension in good faith because it needs more time to accomplish this trial preparation task, the government is simply trying to hide the ball and delay furnishing material it will use at trial to the defense.

WHEREFORE, PREMISES CONSIDERED, Mr. Haley prays this court deny the United States' motion.

Respectfully submitted,

S/Michael J. Stengel

_____
Michael J. Stengel (12260)
Lawyer for Demetrius Haley
619 South Cooper Street
Memphis, TN 38104
(901) 527-3535

S/Stephen R. Leffler

_____
Stephen R. Leffler (11038)
Lawyer for Demetrius Haley
2670 Union Ave. Extd., Ste. 819
Memphis, TN 38112
(901) 509-9112

## Certificate of Service

I hereby certify that I have served a copy of the foregoing Response to U.S. Motion to Continue Transcript Deadline by electronic means, via the Court's electronic filing system, on AUSA's David Pritchard, Libby Rogers, Kathryn Gilbert, and Forrest Christian this 26th day of February, 2024.

S/Michael J. Stengel