IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Criminal No. 2:23-cr-20191-MSN |
| | ) |
| | ) |
| **EMMITT MARTIN, III, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**UNITED STATES' REPLY
TO DEFENDANT HALEY'S RESPONSE TO THE UNITED STATES'
MOTION TO CONTINUE THE TRANSCRIPT DISCLOSURE DEADLINE**

The United States submits this Reply to Defendant Haley's Response to the United States' Motion to Continue the Transcript Disclosure Deadline. (ECF No. 201.) In its motion, the United States made what it believed was a straightforward request: to continue a pretrial deadline to a time prior to trial to which the defendant previously agreed. Defendant Haley responded by suggesting without any foundation that the United States was deliberately withholding material. The suggestion is incorrect and the government's motion should be granted.

Defendant Haley claims that the government, by requesting additional time to prepare demonstrative exhibits for trial, is "trying to hide the ball and delay furnishing material it will use at trial." (ECF 202 at 3.) That accusation is baseless. The United States is not withholding any transcripts. More fundamentally, the government provided "the ball" to defendant Haley in discovery in 2023: video footage showing defendant Haley and his co-defendants beating Tyre Nichols and bragging about it, and transcripts and interview reports in which witnesses identify

specific defendant statements at specific time stamps. Government counsel has also detailed these statements in the indictment, in filings, and in meetings the government initiated with defense counsel. The United States has been exceedingly forthcoming about defendant statements in its possession and has neither hidden defendant statements nor delayed production of defendant statements.[1]

To review, counsel for defendant Haley filed a motion seeking a deadline for the creation of transcripts roughly sixty days prior to trial. (ECF No. 97.) Neither case law nor the Federal Rules of Criminal Procedure require the United States to create *any* transcripts, or to agree to *any* special deadline by which transcripts need to be created and disclosed. Nevertheless, to accommodate what initially appeared to be a reasonable request and to keep the case on track for the trial date set by the Court, the government consented. When defense counsel asked to continue the trial date, the government again consented. Government counsel then repeatedly tried to engage with defense counsel to reach an agreement on extending the transcripts deadline to a date consistent with the new trial date requested by the defense. Despite this good-faith effort by government counsel to reach an agreement, defense counsel declined to include a deadline for transcripts in the proposed scheduling order. The government now asks only to have the same pretrial deadline that it had before.

It is worth putting this request in context. Transcripts are demonstrative exhibits, not evidence, unless the Court decides otherwise. *See United States v. Fults*, 639 F. App'x 366, 369 (6th Cir. 2016) (explaining that transcripts are demonstrative aids, not substantive evidence, unless a trial court admits them). The government has not yet determined whether it will seek to create

---

[1] Defendant Haley's claim that the United States "misstate[d]" his position that he agreed to a 30-day continuance is meritless for the same reason. (ECF No. 202 at 2.) Defendant Haley consented to a 30-day continuance for any transcripts that were not yet prepared. The United States has not prepared any transcripts for trial. It was thus accurate to state that defendant Haley consented to a 30-day continuance.

and use a comprehensive transcript of any video footage at trial. If the United States decides to create transcripts of video recordings to use as trial exhibits, the government will of course timely disclose them to the defendants. But defendant Haley's statements are admissible, regardless of whether they are transcribed. As the United States has repeatedly explained to defense counsel in verbal conversations, emails, and written filings with this Court (*e.g.*, ECF 139, United States' Opposition to Defendant Haley's Motion to Compel Identification of Haley's Statements), the United States expects to call witnesses to testify about what they heard and saw the defendants say and do. The United States will also play audio and video recordings and will call witnesses to identify individuals shown and voices heard. Recordings and testimony are the best evidence of what the defendants said, and such evidence does not require advance identification or transcription. *See Fults*, 639 F. App'x at 369. Nor would any dispute about a transcript make a defendant's statements inadmissible. *See id.* (approving of jury instructions ordering jurors to trust what they hear in a recording over what they see on a transcript).

In the event the government does seek to create and use transcribed defendant statements in trial exhibits, the government anticipates that it would not seek to create or use comprehensive transcripts of any of the video that was provided to defendants in discovery in 2023. Instead, the government anticipates that it would rather transcribe only the most relevant portions of the video, *e.g.*, the statements that are highlighted in the Indictment, the grand jury materials provided to the defendants, and in filings with this court. (*See, e.g.*, ECF 139.) The United States anticipates that such trial exhibits would include a line or two of text and would be presented in conjunction with witness testimony identifying the speaker.

Decisions about trial and demonstrative exhibits are appropriately made as part of trial preparation. But defendant Haley is refusing to agree that the government may create

3

demonstratives and trial exhibits even sixty days before trial. This position is inconsistent with local practice and unsupported by any law, and simply ignores the reality of trial preparation. In the weeks leading up to trial, both parties will meet with witnesses, review evidence, and prepare for the presentation of evidence at trial. During this process, the parties will also create trial exhibits. This is the ordinary course of trial practice in this district and across the country.

