# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 23-20191-MSN |
| | ) |
| | ) |
| EMMITT MARTIN, III, et al., | ) |
| | ) |
| Defendants. | ) |

## RESPONSE IN OPPOSITION TO MOTION FOR ORDER REQUIRING GOVERNMENT TO PRODUCE EXHIBIT AND WITNESS LIST AT LEAST 45 DAYS PRIOR TO TRIAL

The United States respectfully opposes Defendant Martin's Motion for Order Requiring the Government to Produce an Exhibit and Witness List at Least 45 Days Prior to Trial. (RE 155).[1] Neither Rule 16 nor applicable case law require such an early disclosure of this information. The current scheduling order requires disclosure of the government's witness list a week before trial. Consistent with established practice in this District, the Court has not required the government to provide an exhibit list. (RE 51). The United States respectfully proposes that it provide a list of potential witnesses to defendants 21 days in advance of trial and a list of potential exhibits 14 days in advance. Given the nature of the discovery in the case and the efforts of the United States to identify pertinent aspects of discovery for the defendants, these proposed disclosure deadlines are more than sufficient to allow Defendant to adequately prepare for trial.

---

[1] This Response also includes any Notices of Joinder filed by the co-defendants. (*See* RE 163).

## Background

A. Factual Background

On January 7, 2023, Tyre Nichols was the subject of a traffic stop by Memphis Police Department (MPD) officers, including two of the defendants. According to the officers, they stopped Nichols because he was speeding and committing traffic infractions. The officers pulled Nichols from his car; repeatedly threatened him, including by threatening to "knock [his] a** out"; and used force on him following the traffic stop. Nichols, as captured on body-worn camera footage, protested that the officers were "doing a lot" and said that he was "just trying to go home." When the officers continued to use force, Nichols ran from the scene. The officers, joined by the remaining defendants, pursued him. When the defendants caught Nichols, they struck, batoned, and kicked him, including in the head. Nichols was transported to the hospital where he succumbed to his injuries and died three days later.

After the defendants struck, batoned, and kicked Nichols, the defendants stayed at the arrest scene and discussed amongst themselves striking Nichols and hitting him with "haymakers" and "pieces." Body-worn camera footage captures many of these conversations. The defendants did not, however, tell any MPD or Memphis Fire Department (MFD) official that Nichols had been struck repeatedly.  Instead, when their supervisor responded to the scene, they told him that Nichols was high and omitted any information about the strikes Nichols experienced. After the defendants left the scene, they met with another MPD detective to provide a narrative for the incident report. Again, the defendants omitted that they had punched and kicked Nichols, and they provided the detective with false and misleading information about the arrest, including that Nichols had actively resisted arrest by, among other things, pulling on officers' gun belts.

B. Procedural History

The federal indictment charges each defendant with four felony counts stemming from the Nichols arrest. Count One charges the defendants with, while acting under color of law, willfully violating Nichols' Fourth Amendment right to be free from the use of unreasonable force by a police officer, resulting in his injury and death, in violation of 18 U.S.C. § 242. Count Two charges the defendants with violating the same statute by, while acting under color of law, willfully violating Nichols' Fourteenth Amendment right to be free from police officers' deliberate indifference to his serious medical needs, resulting in his injury and death. Count Three charges the defendants with conspiring to engage in witness-tampering by conspiring to withhold truthful information and to provide misleading information to their supervisor and others, in violation of 18 U.S.C. § 1512(k), while Count Four charges the defendants with so doing by in fact withholding information and providing false and misleading information to their supervisor, and an MPD Detective, in violation of 18 U.S.C. § 1512(b)(3). (RE 1).

**Argument**

Under Rule 16, upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or place, or copies or potions of any of these items, if the item is within the government's possession, custody, or control and:

(i) the item is material to preparing the defense;

(ii) the government intends to use the item in its case-in-chief at trial; or

(ii) the item was obtained from or belongs to the defendant.

