IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Criminal No. 2:23-cr-20191-MSN |
| | ) |
| | ) |
| EMMITT MARTIN, III, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' RESPONSE TO THE DEFENDANT'S
MOTION TO DISMISS DUPLICITOUS COUNTS IN THE INDICTMENT**

The United States responds to defendant Martin's Motion to Dismiss Duplicitous Indictment. (ECF Nos. 152 & 153). Sixth Circuit case law establishes that the indictment is not duplicitous, because it properly distinguishes offenses from means of committing offenses, and because it correctly charges the elements of each crime. The United States respectfully submits that the defendant's motion should be denied.

**Factual and Procedural Background**

On January 7, 2023, Tyre Nichols was the subject of a traffic stop by Memphis Police Department (MPD) officers, including defendant Martin. After the officers used force against Nichols, he ran from the scene. When the defendants caught Nichols, they struck, batoned, and kicked him, including in the head. Nichols was transported to the hospital where he succumbed to his injuries and died three days later.

After the assault, the officers discussed their conduct among themselves, admitting to striking Nichols and hitting him with "haymakers" and "pieces." The defendants did not,

however, tell anyone that Nichols had been struck repeatedly. Instead, when their supervisor responded to the scene, they told him that Nichols was high and omitted any information about the blows they had delivered. After the defendants left the scene, they met with another MPD detective to provide a narrative for the incident report. Again, the defendants omitted that they had punched and kicked Nichols, and they provided the detective with false and misleading information about the arrest.

The defendants are charged with four felony counts stemming from Nichols' arrest. Count One charges that the defendants, acting under color of law, willfully violated Nichols' Fourth Amendment right to be free from the use of unreasonable force by a police officer, resulting in his injury and death, in violation of 18 U.S.C. § 242. Count Two charges a violation of the same statute, alleging that the defendants, acting under color of law, willfully violated Nichols' Due Process right to be free from police officers' deliberate indifference to his serious medical needs, resulting in bodily injury and death. Count Three charges the defendants with conspiring to engage in witness-tampering by conspiring to both withhold truthful information and provide misleading information in violation of 18 U.S.C. § 1512(k), while Count Four charges the defendants with so doing by in fact withholding information and providing false and misleading information to their supervisor and an MPD detective, in violation of 18 U.S.C. § 1512(b)(3).

## Legal Background

"An indictment is duplicitous if it sets forth separate and distinct crimes in one count." *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002). "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each *offense*, making it difficult to determine whether a conviction rests on only one of the *offenses* or on both." *United States v. Williams*, 998 F.3d 716, 734 (6th Cir. 2021) (emphasis added). Because duplicitous indictments

2

do not allow the jury to convict on one offense and acquit on another, "they implicate the Sixth Amendment guarantee of jury unanimity." *Id*.

It is well established that an indictment is *not* duplicitous if it merely sets forth multiple ways of committing a single offense: "while a jury must agree that an element is met, a jury need not unanimously decide the 'brute facts' or 'means' that make out that element." *United States v. Crump*, 65 F.4th 287, 298 (6th Cir. 2023); *see also United States v. Cromer*, 436 F. App'x 490, 493 (6th Cir. 2011) (unpublished) (same); *United States v. Williams*, 998 F.3d 716, 734–35 (6th Cir. 2021) ("Disjunctive offenses like § 841(a)(1), which identifies distribution and possession with intent to distribute as different means to commit the offense, can be charged conjunctively in an indictment."); *United States v. Giampietro*, 475 F. Supp. 3d 779, 785 (M.D. Tenn. 2020) ("[D]uplicity occurs when two or more crimes are alleged in one count, but it is not duplicitous to allege in one count that multiple means have been used to commit a single offense.") (internal quotations omitted); *United States v. McQuarrie*, No. 16-CR-20499-01, 2018 WL 3439358, at *10 (E.D. Mich. July 17, 2018), *aff'd*, 817 F. App'x 63 (6th Cir. 2020) ("While a jury must agree on all of the elements of an offense, it need not agree on the means by which all the elements were accomplished.") (internal quotations omitted).

