**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Criminal No. 2:23-cr-20191-MSN** |
| | ) |
| | ) |
| **EMMITT MARTIN, III,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

---

**UNITED STATES' RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS
COUNTS 3 AND 4 FOR INSUFFICIENCY AND VAGUENESS**

---

The United States responds to defendant Martin's Motion to Dismiss Counts Three and Four of the Indictment for Insufficiency and Vagueness as Applied, as joined by defendants Bean, Haley, and Smith.   (ECF Nos. 169 (Motion) and 170 (Supporting Memorandum); ECF Nos. 172, 183, and 186 (joinders).)   The defendants argue that Counts Three and Four are insufficient to state an offense, and further argue that this insufficiency renders Counts Three and Four vague. The indictment contains a robust description of the crimes charged in each count and more than satisfies the notice and pleading requirements of the Constitution and the Federal Rules of Criminal Procedure.   The defendants' arguments boil down to little more than an insistence, unsupported by the case law, that the government's evidence must be detailed in the indictment or that this Court must add elements to the statute.   The defendants' vagueness argument likewise fails. Section 1512 is manifestly not vague, nor is it rendered vague "as applied" by the fact that the indictment counts do not include all the evidentiary details the defendants insist, without support, that they should contain.   The defendants' motion should be denied.

**Factual and Procedural History**

On January 7, 2023, five Memphis Police Department (MPD) officers assaulted Tyre Nichols after he fled from them following a traffic stop.   Three days after the incident, Mr. Nichols died because of the blunt force trauma injuries he suffered during the assault.

On September 12, 2023, a federal grand jury sitting in the Western District of Tennessee issued a four-count indictment.   Counts Three and Four are at issue in the instant motion.   In Count Three, the grand jury charged the defendants with violating 18 U.S.C. § 1512(k) by conspiring to engage in witness-tampering.   In Count Four, the grand jury charged each defendant with a substantive violation of the witness-tampering statute, 18 U.S.C. § 1512(b)(3).

**Law and Argument**

Counts Three and Four each contain every element of the witness-tampering offense charged, and each count provides sufficient notice to allow the defendants to prepare for trial and to protect against double jeopardy.

**I.      Legal Standard**

The sufficiency of an indictment is governed by Rule 7 of the Federal Rules of Criminal Procedure and the Constitution.   Under the federal rules, an indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged."   Fed. R. Crim. P. 7(c)(1).   The constitutional standard for examining the sufficiency of an indictment was articulated by the Supreme Court in *Hamling*.   *Hamling v. United States*, 418 U.S. 87, 117 (1974).   An indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."   *Id.*; *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) ("To be sufficient, the indictment must (1) detail

each element of the charged offense and give the defendant notice of the charges he faces, and (2) be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts."); *United States v. Howard*, 947 F.3d 936, 943 (6th Cir. 2020) (same); *United States v. Killingsworth*, No. 21-3028, 2022 WL 294083, at *2 (6th Cir. Feb. 1, 2022) (same).

An indictment that tracks the statutory language is generally sufficient. *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010); *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) ("An indictment is usually sufficient if it states the offense using the words of the statute itself."); *see also United States v. Horton*, 580 F. App'x 380, 383 (6th Cir. 2014) ("[T]he general rule is that an indictment is sufficient if its language tracks the statute."). The only time that tracking the statutory language is deemed *insufficient* is when that statutory language does not fully, directly, and expressly set forth all the elements of the offense. *Hamling*, 418 U.S. at 117; *Landham*, 251 F.3d at 1079 (6th Cir. 2001) (explaining that tracking the statutory language is sufficient as long as "the statute fully and unambiguously states all the elements of the offense"); *United States v. Mustafa*, 173 F.3d 430 (6th Cir. 1999) (quoting *Hamling*).

