**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 2:23-cr-20191-MSN** |
| | ) | |
| | ) | |
| **EMMITT MARTIN, III,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT MARTIN'S APPEAL (ECF No. 232) FROM MAGISTRATE JUDGE'S ORDER (ECF No. 226)

The United States responds to Defendant Martin's appeal (ECF No. 232) from the magistrate judge's Order (ECF No. 226) denying his motion to hold a pretrial hearing on the admissibility of coconspirator statements (ECF No. 165) and denying Defendant Haley's related motion for a written proffer of the coconspirator statements the government will seek to introduce (ECF No. 128). In his motion, Defendant Martin presents no legitimate reason to overturn the magistrate judge's opinion. As explained below, pretrial *Enright* hearings are disfavored in the Sixth Circuit because they are "burdensome, time-consuming, and uneconomic." The government is confident that this Court will be able to make appropriate determinations at trial as to the admissibility of coconspirator statements without need for a lengthy pretrial hearing or written proffer, particularly given that many, if not all, of these statements have bases of admissibility other than as coconspirator statements.

## I. PROCEDURAL HISTORY RELEVANT TO THE APPEAL

Defenant Haley filed a motion requesting that this court require the government to provide

a written proffer of statements that the government intends to seek to admit pursuant to Fed. R. Evid. 801(d)(2)(e). *See* Defendant Haley's Motion for Written Proffer of Statements Government Intends To Seek To Admit Pursuant To Fed. R. Evid. 801(d)(2)(E) (ECF No. 128). The government filed a response, opposing the request. *See* (ECF No. 140). Defendant Haley filed a reply. *See* (ECF No. 145). Defendant Martin filed a motion for an *Enright* hearing on the admissibility of coconspirator statements. *See* Motion For Pretrial Evidentiary Hearing on Admissibility of Any Evidence Pursuant to Fed. R. Evid. 801(d)(2)(E) (ECF No. 165). The United States filed an opposition to this motion. *See* (ECF No. 196).

In its pleadings, the government requested that this Court follow the Sixth Circuit's preferred "conditional-admittance method" of determining whether coconspirator statements may be admitted at trial. (ECF No. 196 at 1-2; ECF No. 140 at 5). Under this method, a court admits statements conditionally during the government's case in chief, with the understanding that the government must prove the admissibility of these statements by a preponderance of the evidence by the close of its case at trial. The motions were referred to Magistrate Judge Claxton (ECF No. 200), who denied the defendant's motions. *See* Order (ECF No. 226).

The magistrate judge observed that the "conditional-admittance method" was not only "firmly entrenched" within the Sixth Circuit but was also the "preferred practice." *Id.* at 6. The magistrate judge then examined each of the defendant's arguments, before determining that no considerations identified by any defendant justified a departure from the preferred practice. *Id.* at 6-9. Defendant Martin has now filed an appeal, asking that this Court overrule the magistrate judge's order. *See* Appeal From Magistrate Judge's Order (ECF No. 232).

## A. Defendant Martin provided an inaccurate summary of pretrial proceedings.

Before addressing defendant Martin's appeal, the government notes that the defendant has

offered a summary of pretrial proceedings that is so inaccurate as to require correction. To take just one example, defendant Martin baselessly claims that the government is "withholding" Rule 404(b) evidence, ECF No. 232, Def. Martin's Mot. for Appeal, at 2, when the government produced comprehensive other acts evidence in discovery in 2023; advised the defendants of its intent to introduce 404(b) evidence in 2023; filed a formal Rule 404(b) notice on January 31, 2024; offered to meet and then met with defense counsel to answer questions about Rule 404(b) evidence; and, most recently, asked the Court to set a deadline for Rule 404(b) notice – a deadline the Court set for months from now, consistent with well-settled Sixth Circuit precedent. Defendant Martin makes another, similarly baseless claim when he asserts, without any evidence whatsoever, that the government is "withholding transcripts it intends to use at trial." *Id.* The government moved for the court to set a deadline for transcripts and, again, the deadline for providing transcripts is months from now. Defendant Martin's willingness to make inaccurate, baseless representations to this Court warrants notice now.

