IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                               No. 2:23-cr-20191-MSN

EMMITT MARTIN, III,
TADARRIUS BEAN,
DEMETRIUS HALEY,
and
JUSTIN SMITH,

    Defendants.

---

## PRETRIAL SCHEDULING ORDER AS TO CERTAIN DEADLINES

On April 4, 2023, the Court held a status conference at which it discussed parties' proposed pretrial deadlines and resolved disputes as to some of those proposals. For the reasons expressed at that conference, the following deadlines were established:

Any reciprocal discovery disclosures by the defendants, other than expert disclosures, shall be completed by **August 9, 2024**. After these discovery deadlines, if additional discoverable materials are obtained by any party, those materials shall be produced to all parties as soon as practicable.

The Government shall disclose any transcripts is intends to use at trial on or before **July 1, 2024**.

Any expert disclosures by defendants required by Federal Rule of Criminal Procedure 16(b)(1)(C) shall be made by defendants on or before **July 1, 2024**. Any motions by any party concerning the admissibility of any expert testimony under *Daubert v. Merrell Dow*

1

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed no later than **July 19, 2024**, responses will be due by **August 5, 2024**, and a *Daubert* evidentiary hearing may be held as ordered by the Court. Counsel for the parties may confer with the Clerk and the Court's chambers on the scheduling of the *Daubert* hearing.

The Government shall respond to any request for notice of its intent to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure **on or before May 1, 2024.** Except as set forth below and as otherwise permitted by the Federal Rules of Criminal Procedure and the U.S. Constitution, any defense motions pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure shall be filed by **June 3, 2024**. Responses to those motions will be due by **June 17, 2024**. Replies to the responses to these motions will be due by **June 24, 2024**. Any Rule 12(b)(3) motions filed after **June 3, 2024** will be considered only for good cause shown. Where a party has requested a hearing on Rule 12(b)(3) motion, and the Court has determined a hearing is required, including an evidentiary hearing, the parties shall confer with each other, the clerk, and the Court's chambers on scheduling.

To enable effective defense preparation, the Government is to provide defendants with a witness list **21 days** prior to trial and an exhibit list **14 days** prior to trial. Any additions to those lists later determined during trial preparation will promptly be disclosed. The Government is to provide any *Jencks* materials, *see* 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2, **21 days** prior to trial, and any further *Jencks* materials later determined during trial preparation will promptly be disclosed. The Government shall also provide any notices under Federal Rule of Evidence 404(b) **21 days** prior to trial.

Motions in limine shall be argued, if the Court determines that a hearing is necessary, prior to the final pretrial conference. Motions in limine shall be filed no later than **30 days** prior to the

pretrial conference, responses to motions in limine **14 days** afterward, and any replies to such responses **7 days** afterward. Where the Court has determined a hearing is required, including an evidentiary hearing, the parties shall confer with each other, the Clerk, and the Court's chambers on scheduling.

No later than **September 4, 2024**, the parties shall make every possible effort in good faith to stipulate to the authenticity of exhibits, as well as all facts or points of law, the truth and existence of which is not contested and the early resolution of which will expedite the trial. In addition, by this date, the parties are encouraged to stipulate to the admissibility of any uncontested exhibits to streamline the presentation at trial.

The parties agree under Federal Rule of Criminal Procedure 17(c) to an early return of trial subpoenas, and the Court authorizes subpoenaed materials to be produced to counsel. All materials received by counsel for a party pursuant to a trial subpoena will be tendered to all other parties within **14 days of receipt or not later than August 26, 2024**, whichever is sooner.

Further, if the case is to be tried to a jury, the parties shall file the following by the close of business on **August 19, 2024**:

1. An agreed set of jury instructions;
2. Alternate versions of jury instructions upon which there is not an agreement with citations to supporting authorities; and
3. An agreed verdict form or alternative versions.

Any plea agreement shall be consummated and submitted to the Court no later than **August 26, 2024**. A change of plea hearing will be set by notice. If there is any plea agreement, the United States shall submit to chambers a summary of the elements of the offense(s) to which a Defendant is pleading guilty and the statutory penalties for each in advance of the plea hearing.

4

A final pretrial conference shall be held **<u>Friday, August 9 at 10:30 a.m.</u>**, at which time the Court will hear argument, if any.  Trial has been set for September 9, 2024 and is estimated to take 10–15 days.

**IT IS SO ORDERED**, this 17th day of April, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE
