IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Criminal No. 2:23-cr-20191-MSN |
| | ) | |
| | ) | |
| **EMMITT MARTIN, III,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

**GOVERNMENT'S MOTION ADDRESSING SEALED FILINGS IN THIS CASE**
_____

The United States hereby provides the Court with its position on the sealing and unsealing of documents in this case. The United States takes no position on whether many of the documents in this case should remain sealed, but for the reasons articulated below, the government does not believe that all sealed filings should be unsealed at this time. Specifically, the government requests that all documents pertaining to the juror questionnaire and to evidence the admissibility of which has not been determined should remain sealed at this time.

Local Rule 8.1 states that it is the policy of this District Court to allow any party to file a document under seal. The Court can subsequently decide precisely how long a sealed filing will remain under seal. The government submits that the following documents are filed under seal: ECF Nos. 130, 211, and 213 filed by defendant Demetrius Haley; ECF Nos. 146, 195, 210, 216, 227, and 250 filed by the government; and ECF Nos. 164, 185, and 204 filed by defendant Justin Smith. ECF Nos. 154, 175, 176, 208, 219, 228, 231, 236, 237, 238, and 239 were filed under seal by defendant Emmitt Martin.

Defendant Haley has notified the Court of his position that documents pertaining to the juror questionnaire and to evidence the admissibility of which hasn't been determined, specifically potential 404(b) evidence, remain sealed.  (ECF No. 253.)  Defendant Martin has requested that the Court unseal everything except for documents relating to the juror questionnaire.  (ECF No. 255.)  The government's position is that all documents relating to the juror questionnaire and evidence the admissibility of which hasn't been determined, such as 404(b) evidence and purported character evidence of the victim, remain sealed, including the following documents and any related notices of joinder:  ECF 130, 146, 175, 176, 195, 208, 210, 211, 213, 216, 219, 227, 228 and 250.

## LAW AND ANALYSIS

As noted above, the parties in this case have filed various documents under seal – including materials relating to, *inter alia*, evidence attributed to the victim that should be found by the Court to be inadmissible, questions and objections related to a juror questionnaire, potential Rule 404(b) evidence, and potential defenses. The government takes no position on the unsealing of many of the motions that Martin has moved to unseal.  However, the documents relating to the juror questionnaire, potential 404(b) evidence, and inadmissible character evidence of the victim should remain under seal until the evidentiary issues discussed therein have been resolved by the Court. Until that time, if the Court wishes to hear argument or discuss the sealed filings with the parties, the government respectfully suggests having those conversations at sidebar or in chambers.[1]  The government is not requesting an evidentiary hearing on any of the issues before the Court, and in

---

[1] While the government is prohibited from consenting to an official closure of the courtroom, this prohibition does not apply to conferences held at the bench or in chambers. *See* 28 C.F.R. § 50.9.

fact, reiterates that a public evidentiary hearing to determine the admissibility of clearly inadmissible evidence would be unnecessary and inappropriate.

Defendant Martin argues that the defendant's right to a public trial necessitates unsealing almost all of the documents filed in this case now. But the potential prejudicial effect for all parties of providing the venire with inadmissible evidence months before trial is a risk greater than the temporary sealing of pretrial filings. In determining whether a particular type of document is included within the First Amendment right of access, and should not remain sealed, courts engage in a two-pronged inquiry in which they ask: (1) whether the document is one which has historically been open to inspection by the press and the public; and (2) "whether public access plays a significant positive role in the functioning of the particular process in question." *Press–Enterprise Co. v. Superior Court,* 106 S.Ct. 2735, 2740 (1986) (*Press–Enterprise II* ). This two-part inquiry is referred to as the test of "experience and logic." *Id.* If the qualified First Amendment right of access is found to apply to the documents under the "experience and logic" test, the district court may then seal the documents only if "closure is essential to preserve higher values and is necessary to serve that interest." *Press–Enterprise Co. v. Superior Court,* 104 S.Ct. 819, 824 (1984) (*Press-Enterprise I*)

In *United States v. McVeigh*, 119 F.3d 806, 814 (10th Cir. 1997), the court assumed without deciding that the First Amendment right of access applied to at least some portions of documents addressing motions to suppress and to sever, and held that the district court properly balanced First Amendment interests against the defendants' right to a fair trial in redacting the motions. With regard to severance in particular, the court found that each defendant had a strong interest in shifting blame to the other, and in showing the court that their defenses were mutually antagonistic. To make such a showing each defendant and his counsel had to discuss candidly his trial strategy

3

and the strengths and weaknesses of his respective case. The court held that granting general access to such documents would create an impossible choice between the need to obtain severance and the need to protect the client's interest in avoiding prejudicial pre-trial publicity. *Id.; see Matter of New York Times Co.,* 828 F.2d 110, 114 (2d Cir.1987) ("The court, in applying the balancing test mandated by the First Amendment, should give added weight to fair trial and privacy interests where requiring disclosure will have a potential chilling effect on future movants.").

Here, as suggested by the United States, keeping certain materials under seal will protect the integrity of this criminal case, so that it can be tried in court with relevant, admissible evidence. Inflammatory accusations involving the victim in this case, such as defendants seek to make public, "risk prejudicing the government's case with the jury pool, even though the allegations may end up playing no role at trial in this case." *United States v. Sittenfeld*, No. 1:20-cr-142, 2021 WL 1438300 (S.D. Ohio Apr. 15, 2021); *In re Globe Newspaper Co.,* 729 F.2d 47, 54 (1st Cir.1984) (stating that there is no constitutional right of access to inadmissible evidence). Accordingly, courts have recognized their "affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity." *Id.* (*quoting Gannett Co. v. DePasquale*, 443 U.S. 368, 378 (1979)). Here, as in *Sittenfeld*, there is also the distinct risk that dissemination of these allegations will prejudicially taint the jury pool by exposing it to information that the Court may later determine is irrelevant or inadmissible at trial.

                         Respectfully submitted,

                         KEVIN G. RITZ
                         United States Attorney

By:   s/Elizabeth Rogers
        ELIZABETH ROGERS
        DAVID PRITCHARD

              Assistant United States Attorneys
              167 N. Main Street, Ste. 800
              Memphis, TN 38103
              901/544-4231


              KRISTEN CLARKE
              Assistant Attorney General
              Civil Rights Division
              U.S. Department of Justice

              FORREST CHRISTIAN
              KATHRYN E. GILBERT
              Trial Attorneys
              Civil Rights Division
              950 Pennsylvania Ave., NW
              Washington, DC 20530
              (202) 616-2430


## CERTIFICATE OF SERVICE

  I, Elizabeth Rogers, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.


              s/Elizabeth Rogers
              ELIZABETH ROGERS
              April 30, 2024