IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | CR. No. 2:23-cr-20191-MSN |
| | ) | |
| EMMITT MARTIN, III | ) | |

**MOTION TO DISMISS COUNT ONE FOR IMPROPERLY ALLEGING WILLFUL FAILURE TO INTERVENE**

**-OR-**

**MOTION TO STRIKE SURPLUSAGE**

The defendant, Emmitt Martin, III, through counsel and pursuant to the Fifth and Sixth Amendments to the United States Constitution; 18 U.S.C. § 242; Federal Rules of Criminal Procedure 7 and 12(b)(3); *Chaney-Snell v. Young*, 98 F.4th 699 (6th Cir. 2024); and *Turner v. Scott*, 119 F.3d 425 (6th Cir. 1997), respectfully moves this Court to dismiss Count 1 of the indictment, which purports to charge a violation of 18 U.S.C. § 242, because the phrase "willfully failed to intervene in the unlawful assault" does not track the language of the statute, *see* 18 U.S.C. § 242; because the Fourth Amendment right to be free from unreasonable seizure does not impose an affirmative duty to prevent unreasonable seizures, *see Chaney-Snell v. Young*, 98 F.4th 699, 721 (6th Cir. 2024) (stating that text of the Fourth Amendment "does not obviously cover the failure to stop such seizures"), and because, even assuming that the failure to intervene can be a proper basis for a conviction for a violation of 18 U.S.C. § 242, Count 1 fails to state an offense because the government failed to allege that the defendants had a duty to act, which is an essential element for liability based on the failure to act, *see, e.g.*, *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997) (liability based on another's use of force must include showing that officer "owed the victim a duty of protection against the use of excessive force"). By including a theory of culpability

based on willful failure to intervene, the government has invited the jury to convict on a legally inadequate basis, not only impermissibly lowering the quantum of proof required for a conviction of 18 U.S.C. § 242 but also violating due process notice requirements. Consequently, this Court should dismiss Count 1 of the indictment or, alternatively, should strike the phrase "and willfully failed to intervene in the unlawful assault" from that count because it contains "nonessential allegations that could prejudicially impress the jurors." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974) (defining standard for striking of surplusage).

In further support thereof, Mr. Martin presents the following:

1. Mr. Martin, along with former Memphis Police Department officers Tadarrius Bean, Demetrius Haley, Desmond Mills, Jr., and Justin Smith, were jointly charged in a four-count indictment with two counts of depriving Mr. Nichols's of his civil rights (Counts 1 and 2) and two counts of witness tampering (Counts 3 and 4) arising from Mr. Nichols's arrest and its aftermath. See (Indictment, Doc. 2, PageIDs 8–14). Counts 1 and 2 are punishable by life imprisonment or death. See (Indictment, ECF 2); (Notice of Penalties, ECF 1.).

2. Count 1 charges that Mr. Martin and his co-defendants "while acting under color of law" and "while aiding and abetting one another" "willfully deprived" Mr. Nichols "of the right . . . to be free from an unreasonable seizure, which includes the right to be free from the use of unreasonable force by a police officer." *See* (Indictment, ECF. 2, Page ID 9.) The indictment specifies that Mr. Martin and his co-defendants "unlawfully assaulted Nichols and *willfully failed to intervene in the unlawful assault*." *See id*. (emphasis added).

3. The proscribing statute, 18 U.S.C. § 242, contemplates an affirmative action as opposed to a mere failure to act: any person who, "under color of any law, statute, ordinance, regulation, or custom, *willfully subjects* any person in any State, Territory, Commonwealth,

Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 18 U.S.C.S. § 242 (emphasis added).

4. Although a police officer may be liable for the failure to prevent the use of excessive force, the "failure-to-intervene theory" of liability is *not* derived from the Fourth Amendment, which "does not obviously cover the failure to stop such seizures." *Chaney-Snell v. Young*, 98 F.4th 699, 721 (6th Cir. 2024) (citing U.S. Const. amend. IV) (discussing origin of "failure-to-intervene theory" of liability in § 1983 action); *but see United States v. Thao*, 76 F.4th 773, 777-78 (8th Cir. 2023) (affirming conviction under 18 U.S.C. § 242 for officer's failure to intervene when government proved that officer knew that his fellow officers' use of force "was unreasonable and (2) he had a duty to intervene in another officer's use of unreasonable force"); *United States v. Broussard*, 882 F.3d 104, 110 (5th Cir. 2018) (stating that "[a] law enforcement officer may be held liable under Section 242 for the substantive offense if the evidence shows awareness of a constitutional violation and no effort to prevent the violation").

5. Because the Fourth Amendment right to be free from unreasonable seizure does not include "the failure to stop such seizures," *Chaney-Snell v. Young*, 98 F.4th 699, 721 (6th Cir. 2024) (citing U.S. Const. amend. IV), the inclusion of language alleging that Mr. Martin and his co-defendants violated 18 U.S.C. § 242 by depriving Mr. Nichols of the Fourth Amendment right to be free from unreasonable seizure by "willfully fail[ing] to intervene in the assault" of Mr. Nichols is a factual allegation that is not only legally irrelevant but also impermissibly lowers the burden of proof necessary for a conviction under Section 242 because it would encourage the jury to convict on a legally inadequate basis.

6. Even if the "failure to intervene theory" of liability derives from a constitutional rather than a statutory source, *Chaney-Snell v. Young*, 98 F.4th 699, 721 (6th Cir. 2024) (theorizing

that "§ 1983's text incorporates this duty to intervene into the statute itself rather than the Constitution" (citing *Manuel v. City of Joliet*, 580 U.S. 357, 370 (2017)), it arises only when the officer "owed the victim a duty of protection against the use of excessive force," *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997). Consequently, to properly plead a violation of 18 U.S.C. 242 based on the failure to intervene, the officer's duty to act is an essential element that must be included in the indictment. Because Count 1 does not allege that Mr. Martin owed a duty to Mr. Nichols, that count is fatally defective and should be dismissed.

7. If the Court concludes that the inclusion of the phrase "willfully failed to intervene in the unlawful assault" does not render the indictment fatally defective, it should strike this language as surplusage because it is irrelevant and highly prejudicial because it invites the jury to convict on a legally inadequate basis. *See* Fed. R. Crim. P. 7(d) ("Upon the defendant's motion, the court may strike surplusage from the indictment or information."); *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974) (stating that Rule 7(d) is "properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors").

Respectfully submitted this 1st day of June, 2024, by:

RITCHIE, DAVIES, JOHNSON, & STOVALL, P.C.

/s/Stephen Ross Johnson
STEPHEN ROSS JOHNSON [TN BPR No. 022140]
CATALINA L.C. GOODWIN [TN BPR No. 038660]
S. RENEE HAMMOND [TN BPR No. 021419]
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
www.rdjs.law
johnson@rdjs.law
goodwin@rdjs.law
rhammond@rdjs.law

THE LAW OFFICE OF MASSEY MCCLUSKY FUCHS & BALLENGER

/s/ William D. Massey
WILLIAM D. MASSEY [BPR No. 9568]
3074 East Road
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on June 1, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Stephen Ross Johnson