IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| **v.** | ) | CR. No. 2:23-cr-20191-MSN |
| | ) | |
| **EMMITT MARTIN, III** | ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT ONE FOR IMPROPERLY ALLEGING WILLFUL FAILURE TO INTERVENE OR MOTION TO STRIKE SURPLUSAGE

The defendant, Emmitt Martin, III, through counsel and pursuant to the Fifth and Sixth Amendments to the United States Constitution; 18 U.S.C. § 242; Federal Rules of Criminal Procedure 7 and 12(b)(3); *In re Winship*, 397 U.S. 358 (1970); *Hamling v. United States*, 418 U.S. 87 (1974); *Chaney-Snell v. Young*, 98 F.4th 699 (6th Cir. 2024); and *Turner v. Scott*, 119 F.3d 425 (6th Cir. 1997), has moved this Court to dismiss Count 1 of the indictment, which purports to charge a violation of 18 U.S.C. § 242. First, the phrase "willfully failed to intervene in the unlawful assault" does not track the language of the statute, *see* 18 U.S.C. § 242, which requires that the government prove that the defendants "willfully subject[ed]" Mr. Nichols to a deprivation of his constitutional rights. *See* 18 U.S.C. § 242. Second, because the Fourth Amendment right to be free from unreasonable seizure does not automatically impose an affirmative duty to prevent unreasonable seizures, this language impermissibly lowers the burden of proof by inviting the jury to convict on a legally inadequate basis. *See Chaney-Snell v. Young*, 98 F.4th 699, 721 (6th Cir. 2024) (stating that text of the Fourth Amendment "does not obviously cover the failure to stop such seizures"). Finally, even assuming that the failure to intervene can be a proper basis for a conviction for a violation of 18 U.S.C. § 242, Count 1 fails to state an offense because the government failed to allege that the defendants owed Mr. Nichols a duty to intervene in any alleged

assault, which is an essential element for liability based on the failure to act. *See, e.g.*, *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997) (liability based on another's use of force must include showing that officer "owed the victim a duty of protection against the use of excessive force"). By including a theory of culpability based on willful failure to intervene, the government has invited the jury to convict on a legally inadequate basis, not only impermissibly lowering the burden of proof required for a conviction of 18 U.S.C. § 242 but also violating due process notice requirements. Consequently, this Court should dismiss Count 1 of the indictment or, alternatively, should strike the phrase "and willfully failed to intervene in the unlawful assault" from that count because it contains "nonessential allegations that could prejudicially impress the jurors." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974) (defining standard for striking of surplusage).

I. **THE PHRASE "WILLFULLY FAILED TO INTERVENE IN THE UNLAWFUL ASSAULT" DOES NOT TRACK THE LANGUAGE OF 18 U.S.C. § 242.**

To be sufficient, the indictment must "set forth the offense in the words of the statute itself," and "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offen[s]e" that "com[es] under the general description[] with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117-18 (1974) (citations and internal quotation marks omitted). Thus, although the indictment must include a statement of facts and circumstances that is sufficient to place the accused on notice of the offense charged, that statement of facts and circumstances must fall within the definition of the offense provided by the statute itself. To be sure, the statement of facts and circumstances may not enlarge the elements of the offense beyond those provided in the statute. *See, e.g.*, *United States v. Combs*, 369 F.3d 925, 934 (6th Cir. 2004) (dismissing indictment "intermixing elements of the two" offenses prohibited by 18 U.S.C. 924(c) "for failure to charge an offense").

As is applicable in this case, the proscribing statute, 18 U.S.C. § 242, provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, *willfully subjects* any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, . . . shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section . . . shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section . . . shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C.S. § 242 (emphasis added). Section 242 thus makes it criminal to (1) willfully and (2) under color of law (3) deprive a person of rights protected by the Constitution or laws of the United States. *See United States v. Lanier*, 520 U.S. 259, 264 (1997) (discussing elements of offense in context of vagueness challenge); *see also United States v. Screws*, 325 U.S. 91, 107-08 (1945) (same). By using the active language "willfully subjects," the plain language of the statute thus contemplates an affirmative action on the part of the defendant to support a conviction. *Cf. Chaney-Snell v. Young*, 98 F.4th 699, 721 (6th Cir. 2024) (stating that "[s]ection 1983 generally prohibits a plaintiff from holding one officer liable for another's actions" citing *Pineda v. Hamilton County*, 977 F.3d 483, 490 (6th Cir. 2020)).

