IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | )     CR. No. 2:23-cr-20191-MSN |
| | ) |
| EMMITT MARTIN, III | ) |

**MOTION TO DISMISS COUNT ONE BASED ON VAGUENESS
DUE TO IMPROPER ALLEGATION OF FAILURE TO ACT**

The defendant, Emmitt Martin, III, through counsel and pursuant to the Fifth and Sixth Amendments to the United States Constitution; 18 U.S.C. § 242; Federal Rules of Criminal Procedure 7 and 12(b)(3); *Chaney-Snell v. Young*, 98 F.4th 699 (6th Cir. 2024); and *Turner v. Scott*, 119 F.3d 425 (6th Cir. 1997), respectfully moves this Court to dismiss Count One of the indictment because it improperly alleges that he "willfully failed to intervene in the unlawful assault" or, alternatively, to strike the phrase "and willfully failed to intervene in the unlawful assault" from that count. Given that the charging statute, 18 U.S.C. § 242, is vague overall because it relies entirely on grafting case law into the statute for its elements, further grafting into the statute a theory of vicarious liability that does not appear in the text and whose origin and applicability to a criminal civil rights violation is uncertain results in a Count that is vague both on its face and as applied. Count 1 fails to state an offense, fails to satisfy due process notice requirements, and should be dismissed. *See also* (Motion to Dismiss Count One for Improperly Alleging Willful Failure to Intervene or Motion to Strike Surplusage, ECF No. 289, PageIDs 3652–3656); (Memorandum in Support, ECF No. 290, PageIDs 3657–3665); (Motion to Dismiss Counts 1 and 2 for Vagueness and Insufficiency, ECF No. 167, PageIDs 2305–2312); (Memorandum in Support, ECF No. 168, PageIDs 2313–2332.)

In further support thereof, Mr. Martin presents the following:

1.        Vague laws "undermine the Constitution's separation of powers and the democratic self-governance it aims to protect." *United States v. Davis*, 588 U.S. 445, 139 S. Ct. 2319, 2325 (2019) (citation omitted). If a statute is vague, it cannot form the basis for a criminal conviction because "a vague law is no law at all. *United States v. Davis*, 588 U.S. 445, 139 S. Ct. 2319, 2323 (2019); *see Bouie v. Columbia*, 378 U.S. 347, 351 (1964) ("The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.").

2.        Mr. Martin maintains that Section 242 is unconstitutionally vague both on its face and as applied in this case because not describe with definiteness the conduct proscribed but instead resorts to the incorporation by reference of constitutional guarantees that do not, themselves, describe forbidden conduct with constitutionally sufficient particularity and that invite arbitrary and discriminatory application. *See* (Motion to Dismiss Counts 1 and 2 for Vagueness and Insufficiency, ECF No. 167, PageIDs 2305–2312); (Memorandum in Support, ECF No. 168, PageIDs 2313–2332); *see also United States v. Lanier*, 520 U.S. 259, 265 (1997). The inclusion of the "failure-to-intervene" theory of liability only exacerbates the issue.

3.        As Mr. Martin previously pointed out, the text of Section 242 does not explicitly provide for criminal culpability based upon the failure to act, and the case law on whether criminal as opposed to civil liability may be imposed on the basis of a failure to intervene is less than clear. *See* (Motion to Dismiss Count One for Improperly Alleging Willful Failure to Intervene or Motion to Strike Surplusage, ECF No. 289, PageIDs 3652–3656); (Memorandum in Support, ECF No. 290, PageIDs 3657–3665.) Most cases on imposing vicarious liability based on the failure to intervene involve civil actions pursuant to 42 U.S.C. § 1983. *See, e.g.*, *Chaney-Snell v. Young*, 98 F.4th 699, 721 (6th Cir. 2024) (discussing, in § 1983 action, the origin of the failure-to-intervene

theory of liability); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997) (finding liability in § 1983 action based on failure to intervene when officer owed victim a duty of protection against excessive use of force). This makes sense given that, "§ 1983, unlike its criminal counterpart, 18 U.S.C. § 242, contains no state-of-mind requirement independent of that necessary to state a violation of the underlying constitutional right." *Daniels v. Williams*, 474 U.S. 327, 329–30 (1986) (stating that a showing of civil rights violation requires more than "mere lack of due care"). The lack of an independent mens rea requirement in Section 1983 arguably leaves open the possibility that one could be held liable for a failure to act when Section 242's requirement that the defendant act willfully and with specific intent does not. *See Monroe v. Pape*, 365 U.S. 167, 187 (1961), *abrogated on other grounds by Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 (1978) (stating that liability under the precursor statute to § 1983 did not require a showing on specific intent because that section "provides a civil remedy" and should thus "be read against the background of tort liability that makes a man responsible for the natural consequences of his actions").

4.  Moreover, although some cases have permitted convictions for a violation of Section 242 based on the "failure-to-intervene" theory of liability, those cases do not make clear that this theory is derived from the Fourth Amendment. *See generally Chaney-Snell v. Young*, 98 F.4th 699 (6th Cir. 2024). Indeed, most of the cases discussing liability under Section 242 based on the failure to act are cases involving inmates that fall within the Eighth Amendment protection against cruel and unusual punishment. *See, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (stating that Eighth Amendment affirmatively "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to

guarantee the safety of the inmates" who have been "stripped . . . of virtually every means of self-protection" and denied "access to outside aid").

5. These cases exemplify the primary vagueness attendant to 18 U.S.C. 242, that is, that it is difficult for a person of ordinary intelligence to discern what conduct will lead to criminal liability. Grafting the failure-to-intervene onto an already vague statute makes it impossible. "A statute that is unconstitutionally vague cannot be saved by a more precise indictment, nor by judicial construction that writes in specific criteria that its text does not contain." *Skilling v. United States*, 561 U.S. 358, 415–16 (2010) (Scalia, J., concurring; joined by Thomas and Kennedy, JJ.) (citing *Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939); *United States v. Reese*, 92 U.S. 214, 219–21 (1876)). Conversely, an indictment charging a violation of a vague statute that includes imprecise language that does not track the language of the statute itself results in an insufficient indictment.

6. For the foregoing reasons, as well as those stated in Mr. Martin's Motion and Memorandum to Dismiss Counts 1 and 2 for Vagueness and Insufficiency and his Motion and Memorandum to Dismiss Count One for Improperly Alleging Willful Failure to Intervene or to Strike Surplusage, which are specifically incorporated herein, this Court should dismiss Count 1 for vagueness and insufficiency or, should the Court conclude that the inclusion of the phrase "willfully failed to intervene in the unlawful assault" does not render the indictment fatally defective, it should strike this language as surplusage.

Respectfully submitted this 3rd day of June, 2024, by:

RITCHIE, DAVIES, JOHNSON, & STOVALL, P.C.

/s/Stephen Ross Johnson
STEPHEN ROSS JOHNSON [TN BPR No. 022140]
CATALINA L.C. GOODWIN [TN BPR No. 038660]
S. RENEE HAMMOND [TN BPR No. 021419]
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
www.rdjs.law
johnson@rdjs.law
goodwin@rdjs.law
rhammond@rdjs.law


THE LAW OFFICE OF MASSEY MCCLUSKY FUCHS & BALLENGER

/s/ William D. Massey
WILLIAM D. MASSEY [BPR No. 9568]
3074 East Road
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com


## CERTIFICATE OF SERVICE

I certify that on June 3, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Stephen Ross Johnson