# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

v.                                                                                    Case 2:23-cr-20191-MSN

**EMMITT MARTIN, III,**
**TADARRIUS BEAN,**
**DEMETRIUS HALEY, and**
**JUSTIN SMITH,**

                **Defendants.**

## ORDER DENYING MOTION IN LIMINE TO RESTRICT
## LAY OPINION TESTIMONY REGARDING USE OF FORCE

Before the Court is Defendant Demetrius Haley's Motion in Limine to Restrict Lay Opinion Testimony Regarding Use of Force ("Motion in Limine") (Docket Entry ("D.E.") # 158), which has been joined by Defendants Justin Smith (D.E. #161) and Tadarrius Bean (D.E. #180). The instant motion has been referred to the United States Magistrate Judge. (D.E. #248). For the reasons set forth herein, the Motion in Limine is hereby DENIED.

### I.     Background

On September 12, 2023, Defendants Haley, Bean, and Smith, who were detectives with the Memphis Police Department ("MPD"), were indicted along with two other MPD detectives on the MPD SCORPION team in relation to a traffic stop that resulted in the death of Tyre Nichols ("Nichols"). (*See* D.E. #1, #2). All five defendants were charged with committing the following offenses on or about January 7, 2023 under color of law and while aiding and abetting

one another:

- Count One: Deprivation of rights by the use of excessive force upon Nichols and by failure to intervene in the unlawful assault of him in violation of Title 18, United States Code, Sections 242 and 2.

- Count Two: Deprivation of rights under color of law by deliberate indifference to Nichols' serious medical needs in violation of Title 18, United States Code, Sections 242 and 2.

- Count Four: Obstruction of justice by witness tampering in violation of Title 18, United States Code, Section 1512(b)(3).

All five defendants were also charged with entering into the following conspiracy on or about January 7, 2023:

- Count Three: Conspiracy to commit witness tampering in violation of Title 18, United States Code, Section 1512(k).

Defendant Desmond Mills, Jr. has since pled guilty to Counts One and Three of the Indictment. (*See* D.E. #90, #91, #92). The remaining defendants are being tried jointly.

On February 7, 2024, Defendant Haley filed the instant Motion in Limine, which Defendants Bean and Smith have joined. This motion pertains to the United States' Notice of Intent to Offer Hybrid or Expert Witness Testimony Regarding Use of Force Issues ("Notice") (D.E. #142), in which the Government states that it intends to five witnesses "to offer hybrid or expert testimony regarding use of force issues."[1] This motion does not challenge whether these individuals may be able to testify as expert witnesses[2]; instead, it relies upon *United States v.*

---

[1] The Government's Notice and Response identifies these five potential witnesses as Juan Gonzalez, Lance Wright, Kevin Barnett, Zavid Saleem, and Tracey Branch and explains that these individuals were use-of-force trainers who personally trained Defendants and former Defendant Mills at the 123rd, 125th, and 133rd Sessions of the Memphis Police Academy. (*See* D.E. #142 at PageID 592, PageID 600-607; D.E. #214 at PageID 2625, n.2).

[2] Defendant Haley has raised challenges to these individuals' testimony as expert witnesses in a separate

2

*Perkins*, 470 F.3d 150 (4th Cir. 2006), to argue that witnesses who were not on the scene of the incident giving rise to the charges in this case may not provide lay opinion testimony regarding the use of force.

On March 4, 2024, the Government filed its Response to the Motion in Limine. (D.E. #214). The Government argues that courts routinely admit testimony from a defendant's police trainers in police misconduct cases under 18 U.S.C. §242 as evidence of willfullness, which is an element of the offenses charged in Counts One and Two of the Indictment. Specifically, the Government asserts that these witnesses personally trained Defendants and may provide lay testimony on the following: (1) the policies, practices, and/or procedures in effect at the time of the incident; (2) whether Defendants were trained to follow particular policies, practices, and/or procedures and/or employ particular techniques; and, (3) whether Defendants were evaluated on their skills regarding the use of force, handcuffing techniques, defensive tactics, the duty to intervene, the duty to provide medical care, and the proper reporting of use of force. Additionally, the Government argues that police trainers are permitted to review video evidence of the charged conduct and to testify about whether the videos show the defendants applying the policies, practices, procedures, and techniques that they were taught. Finally, the Government argues that Defendants' reliance upon *Perkins* is misplaced and that the Sixth Circuit has approved of lay opinion testimony from use-of-force trainers in excessive force cases.

---

motion, (*See* D.E. #160), which Defendants Smith and Bean have also joined (D.E. #162, #181). This motion has not been referred to the United States Magistrate Judge.

