**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 2:23-cr-20191-MSN** |
| | ) | |
| | ) | |
| **EMMITT MARTIN, III, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**UNITED STATES' MOTION IN LIMINE TO PRECLUDE REFERENCE TO POSSIBLE PUNISHMENT OF DEFENDANTS OR COOPERATING WITNESSES**

The United States hereby moves the Court to preclude the defendants and their counsel from mentioning, eliciting from any witness, attempting to elicit from any witness, or arguing at trial information relating to the possible punishment of any defendant or cooperating witness in the presence of the jury, without first obtaining permission from the Court. This evidence should be barred pursuant to Federal Rule of Evidence 401 and 402 and applicable case law as discussed below on the basis that the penalties associated with the charges in the indictment are irrelevant to the considerations of the jury.

**Argument**

A jury is explicitly prohibited from considering possible punishment in determining whether the defendants are guilty. *See* Sixth Circuit Pattern Instructions § 8.05(2); *United States v. Cloud*, 2022 WL 3006840, at *3 (E.D. Ky. July 28, 2022). References to possible punishment would be an impermissible appeal to the jury's sympathy and would be irrelevant. "The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the

crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Shannon v. United States*, 512 U.S. 573, 579 (1994). "Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.* Therefore, any evidence, allegation, question or argument regarding possible punishment would be completely irrelevant to the current case.

Further, defendants should be prohibited on cross examination from asking cooperating witnesses about the possible penalties they are facing. The right to effective cross examination, while significant, has limits, and a trial judge retains "wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986); *see also Stevens v. Bordenkircher,* 746 F.2d 342, 346 (6th Cir. 1984) (test is whether, after any limits on cross, jury has sufficient information to make a valid assessment); *United States v. Medina,* 992 F.2d 573, 578-79 (6th Cir. 1993) (when trial judge determined that point had been made and further cross was diverting jury's attention from focus of case, it could properly stop inquiry into witness' convictions); *United States v. Mohney* 949 F.2d 1397, 1409 (6th Cir. 1991) (district court has broad discretion under federal rules to reasonably limit cross examination of government witnesses). The Confrontation Clause is not a license to insert irrelevant or confusing information into a criminal trial.

Particularly with respect to the highly prejudicial issue of punishment, courts have consistently ruled that a trial judge can take steps to limit the cross examination of cooperating

witnesses or accomplices to prevent the introduction of the issue into the case. The Sixth Circuit directly addressed this question in *United States v. Bilderbeck,* 163 F.3d 971, 978 (6th Cir. 1999). In that case, the district judge had granted a government motion *in limine,* broader than the one sought by the government in this case, which prevented the defense from inquiring into either the cooperating witness' cooperation in other cases or the penalties involved. The basis of the motion was that cross examination of the cooperator regarding penalties would be prejudicial "because the jury might relate that penalty to what [the defendant] faced." *Id.* The Sixth Circuit affirmed the trial judge's ruling, reaffirming the district court's need to exercise "sound judgement within the context of the entire trial." *Id.*

Other courts have also affirmed limiting cross examination of cooperating witnesses to avoid unfair prejudice. In *United States v. Luciano-Mosquera,* 63 F.3d 1142, 1153 (1st Cir 1995), the district court precluded mention in crossing a cooperator of the statutory penalties for a firearm charge "because defendants faced the same firearms charges, [and] it was an impermissible attempt to inform the jury about the defendants' possible punishment on the firearms counts." Reiterating the notions that "a defendant's right to cross examine witnesses is not unlimited" and that "a district court is entitled to cut off cross examination that may create prejudice or confusion", the First Circuit affirmed in that case. *Id*.

**Conclusion**

For the foregoing reasons, the United States respectfully moves the Court to issue a pretrial order precluding defendants or their attorneys from mentioning, eliciting from any witness, attempting to elicit from any witness, or arguing at trial information relating to the possible punishment of any defendant or cooperating witness in the presence of the jury, without first obtaining permission from the Court.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

s/ David Pritchard
DAVID PRITCHARD
ELIZABETH ROGERS
Assistant United States Attorneys
167 N. Main Street, Ste. 800
Memphis, TN 38103

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice


FORREST CHRISTIAN
Deputy Chief
KATHRYN E. GILBERT
Special Litigation Counsel
950 Pennsylvania Ave., NW
Washington, DC 20530


**CERTIFICATE OF SERVICE**

I, David Pritchard, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

s/David Pritchard
DAVID PRITCHARD
June 10, 2024