IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 2:23-cr-20191-MSN |
| | ) |
| | ) |
| EMMITT MARTIN, III, et al., | ) |
| | ) |
| Defendants. | ) |

**CONSOLIDATED RESPONSE IN OPPOSITION
TO DEFENDANT MARTIN'S MOTIONS TO DISMISS COUNT ONE
FOR IMPROPERLY ALLEGING WILLFUL FAILURE TO INTERVENE
AND FOR VAGUENESS DUE TO IMPROPER ALLGATION OF FAILURE TO ACT**

The United States respectfully opposes Defendant Emmitt Martin's fifth and sixth motions to dismiss, this time for alleged errors with the failure to intervene claim in Count One. (ECF Nos. 289, 290, 293.) Count One is sufficiently pleaded and the defendant's motions should be denied.

### Background

Count One of the Indictment charges in relevant part that the defendants:

> while acting under color of law as Detectives with the Memphis Police Department and while aiding and abetting one another, willfully deprived Tyre Nichols of the right, secured and protected by the Constitution and laws of the United States, to be free from the use of unreasonable force by a police officer. Specifically, [the defendants] unlawfully assaulted Nichols *and willfully failed to intervene in the unlawful assault*.

ECF No. 2 (emphasis added).

**Argument**

I. **Count One of the Indictment Properly Alleges That Defendant Martin Violated Tyre Nichols' Right to Be Free From Unreasonable Force By Failing to Intervene in the Defendants' Unlawful Assault**

"[P]olice officers who were personally present for fellow officers' alleged misconduct but failed to intervene" face "a well-established basis for liability." *Gardner v. Evans*, 920 F.3d 1038, 1051 (6th Cir. 2019); *see also Goodwin v. City of Painesville*, 781 F.3d 314, 329 (6th Cir. 2015) (stating that police officers' duty to protect arrestees from other officers' excessive force has been "clearly established" since "at least 1997"). The Sixth Circuit has repeatedly recognized that "a police officer who fails to act to prevent the use of excessive force may [] be held liable where '(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring.'" *Floyd v. City of Detroit*, 518 F.3d 398, 406 (6th Cir. 2008) (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)); *accord, e.g.*, *Grinnell v. City of Taylor, Michigan*, No. 21-2748, 2022 WL 1562291, at *6 (6th Cir. May 18, 2022); *Goodwin*, 781 F.3d at 329.

Count One alleges that the defendants violated Mr. Nichols' Fourth Amendment right to be free from the use of unreasonable force by (1) using excessive force against him (direct liability); (2) aiding and abetting one another in their use of excessive force (aiding and abetting liability); and, as relevant here, (3) failing to intervene in one another's use of excessive force (failure-to-intervene liability). (ECF No. 2.) The jury may find each defendant guilty of this offense under any of these three theories of liability. *See Bunkley v. City of Detroit, Michigan*, 902 F.3d 552, 564 n.4 (6th Cir. 2018) (noting that a failure-to-intervene claim is not "redundant" even where officers could also be held directly liable because "the jury could find that a certain officer or officers did not actually participate in the [constitutional violation] but were nonetheless

at fault for failing to intervene in the [violation]").

Defendant Martin concedes, as he must, that numerous courts have held that officers may be held both civilly and criminally liable "for the failure to intervene when a fellow officer violates the constitutional rights of a suspect" (ECF 290 at 4). He nevertheless insists that, because § 242 "contemplates an affirmative action as opposed to a mere failure to act," Count One, or at least its failure-to-intervene language, is invalid (ECF 289 at 2). He cites zero cases in support of this novel proposition and offers no explanation why, if this were true, so many defendants have been successfully prosecuted under § 242 using a failure-to-intervene theory, and why so many appellate courts have upheld those convictions. *See, e.g.*, *United States v. Thao*, 76 F.4th 773, 777 (8th Cir. 2023), *cert. denied*, 144 S. Ct. 610 (2024) (affirming officer's conviction under § 242 for failing to intervene in another's use of excessive force); *United States v. Burks*, No. 22-10566, 2023 WL 6389314, at *4 (11th Cir. Sept. 29, 2023) (same); *United States v. Broussard*, 882 F.3d 104, 110 (5th Cir. 2018) (same); *United States v. Pagan-Ferrer*, 736 F.3d 573, 593 (1st Cir. 2013) (same); *United States v. Serrata*, 425 F.3d 886, 895 (10th Cir. 2005) (same); *United States v. Daniels*, 281 F.3d 168, 183 (5th Cir. 2002) (same); *United States v. Koon*, 34 F.3d 1416, 1448 (same), *rev'd in part on other grounds by Koon v. United States*, 518 U.S. 81, 114 (1996).[1] Defendant Martin even cites many of these same cases but fails to explain how cases that are fatal