Defendant Haley's repeated efforts to require the United States to identify now—many months before trial—which defendant statements it will admit during its case-in-chief, *see* ECF Nos. 128, 129, to the point of demanding that the United States transcribe and produce audio evidence five months before trial, has the appearance of gamesmanship. No doubt defendant Haley would like to pin the United States to a particular presentation at trial now, months before preparation would ordinarily begin, to later provide a pretext for trying to exclude evidence that he well knows is admissible and incriminating: most notably, his own statements. Defendant Haley would undoubtedly like to exclude this evidence on some technical basis—for example, because he claims there is a dispute over the wording of a transcript, or because a witness testifies at trial to a defendant statement that is worded slightly differently than what the witness testified to in grand jury.[2] But none of that would render admissible evidence—recordings and witness testimony about what the defendants said and did—inadmissible. The defendants' statements are admissible when video is played, or when witnesses testify about those statements.

The pretrial transcripts deadline proposed by the United States is eminently reasonable.

---

[2] Defendants' requests to know prior to trial every aspect of the government's case fails to acknowledge routine trial practice. For example, if a witness testifying at trial takes the stand and remembers, for the first time on the stand, that a defendant made a particular relevant statement, that testimony is admissible, even though neither party anticipated it. The Rules of Evidence reflect that this is the nature of testimony from human beings. The defendants would be free to cross-examine that witness about his earlier omission of that statement, but it would still be admissible. Of course, to the extent the United States learns of such testimony prior to trial, or comes into possession of evidence regarding defendant statements prior to trial, it will provide that evidence to the defendants, as it has at every turn.

The best evidence of this fact is that Defendant Haley previously agreed that a disclosure date two months prior to trial was reasonable. He now insists that only a date five months prior to trial will suffice and even accuses the United States of bad faith by asking for the same amount of time he approved before. He has offered no explanation for his change of position on the eve of the existing deadline.

Finally, there are a number of options for the Court to consider if there ever proves to be a dispute over a particular line of text on a trial exhibit. For example, if the United States creates partial transcripts of defendant statements, and if the parties cannot jointly stipulate to their accuracy, the Court may allow the transcripts to be used as mere demonstrative aids anyway. *United States v. Blackwell*, 16 F.3d 1221 (6th Cir. 1994) (upholding trial court's allowance of the use of disputed transcripts as demonstrative aids where there were "basic safeguards to ensure reliability," including that the transcripts were not substantively admitted and the jury was properly instructed). Or "the trial court [could] determine the accuracy of the transcript by reading the transcript against the tapes *in camera*" before making that determination. *United States v. Scarborough*, 43 F.3d 1021, 1024 (6th Cir. 1994). Under that process, if the Court found any portion inaudible or unintelligible, it could simply order that portion of the transcript marked as such. *United States v. Adams*, 722 F.3d 788, 824 (6th Cir. 2013) (noting that the Court may also make certain non-substantive edits to the transcript as it sees fit).

Regardless of which path the Court chooses, even assuming such a choice would ever be necessary, the choice is commended to the Court's sound discretion and does not necessarily require any hearing. *See, e.g.*, *id.* at 823. Here, the charged conduct occurred over the course of minutes, not hours. Much of the key conversation occurs in a fraction of that time. There is no reason to believe that a dispute over a brief transcript of a few minutes of conversation as

5

captured in a trial exhibit could not be resolved two months before trial.[3]

For the foregoing reasons, the United States respectfully requests that the Court continue the deadline by which the United States must disclose any transcripts it intends to use at trial to July 1, 2024. This deadline will enable the government to prepare for trial consistent with local practice and the Court's prior deadline for disclosure of transcripts.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

DAVID PRITCHARD
ELIZABETH ROGERS
Assistant United States Attorneys
167 N. Main Street, Ste. 800
Memphis, TN 38103

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

By: s/ Kathryn E. Gilbert
FORREST CHRISTIAN
Deputy Chief
KATHRYN E. GILBERT
Special Litigation Counsel
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 616-2430
kathryn.gilbert@usdoj.gov

---

[3] Finally, the undersigned note that defendant Haley previously made an unsupported claim of government misconduct. *See, e.g.*, ECF No. 59 (charging the United States with "a failure to recognize and/or abide by its Brady obligation[s]" for not disclosing plainly inadmissible information defense counsel already had in its possession); ECF No. 65 (partially withdrawing ECF 59); ECF 116 (noting that the defendant withdrew the remainder of the motion). Defendant Haley's most recent filing similarly implies, again without any basis in fact, that the United States is not acting "in good faith" and is "simply trying to hide the ball." As explained above, the defendant's claims of misconduct once again are not supported by the record.

**CERTIFICATE OF SERVICE**

  I, Kathryn E. Gilbert, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

                  s/Kathryn E. Gilbert
                  KATHRYN E. GILBERT
                  February 27, 2024