Fed.R.Crim.P. 16(a)(1)(E). Notably, Rule 16 does not require that the government disclose an exhibit list to defendant. *United States v. Davis*, 306 F.3d 398, 420 (6th Cir. 2002) (*quoting United*

3

*States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993)); *see also United States v. Prince*, 618 F.3d 551, 562 (6th Cir. 2010). Defendants likewise cannot obtain lists of prosecution witnesses as a matter of right. *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980); *United States v. Daugherty*, 2017 WL 839472, at *2 (E.D. Ky. Feb. 28, 2017); *see also United States v. Turner*, 91 Fed.Appx. 489, 491 (6th Cir. 2004) (holding that a "defendant in a non-capital case ... is not entitled to know in advance of trial who will testify for the government").

"As a general matter, courts weigh the interests of a defendant in receiving the witness list against the government's countervailing interest in keeping the witness information undisclosed." *United States v. Powell*, No. 12–20246, 2012 WL 6096600, at *6 (E.D. Mich. Dec. 7, 2012). Courts have considered the following factors in making this assessment:

> (i) whether disclosure of the witness list would expedite trial and facilitate docket control; (ii) whether disclosure would cause a security issue for the government witnesses; (iii) the amount of time the defendant already had to research potential witnesses and prepare for investigation; and (iv) whether the government previously turned over information with the identities of government witnesses.

*Id.* (citations omitted).

In *United States v. Stimpert*, 2022 WL 4391740 (E.D. Tenn. Sept. 22, 2022), the court held that disclosure of witness Jencks statements on the Friday before trial was sufficient to expedite trial. *Id*. at 8. The first factor here is neutral, because, as explained below, the government has already provided the defendant with ample information about anticipated witnesses and their testimony at trial through the disclosure of grand jury transcripts.

As to security issues involved with early disclosure of a witness list, while defendants are out on bond, and the crime involves acts of violence, none has a prior criminal history, so this factor is neutral. *Id*. As to the last two factors, the United States has previously provided Defendant with, among other materials: (1) video footage capturing the defendants' actions and

statements; (2) interview reports and grand jury testimony from multiple eyewitnesses identifying statements and actions captured on the video and attributing those to particular defendants; (3) time stamps for videos containing statements and actions attributed to the defendants by witnesses; (4) text messages from and between the defendants; (5) interview reports and grand jury transcripts for witnesses who secured relevant admissions from defendants; and (6) a detailed factual basis from a co-defendant who has entered a guilty plea. Review of the video footage, the reports and testimony, in conjunction with the other discovery provided is plainly sufficient to assist Defendant in obtaining the information needed to prepare a defense. Further, the United States has pointed the defendants to a very limited time range on the video recordings, significantly narrowing the "thousands of hours of video and audio recordings" Defendant references in his Motion. The United States has also identified particular investigative reports and grand jury transcripts for review, thereby substantially narrowing the "multiple thousands of pages of documents" Defendant references. These grand jury transcripts also effectively identify the government's likely trial witnesses. Therefore, the last two factors weigh against Defendant's request. *Id.* at 9.

To justify his request, Defendant generalizes that the case is complex and that discovery is voluminous, arguing that over 800 gigabytes of discovery, "including thousands of hours of video and audio recordings and multiple thousands of pages of documents," was produced by the government. (RE 155, PageID 831). Defendant fails to specify whether the entire set of discovery materials is truly pertinent to the matters at issue for trial. The government respectfully submits that it is not, as much of this data relates to incidents other than the Nichols arrest, only three of which were noticed as potential Rule 404(b) evidence. Specifically, the government estimates that it provided about 80 gigabytes of video material directly concerning the Nichols incident, and over

5

600 gigabytes of material relating to prior incidents or training videos. The government should not be punished for disclosing more material in discovery than it was obligated to provide.