## Argument

The indictment is not duplicitous, and defendant Martin's arguments to the contrary fail. First, defendant Martin argues that each count is duplicitous because each count sets forth multiple means by which the defendants committed the offense. However, it is well-established that "it is not duplicitous to allege in one count that multiple means have been used to commit a single offense." *Cromer*, 436 F. App'x at 493 (internal alterations). Second, he argues that inclusion of more than one sentencing element renders Counts One and Two duplicitous. But defendant

Martin cites not a single case that holds that a statute's inclusion of multiple penalties requires that a single act be charged in multiple counts, because no such cases exist. The counts properly charge penalty elements as Supreme Court case law requires.

Near-identical charging language has been used in numerous criminal civil rights cases across the country, including within the Sixth Circuit. Even if this Court considered any count of the indictment to be duplicitous, the appropriate remedy is to provide the jury with an unanimity instruction as to each element of each count and provide a special verdict form to record their unanimous findings, rather than to dismiss any count of the indictment or require the government to elect between multiple avenues of proof. Accordingly, the Court should deny the defendant's motion to dismiss.

> **I.** **Count One is Not Duplicitous Because It Charges More than One Way the Defendant Violated the Fourth Amendment's Prohibition on Using Unreasonable Force.**

The "three basic elements of any § 242 offense [are] (1) willful (2) deprivation of a federal right (3) under color of law." *United States v. Williams*, 343 F.3d 423, 431-32 (5th Cir. 2003*); see also United States v. Lanham*, 617 F.3d 873, 885 (6th Cir. 2010) ("Under 18 U.S.C. § 242, [w]hoever, under color of any law, . . . willfully subjects any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or law of the United States has committed a federal crime.") (internal quotations omitted).

As to the second element in Count One, the deprivation of rights is the deprivation of Nichols' Fourth Amendment right to be free from unreasonable force. This right is violated regardless of whether the defendant directly and personally used unlawful force against Nichols himself, whether he aided and abetted his codefendants in using unlawful force, or whether he failed to stop another officer from using unlawful force. In other words, the unlawful use of force

4

or failure to stop the unlawful use of force alleged in the indictment describe *how* the government will prove Nichols' Fourth Amendment right was deprived; it is a description of *how* element two of the offense will be fulfilled. *See United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994) ( "[T]he constitutional right violated by the passive defendant is analytically the same as the right violated by the person who strikes the blows" and holding that an officer who failed to intervene in a use of force by others "would, like his colleagues, be responsible for subjecting the victim to a deprivation of his Fourth Amendment rights."), *aff'd in part, rev'd in part*, 518 U.S. 81 (1996); *see generally, e.g.*, *Alexander v. Carter for Byrd*, 733 F. App'x 256, 257 (6th Cir. 2018) (analyzing different theories of Fourth Amendment excessive force liability, including failure to intervene).

Indeed, the defendant himself states that the indictment "charg[es] these separate and distinct *factual* averments in a single count . . . " (emphasis added). (ECF No. 152 ¶ 7). He does not allege that these counts contain separate and distinct *offenses* or *elements*. Using unlawful force and failing to intervene to stop another from using unlawful force are classic means of committing a § 242 violation for excessive force. *See United States v. Steele*, 919 F.3d 965, 971 (6th Cir. 2019) (explaining Supreme Court law on distinction between means and elements). The indictment is not duplicitous because both of these factual averments are contained in one count.

Significantly, the offense alleged in Count One flows from the same incident. *See United States v. Root*, 585 F.3d 145, 155 (3d Cir. 2009) (finding that the risks of duplicity are "slight" where the alleged wrong is a single scheme or involves a continuous course of conduct); *United States v. Gann*, 159 F. App'x 57, 59 (10th Cir. 2006) ("[W]here two or more acts could be charged as separate counts but are part of the same scheme or course of conduct, they are not necessarily duplicitous and may be charged in one count."). In brief, the government alleges that on January

7, 2023, Nichols was stopped for a traffic infraction. During this stop, officers used force against Nichols. Nichols fled from officers but was caught. Officers then used force on him again. This was a single ongoing and evolving incident during which, the defendants unlawfully used force on Nichols and failed to intervene in the unlawful use of force. It is clear from these facts that the government properly charged the defendants' conduct in a single count and that there are no risks of duplicity.