An indictment is to be construed liberally in favor of its sufficiency. *McAuliffe*, 490 F.3d at 531; *United States v. Watson*, 778 F. App'x 340, 348 (6th Cir. 2019) (same, citing *McAuliffe*). Courts must read an indictment "as a whole, accepting the factual allegations as true, and construing those allegations in a practical sense with all the necessary implications." *McAuliffe*, 490 F.3d at 531 (relying upon *United States v. Reed*, 77 F.3d 139, 140 n. 1 (6th Cir.1996) (en banc)). Indictments may not be dismissed on the ground that they are not supported by adequate or competent evidence. *Costello v. United States*, 350 U.S. 359, 363–64 (1956); *United States v. Palma*, 58 F.4th 246, 249 (6th Cir. 2023) (holding that courts may not "evaluate the evidence upon

which the indictment is based").   The government "need not recite all of its evidence in the indictment."   *United States v. Davila-Reyes*, 84 F.4th 400, 417 (1st Cir. 2023).   Rather, courts use a "common sense" construction in determining indictment sufficiency and have cautioned against reading indictments in a hypertechnical manner.   *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000) ("Courts utilize a common sense construction in determining whether an indictment sufficiently informs a defendant of an offense."); *United States v. Edington*, 526 F. App'x 584, 587 (6th Cir. 2013) (same); *United States v. Ramsey*, 406 F.3d 426, 430 (7th Cir. 2005) ("An indictment should be reviewed on a practical basis and in their entirety, rather than in a hypertechnical manner."); *United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016) ("The court must look at the indictment as a whole, include facts which are necessarily implied, and construe it according to common sense.").

## II.     Counts Three and Four of the Indictment are Sufficient Under Rule 7(c) and *Hamling*

### A.     *Count Three of the Indictment is Sufficient*

Count Three charges all the defendants with conspiring to engage in witness tampering in violation of § 1512(k).   To prove the charged offense, the government must prove, with respect to each defendant, that the defendant knowingly conspired (*i.e.*, joined an agreement) to engage in misleading conduct, corruptly persuade, or attempt to corruptly persuade another person, with the intent to hinder, delay, or prevent the communication of information to a federal court or official, about the commission or the possible commission of a federal crime.   *See* 18 U.S.C. § 1512(k) and (b)(3); *United States v. Thompson*, 758 F. App'x 398, 410 (6th Cir. 2018) (reciting elements of § 1512(k) conspiracy to violate subsections (b)(1) and (b)(2) of § 1512); *United States v. Belcher*, No. 22-1650, 2024 WL 506264, at *5 (6th Cir. Feb. 9, 2024) (reciting elements of substantive § 1512(b)(3) offense involving misleading conduct); *United States v. Eaton*, 784 F.3d

298, 304 (6th Cir. 2015) (reciting elements of substantive 1512(b)(3) offense involving corrupt persuasion).

Count Three, tracking the statutory language, sets forth each of these elements.   *See* ECF No. 1, Indictment, Count 3 (alleging that the defendants "willfully combined, conspired, and agreed to violate Title 18, United States Code, Section 1512(b)(3) by knowingly engaging in misleading conduct towards, corruptly persuading, and attempting to corruptly persuade, their supervisor (MPD Supervisor 1), the officer tasked with writing the Incident Report (MPD Detective 1), and other persons, with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of truthful information relating to the commission and possible commission of a Federal offense.").   Count Three provides an "on or about" date of the offense, thus allowing the defendants to distinguish other interactions they may have had with the MPD supervisor and detective identified in the indictment.

This language alone would render the indictment sufficient, but the indictment goes further, alleging that "in relation to statements the defendants made to MPD officers regarding the arrest of Tyre Nichols, the defendants conspired to intentionally withhold and omit material information and knowingly make false and misleading statements all to cover up the use of unreasonable force on Nichols."   This language expressly provides notice that the witness-tampering conspiracy relates to the arrest of Nichols, not to some other matter.   Count Three then includes a section entitled "Plan and Purpose of the Conspiracy" that provides the defendants *even more* information about the charged criminal conspiracy.   This section alleges that the plan and purpose of the conspiracy was to "omit material information and provide false and misleading information to cover up defendants' use of unreasonable force on Tyre Nichols to shield the defendants from liability for their criminal conduct."   *Id.*

The preceding information would, without more, meet the pleadings standards of *Hamling* and Rule 7, yet Count Three provides even more information, including *seven* separate overt acts, each of which details a lie, omission, or other act that each defendant took as part of the conspiracy. Considering the detailed allegations in the indictment, this Court should deny the motion to dismiss Count Three.