Defendant Martin also curiously criticizes the government for *exceeding* the requirements of local practice (*e.g.*, ECF No. 206, government offering to provide witness and exhibits lists weeks before trial, earlier than typically provided under local practice), the Court's orders (e.g., ECF No. 146, government providing formal Rule 404(b) discovery and notice months before the Court's deadline), and the caselaw (e.g., ECF Nos. 139, 140, and 196, government seeking to introduce defendants' statements pursuant to preferred Sixth Circuit practice, while also offering detailed references both to specific statements it will seek to introduce at trial and the evidentiary bases for their admission). *Id.*

Defendant Martin further complains that the government has produced "overly broad discovery." It is true that the government has produced more material in discovery than it was

obligated to under the Federal Rules. Although defendant Martin's complaint has no merit, the government nonetheless wishes to emphasize that it has provided the defense both with comprehensive discovery and a detailed roadmap for the government's case at trial. As a result, there is no mystery for the defense to solve here. The charged offenses were captured on video, from multiple angles. The offenses charged in Counts One and Two are thoroughly covered on video and can be narrated by a former co-defendant who has entered a guilty plea. This video footage also captures much of the cover-up charged in Counts Three and Four; again, a former co-conspirator can provide testimony detailing the defendants' involvement in the conspiracy. This evidence and the corresponding witness accounts were provided in discovery last year.

In addition, the government presented more than twenty witnesses to the grand jury and turned those transcripts over long ago. Simply by reviewing the transcripts, the defense will know who the government's witnesses will be, what they will say, and which evidence and exhibits the government will offer at trial. Government counsel has advised that this roadmap exists and has met – and offered to meet – with defense counsel. When defendant Martin asked for additional time to review discovery to prepare for trial, the government consented to his request for a continuance. For defendant Martin to claim now, in the face of this record, that the government is seeking "trial by ambush," *id.* at 2, is so inaccurate and unfair as to require clarification.

## II. LAW AND ARGUMENT

The government anticipates offering into evidence statements made by defendants both during their use of excessive force and during the subsequent charged conspiracy to engage in witness tampering. These statements are admissible under numerous rules of evidence other than the coconspirator-statements exception; accordingly, and as explained below, it may be wholly unnecessary for the Court to determine at trial whether the statements also are admissible under

that exception.  Out-of-court statements attributable to a defendant in a criminal case may be introduced by the government against that defendant; as Defendant Martin acknowledges, each statement he personally made is admissible against him under Rule 801(d)(2)(A) as an admission of a party opponent.  *See* (ECF No. 232 at 5).   In addition, as Defendant Martin acknowledges (ECF No. 232 at 7), the government may introduce against a defendant any statement made by another if that statement was adopted by the defendant.  *See* Fed. R. Evid. 801(d)(2)(B).   The hearsay rules also permit the government to introduce, against a defendant, a statement made by a coconspirator, if that statement was made during and in furtherance of a conspiracy.  *See* Fed. R. Evid. 801(d)(2)(E).   Defendant Martin acknowledges, as he must, the general principle that a statement made by a defendant in furtherance of a conspiracy is admissible against his codefendants.  (ECF No. 232 at 9-11).

Defendant Martin takes issue, however, with the magistrate judge's ruling about the method for laying the foundation for admitting coconspirator statements.  *Id*.  The magistrate judge ruled that a pretrial hearing was unnecessary and determined that the government could use the "conditional admittance method."  (ECF No. 226, *passim*).   Defendant Martin insists that the magistrate judge's ruling is "contrary to law," claiming that there are "complexities" and "complications" in the pending case that cannot be adequately addressed without a pretrial hearing.  (ECF No. 232 at 3, 13).   Most of the "complexities" he claims, however, are ones that arise in virtually every conspiracy prosecution and, as determined by the magistrate judge, do not provide a basis for deviating from standard practice.   Moreover, his argument ignores the fact that the statements at issue have alternate bases for admission.   None of his arguments, separately or collectively, provides an adequate basis for overturning the magistrate judge's order.[1]

---

[1]  In addition to the law and arguments set forth below, the government expressly adopts and incorporates the arguments contained in its prior pleadings (ECF No. 140 and 196).

## A.    Legal Standard

This Court may overturn a magistrate judge's decision on a non-dispositive evidentiary matter if the defendant shows that that decision was "clearly erroneous or contrary to law."   28 U.S.C. § 636(b)(1)(A); *United States v. Glatz*, No. 319CR218TAVDCP1, 2023 WL 4697266, at *2 (E.D. Tenn. July 21, 2023) (explaining standard of review); s*ee also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (explaining standard of review).