Here, Count 1 of the indictment charges that the defendants:

> while acting under color of law as detectives with the Memphis Police Department and while aiding and abetting one another, willfully deprived Tyre Nichols of the right, secured and protected by the Constitution and laws of the United States, to be free from an unreasonable seizure, which includes the right to be free from the use of unreasonable force by a police officer. Specifically, defendants . . . unlawfully assaulted Nichols and *willfully failed to intervene in the unlawful assault*."

*See* Indictment (ECF 2, PageID 9.) The inclusion of the phrase "willfully failed to intervene in the unlawful assault," enlarges the elements of Section 242 beyond those stated in the plain language

of the statute such that Count 1, with the inclusion of this language, fails to state an offense. Accordingly, this Court should dismiss Count 1 for failure to charge an offense.

II. **THE DEFENDANTS HAVE BEEN CHARGED WITH DEPRIVING MR. NICHOLS OF HIS FOURTH AMENDMENT RIGHTS, BUT LIABILITY FOR FAILURE TO PREVENT THE USE OF EXCESSIVE FORCE IS *NOT* DERIVED FROM THE FOURTH AMENDMENT.**

The right to be free from unreasonable seizure, and by extension the right to be free from the use of unreasonable force to effectuate that seizure, derives from the Fourth Amendment. *See generally Chaney-Snell v. Young*, 98 F.4th 699, 715 (6th Cir. 2024) (discussing Fourth Amendment right to be free from unreasonable seizure effectuated by unreasonable force in § 1983 qualified immunity case). Courts have held officers may be liable in an action under Section 1983 for the failure to intervene when a fellow officer violates the constitutional rights of a suspect. *See Chaney-Snell v. Young*, 98 F.4th 699, 721 (6th Cir. 2024) (stating that "an officer who fails to intervene to prevent another officer's excessive force can face liability for that force under § 1983" (citations omitted)); *see also, e.g. Wilkerson v. Seymour*, 736 F.3d 974, 979 (11th Cir. 2013) (holding that "non-arresting officer could be liable under § 1983 if he was sufficiently involved in the arrest" unsupported by probable cause); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (same); *Jennings v. Davis*, 476 F.2d 1271, 1275 n.3 (8th Cir. 1973) (same). Additionally, courts in other jurisdictions have held that "[a] law enforcement officer may be held liable under Section 242 for the substantive offense if the evidence shows awareness of a constitutional violation and no effort to prevent the violation." *United States v. Broussard*, 882 F.3d 104, 110 (5th Cir. 2018); *see also United States v. Thao*, 76 F.4th 773, 777-78 (8th Cir. 2023) (affirming conviction under 18 U.S.C. § 242 for officer's failure to intervene where government proved that officer "knew from his training that" his fellow officer's use of force "was unreasonable and (2) he had a duty to intervene in another officer's use of unreasonable force"); *United States v. Koon*, 34 F.3d 1416,

1446-47 n.25 (9th Cir. 1994), *rev'd in part on other grounds by Koon v. United States*, 518 U.S. 81, 114 (1996), (stating that "police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen").