3

**II.     Analysis**

Rule 701 of the Federal Rules of Evidence states that witnesses may provide lay opinion testimony only if it is rationally based on the witness's perception, helpful to understanding the witness's testimony or to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Section 242 prohibits the willful deprivation of rights under color of law.  18 U.S.C. § 242.  In a Section 242, the "two most pressing questions" for the trier-of-fact are whether the defendants used force unreasonably and, if so, whether they did so willfully.  *United States v. Proano*, 912 F.3d 431, 438 (7th Cir. 2019).  A defendant acts willfully if he acted, or failed to act, voluntarily and intentionally while knowing or recklessly disregarding the possibility that his actions were unlawful.  *United States v. Corder*, 724 Fed. App'x 394, 403 (6th Cir. 2018).

Evidence of an officer's training can help inform his state of mind.  *Proano*, 912 F.3d at 439 (citing cases upholding the admission of training and policy evidence to show willfullness).  For example, if an officer has been trained to do certain things when confronted with tense situations and does so, the fact that he acted in accordance with his training may make it less likely that he acted willfully.  *Id*.  On the contrary, if an officer has been trained that officers should not do certain things when confronted with tense situations yet they do so anyway, this may make it more likely that they acted willfully and either knew or recklessly disregarded the possibility that their actions were leading to the deprivation of an individual's constitutional rights.  *Id*.; *see also United States v. Bryant*, 528 F. Supp. 3d 814, 816 (M.D. Tenn. 2021) (concluding that, "without question," evidence of an officer's training and the policies in effect at the time of his actions may help demonstrate willfullness).

The Government's proposed witnesses, who personally trained Defendants on the use of force, are being offered to testify as to their personal knowledge of the policies, practices, and procedures that were in effect at the time of the incident and their personal knowledge of how they themselves trained Defendants to approach situations involving the use of force and other matters. As discussed, *supra*, such testimony is pertinent to the question of whether Defendants willfully employed excessive force. Thus, the Court concludes that the Rule 702 permits the Government's proposed use-of-force witnesses and any other subsequently designated witnesses with personal knowledge of these topics to provide lay opinion testimony on these issues.

Beyond this question, the parties dispute whether these proposed witnesses may additionally testify about any opinions they formed after watching video recordings of the incident. This includes, but is not limited to, whether the actions and inactions they witnessed on the video recordings comply with MPD policies, practices, and procedures and whether the actions and inactions they witnessed on the video recordings are consistent with the training that they personally provided Defendants. These opinions are not being offered as "ultimate question" testimony on whether the extent of force was necessary under the particular circumstance; instead, they are based on whether these Defendants' actions and inactions were consistent with the policies, practices, procedures, and techniques taught to them. These opinions draw from the same personal knowledge discussed above – namely, what policies, practices, and procedures were

5

in place at the time of the incident and what techniques were taught to Defendants. Thus, the Court finds that Rule 702 permits lay opinion testimony on these questions. [3] [4]

As to whether these proposed witnesses may watch video recordings and provide lay opinions as to whether the force used was in fact excessive, the Government has repeatedly conceded that this is inappropriate and that this is the ultimate question for the jury. Thus, the Court need not consider that issue.

### III.     Conclusion

For the reasons set forth herein, Defendants' Motion in Limine is hereby DENIED.

**IT IS SO ORDERED** this 4th day of June, 2024.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

---

[3] The Government's Notice also states that these proposed witnesses may testify based upon their review of Defendants' use-of-force reports and Defendants' statements. (*See* D.E. #142 at PageID 598). Although not specifically discussed in Defendant's motion, the reasoning set forth above with respect to lay opinions formed after viewing video recordings would also apply to lay opinions formed after reading Defendants' own prepared reports and statements about their actions or inactions. Thus, the Government's proposed use-of-force witnesses may provide lay opinion testimony as to whether the actions or inactions described in Defendant's reports and statements were consistent with how they personally trained them to perform their duties as law enforcement officers.

[4] *Perkins* does not necessitate a different conclusion, as it did not create a bright-line rule that officers who did not personally witness the incident giving rise to Section 242 charges could not testify for any reason under Rule 702. Instead, it concluded that two officers, one of whom was a use-of-force trainer, could not provide lay testimony in response to "hypothetical questions based on second-hand accounts." Here, the Government has clearly stated that it does not seek to elicit lay testimony through hypothetical questioning but, instead, seeks to ask these proposed witnesses questions regarding the training that they provided to officers regarding policies, procedures, practices, and proper techniques.