---

[1] Other recent failure-to-intervene prosecutions include *United States v. Nantell*, No. 0:23-cr-00012-DLB-EBA (E.D. Ky. 2024); *United States v. Anderson*, No. 24-cr-30051 (S.D. Ill. 2024); *United States v. Benish*, No. 0:23-00003-DLB (E.D. Ky. 2023); *United States v. McAlpin et al.*, No. 3:23-cr-62-TSL-LGI (S.D. Miss. 2023); *United States v. Dedmon, et al.*, No. 3:23-cr-63-TSL-LGI (S.D. Miss. 2023); *United States v. Mooney*, No. 2:22-cr-201 (S.D. Ohio 2023); *United States v. Tagaloa*, No. 1:20-cr-000444-LEK (D. Hi. 2022).
 Some of these cases involve failure-to-intervene claims under the Eighth Amendment (where the victim was a convicted prisoner) or Fourteenth Amendment (where the victim was a pretrial detainee) but they are relevant because defendant Martin's complaint is that § 242 criminalizes willful acts and therefore cannot be used to prosecute officer-defendants for their failure to intervene. In other words, he argues that, regardless of what the Constitution says about failure to intervene, § 242's statutory text requires an affirmative act as opposed to a failure to act. These cases, all of which involve § 242, demonstrate that this assertion is as unavailing in the Eighth and Fourteenth Amendment contexts as in the Fourth Amendment context.

to his argument somehow support it. (ECF No. 290 at 4-5, 7 (collecting cases).) Further, federal courts have repeatedly recognized that § 242 cases use the same constitutional standards as § 1983 cases. *See, e.g.*, *United States v. Cobb*, 905 F.2d 784, 788 n. 6 (4th Cir.1990) ("Because 18 U.S.C. § 242 is merely the criminal analog of 42 U.S.C. § 1983, and because Congress intended both statutes to apply similarly in similar situations, our civil precedents are equally persuasive in this criminal context.").

Defendant Martin's argument is also unavailing because the distinction he attempts to draw between "affirmative action" and "failure to act" is a distinction without a difference. (ECF No. 289 at 2.) To prevail on the failure-to-intervene theory at trial, the United States will be required to prove that the defendant *willfully*—that is, "voluntarily and intentionally, with the specific intent to do something the law forbids," *United States v. Corder*, 724 F. App'x 394, 403 (6th Cir. 2018)— failed to intervene in another officer's use of force. Whether that failure is characterized as an action (the decision and action to hold back and to allow excessive force to continue despite the opportunity to intervene) or omission (the failure to intervene in excessive force) is irrelevant, so long as the defendant had the requisite *mens rea*, as evidenced by the numerous cases cited above. *See United States v. Reese*, 2 F.3d 870, 889 (9th Cir. 1993) (explicitly rejecting argument that "liability under section 242 may not be predicated on a mere failure to act").

Defendant Martin next argues that, even though an officer's failure to intervene in the use of excessive force constitutes a constitutional violation, it does not constitute a Fourth Amendment violation. (ECF No. 290 at 4.) This argument is perplexing, in that defendant Martin again fails to explain the numerous cases he cites that say the opposite. In any event, the Sixth Circuit has squarely rejected defendant Martin's suggestion and held precisely that the Fourth Amendment *does* prohibit a police officer from failing to intervene during the application of excessive force