Additionally, this case is not nearly as complex as Defendant claims. The conduct giving rise to Counts One and Two is captured on video from multiple angles. Audio proving Counts Three and Four is similarly recorded. The government has provided a road map for this case by presenting the vast majority of its witnesses to the grand jury. Again, Defendant has had the transcripts of this testimony since last year. By the time of trial, Defendant will have had access to this material for over nine months. The Court should decline to find the scope of discovery so voluminous or the case itself so complex as to suggest a need for witness and exhibits lists so far in advance of trial.

Even if the Court assumes the scope of materials produced in discovery is significant, Sixth Circuit guidance in cases involving voluminous discovery does not weigh in Defendant's favor. For example, in *Prince*, 618 F.3d at 561, the Sixth Circuit affirmed the district court's decision not to require the United States to specifically identify the exhibits it planned to use at trial from the approximately 70,000 pages of discovery produced. In the same vein, *United States v. Moss*, No. 02-20165-D/P (W.D. Tenn. June 15, 2005), cited by Defendant, is unpersuasive. When compared to the general approach in the Sixth Circuit, *Moss* appears to be the exception rather than the rule regarding Government production of witness and exhibit lists. *Moss* is also factually distinguishable.

In *Moss,* the pretrial motions and pleadings describe a multitude of interrelated discovery issues. The discovery in *Moss* included 167 banker boxes of papers, data from twenty desktop computers and seven mainframe computers, and material reportedly in the possession of two foreign governments. *Moss,* 2005 WL 1972583, *1 (W.D.Tenn. Aug.16, 2005) [Doc. 56, Exh. 1,

6

pp. 1–2]. In this case, the discovery, though significant, is much less than that in Moss. Moreover, the defendants received the bulk of the discovery in this case in 2023, over nine months in advance of the trial date. In contrast, the parties in *Moss* were litigating the provision of discovery within three months of the trial. [Doc. 56, Exh. 1, pp. 1–3, & Exh. 2]

Defendant maintains, among other similar claims, that it "is impossible to determine how many potential exhibits and witnesses the government could introduce at trial." (RE 155 at PageID 831). This claim is without merit here, where the government's case was clearly laid out during its grand jury presentation. The vast majority of the government's witnesses testified in grand jury, with video, training materials, and police reports introduced as exhibits. Defendant merely needs to review the grand jury transcripts, which were provided in discovery last year, to preview the government's case in chief. Defendant also fails to make any reference to the FBI-302s that identified specific speakers, statements, and time-stamps for videorecorded statements made by the defendants. Where the government has provided this type of information to the defense well in advance of trial, courts have recognized that the provision of witness and exhibit lists are unwarranted. *United States v. Allen*, 2014 WL 3579373, at *4 (E.D. Tenn. July 21, 2014).

In summary, the government requests the ability to conduct the ordinary trial preparation that it would in any case. As part of that process, the government will meet with witnesses and finalize a witness list and exhibits in the weeks leading up to trial. Given the unique nature of this case, the government is willing to deviate from the usual practice by providing an exhibit list and an early witness list, but requiring the government to do so on the timeline suggested by the defendants is unnecessary and would be unfairly burdensome to the government and its witnesses.

## Conclusion

Based upon the foregoing, Defendant's Motion should be denied. Provision of a list of

potential witnesses 21 days prior to trial and a list of potential exhibits 14 days prior to trial is more than adequate for Defendant to prepare for trial.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

By:   s/David Pritchard
DAVID PRITCHARD
ELIZABETH ROGERS
Assistant United States Attorneys
167 N. Main Street, Ste. 800
Memphis, TN 38103
901/544-4231

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

FORREST CHRISTIAN
KATHRYN E. GILBERT
Trial Attorneys
Civil Rights Division
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 616-2430

## CERTIFICATE OF SERVICE

      I, David Pritchard, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

                                                              s/David Pritchard
                                                              DAVID PRITCHARD
                                                              February 28, 2024