Additionally, regardless of whether the jury finds the defendants unlawfully assaulted Nichols or failed to intervene in the Nichols' unlawful assault, or both, the penalty inquiry is the same: whether the violation resulted in bodily injury and/or death. *United States v. Eaton*, No. 1:12CR-00011-JHM, 2013 WL 3771279, at *5 (W.D. Ky. July 16, 2013), *aff'd*, 784 F.3d 298 (6th Cir. 2015) ("In cases involving a single penal statute that articulates several alternative ways the statute may be violated, and each is subject to the same punishment, however, the indictment may charge any or all acts that violate that one statute in a single count, and the government can satisfy its burden of proof by proving that the defendant committed any of the acts alleged in violation of the statute.") (internal quotations omitted). This is compounded by the fact that the indictment alleges that the defendants aided and abetted each other in both types of conduct. Therefore, again, it is clear that Count One is not duplicitous, but merely alleges multiple means of committing a single offense.

> **II.    Count Two is Not Duplicitous Because It Charges More than One Way the Defendant Deprived the Victim of the Right To Be Free From Deliberate Indifference to His Serious Medical Needs.**

Count Two also charges a single violation of 18 U.S.C. § 242, alleging that the defendant was deliberately indifferent to Nichols' serious medical needs. The Constitution provides that arrestees, like Nichols, have a right to be free from deliberate indifference to their serious medical

6

needs. The crime is the willful deprivation of that right by someone acting under color of law. Failing to provide aid and failing to advise medical personnel of information that those personnel need to competently provide aid, are simply two ways of violating this one, singular right. *See, e.g.*, *ScozzariD v. City of Clare*, 597 F. App'x 845, 848 (6th Cir. 2015) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *United States v. Conatser*, 514 F.3d 508 (6th Cir. 2008). The nature of the crime does not change if the deprivation is based on the defendants' failure to render medical aid or the defendants' failure to advise the MPD dispatcher and emergency medical personnel of the circumstances of Nichols' serious medical need. The conduct alleged in Count Two is also part of the same January 7, 2023, incident, which involved a single course of conduct by the defendants. And again, the penalty is the same if the jury finds the defendants failed to render medical aid or the defendants failed to advise the MPD dispatcher and emergency medical personnel of the circumstances of Nichols' serious medical need. Accordingly, Count Two is also not duplicitous.

  **III**.  **Count Four is Not Duplicitous Because it Charges More than One Way that the Defendant Engaged in Witness-Tampering.**

Count Four of the indictment also easily survives a duplicity challenge. Count Four alleges that the defendant violated 18 U.S.C. § 1512(b)(3). To convict a defendant under § 1512(b)(3), "the government must prove that the defendant (1) knowingly and willfully engaged in misleading conduct toward another person, (2) with the intent to hinder, delay, or prevent the communication of information to a federal official, (3) about the commission or the possible commission of a federal crime." *United States v. Belcher*, No. 22-1650, 2024 WL 506264, at *5 (6th Cir. Feb. 9, 2024) (internal quotations omitted). The indictment alleges that the defendants provided false and misleading information and withheld and intentionally omitted material information in communications. These are *means* of engaging in "misleading conduct." The

7

Sixth Circuit has emphasized that the phrase "communication of information" as used in § 1512(b)(2) "encompasses multiple facts or items of knowledge." *United States v. Eaton*, 784 F.3d 298, 309 (6th Cir. 2015). Thus, the very wording of the statute contemplates that defendants may be charged with various acts of withholding and falsification. Therefore, this count, as alleged, is not duplicitous. The violation alleged in Count Four also arises from one incident/course of conduct: reports on Nichols' arrest. The penalty is the same if the jury finds that the defendants provided false and misleading information or withheld and intentionally omitted material information. Accordingly, this count is properly alleged.