### B.   Count Four of the Indictment is Sufficient

Count Four charges each defendant with witness tampering by means of misleading conduct, corrupt persuasion, and attempted corrupt persuasion in violation of 18 U.S.C. § 1512(b)(3).   As the defendant agrees, Mem. At 5, to prove a violation of § 1512(b)(3), the government must prove that a defendant (1) knowingly engaged in misleading conduct, corrupt persuasion, or attempted corrupt persuasion toward another person, (2) with the intent to hinder, delay, or prevent the communication of information to a federal official, (3) about the commission or the possible commission of a federal crime.   18 U.S.C. § 1512(b)(2); *Belcher*, No. 22-1650, 2024 WL 506264, at *5;[1] Fed. Crim. Jury Instr. 7th Cir. 1512(b)(3) (2023 ed.) (instructions for 1512(b)(3) offense); Mod. Crim. Jury Instr. 3d Cir. 6.18.1512B-1 (2023) (instructions for 1512(b)(3) offense).

The indictment, tracking the language of § 1512(b)(3), sets forth each of these elements. *See* ECF No. 1, Indictment at Count 4 (alleging that the defendants, "aiding and abetting one another, knowingly engaged in misleading conduct towards, corruptly persuaded, and attempted to corruptly persuade, their supervisor (MPD Supervisor 1) and an MPD Detective (MPD

---

[1] *Belcher* recites, as an element of § 1512, that the government must prove that the defendant acted both "knowingly and willfully" although only the word "knowingly" is in the statute.   2024 WL 506264, at *5.   *Belcher*, nonetheless, upholds an indictment which included only the word "knowingly."   *Id.*   At any rate, any willfulness requirement is subsumed in the requirement that the government prove that the defendants acted with intent to hinder, delay, or prevent the communication of truthful information.

Detective 1) with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of truthful information relating to the commission and possible commission of a Federal offense").    The indictment provides an "on or about" date and identifies, by position, the individuals whom each defendant corruptly persuaded and attempted to corruptly persuade and towards whom each defendant engaged in misleading conduct.

This language alone would be sufficient to charge a violation of § 1512(b)(3), but the indictment contains additional facts.    Count Four "[s]pecifically" alleges that the defendants "provided false and misleading information and withheld and intentionally omitted material information in their communications" with a supervisor and detective "tasked with writing MPD reports for the arrest of Tyre Nichols."    This language provides notice that the obstructive conduct relates to the arrest of Tyre Nichols.    The indictment further describes the nature of the false statements and omissions by providing more details.    For example, Count Four alleges that, in communicating with the supervisor and detective, the defendants omitted information about various aspects of the assault of Nichols, including omitting information that the defendants punched and kicked Nichols.    Count Four likewise alleges that the defendants falsely represented that Mr. Nichols resisted arrest.    These descriptions provide the defendants with notice of the charges, thereby allowing each to prepare a defense and to defend against a claim of double jeopardy.    Count Four more than satisfies the requirements of *Hamling* and Rule 7.

### III.    The Defendants' Contrary Arguments Lack Merit

The defendants intermix their various challenges to the indictment language with references to black letter law.    None of these cases supports dismissal, however, and none of their arguments has merit.    The defendants' overriding complaint is that Counts Three and Four "recite the statutory language without alleging sufficient facts and circumstances to support the charged

offense."   Mem. at 6.   Their more specific arguments are variations on this theme.   These arguments ignore the indictment's factual allegations.   Far from being a bare-bones pleading that tracks the statutory language without providing any additional facts, Counts Three and Four are, as discussed at length above, replete with factual allegations.   Even if the indictment contained far fewer facts, it would still be sufficient under *Hamling* and the Sixth Circuit case law cited above.

A.   *The Defendants Incorrectly Argue that the Indictment Must Allege that Each Defendant Knew that His Misleading Conduct and Corrupt Persuasion Related to a Federal (as opposed to a state) Case or Investigation*

The defendants urge this Court to dismiss Counts Three and Four because these counts do not allege "that the defendants knew that their purported corrupt persuasion was related to a potential federal case."   *See* Mem. at 6.   It is not surprising that the indictment omits such an allegation: such knowledge is not an element of a § 1512(b)(3) offense.   In fact, § 1512 expressly states that the government does *not* need to prove that a defendant knew the federal nature of the offense.   *See* § 1512(g); *United States v. Wellman*, 26 F.4th 339, 349 (6th Cir. 2022) ("Nor, for that matter, need [the defendant] have known that the official proceeding was a federal (as opposed to a state) proceeding.").[2]   This argument accordingly fails.