The magistrate judge's opinion involved the admission of evidence under Rule 801(d)(2)(E).   Before a statement may be admitted into evidence at trial under this exception to the hearsay rules, the government must lay a foundation by establishing that (1) a conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the statement was made during the course of and in furtherance of the conspiracy.   *United States v. Kelsor*, 665 F.3d 684, 693 (6th Cir. 2011); *United States v. Conrad*, 507 F.3d 424, 429 (6th Cir. 2007).   The trial court must make an explicit determination, called an *Enright* finding, about whether the government has laid the proper foundation.   *Kelsor*, 665 F.3d at 693; *United States v. Morales*, 668 F. Supp. 3d 774, 806 (M.D. Tenn. 2023) (same).   The government must establish the Rule 801(d)(2)(E) factors only by a preponderance of the evidence, not beyond a reasonable doubt.   *Bourjaily v. United States*, 483 U.S. 171, 176 (1987) ("We hold that when the preliminary facts relevant to Rule 801(d)(2)(E) are disputed, the offering party must prove them by a preponderance of the evidence."); *United States v. Lopez-Medina*, 461 F.3d 724, 746 (6th Cir. 2006) (explaining factors must be proved by a preponderance).

In demonstrating that a conspiracy existed, the government is not required to prove the existence of any *particular* conspiracy; indeed, statements can be admitted under the Rule even when the indictment contains no formal charge of conspiracy.   *United States v. Musaibli*, 42 F.4th

603, 615 (6th Cir. 2022) ("When determining whether a conspiracy existed under Rule 801(d)(2)(E), the key is coordinated action. For this reason, we have repeatedly stressed that the alleged conspiracy need not be the same as the one charged. In fact, there need not even be a conspiracy charge in the case for Rule 801(d)(2)(E) to apply.") (internal quotations, citations, and alterations omitted); *United States v. Herrell*, No. 6:21-CR-00013-GFVT, 2023 WL 5116800, at *2 (E.D. Ky. Aug. 9, 2023) (citing *Musaibli* and holding that the Government "is not required to prove any particular charged conspiracy to admit co-conspirator statements. In fact, there need not even be a conspiracy charge in the case for Rule 801(d)(2)(E) to apply."); *see also United States v. Duncan*, No. CR 5:20-49-KKC-MAS-1, 2022 WL 807362, at *4 (E.D. Ky. Mar. 16, 2022) (statements made by coconspirators are frequently admitted under Rule 801(d)(2)(E) even when a conspiracy has not been charged), *aff'd*, No. 22-5271, 2022 WL 22624514 (6th Cir. Nov. 8, 2022).

It is well established that a trial court may conditionally admit the alleged coconspirator statements, recognizing a continuing defense objection, subject to a later demonstration of the statements' admissibility. *United States v. Vinson*, 606 F.2d 149, 152-53 (6th Cir. 1979); *United States v. Kone*, 307 F.3d 430, 440 (6th Cir. 2002) (explaining that the trial judge may "conditionally admit alleged coconspirator statements subject to a later determination of their admissibility"); *United States v. Householder*, 645 F. Supp. 3d 844, 857 (S.D. Ohio 2022) (same, citing *Vinson*); *United States v. White*, No. 217CR20489TGBEAS, 2023 WL 4567717, at *2 (E.D. Mich. July 17, 2023) (explaining that the trial court "may conditionally admit the statements subject to a continuing objection and rule on the objection at the close of the government's case-in-chief"). Indeed, as the magistrate judge recognized, there is "preference for conditional admission in the Sixth Circuit." (ECF No. 226 at 6); *see also United States v. Taylor*, No. 621CR00013GFVTHAI, 2022 WL 16943840, at *2 (E.D. Ky. Nov. 14, 2022); *United States v.*

*Bell*, No. CR 17-20183, 2022 WL 993634, at *3 (E.D. Mich. Apr. 1, 2022) ("This method of conditionally admitting co-conspirator statements is firmly entrenched in this circuit's practice, and it is the general and preferred practice within this circuit.").