Importantly, however, "our cases leave the source of this failure-to-intervene theory unclear." *Chaney-Snell v. Young*, 98 F.4th 699, 721 (6th Cir. 2024). In rejecting the Fourth Amendment as the source of the "failure-to-intervene theory," the Sixth Circuit Court has opined, "The Fourth Amendment protects only against 'unreasonable' 'seizures'; *its text does not obviously cover the failure to stop such seizures*." *Chaney-Snell v. Young*, 98 F.4th 699, 721 (6th Cir. 2024) (citing U.S. Const. amend. IV) (discussing origin of "failure-to-intervene theory" of liability in § 1983 action). Because the Fourth Amendment right to be free from unreasonable seizure does not include "the failure to stop such seizures," *Chaney-Snell v. Young*, 98 F.4th 699, 721 (6th Cir. 2024) (citing U.S. Const. amend. IV), Mr. Martin could not have "willfully subjected" Mr. Nichols to a deprivation of his Fourth Amendment right to be free from unreasonable seizure by "willfully fail[ing] to intervene" in the actions of the other defendants. Consequently, the inclusion of the "failure-to-intervene theory" in Count 1 introduces a legally irrelevant and inapplicable theory of culpability. By inviting the jury to convict Mr. Martin not for his own actions but for his failure to prevent the actions of others, this language has the effect of impermissibly lowering the quantum of proof necessary for a conviction under Section 242 by encouraging the jury to convict on a legally inadequate basis. *See In re Winship*, 397 U.S. 358, 364 (1970) (holding "that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged").

### III.   COUNT 1 IS FATALLY DEFECTIVE BECAUSE THE GOVERNMENT FAILED TO ALLEGE THE ESSENTIAL ELEMENT THAT MR. MARTIN HAD A DUTY TO INTERVENE.

In *Chaney-Snell*, the Sixth Circuit explained that the origin of the "failure-to-intervene" theory of liability was "unclear." *Chaney-Snell v. Young*, 98 F.4th 699, 721 (6th Cir. 2024). After suggesting the Fourth and Fourteenth Amendments as the possible constitutional sources, the Court rejected the Fourth Amendment because "its text does not obviously cover the failure to stop such seizures." *Chaney-Snell v. Young*, 98 F.4th 699, 721 (6th Cir. 2024) (citing U.S. Const. amend. IV). The court then theorized that that the theory might derive from the Fourteenth Amendment duty of a police officer to "enforce the laws equally and fairly" or "to protect private parties from so-called 'state-created dangers.'" *Chaney-Snell v. Young*, 98 F.4th 699, 721 (6th Cir. 2024) (quoting *Smith v. Ross*, 482 F.2d 33, 36 (6th Cir. 1973) and *Doe v. Jackson Loc. Sch. Dist. Bd. of Educ.*, 954 F.3d 925, 931-32 (6th Cir. 2020)). The court suggested that "perhaps § 1983's text incorporates this duty to intervene into the statute itself rather than the Constitution." *Chaney-Snell v. Young*, 98 F.4th 699, 721 (6th Cir. 2024) (citing *Manuel v. City of Joliet*, 580 U.S. 357, 370 (2017)). Ultimately, the court concluded that, regardless of the genesis of the "failure-to-intervene" theory of liability, "we have long followed a two-part test to hold officers liable for failing to stop excessive force." *Chaney-Snell v. Young*, 98 F.4th 699, 722 (6th Cir. 2024) (citing *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)).

In *Turner*, another Section 1983 action, the Court stated that, to hold one officer "liable for the use of excessive force" by another officer, there must be a showing "that he (1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) *owed the victim a duty of protection against the use of excessive force*." *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997) (citations omitted). Similarly, *United States v. Thao*, the Eighth Circuit Court of Appeals held that, before a police officer could be convicted of a violation of 18

U.S.C. § 242 for failing to intervene in his fellow officers' use of excessive force, the government must prove that "had a duty to intervene in another officer's use of unreasonable force." *United States v. Thao*, 76 F.4th 773, 777-78 (8th Cir. 2023) ("To prove Thao acted willfully, the Government produced evidence that Thao knew from his training that (1) Chauvin's use of force on Floyd was unreasonable and (2) he had a duty to intervene in another officer's use of unreasonable force."). In *United States v. Broussard*, the Fifth Circuit Court of Appeals, citing *United States v. McKenzie*, 768 F.2d 602, 605-06 (5th Cir. 1985), stated generally that "[a] law enforcement officer may be held liable under Section 242 for the substantive offense if the evidence shows awareness of a constitutional violation and no effort to prevent the violation." *United States v. Broussard*, 882 F.3d 104, 110 (5th Cir. 2018). Notably, Broussard's liability was not at issue because he pleaded guilty to a count charging him with willfully depriving the victim of the right to be free from excessive force for his failure to intervene when an officer whom he outranked "used a baton to beat a handcuffed and compliant inmate in the chapel of the Iberia Parish Jail." *United States v. Broussard*, 882 F.3d 104, 107 (5th Cir. 2018). In *McKenzie*, cited for *Broussard's* general proposition, the Fifth Circuit found that McKenzie, who "commanded the investigation" into the murder of a fellow officer, was liable for failing to intervene to stop the beating inflicted by his subordinates on the victim, Robert Davis, during an interrogation. *United States v. McKenzie*, 768 F.2d 602, 605 (5th Cir. 1985). In *United States v. Reese*, the Ninth Circuit found that "a police sergeant who stands by and watches while officers under his command use excessive force and refuses to order them to stop may thereby 'subject the victim to the loss of his or her right to be kept free from harm while in official custody or detention." *United States v. Reese*, 2 F.3d 870, 890 (9th Cir. 1993)