4

where the officer is aware of excessive force being used and has the opportunity and means to intervene. *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 493 (6th Cir. 2020) ("In this excessive-force context, our court has held that a nearby officer who does not actively participate in the use of excessive force may still violate the Fourth Amendment if the officer fails to intervene to stop a fellow officer's use of such force."); *see also, e.g.*, *White v. Goforth*, No. 22-5409, 2023 WL 3546527, at *4 (6th Cir. May 18, 2023) (analyzing failure-to-intervene claim under Fourth Amendment). Numerous other federal courts have reached the same conclusion. *E.g.*, *Torres-Rivera v. O'Neill-Cancel*, 406 F.3d 43, 51 (1st Cir. 2005) (holding that Fourth Amendment standard applied to failure-to-intervene claim because "[a] police officer who is actively engaged in a search or seizure, as here, is subject to the restrictions of the Fourth Amendment"); *Nance v. Sammis*, 586 F.3d 604, 612 (8th Cir. 2009) ("[A]n officer who fails to intervene to prevent the unconstitutional use of excessive force by another officer may be held liable for violating the Fourth Amendment."); *Sanchez v. City of Chicago*, 700 F.3d 919, 927 n.3 (7th Cir. 2012) (stating that, "in the Fourth Amendment context," "if the plaintiff can establish that an unknown officer subjected him to excessive force, he may seek to hold liable other, named officers who were present, observed the use of excessive force, had a reasonable opportunity to stop the use of that force, and failed to intervene").

The only case cited by defendant Martin in support of this argument, *Chaney-Snell v. Young*, 98 F.4th 699 (6th Cir. 2024), muses in dicta about the possible constitutional and statutory sources of failure-to-intervene claims in civil cases, but that discussion neither overrules nor undermines the Sixth Circuit's explicit holding that the Fourth Amendment right to be free from unreasonable force includes the right to be free from an officer's failure to intervene in a use of excessive force. *Id.* at 721; *see also Dingle v. Bioport Corp.*, 388 F.3d 209, 215 (6th Cir. 2004)

5

("A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting *en banc* overrules the prior decision."). In any event, the *Chaney-Snell* case *also* recognizes that the Sixth Circuit has held "officers liable for failing to stop excessive force" for decades. *Id.* at 722.

Defendant Martin next argues that "the officer's duty to act is an essential element that must be included in the indictment" (ECF No. 289 at 4), but this misapprehends what an "element" is. "Elements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." *Richardson v. United States*, 890 F.3d 616, 620 (6th Cir. 2018). The elements of a § 242 offense are that a defendant "(1) acted willfully, (2) acted under color of law, and (3) deprived [the victim] of his constitutional right to be free from unreasonable seizures . . . ." *United States v. Dukes*, 779 F. App'x 332, 334 (6th Cir. 2019); *see also United States v. Lanier*, 520 U.S. 259, 264 (1997) ("Section 242 is a Reconstruction Era civil rights statute making it criminal to act (1) 'willfully' and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States."). The constitutional deprivation—here, the defendant's deprivation of Mr. Nichols' right to be free from the use of unreasonable force—is an element of the offense. The *way* that the defendant violated Mr. Nichols' constitutional right is a "means," a "real-world thing[]" that is "extraneous to the crime's legal requirements." *Richardson*, 890 F.3d at 620. Further, the indictment explicitly alleges failure to intervene. Even assuming that duty is an essential component of a failure-to-intervene violation, it is not an element, and therefore need not be included in the indictment. "The Sixth Circuit has stated that an indictment need not specifically state each factor of a charge that must be proven, as long as the facts alleged, taken together, support the elements of the charge."

6

*United States v. Lee*, 919 F.3d 340, 354 (6th Cir. 2019). Were it otherwise, indictments would be indistinguishable from jury instructions.

Ultimately, "all an indictment must do to state an offense" is to "allege the essential elements of the statute, and [] provide enough factual detail to (1) give [the defendant] notice as to the charge against him; (2) enable him to prepare a defense; and (3) enable him to plead double jeopardy if applicable." *United States v. Sittenfeld*, 522 F. Supp. 3d 353, 371 (S.D. Ohio 2021) (collecting Sixth Circuit cases). Count One alleges the essential elements of the statute, as explained above, and provides enough factual detail to provide the defendants with notice that the charge relates to their assault of Tyre Nichols on January 7, 2023. Count One also advances three theories under which the United States may prove the defendants' liability, thus enabling them to prepare a defense of their own conduct and their failure to prevent other officers' uses of force. For the same reasons, the defendant's alternative request to strike surplusage fails. The Indictment is sufficient, and the Court should deny Defendant Martin's Motion to Dismiss Count One for Improperly Alleging Willful Failure to Intervene or Motion to Strike Surplusage (ECF Nos. 289, 290).