Because the indictment does not describe multiple crimes in any of these counts, but rather multiple means of committing the crimes alleged, the indictment is not duplicitous. If convicted, the defendant will easily be able to determine on which offense the jury found him guilty. Accordingly, the defendant's motion to dismiss should be denied.

### IV. An Indictment That Alleges Multiple Means of Committing a Conspiracy Is Not Improperly Duplicitous.

Count Three, which alleges a single conspiracy, is not duplicitous. As discussed, alleging multiple means of committing one offense does not render a count duplicitous. *See Crump*, 65 F.4th at 298. It has also long been recognized that a single conspiracy or agreement to commit several crimes is a single offense, and therefore not duplicitous. *Braverman v. United States*, 317 U.S. 49, 54 (1942) ("The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for [t]he conspiracy is the crime, and that is one, however diverse its objects.") (internal quotation omitted); *United States v. Vichitvongsa*, 819 F.3d 260, 273 (6th Cir. 2016) ("A single agreement to commit several crimes constitutes one conspiracy.") (quoting *United States v. Broce*, 488 U.S. 563, 570–71, (1989)); *United States v. Cholak*, No. 18-2209, 2019 WL 7567199, at *2 (6th Cir. July 30, 2019) (unpublished) (same) (citing *Braverman,* 317 U.S. at 54).

8

Count Three of the Indictment charges, in a single count, that the defendants:

> [W]illfully combined, conspired, and agreed to violate Title 18, United States Code, Section 1512(b)(3) by knowingly engaging in misleading conduct towards, corruptly persuading, and attempting to corruptly persuade, their supervisor (MPD Supervisor 1), the officer tasked with writing the Incident Report (MPD Detective 1), and other persons, with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of truthful information relating to the commission and possible commission of a Federal offense.

(ECF No. 1). The conspiracy set forth in Count Three charges the defendants with entering into a single agreement to commit one crime: a violation of 18 U.S.C. § 1512, through making false and misleading reports. This is a single violation of 18 U.S.C. § 1512(k). Count Three is in no way improperly duplicitous, and this Court should not dismiss this count.

### V.     The Inclusion of Multiple, Alternative Sentencing Elements Does Not Render The Indictment Duplicitous.

The defendant also unconvincingly argues that Counts One and Two are duplicitous because each count charges two separate sentencing enhancements in a single count. His argument fails because all relevant sentencing enhancements flowing from a single criminal act should be charged in a single count.

The defendant argues that Count One and Count Two of the Indictment are duplicitous because each count charges a basic deprivation of rights, as well as "two separate and distinct aggravating facts," namely, that the deprivation of rights resulted in bodily injury and death. (ECF No. 153 at 7). Therefore, he asserts that "a general verdict in Count 1 would make it impossible to determine whether the jury found that Mr. Martin's actions, or inactions, resulted in bodily injury to Mr. Nichols or in his death" and "would be insufficient to allow a determination of which, if any, of the enhancements should be applied." *Id*. The defendant is incorrect, as his interpretation of the statute misreads its structure and applicable caselaw and ignores well-accepted

9

trial procedures for ensuring jury unanimity.

As discussed, the risk of a duplicitous indictment is that "the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both." *United States v. Anderson*, 605 F.3d 404, 414 (6th Cir. 2010) (internal citations and quotations omitted). Charging a defendant with violating 18 U.S.C. § 242 in the way the government did here raises no such concern, particularly if accompanied by jury instructions and a special verdict form. The United States anticipates using submitting a special verdict form for this case.

Section 242 sets forth the general crime of deprivation of rights under color of law. Its first clause identifies the three basic elements of a § 242 violation: (1) a willful, (2) deprivation of a federal right, (3) under color of law, and sets the basic term of imprisonment. *Williams*, 343 F.3d at 431-32. Its second clause increases the maximum penalty for the deprivation of a right to ten years if certain elements are met, including if the deprivation results in bodily injury. 18 U.S.C. § 242; *Williams*, 343 F.3d at 432. And the third clause increases the maximum penalty for the deprivation of a right to life imprisonment if additional elements are met, specifically, as relevant here, if the deprivation results in death. *Id*. Because the alternative elements identified within clauses two and three raise the maximum penalty, they must be "charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000); *see also United States v. Belcher*, No. 22-1650, 2024 WL 506264, at *3 (6th Cir. Feb. 9, 2024) (applying generally applying *Apprendi); Williams*, 343 F.3d at 433 (analyzing § 242 under *Apprendi*). But nothing in either *Apprendi* or *Williams* suggests that when there are alternative elements that may increase a defendant's possible penalty for a charged offense, those alternative elements must be charged in separate *counts* within an indictment.