B.   *The Defendants Incorrectly Argue That The Indictment Is Deficient Because It Fails To Provide Facts Sufficient To Prove Any Defendant Engaged In "Corrupt Persuasion" Or Conspired To Do So*

The defendants next argue that Counts Three and Four lack sufficient factual detail to

---

[2] In *Fowler v. United States*, referred to by the defendants in passing (Mem. at 9), the Supreme Court held that, to prove a defendant intended to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States, the government must show that there was a *reasonable likelihood* that, absent a defendant's obstructive actions, the victim would have communicated with a federal officer or judge.   *Lobbins v. United States*, 900 F.3d 799, 802 (6th Cir. 2018) (explaining *Fowler v. United States*, 563 U.S. 668, 677 (2011) (emphasis added)). *Fowler* nowhere required proof that a defendant subjectively believed that a federal officer would be given such information, and it certainly did not require that such fact be added to the indictment.

charge that they engaged in corrupt persuasion or conspired to engage in corrupt persuasion.   *See* Mem. at 6-7.[3]   The defendants cite case law defining the term "corrupt persuasion," then argue that the facts contained in the indictment do not fit the definition.   This court should reject this argument as a premature attack on the sufficiency of the evidence.   The grand jury has alleged that each defendant engaged in corrupt persuasion and has detailed lies and omissions that allow a jury to find such corrupt persuasion.   This allegation is sufficient to provide him notice of the charge and to protect him against double jeopardy.   An indictment "is not meant to prove the facts of the case; such task is left for trial.   Instead, an indictment is sufficient so long as the alleged facts, if true, give rise to the offense charged."   *United States v. Lundergan*, No. 5:18-cr-00106-GFVT-MAS, 2019 WL 1261354, at *3 (E.D. Ky. Mar. 18, 2019).   The defendants' argument is nothing more than an assertion that the government will not be able to prove corrupt persuasion at trial.   This is an insufficient ground for dismissing the indictment.[4]

C.   *The Defendants Incorrectly Argue That The Indictment Fails To Allege The Appropriate Scienter*

The defendants next argue that the indictment is deficient because it fails to allege that each defendant *intended* to provide false information or make material omissions (or conspired to do so).   *See* Mem. at 7-8.   This argument ignores both the elements of the statute and the words used in the indictment.   Counts Three and Four each allege that each defendant acted "*with the intent* to hinder, delay, and prevent the communication . . of truthful information."   Even if this

---

[3] Even if the defendants were to somehow prevail on this claim, dismissal would be unwarranted as the allegations that the defendants engaged in misleading conduct would survive.

[4] The defendants may not take refuge in *United States v. Levin*, 973 F.2d 463, 469 (6th Cir.1992), which holds that an indictment may be dismissed if the facts of the indictment, taken as true, establish, as a matter of law, that the defendant did not commit an offense.   *Levin* is limited to situations in which the defendant raises a question of law rather than fact.   *United States v. Ali*, 557 F.3d 715, 719 (6th Cir. 2009).   Here, the indictment alleges that each defendant engaged in corrupt persuasion and attempted corrupt persuasion.   The defendants' assertion relates to the government's ability to prove the facts of the case and raises no question of law.

were all the indictment included (which, as explained above and below, it is not), this would be sufficient to set forth the *mens rea* required by § 1512.

Despite the clear sufficiency of this language, the defendants insist that the indictment must be dismissed for not using the word "intentionally" to modify every alleged lie they told (or conspired to tell) and to modify every alleged material fact they withheld (or conspired to withhold).   This is nothing more than an attempt to graft onto the statute a second scienter requirement that does not appear in the statute nor in case law.   A half-dozen more uses of the word "intentionally" in the indictment would do nothing to provide the defendants the notice they need to prepare for trial or to protect them against double jeopardy.   *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 n.4 (2007) (holding allegation of attempt, without allegation that the defendant took a substantial step, satisfied indictment sufficiency and emphasizing the commonsense conclusion "that adding . . . four words [to the indictment] would not have given respondent any greater notice of the charges against him or protection against future prosecution"). The defendants cannot seriously complain that the indictment fails to provide them adequate notice of the charges.

In addition to alleging the correct scienter by tracking the statutory language, other language in the indictment provides notice of the defendants' intent.   Count Three alleges that it was "the plan and purpose of the conspiracy that defendants . . . would omit material information and provide false and misleading information to cover up . . .".   Significantly, Count Three charges that the defendants entered a conspiratorial a*greement*.   The defendants could not plausibly *agree* to provide false information *accidentally or inadvertently*, nor could they agree to *unknowingly* or *negligently* omit important information.   This language, (along with the more general allegation regarding the defendants' intent, which alone would be sufficient), plainly

10

alleges that the defendants intentionally lied and omitted facts.