**B.     This Court Should Affirm the Magistrate Judge's Order and Admit Coconspirator Statements Conditionally, Subject to Proof at Trial**

The crux of Defendant Martin's argument on appeal is that, for the interests of justice to be served, this Court must make the *Enright* finding pursuant to a pretrial hearing.   The defendant complains that his ability to present a defense is "frustrated" by the government's "steadfast refusal to do anything not required as a matter of law."   (ECF No. 232 at 2).   This Court should reject, as unfairly prejudicial, the defendant's attempt to label the government's entirely reasonable request that this Court follow a procedure that is not merely permitted but actually *favored* by the Sixth Circuit.   A deviation from the tried-and-true conditional admittance method is "not warranted based upon general and vague objections that demonstrate no specific prejudice resulting from the use of the provisional admission option."   *United States v. Stimpert*, No. 3:21-CR-107-KAC-JEM, 2022 WL 4391740, at *11 (E.D. Tenn. Sept. 22, 2022).   The defendant has provided only such general and vague objections here.   The defendant has certainly presented no argument legally sufficient to overturn the magistrate judge's ruling and no argument factually compelling enough to justify undertaking a proceeding recognized as "burdensome, time consuming and uneconomic."   *Vinson*, 606 F.2d at 152–53; *United States v. Wise*, No. 3:20-CR-46-TAV-JEM, 2022 WL 17869821, at *4 (E.D. Tenn. Dec. 22, 2022); *United States v. Bell*, No. CR 17-20183, 2022 WL 993634, at *2 (E.D. Mich. Apr. 1, 2022).

**1.     The Court Should Reject the Defendant's Argument that He is Entitled to a Pretrial Hearing Because the Government Has Not Yet Proved the *Enright* Factors by a Preponderance of Evidence.**

As explained above, the defendants' statements are admissible under numerous hearsay

exceptions that do not involve any type of hearing. In the event any defendant statements are offered at trial solely as coconspirator statements, the government will have to show, by a preponderance of evidence, that a conspiracy existed and that any statements it seeks to introduce were made during and in furtherance of that conspiracy. (ECF 232 at 4-5, 9-13). Defendant Martin complains that the government has not yet "met its burden to prove [the statements'] admissibility under the rules." *Id.* at 5. Despite the comprehensive evidence supplied in discovery, the pending conspiracy charge, and a guilty plea by a co-conspirator, the defendant speculates that the government might be unable to make the appropriate showing, suggesting that the government will try to support its request for admission by relying upon mere "idle chatter"[2] between the members of the conspiracy.[3] *Id.* at 9-12. Citing only his own speculation, the defendant claims he is entitled to a pretrial hearing, as a matter of law. *Id.* at 5.

The defendant's argument fails. If the coconspirator statements exception arises, the government must, of course, prove the *Enright* factors by the close of its case at trial. This

---

[2] Defendant Martin maintains that the defendants' secret, off-camera, group conversations in which they admitted to uses of unlawful force that they subsequently omitted from their official reports were just "idle chatter about past events." Def. Martin's Mot. at 11. The SkyCop camera revealed later, however, that this was not "idle chatter," but instead represented evidence of a brutal and unnecessary assault. Nor were the defendants' private and public statements "consistent" as Martin claims. *Id.* To the contrary, the defendants secretly discussed a brutal beating on-scene and off-camera (e.g., straight haymakers, rocking, eating punches, and believing Nichols might die as a result) only to submit police reports that omitted that information and instead provided accounts that were revealed to be false only when the SkyCop video footage was recovered. What Defendant Martin terms "idle chatter" is what a federal grand jury determined is the basis of a conspiracy charge.

[3] The defendant asserts that statements related to the concealment of *prior* crimes are not statements made in furtherance of a conspiracy and are thus inadmissible under Rule 801(d)(2)(E). *See* (ECF No. 232 at 11). But statements that "prompt a coconspirator to act in a matter that facilitates the carrying out of the conspiracy, or that serve as a necessary part of the conspiracy by concealing or impeding the investigation" are made in furtherance of the conspiracy for purposes of Rule 801(d)(2)(E). *United States v. Martinez*, 430 F.3d 317, 327 (6th Cir. 2005). Moreover, statements made about prior crimes during a conspiracy to obstruct justice (such as the witness-tampering conspiracy charged in the instant case) are clearly statements made in the course of an ongoing conspiracy. The defendant argues that evidence of such statements might, even if relevant to the witness tampering counts, be inadmissible propensity evidence with respect to the charged § 242 offenses. (ECF 232 at 12). The defendant here ignores that the evidence would be evidence of consciousness of guilt, and admissible to prove that the defendants acted willfully, an element of the charges in Counts One and Two. *Cf. United States v. Brown*, 934 F.3d 1278, 1290 (11th Cir. 2019) (explaining that a defendant officer's failure to disclose, in official report, the extent of force used against a victim established consciousness of guilt and willfulness).