These cases demonstrate that a duty to act, typically arising from a supervisory authority over subordinates, is an essential element of a criminal civil rights violation predicated on a failure to intervene. *Cf. United States v. Reese*, 2 F.3d 870, 888 (9th Cir. 1993) (stating that "an individual constitutional right to protection may arise under certain narrowly defined circumstances, that is, when the state assumes a 'special relationship' with a particular person by taking him into its custody, or when the state affirmatively creates the danger to which a person is exposed" (citations omitted)). Consequently, to properly plead a violation of 18 U.S.C. 242 based on the failure to intervene, the officer's duty to act is an essential element that must be included in the indictment. Because Count 1 does not allege that Mr. Martin owed a duty to Mr. Nichols, that count is fatally defective and should be dismissed. *See Russell v. United States*, 369 U.S. 749, 765 (1962) (stating that to satisfy constitutional due process notice, an indictment must "set forth all the elements necessary to" constitute the charged offense).

IV. **AT A MINIMUM, THIS COURT SHOULD STRIKE THE PHRASE "WILLFULLY FAILED TO INTERVENE IN THE UNLAWFUL ASSAULT" FROM COUNT 1 BECAUSE IT IS LEGALLY IRRELEVANT AND HIGHLY PREJUDICIAL.**

Rule 7(d) of the Federal Rules of Criminal Procedure permits the trial court to strike from an indictment "nonessential allegations that could prejudicially impress the jurors. *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974); *see also* Fed. R. Crim. P. 7(d ("Upon the defendant's motion, the court may strike surplusage from the indictment or information."). The trial court should grant a motion to strike surplusage when "it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Petway*, No. 1:19-cr-10041-JDB-1, 2019 U.S. Dist. LEXIS 108332, at *6-7 (W.D. Tenn. June 28, 2019) (Breen, J.) (citing *United States v. Montgomery*, 10 F. Supp. 3d 801, 816 (W.D. Tenn. 2014)).

As explained more fully above, the phrase "willfully failed to intervene" does not track the language of the proscriptive statute and the "failure-to-intervene" does not derive from the Fourth Amendment, making the inclusion of this phrase in Count 1 legally irrelevant to the charged offense. Because this phrase, particularly in the absence of an allegation that Mr. Martin owed Mr. Nichols a duty of protection, would allow the jury to convict Mr. Martin on a legally inadequate basis, its inclusion in Count 1 is highly prejudicial.

Respectfully submitted this 1st day of June, 2024.

RITCHIE, DAVIES, JOHNSON, & STOVALL, P.C.

/s/Stephen Ross Johnson
STEPHEN ROSS JOHNSON [TN BPR No. 022140]
CATALINA L.C. GOODWIN [TN BPR No. 038660]
S. RENEE HAMMOND [TN BPR No. 021419]
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
www.rdjs.law
johnson@rdjs.law
goodwin@rdjs.law
rhammond@rdjs.law

THE LAW OFFICE OF MASSEY MCCLUSKY FUCHS & BALLENGER

/s/ William D. Massey
WILLIAM D. MASSEY [BPR No. 9568]
3074 East Road
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com

## CERTIFICATE OF SERVICE

I certify that on June 1, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Stephen Ross Johnson