## II.   Count One is Not Vague

In defendant Martin's Sixth Motion to Dismiss, he recycles his unavailing argument that 18 U.S.C. § 242 "is vague overall" without addressing binding Supreme Court precedent that says otherwise and complains that the failure-to-intervene theory of liability "only exacerbates the issue" for the reasons discussed above. (ECF No. 293 at 1-2.) The government has previously addressed and dispensed with defendant Martin's arguments about the validity of § 242. (ECF No. 212, United States' Response to Defendant Martin's Motion to Dismiss Counts 1 and 2 for Vagueness and Insufficiency.) And, as explained above, defendant Martin's arguments about the

7

validity of the failure-to-intervene theory, "a well-established basis for liability," are without merit. *Gardner*, 920 F.3d at 1051; *see generally supra.*

Defendant Martin nevertheless asserts—again, perplexingly, given the many cases he himself cites that say the opposite—that "whether criminal as opposed to civil liability may be imposed on the basis of a failure to intervene is less than clear" (ECF No. 293 at 2) but, as explained above, numerous courts have recognized that officers may be held criminally liable under § 242 for failing to intervene in another officer's use of excessive force. *E.g.*, *Thao*, 76 F.4th 773; *Burks*, 2023 WL 6389314 at *4; *Broussard*, 882 F.3d at 110; *Pagan-Ferrer*, 736 F.3d at 593; *Daniels*, 281 F.3d at 183; *Koon*, 34 F.3d at 1416. Defendant Martin attempts to distinguish these cases by arguing that "most" failure-to-intervene cases are civil actions and that, among criminal failure-to-intervene cases, "most" are Eighth Amendment cases. (ECF No. 293 at 2-3.) Even if this numerical claim were true, what it would signify *legally* is unclear. Just because most excessive force cases are civil actions that involve physical assault does not mean that criminal cases involving unlawful shootings are somehow invalid. The point is that, as the Sixth Circuit has held, the Fourth Amendment's prohibition on unreasonable seizures includes a prohibition on officers' failure to intervene in excessive force. *Pineda*, 977 F.3d at 493. Section 242 criminalizes police officers' willful constitutional deprivations under color of law. 18 U.S.C. § 242. Accordingly, § 242 criminalizes police officers' willful failure to intervene in excessive force under color of law, as numerous courts have recognized. *See supra.* The defendants knew this all too well: MPD training specifically instructed officers on their duty to intervene in other officers' excessive force and specifically taught MPD officers about the federal criminal case against the officers who failed to intervene in Derek Chauvin's unconstitutional use of force against George Floyd. *See generally Thao*, 76 F.4th 773.

Ultimately, the Indictment is sufficient because it "contains the elements of the offense[s] charged and fairly informs [the] defendant of the charge against which he must defend, and [it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Howard*, 947 F.3d 936, 942 (6th Cir. 2020) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). As a practical matter, Defendant Martin's suggestion that he somehow lacks notice of the charges against him is also implausible on its face. (ECF No. 293 at 4.) The defendants' actions and failures to act are captured on video and discussed at length by witnesses whose testimony and statements have been provided in discovery.

## Conclusion

Defendant Martin's Motion to Dismiss Count One for Improperly Alleging Willful Failure to Intervene or Motion to Strike Surplusage (ECF Nos. 289, 290) and his Motion to Dismiss Count One Based on Vagueness Due to Improper Allegation of Failure to Act (ECF No. 293) should be denied.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

DAVID PRITCHARD
ELIZABETH ROGERS
Assistant United States Attorneys
167 N. Main Street, Ste. 800
Memphis, TN 38103

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

By: s/ Kathryn E. Gilbert
FORREST CHRISTIAN
Deputy Chief

KATHRYN E. GILBERT
Special Litigation Counsel
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 616-2430
kathryn.gilbert@usdoj.gov

**CERTIFICATE OF SERVICE**

  I, Kathryn E. Gilbert, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

s/Kathryn E. Gilbert  
KATHRYN E. GILBERT  
June 11, 2024