10

The defendant cites no contrary authority. His brief claims to rely on *United States v. Neuhausser*, 241 F.3d 460, 465 (6th Cir. 2001), ECF 153 at 7. *Neuhausser* simply stands for the proposition that the fact finder must find a sentencing element beyond a reasonable doubt. It does not suggest that such penalty elements must be charged in a separate indictment count.

The defendant's argument reflects a fundamental misunderstanding of the statute's structure. It is true that the statute identifies within the ten-year and life offenses various alternative elements that, if proven to the jury, satisfy the necessary elements for the ten-year or life offense, respectively. But this statutory structure does not transform a single constitutional deprivation into multiple violations of the statute. This is because, as discussed, the unit of prosecution for a violation of § 242 is the specific constitutional violation identified in a charged count, such that any of the various factors that may raise a misdemeanor offense to a ten-year or life offense necessarily relate back to that specific constitutional violation.

Here, the defendants were charged in Counts One and Two with a single constitutional violation: the deprivation of Nichols' right to (1) be free from an unreasonable seizure, and (2) not to be deprived of liberty without due process of law. If the government were to charge each deprivation in two counts instead of one, it would risk a challenge to the indictment as multiplicitous. *See United States v. Hills*, 27 F.4th 1155, 1187 (6th Cir. 2022) ("An indictment generally may not charge a single criminal offense in several counts without offending the rule against multiplicity and implicating the double jeopardy clause.") (internal quotations omitted).[1]

---

[1] There are two factors that, if pleaded and proved, make § 242 a ten-year felony (that is when an offense results in bodily injury or when an offense includes the use, attempted use, or threatened use of a dangerous weapon). There are six factors that, if pleaded and proved, increase the penalty to life (when an offense results death, when it includes an attempt to kill, aggravated sexual abuse, attempted aggravated sexual abuse, kidnapping or attempted kidnapping). Under the defendant's duplicity theory, the government could *and should* charge a defendant who deprived one person of a constitutional right through a single act with eight separate felony counts if all of these consequences flowed from the deprivation. This result makes no sense and runs contrary to well-established charging practice in this area.

The willful constitutional violation is itself the crime. Because Counts One and Two charge a single unit of prosecution (i.e., a single constitutional violation), they are not duplicitous.

Pattern jury instructions from other circuits reinforce this principle. For example, the Seventh Circuit's pattern instruction for a death-resulting 18 U.S.C. § 242 offense includes a specific instruction that the jury must first determine whether the underlying offense occurred and then, separately, determine whether a victim died as a result of the underlying offense. Fed. Crim. Jury Instr. 7th Cir. 242[6] (2022 ed.) (cross-referencing to pattern instruction for 18 U.S.C. § 241). Far from identifying multiple or duplicitous counts that must be charged separately, the commentary to that instruction explains that a person who commits a civil rights offense "violates the law even if no death results," and therefore "the appropriate way to instruct in a case in which the victim's death is at issue is by way of a separate instruction concerning that issue, combined with a special interrogatory on the verdict form." Committee Comment, Fed. Crim. Jury Instr. 7th Cir. 241[3] (2022 ed.). This is so because "the maximum penalty is increased" and therefore "the government is required to prove the death beyond a reasonable doubt." *Id*. If the defendant's reasoning were correct, such an instruction would not be needed, as the death-resulting violation would be charged in a count entirely separate from the underlying constitutional violation. *See also* Fed. Crim. Jury Instr. 7th Cir. 242[7] (Definition of "Bodily Injury") (2022 ed.) (directing a jury that if it finds the defendant guilty of the constitutional violation charged in a specific count of the indictment, in "must then determine whether the government has proven that [the victim] suffered a bodily injury as a result of the defendant's acts charged in [the specific count"); *see also* Committee Comment, Fed. Crim. Jury Instr. 7th Cir. 242[7] (Definition of "Bodily Injury") (2022 ed.) (explaining that "Section 242 provides for an enhanced statutory maximum if, among other things, 'bodily injury results from the acts committed' in violation of