Similarly, Count Four contains language alleging that each defendant "specifically. . . provided false and misleading information and withheld and *intentionally* omitted material information." (emphasis added). Read in a common-sense way, this sufficiently conveys (along with the more general allegation regarding the defendants' intent, which alone would be sufficient) an intent to lie and withhold material information. No defendant could possibly think, reading this allegation, that he was being accused of *inadvertently* providing incorrect information. Thus, there is no danger that the language used in the indictment might mislead a defendant and cause him to prepare to meet a charge he negligently failed to provide appropriate information.

The defendants' related materiality argument fares no better. The defendants argue that the indictment is deficient because it fails to allege facts and circumstances showing that the lies they told (and information they withheld) were "actually material" to the federal offense they were obstructing. Mem. at 8. Section 1512 does not require a showing of materiality. *See* § 1512(b)(3); *United States v. Wellman*, No. 5:1-cr-00108-GFVT-MAS, 2019 WL 6311354, at *6 (E.D. Ky. Nov. 25, 2019) ("[A] conviction under § 1001(a)(2) requires a jury to determine the false statement pertained to a material fact, while § 1512(c)(2) contains no materiality element.").[5] The defendants can prevail only if this court were to graft a materiality element onto § 1512 that is not in its text and that is unsupported in case law. The defendants' brief concedes as much; the defendants' own citation of the elements necessary for conviction (Mem. at 5) does *not* include a requirement that their witness tampering concern a fact *material* to a federal investigation.

---

[5] *See also United States v. Eaton*, 784 F.3d 298, 305-06 (6th Cir. 2015) ("declin[ing] "defendant's invitation to read a materiality requirement into § 1512(b)(3)"); *United States v. McKibbins*, 656 F.3d 707, 712 (7th Cir. 2011) (section 1512 "does not include a 'materiality' requirement"); *United States v. Ortiz*, 367 F.Supp.2d 536, 542-43 (S.D.N.Y. 2005) (finding that section 1512 does not contain a materiality requirement) (citing *United States v. Wells*, 519 U.S. 482, 490-91 (1997) (refusing to graft a materiality requirement onto a federal false statement statute where none was included in the statutory text)).

It is unsurprising that § 1512 does not require materiality.   This statute not only protects the integrity of federal *investigations* but also protects federal *witnesses* from being killed, injured, threatened, harassed, or (as in this case) misled or corruptly persuaded.   *See* § 1512; PL 97–291 (S 2420), PL 97–291, October 12, 1982, 96 Stat. 1248 (Enactment of § 1512 as part of more general statute entitled "Protection Of Victims And Witnesses From Intimidation"); *United States v. Tyler*, 956 F.3d 116, 123 (3d Cir. 2020) ("The Victim and Witness Protection Act of 1982, 18 U.S.C. §§ 1512-1515, 3663-3664, was enacted to provide protection to witnesses in federal cases."). Section 1512 would, for example, punish a defendant who tampered with a witness to prevent that witness from revealing even an *irrelevant* fact, so long as the defendant's intent was, in the words of the statute, to "hinder, delay, and prevent the communication . . . of truthful information relating to the commission or possible commission of a Federal offense."   Counts Three and Four allege that the information related to the commission or possible commission of a federal offense; no more need be alleged to make out an offense.

The defendants' related argument, that the indictment should be dismissed because it fails to allege that the defendants "knew the nature" of their lies or omissions (Mem. at 6), fails for similar reasons.   There is no requirement in § 1512 that the government prove that any defendant understand the moral, philosophical, or psychological "nature" of his lies or material omissions. Certainly, there is no requirement that such an allegation be included in the indictment. Rather, the government must prove the elements laid out in the offense, including the intent element.

This Court should reject as absurd any implication that the defendants have somehow been charged with obstruction for lying about unimportant or trivial matters.   Counts Three and Four charge that, after assaulting Mr. Nichols, the defendants falsely claimed that Mr. Nichols resisted arrest and that they omitted information about the force that they used against him.   These

falsehoods and omissions go to the very heart of a claim of excessive force and is clearly material

to a civil rights violation.   *United States v. Carson*, 560 F.3d 566, 579 (6th Cir. 2009) (upholding

jury instructions on elements of § 242 excessive force claim).