necessarily includes showing, by a preponderance of evidence, that any statements it seeks to introduce were made during and in furtherance of a conspiracy. It does not logically follow that a pretrial hearing is required. As explained above, the Sixth Circuit has expressly held that an *Enright* showing need not be made *before* trial begins. The conditional admittance method expressly contemplates that the factors will be proven *during* trial. It is hardly uncommon for a defendant to assert that he does not believe that the government will be able to prove the *Enright* factors. If, as the defendant seems to suggest, the law dictated that a pretrial hearing was required any time a defendant expressed skepticism that that the government would make the appropriate showing, then the "conditional-admittance method" would be a rare exception, and the pretrial hearing required in virtually every case. This patently is *not* the law, as discussed above and as explained by the magistrate judge. (ECF No. 226 at 6). The defendant's argument amounts to little more than a request that this Court ignore the Sixth Circuit's clear preference for conditional admittance in favor of the more burdensome approach preferred by the defendant.

Further, as the government explained in detail in its past filings, *see, e.g.,* (ECF No. 196 at PageID 2437-41), there will be ample proof at trial that the defendants were members of a conspiracy and that their statements during their secret, off-camera, group conversation were made in furtherance of the conspiracy. These statements will be admissible against the defendants both to prove that the defendants conspired to impose a "street tax" to punish Nichols from running from a traffic stop and to prove that the defendants conspired to cover up this criminal offense. The Indictment identified statements made in furtherance of the conspiracy, including in its summary of overt acts supporting a conspiracy charge. Discovery included misleading and inaccurate police reports and additional evidence of a conspiracy, including statements captured on video and admissible under Rule 801(d)(2)(E). A co-defendant has pleaded guilty to a

conspiracy charge. As the magistrate recognized in considering this anticipated proof, there is no need for a pretrial hearing on the admissibility of defendants' statements.

## 2. The defendant's suggestion that a pretrial hearing is required because his lack of familiarity with the statements the government will seek to use ignores both the law and the facts.

The defendant asserts that he has been provided insufficient information about the coconspirator statements that may be introduced into evidence, Def. Memo (ECF No. 232) at 4-5, and in the absence of a pretrial hearing, he will be subject to "trial by ambush." *Id.* at 2 and 4. His argument ignores both controlling case law and, as explained above, the discovery provided in the instant case. As an initial matter, the Sixth Circuit has squarely rejected the suggestion that failure to hold a pretrial *Enright* hearing subjects a criminal defendant to "trial by ambush." *United States v. Robinson*, 390 F.3d 853, 868 (6th Cir. 2004) (Consequently, "no 'trial by ambush' occurred as a result of the district court's reservation of its Rule 801(d)(2)(E) evidentiary rulings until the close of the government's proofs.").

Moreover, the government has disclosed statements it intends to rely upon, even though it is not required to do so under Rule 16. *United States v. Boykins*, 915 F.2d 1573 (6th Cir. 1990) (Table), 1990 WL 143559, *7 ("Rule 16 does not require disclosure of statements of the defendant made to a third party witness or to undercover agents not then known as such to the defendant, and courts have generally denied such requests.") (citing *United States v. Green*, 548 F.2d 1261, 1267 (6th Cir.1977)); *United States v. Ingram*, No. 5:15-CR-78-KKC-REW, 2016 WL 2986261, at *2 (E.D. Ky. May 20, 2016) ("Defendants seek disclosure of any co-conspirator statements the Government intends to offer at trial under the hearsay exception created by Federal Rule of Evidence 801(d)(2)(E). . . . Defendants offer no legal basis for compelling production of such statements in advance of trial.").

As detailed in its previous pleadings, the government, months ago, provided the defendants with "comprehensive evidence" of the statements it intends to introduce at trial. (ECF Nos. 140 at 2, 4, 8-10 and 196 at 2-3, 7-8). In its prior pleadings, the government reviewed in detail evidence previously provided to the defendant. *Id.* The defendant does not dispute that he has been provided the information detailed in the government's pleading but, instead, repeats his conclusory allegations that only a pretrial hearing or detailed proffer will provide him the information he needs to defend against the charges. Defendant Martin's conclusory allegations are insufficient to overturn the magistrate judge's order or to provide any basis to conclude that any defendant will be surprised, much less "ambushed," by the government's evidence.

### 3. Defendant's Claim that Some Statements May Be Admissible Only Under One Rule of Evidence Does Not Militate in Favor of a Pretrial Hearing

As the government explained in its prior pleadings, a pretrial hearing would be particularly "burdensome and uneconomic" in this situation when there are multiple bases for admitting the statements at issue. (ECF No. 140 at 5). As recognized by the magistrate judge (ECF No. 226 at 7), there is no reason for this Court to hold a lengthy evidentiary hearing on whether statements are admissible as statements of coconspirators if the Court could simply admit them under a different rule. In other words, a time-consuming hearing would not only run contrary to the Sixth Circuit's preferred method; it also will be wholly unnecessary.