the statute" and directing, similar to when death results, that a separate instruction and special verdict form is appropriate).

Case law, including the Eighth Circuit's decision in *United States v. Stegmeier*, provides additional support for this charging structure. 701 F.3d 574 (8th Cir. 2012). There, the defendant was charged in a single count with violating 18 U.S.C. § 922(d), which prohibits a person from providing a firearm to several classes of persons, including felons, fugitives, drug users, aliens, and others. 18 U.S.C. § 922(d). Specifically, the defendant was charged in a single count with providing a firearm to one person, whom the government alleged in that count was both a felon *and* a fugitive, either of which, if found by the jury, could violate the statute. *Stegmeier*, 701 F.3d at 578, 580. In approving of the district court's use of a special verdict form, the Eighth Circuit explicitly held that the charged count was *not* duplicitous. *Id.* at 581. The court explained that the charge "alleges one violation of one statute" because "providing a firearm to a felon cannot be charged separately from providing a firearm to a fugitive" when the conduct involved providing the same firearm to the same person. *Id.*

The same principle applies here. A single assault that deprived a victim of a constitutional right and that resulted in bodily injury cannot be charged separately from the same assault, even where that assault also resulted in death. Doing so would result in multiple charged counts of a single offense. *Hills*, 27 F.4th at 1187. In Count One and in Count Two, the government properly alleged a constitutional violation along with the additional conduct that, if proven beyond a reasonable doubt, would satisfy either a ten-year or life offense. Indeed, the government was required to do so under *Apprendi*. 530 U.S. 466.

Under 18 U.S.C. § 242, a violation resulting in bodily injury could also be considered as a lesser-included offense of a violation resulting in death, and therefore not duplicitous. A lesser-

13

included offense is "an offense necessarily included in the offense charged." Fed. R. Crim. P. 31(c). If "the elements of the lesser offense are a subset of the elements of the charged offense" the lesser offense constitutes a lesser-included offense. *Carter v. United States*, 530 U.S. 255, 260 (2000). The presence of lesser-included offenses in a single count do not make an indictment duplicitous because any juror that finds a defendant guilty of a primary offense, necessarily finds him guilty of a lesser included offense. *United States v. Ramamoorthy*, 949 F.3d 955, 961 (6th Cir. 2020); *see also United States v. Jakits*, No. 2:22-CR-194, 2023 WL 2431717, at *6 (S.D. Ohio Mar. 9, 2023) (same), *appeal dismissed*, No. 23-3355, 2023 WL 4678684 (6th Cir. May 17, 2023).

For violations of 18 U.S.C. § 242, "[t]he term bodily injury is defined . . . as: (A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of [a/the] function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary." *United States v. Wilson*, 344 F. App'x 134, 142 (6th Cir. 2009) (unpublished) (internal quotations omitted); *see also United States v. Perry*, 401 F. App'x 56, 65 (6th Cir. 2010) (unpublished) (same); *United States v. Perkins*, 470 F.3d 150, 161 (4th Cir. 2006) (noting at least three other circuits adopted this definition for violations of § 242). Based on this definition, death cannot occur without some bodily injury. And all other elements of the alleged § 242 violations remain the same. Therefore, a § 242 violation resulting in bodily injury is essentially a lesser-included offense of a § 242 violation resulting in death and Counts One and Two are not duplicitous. In short, the statutory structure and applicable caselaw demonstrate that the Indictment is not duplicitous.