> D.    *The Defendants Incorrectly Argue that Counts Three and Four are Deficient Because they Fail to Expressly Identify "the purported federal offense."*

The defendants next argue that Counts Three and Four are defective because, when each is

read independently, rather than in conjunction with the other counts of the indictment or with each

other, neither provides notice of the underlying federal crime the defendants conspired to obstruct

(Count Three) or obstructed (Count 4) through their witness tampering.   Mem. at 6, 8-9.[6]

Even examining each indictment count *without* reference to any other count, Count Three

and Count Four are patently sufficient.   Counts Three and Four each charge that the defendants

conspired to act (Count Three) or acted (Count 4) "with the intent to hinder, delay, and prevent the

communication to a law enforcement officer and judge of the United States of truthful information

relating to the commission and possible commission of a Federal offense."   The indictment thus

tracks the statutory language and identifies, as it must, that the truthful information at issue was

relevant to a federal offense (or possible federal offense).

The defendants contend that the indictment may not merely track the statutory language

---

[6] The defendants' argument depends upon this Court looking at Counts Three and Four as if they are entirely divorced from Counts One and Two, which explicitly charge them with civil rights offenses.   *See* Mem. at 4 (stressing that each count must be individually sufficient).   It is true that allegations made in one count are incorporated into another by reference only when done so explicitly, *United States v. Roberts*, 465 F.2d 1373, 1375 (6th Cir. 1972), *overruled in non-relevant part*, *United States v. Stone*, 748 F.2d 361 (6th Cir. 1984).   However, the Sixth Circuit has approved reading an indictment "as a whole . . .  construing those allegations in a practical sense with all the necessary implications."   *McAuliffe*, 490 F.3d at 531; *United States v. Marxen*, No. CRIM. A. 3:03-CR-58-H, 2006 WL 1738009, at *2 (W.D. Ky. June 22, 2006) (discussing *Roberts* but noting that, given specific allegations describing the predicate offenses, a common-sense reading of the indictment gave the defendant fair notice of the charges against him); *see also United States v. Staggs*, 881 F.2d 1527, 1531 (10th Cir. 1989) ("Because the essential issue is whether the appellants received notice adequate for the preparation of their defense, it would be both anomalous and hypertechnical to conclude that, even though the indictment provided such notice, the notice function was not served because of the failure to explicitly incorporate by reference count one, containing the charged violations.").

using the word "federal offense" but insist that it must expressly identify, as the offense, the § 242 violation charged in Counts One and Two.   The federal nature of the offense is a jurisdictional element only, however.   The defendants need not have been aware of the nature of the offense at issue or even been aware that there was such an offense.   *Torres v. Lynch*, 578 U.S. 452, 468 (2016) (recognizing that, unless the statute expressly provides otherwise, "the existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute").   Thus, the specific federal crime at issue is not a critical element of a § 1512 offense.   The element the government must plead and prove is that the crime (or possible crime) the defendant obstructed (or attempted to obstruct) through witness tampering was *federal*.   The indictment alleges this and is thus sufficient.   *Cf. United States v. Anderson*, 182 F.3d 918 (6th Cir. 1999) (unpublished) (holding that "although § 1956(a)(1)(B)(i) requires the government to prove that the defendant knew that the proceeds involved in the transaction were derived from 'some form of unlawful activity,' it does not contain a requirement that the government prove that the defendant knew the precise nature of that unlawful activity."); *United States v. Rhodes*, No. 2:12-CR-20258-JTF, 2013 WL 2181091, at *5 (W.D. Tenn. May 20, 2013) ("[T]he omission of a defendant's underlying felony conviction does not render an indictment defective, because the identity of the specific felony conviction is not an essential element of the offense.").

Even assuming that the defendants are entitled to notice of the precise federal crime at issue in the witness tampering counts, a commonsense reading of each provides the requisite notice. Section 242 is not cited by code number in the text of either Count Three or Four, but it is clear that the federal crime at issue was the deprivation of Mr. Nichols' civil rights.   Count Three alleges that the conspirators acted "to cover up the use of unreasonable force on Nichols" both in

its general recitation of the elements and in the paragraph detailing the plan and purpose of the conspiracy.   In addition, every overt act set forth in Count Three alleges that the defendants, through act or omission, covered up the use of excessive force on Nichols.   The defendants, reading these charges, are not left to puzzle what possible federal crime might be at issue.   Count Four similarly alleges that each defendant made false statements and material omissions to persons tasked with writing the arrest report for Mr. Nichols.   Count Four then expressly describes alleged lies and omissions relating to the defendants' use of excessive force, including lies about punches and kicks defendants landed.