The defendant admits that the government may introduce his own statements against him. (ECF No. 232 at 5). The defendant also acknowledges, as he must, that his adoptive admissions are admissible. Defendant Martin contends, however, that inculpatory statements made by defendants during what they mistakenly believed was a secret, off-camera, group conversation are somehow not admissible as adoptive admissions under Rule 801(d)(2)(B). Def. Martin's Mot., at 8. He claims that these statements are not adoptive admissions because there was "no cause for

another defendant to assert their innocence" when another defendant admitted to using unlawful force. *Id.* This argument is without merit, both because of the caselaw cited in the government's prior filings, *see, e.g.,* ECF No. 140 at PageID 572-574 and 196 at PageID 2433-34, and because of the facts presented here.

Of course the defendants knew from their training and experience with the Memphis Police Department that their on-scene conversations about "haymakers" and "rocking" implicated them; it's why they removed their body-worn cameras for a secret conversation that they later omitted from their official reports. The defendants knew from their on-scene conversations that members of their group had used unlawful force on Nichols. Defendants also knew that they had aided and abetted each other in the commission of the charged offenses, including as defendants Smith and Bean restrained Nichols while defendant Martin repeatedly struck Nichols in the head. Each of the defendants had been trained that he had a duty to intervene when he saw another officer using unlawful force. Each of the defendants knew from MPD's training and policies that when Martin admitted that he was "throwing straight haymakers" and Smith admitted that he and Bean were "rocking" Nichols, those statements exposed the group of officers to administrative, civil, and criminal liability. The defendants also knew from their on-scene conversations that their use of unlawful force had left Nichols with serious medical needs, and that they were deliberately indifferent to his medical emergency. The defendants never told responding medical personnel about either their use of unlawful force or their conversations in which they had discussed with each other their use of excessive force. Again, MPD policy and training made it clear to the officers that they had a duty to ensure that Nichols received the necessary medical care; accordingly, they knew that their failure to provide truthful information to the responding medical personnel exposed them to civil, criminal, and administrative action. Defendant Martin posits

that during the on-scene conversations there was "no cause for another defendant to assert their innocence," Def. Martin Mot. at 8, but there was every reason for them to do so under MPD policy and training, and under state and federal criminal law. The defendants did not express their innocence during their on-scene, off-camera conversations because they knew that they were not innocent. The statements from these conversations are admissible under Rule 801(d)(2)(B).

Defendant Martin's argument boils down to an assertion that there might be *some* statements that the government might seek to admit against him that were neither made by nor adopted by him. Such statements, he claims, would be admissible only if made by a codefendant during and in furtherance of the conspiracy. Putting aside the fact that there may be a host of other hearsay exceptions that might support introduction of a particular statement, the fact that a statement may be admissible only as the statement of a coconspirator does nothing to advance his argument that he is entitled to a pretrial hearing now. The defendant has pointed to no authority suggesting that the "conditional admittance method" applies only when admission of a statement is supported by multiple hearsay exceptions.

This Court should likewise reject the defendant's suggestion that failure to hold a pretrial hearing will jeopardize his Sixth Amendment rights. The defendant cites caselaw holding that the testimonial statements of one defendant cannot be admitted against another. Admission of coconspirator statements under Rule 801(d)(2)(E) does not, however, infringe upon the Sixth Amendment because such statements are "categorically non-testimonial and also within a firmly rooted exception to the hearsay rule." *United States v. Tragas*, 727 F.3d 610, 615 (6th Cir. 2013).

Defendant Martin's misreading of the caselaw begins with his conflation of the concepts of testimonial and non-testimonial statements. At the outset, he cites *Crawford v. Washington*, 541 U.S. 36 (2004), for the undisputed principle "that the Confrontation Clause demands

*testimonial* statements of witnesses not present for trial are only admissible if the defendant had a prior opportunity to cross-examine the witness."   Def. Martin's Mot. at 5 (emphasis added).   The problem for defendant Martin, however, is that the statements at issue here are *non-testimonial*; as a result, his reliance on caselaw regarding *testimonial* statements is inapposite.