### VI. Duplicity And Its Associated Risks Can Be Cured Through An Unanimity Instruction Or A Special Verdict Form.

As explained above, the indictment is not duplicitous; however, dismissal is by no means required even in a case of true duplicity. As the Sixth Circuit has stressed, a court may cure

duplicity by providing the jury with an unanimity instruction and a special verdict form. *United States v. Hendrickson*, 822 F.3d 812, 822 (6th Cir. 2016) ("Specific unanimity instructions are a method of curing duplicitous charges, which set forth separate and distinct crimes in one count and create a risk that a defendant's right to a unanimous verdict would be undermined if individual jurors find her guilty of different crimes.") (internal quotations, citations, and brackets omitted); *United States v. Kakos,* 483 F.3d 441, 443 (6th Cir. 2007) ("Proper jury instructions can mitigate the risk of jury confusion and alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense.") (internal quotation omitted); *United States v. Starks*, 472 F.3d 466, 471 (7th Cir. 2006) (finding that any duplicity in the indictment was not fatal because risk of nonunanimous verdict was cured by jury instruction on need for unanimous agreement and use of special verdict form); *United States v. McCafferty*, 1:10CR387, 2011 WL 933771, at *10 (N.D. Ohio Mar. 6, 2011) ("[E]ven if the Indictment is duplicitous, a properly augmented instruction, with special verdict forms, will eliminate any risk of a nonunanimous verdict."); *Giampietro*, 475 F. Supp. 3d at 784 (identifying a special verdict form as a possible remedy to duplicitous charges).

Moreover, dismissal of any part of any count is not the proper remedy at this stage. *United States v. Tolliver*, No. 05-CV-80369, 2008 WL 660067, at *2 (E.D. Mich. Mar. 10, 2008) (finding that pretrial it would be "premature" to require the government to choose which "alternative" charge to pursue because the evidence presented and developed at trial could allow the defendant to be convicted under both the "use" and "possession" elements of an 18 U.S.C. § 924(c) charge). Requiring the government to elect which alternative penalty enhancement element to pursue within each charged count would improperly prevent the government from pursuing all applicable statutory enhancements. The plain wording of the statute makes clear that Congress intended that

15

a defendant be held accountable for *each and every* applicable penalty enhancement element. Under *Apprendi*, such enhancements must be listed in the indictment and found by a jury beyond a reasonable doubt. The defendant cites no case requiring the government to pursue only a narrow subset of enhancements. *Cf. United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); *see also United States v. Marshall*, 736 F.3d 492, 501 (6th Cir. 2013) (similar holding). Indeed, to accept the defendant's proposal would reward defendants who have committed deprivations of rights that implicated multiple statutory aggravators – bodily injury, kidnapping, aggravated sexual abuse, or death.

Therefore, to the extent that, after all the evidence has been heard, there remains a risk of a non-unanimous verdict as to the bodily injury and death-resulting enhancements, any confusion should be cured by a jury instruction and special verdict form. *United States v. Wheeler*, 67 F. App'x 296, 303 (6th Cir. 2003) (unpublished) (explaining there was no confusion as to jury's finding in case concerning specific drug quantity penalty enhancement where government used a special verdict form). Because the defendant's rights are easily protected with an unanimity instruction and a special verdict form for the death-resulting sentencing enhancement, dismissal is not warranted. Instructions and a special verdict form will prevent a non-unanimous verdict.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny Defendant Martin's motion to dismiss.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

DAVID PRITCHARD

        ELIZABETH ROGERS
        Assistant United States Attorneys
        167 N. Main Street, Ste. 800
        Memphis, TN 38103

        KRISTEN CLARKE
        Assistant Attorney General
        Civil Rights Division
        U.S. Department of Justice

By:  <u>s/ Forrest Christian</u>
      FORREST CHRISTIAN
      Deputy Chief
      KATHRYN E. GILBERT
      Special Litigation Counsel
      950 Pennsylvania Ave., NW
      Washington, DC 20530
      (202) 616-2430
      Forrest.Christian@usdoj.gov

## CERTIFICATE OF SERVICE

      I, Forrest Christian, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

s/Forrest Christian
FORREST CHRISTIAN
March 1, 2024