Given all these details, the defendants cannot seriously argue that they lack notice about what the indictment refers to when it alleges that their witness tampering related to "the commission and possible commission of a Federal offense."   Instead, their argument boils down to the absurdly hyper-technical: that Count Three and Four should be dismissed because they do not explicitly identify § 242 by its code section.   The defendants ignore the fact that Rule 7 expressly states that "unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction."   *See* Fed. R. Crim. P. 7(c)(2).   The defendants' argument also ignores black letter law that indictments are not to be read in a hyper-technical manner.   *Resendiz-Ponce*, 549 U.S. at 110 (explaining that the federal rules "were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure"); *Burnett v. United States*, 222 F.2d 426, 428 (6th Cir. 1955) ("It is well settled that the one-time requirement of hypertechnical niceties in criminal pleading is no longer exacted."); *United States v. Fairchild*, No. CIV. A. 6:07-326-DCR, 2007 WL 4561488, at *4 (E.D. Ky. Dec. 21, 2007) (applying Sixth Circuit law to hold that "[i]n assessing an indictment's sufficiency, courts should use a common

sense construction rather than a hyper-technical evaluation"); *see also United States v. Khan*, 937 F.3d 1042, 1050 (7th Cir. 2019) ("We review indictments on a practical basis and in their entirety, not in a hypertechnical manner.") (internal quotations and citations omitted).

Even were the exact code number of the underlying potential federal crime an element of a § 1512 offense, which it is not, "[a]n implicit allegation of an element of a crime is enough; the indictment need not specifically allege every component part of the offense."  *Resendiz-Ponce*, 549 U.S. at 107–08, 108 n.4 (holding indictment sufficient despite it not containing the phrase "substantial step," noting that the substantial step requirement is implicit in the word "attempt," and declaring that the court did not "believe that adding those four words would have given respondent any greater notice of the charges against him or protection against future prosecution"); *United States v. Khan*, 937 F.3d 1042, 1049–50 (7th Cir. 2019) (explaining *Resendiz-Ponce)*; *see also United States v. Howard*, 947 F.3d 936, 954 (6th Cir. 2020) (Nalbandian, J., concurring) (citing *Resendiz-Ponce* for the proposition that an element may be implied); *United States v. Edington*, 526 F. App'x 584, 588 (6th Cir. 2013) ("[D]ue process does not require a recitation of the statute; it requires only that the [indictment] as a whole set forth the critical details of the offense charged.").

The Sixth Circuit held that an indictment was not deficient when it failed to specify the drug trafficking crimes that constituted the predicate offenses for the imposition of § 924(c)(1), even though it found that the precise predicate offenses were elements of the § 924 firearms crime. *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (applying liberal standard of review because indictment had not been challenged in the district and holding that, "liberally construed, the indictment can be read to allege a crime such that reversal is not warranted with respect to this claim").  Similarly, in *United States v. Groff*, 643 F.2d 396, 402 (6th Cir. 1981), the Sixth Circuit

held a RICO indictment sufficient when it alleged collection of unlawful gambling debts in violation of state law. The court recognized that the indictment contained an error because it alleged that the underlying law was *Michigan* gambling law, while proof at trial proved only that *Ohio* law was violated. The defendant challenged the indictment on appeal for lack of notice. The Sixth Circuit upheld the indictment stating, "[s]ince gambling is a clear violation of Ohio law, the indictment sufficiently apprised [the defendant] of the charges against him," emphasizing that the defendant would not "have altered his defense in any way had the Ohio statutes been cited." *Id.* In light of this well-settled authority, the Court should reject the defendants' arguments as entirely without merit.

### E.     Count Three Sufficiently Alleges a Conspiracy

The defendants request that this court dismiss Count Three because "it does not allege any agreement or understanding among the defendants to commit witness tampering." *See* Mem. at 10. This argument ignores the plain language of Count Three, charging that the defendants "willfully combined, conspired, and agreed to violate Title 18, United States Code, Section 1512(b)(3)" and alleging, specifically, that the defendants "*conspired* to intentionally withhold and omit material information and knowingly make false and misleading statements. . ." (emphasis added). It is unclear what additional factual recitation the defendants deem necessary to provide notice that each is being charged with conspiracy to violate § 1512(b)(3), beyond the allegation that each defendant entered into an agreement to violate § 1512(b)(3).