In *Crawford v. Washington,* 541 U.S. 36, 53-54 (2004), the Supreme Court held that the Confrontation Clause bars the "admission of *testimonial* statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination."   *United States v. Johnson*, 581 F.3d 320, 324-25 (6th Cir. 2009) (emphasis added).   In determining whether statements are testimonial, courts ask whether the declarant "intend[ed] to bear testimony against the accused."   *Id.* (citation omitted).   This, in turn, depends on "whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime."   *Id.*   Testimonial statements may include prior sworn testimony or statements given in response to formal police interrogation. *See Crawford*, 541 U.S. at 68.

In *Johnson*, the Sixth Circuit found that, because the defendant did not know that his statements were being recorded and because he did not anticipate them being used in a criminal proceeding, the statements were not testimonial.   *See id.* (citing *United States v. Johnson*, 440 F.3d 832, 843 (6th Cir. 2006) (holding that an unwitting declarant's secretly recorded statements to a close friend were nontestimonial); *see also United States v. Mooneyham,* 473 F.3d 280, 286–87 (6th Cir. 2007) (stating that co-defendant's out-of-court statements to an undercover officer whose status was unknown to the declarant were nontestimonial); *United States v. Watson,* 525 F.3d 583, 589 (7th Cir. 2008) ("[A] statement unwittingly made to a confidential informant and recorded by the government is not 'testimonial' for Confrontation Clause purposes."); *United States v.*

*Hendricks,* 395 F.3d 173, 182 n. 9, 184 (3d Cir. 2005) (same); *United States v. Saget,* 377 F.3d 223, 229 (2d Cir. 2004) (same)); *see also United States v. Ledbetter*, 137 F.Supp.3d 1042, 1059 (S.D. Ohio 2015) (unwitting statements to a confidential informant are non-testimonial) (citing *United States v. Collins*, 700 F.3d 554, 577 (6th Cir. 2015)).

For more than a decade now, the courts have made it clear that the Confrontation Clause has no bearing on non-testimonial out-of-court statements like those presented here, where the declarant was unexpectedly recorded in a conversation. *See, e.g., Johnson*, 581 F.3d at 325-26. Because it is premised on the Confrontation Clause, the *Bruton* rule also does not apply to nontestimonial statements. *Id.* at 326 (determination that a tape-recorded conversation between an FBI informant and a non-testifying co-defendant was non-testimonial obviated any need to consider *Bruton*) (citing *United States v. Pugh,* 273 Fed.Appx. 449, 455 (6th Cir. 2008)) ("[T]he statement at issue ... is nontestimonial in nature, and therefore, does not implicate the Confrontation Clause as analyzed under *Bruton* or otherwise."); *United States v. Vargas,* 570 F.3d 1004, 1009 (8th Cir. 2009) (holding that *Bruton* does not apply to nontestimonial co-defendant statements); *United States v. Pike,* 292 Fed.Appx. 108, 112 (2d Cir. 2008) ("[B]ecause the statement was not testimonial, its admission does not violate either *Crawford* [ ] or *Bruton* [ ]."). As the Sixth Circuit concluded in *Johnson*, the inapplicability of *Bruton* and the Confrontation Clause foreclosed the defendant's argument that the tape-recording of the declarant's statements should have been redacted to eliminate the use of the defendant's name. *Johnson*, 581 F.3d at 326 (citation omitted).

The Sixth Circuit reached the same result in *United States v. Pugh*, where the defendant, Tyreese Pugh, claimed that a non-testifying co-defendant's statement during a private, casual conversation with another person that "we hit a lick" implicated his confrontation rights under

*Bruton*. 273 Fed.Appx. 449, 453-54 (6th Cir. 2008). The Sixth Circuit found that the defendant's argument failed "because the statement at issue – 'we hit a lick' [in a conversation with another person] – is nontestimonial in nature, and therefore, does not implicate the Confrontation Clause as analyzed under *Bruton* or otherwise." *See id.* (citing *Davis v. Washington,* 547 U.S. 813 (2006); *Crawford,* 541 U.S. at 36).

Although *Crawford* did not provide a "comprehensive definition" of what is testimonial, it cited "ex parte testimony at a preliminary hearing" and "[s]tatements taken by police officers in the course of interrogations," as examples of the "core class of 'testimonial' statements." *Id.* (citing *Crawford,* 541 U.S. at 51-52, 124 S.Ct. 1354). Against that backdrop, the Sixth Circuit observed in *Pugh:*

> no one suggests that Walter's statement, 'we hit a lick,' falls into such category. Indeed, no argument can be made that Walter was acting as a witness, i.e., "bearing testimony," against Tyreese when he made the statement to Luster. Luster was not a police officer or government agent seeking to elicit statements to further prosecution. To the contrary, Walter made the statement to Luster during a private, casual conversation in front of Tyreese. No reasonable person in Walter's position would "anticipate his statement being used against [Tyreese] in investigating and prosecuting the crime.