The defendants' argument oddly relies on the fact that, *in addition* to the general allegation of conspiracy, which by itself would render Count Three sufficient,[7] the indictment contains a list

---

[7] The indictment contains a list of overt acts but, because § 1512(k) does not require proof of any overt act, it is not necessary for conviction that the jury find an overt act was committed. *See United States v. Shabani*, 513 U.S. 10, 13-14 (1994) (observing that the text of the drug conspiracy statute, 21 U.S.C. § 846, does not require proof of an overt act, and holding that when a statute is silent on such a requirement, the government need not prove the existence

of overt acts.   The defendants complain that these overt acts are not evidence of conspiracy but only individual wrongdoing.   Mem. at 10 ("The overt acts portion of this Count lists several individual allegations of lies or omissions, but no actual agreement or cooperation among the defendants.").   An overt act is, as the name implies, an *act* taken in furtherance of the conspiratorial agreement.   This section is not designed to set forth evidence of each defendant's subjective intent to enter into the agreement and it is hardly surprising that it does not do so.   To the extent the defendants argue that the indictment must set forth *evidence* that each defendant subjectively decided to join the conspiracy, they are simply mistaken.   *See United States v. Briggs*, No. 3:23-CR-25-KAC-DCP, 2023 WL 9751403, at *4 (E.D. Tenn. Dec. 13, 2023), *report and recommendation adopted sub nom. United States v. Briggs*, No. 3:23-CR-25-KAC-DCP, 2024 WL 715412 (E.D. Tenn. Feb. 21, 2024) (applying Sixth Circuit law to reject similar argument that the conspiracy indictment was insufficient because it provided "no facts that they joined in a criminal agreement or what they did to participate in the conspiracy").

## IV.    Section 1512 is Not Vague as Applied

The defendants' final argument is that, because of the alleged deficiencies in the indictment, § 1512(b)(3) and (k) are vague as applied to their conduct.   A criminal statute may be struck down as vague only if it does not "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."   *United States v. Messer*, 71 F.4th 452, 458 (6th Cir. 2023), *cert. denied*, No. 23-5995, 2023 WL 8532089 (U.S. Dec. 11, 2023), and *cert.*

---

of an overt act); *United States v. Hills*, 27 F.4th 1155, 1190 (6th Cir. 2022) ("The United States Supreme Court and the Sixth Circuit's Pattern Criminal Jury Instructions both recognize that juries need not find proof of an overt act in a conspiracy charged under a statute [that] does not list an overt act as an element of the offense."); *United States v. Edlind*, 887 F.3d 166, 176 & n.4 (4th Cir. 2018) (holding § 1512(k) does not require proof of overt acts).

*denied*, No. 23-6061, 2024 WL 72294 (U.S. Jan. 8, 2024).   "[F]ew statutes meet the void-for-vagueness threshold because a strong presumptive validity applies to all acts of Congress and mere difficulty in determining a statute's meaning does not render it unconstitutional."   *United States v. Kettles*, 970 F.3d 637, 650 (6th Cir. 2020) (internal quotations and citations omitted).   Section 1512 is not vague.   *See United States v. Edwards*, 869 F.3d 490, 502 (7th Cir. 2017) ("§ 1512(b)(3) is not unconstitutionally vague as applied to a person who tries to persuade another person to lie when the other person has a legal duty to tell the truth"); *United States v. Bingert*, 605 F. Supp. 3d 111, 122 (D.D.C. 2022) (citing cases).   The defendants' contrary argument depends upon their contention that Counts Two and Three are insufficient to allege an offense.   These arguments fail for the reasons detailed above; by necessity, their vagueness arguments fail as well.

## Conclusion

For all these reasons, this court should deny the defendants' motion in its entirety. Well-settled authority holds that Counts Three and Four were properly charged.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

DAVID PRITCHARD
ELIZABETH ROGERS
Assistant United States Attorneys
167 N. Main Street, Ste. 800
Memphis, TN 38103

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

By:   s/ Forrest Christian
      FORREST CHRISTIAN

19

Deputy Chief
KATHRYN E. GILBERT
Special Litigation Counsel
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 616-2430
Forrest.Christian@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Forrest Christian, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

s/Forrest Christian
FORREST CHRISTIAN
March 6, 2024