*Id.* at 454 (citing *United States v. Cromer,* 389 F.3d 662, 675 (6th Cir. 2005); *see also United States v. Franklin,* 415 F.3d 537, 545 (6th Cir.2005) (concluding that the statement "we hit a truck" made by the nontestifying codefendant to a close friend a few weeks after an armed truck robbery was admissible even though it inculpated the defendant because the statement did not constitute testimony within the meaning of *Crawford*). "Because the statement at issue is not testimonial in nature, the Confrontation Clause is not implicated, and an analysis under *Bruton* is unnecessary." *Id.* (citations omitted).

The statements at issue here are plainly non-testimonial. They were made after defendant Martin and his co-defendants gathered for what they mistakenly believed was a secret conversation

among co-conspirators. Just as in *Pugh* and *Johnson*, the individuals who made and heard these statements were not law enforcement agents seeking to elicit statements to further prosecution; to the contrary, the defendants made these statements during secret conversations they sought to conceal from law enforcement. At the outset of this conversation, for example, defendant Martin motioned to his co-defendants to warn them that their conversation was being captured on their body-worn cameras. Following this warning by defendant Martin, the officers removed their body-worn cameras, placed them on a police vehicle, and then stepped away from the collection of police body-worn cameras for what they mistakenly believed would be a secret conversation. As further proof that the defendants believed that their on-scene conversations were non-testimonial, the defendants then jointly submitted matching police reports that omitted the incriminating details from their on-scene conversations. It is beyond cavil that these statements by the defendants were non-testimonial, and defendant Martin has not claimed otherwise. As a result, defendant Martin's misplaced reliance on caselaw addressing testimonial statements dooms his appeal of magistrate's order.

### 4. The Defendant Has Not Shown That Any Circumstance Particular to this Trial Justifies Departure from the Sixth Circuit's Preferred Practice

In denying his motion for a pretrial hearing, the magistrate judge concluded that Defendant Martin had shown no special circumstances that might "justify a departure from the conditional-admittance method." Order (ECF No. 226 at 6). The defendant, in his appeal, has put forth no other such factors to support his claim, other than to stress that the trial is "complex" and "high profile." (ECF No. 232 at 2, 4, 5, 14).

The defendant maintains that the case is complex because of the "hearsay issues discussed above [and] the sheer volume of information and people involved in this case." *Id.* As set forth in this filing and the government's previous memoranda, however, the hearsay issues are far less

complex than in many conspiracy cases.   Black letter law, confirmed by precedent, makes clear that defendants' statements will be admissible under Federal Rules 801(d)(2)(A), (B), and (E).

As for the "sheer volume of people and information involved in this case," this case is no more complex than other multi-defendant conspiracy cases tried throughout this country every day.   Indeed, this case is in many ways less complex because, as explained in the government's prior pleadings, the conduct giving rise to Counts One and Two is on video, occurred on a single day, and involved only a handful of police officers.   (ECF No. 196 at 5).   While the government has produced more discovery material than is required under the Federal Rules, it has provided the defense with a road map for the government's case.   The level of complexity presented here does not warrant a pretrial *Enright* hearing.

The defendant's identification of this case as a "high profile" one, meanwhile, provides no basis for a pretrial hearing.   The defendant has cited no authority – nor does the government know of any – holding that application of the hearsay rules turns on the amount of media interest generated by a case.

### III.    Conclusion

For all these reasons, this Court should deny the defendants' appeal and affirm the evidentiary ruling by the magistrate judge.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

DAVID PRITCHARD
ELIZABETH ROGERS
Assistant United States Attorneys
167 N. Main Street, Ste. 800
Memphis, TN 38103

KRISTEN CLARKE

Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

By: <u>s/ Forrest Christian</u>
FORREST CHRISTIAN
Deputy Chief
KATHRYN E. GILBERT
Special Litigation Counsel
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 616-2430
Forrest.Christian@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Forrest Christian, hereby certify that the on the date below, I electronically filed the

foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File

System which sent notification of said filing to defense counsel.


<u>s/Forrest Christian</u>
FORREST CHRISTIAN
April 10, 2024