IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES            ) | |
| )                          | |
| v.                       ) | CR. No. 2:23-cr-20191-MSN |
| )                          | |
| EMMITT MARTIN, III       ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO MOTIONS TO DISMISS COUNT ONE FOR IMPROPERLY ALLEGING WILLFUL FAILURE TO INTERVENE AND FOR VAGUENESS**

The defendant, Emmitt Martin, III, through counsel and pursuant to the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution; 18 U.S.C. § 242; Federal Rules of Criminal Procedure 7 and 12(b)(3); *Chaney-Snell v. Young*, 98 F.4th 699 (6th Cir. 2024); and *Turner v. Scott*, 119 F.3d 425 (6th Cir. 1997), respectfully replies to the government's Consolidated Response in Opposition to Defendant Martin's Motions to Dismiss Count One for Improperly Alleging Willful Failure to Intervene and for Vagueness Due to Improper Allegation of Failure to Act. *See* (Response in Opposition, ECF No. 300, PageIDs 3737–3747.) The government's response misconstrues the applicable law and misunderstands the fundamental truth of American Jurisprudence that civil liability and criminal liability are not the same. Pointing to a number of civil cases under 42 U.S.C. § 1983, the government argues that failure to intervene is "a well-established basis for liability." *See* (Response in Opposition, ECF 300, PageID 3738.) True enough, in Section 1983 cases. The cases cited by the government illustrate rather than contradict the primary thrust of Mr. Martin's argument.

Imposing civil liability, even in the case of a very high monetary penalty, is critically different than, as the government seeks to do in this case, putting someone in jail for the rest of their life. Cognizant of this fundamental difference, the Founders of this country developed all

manner of protections for the criminally accused that simply do not exist in the civil law. It is these fundamental differences that are at play in Mr. Martin's challenges to Count One, which have not been previously considered by any court.

### I. NO COURT HAS CONSIDERED A DIRECT CHALLENGE TO FAILURE-TO-INTERVENE AS A THEORY OF LIABILITY UNDER SECTION 242.

While criminal liability has been imposed under 18 U.S.C. § 242 for failure to intervene, the government misconstrues those cases as explicit judicial approval of the failure-to-intervene theory of liability when *none* involved a direct challenge to failure-to-intervene as a mode of liability under 18 U.S.C. § 242. *see* (Response in Opposition, ECF No. 300, PageID 3739.) Even if this distinction were not "fatal," they certainly offer no support to the government's prosecution. *See* (Response in Opposition, ECF No. 300, PageID 3739.) The cases that the government relies upon in support are easily distinguished from Mr. Martin's novel and nuanced challenges to Count One of the indictment.

In *United States v. Thao*, 76 F.4th 773 (8th Cir. 2023), Thao was charged with violating 18 U.S.C. § 242 for failing to intervene in his fellow officers' assault of George Floyd. On appeal, Thao did not challenge the validity of the failure-to-intervene theory and instead challenged the sufficiency of the evidence that he acted willfully when he failed to intervene. *See United States v. Thao*, 76 F.4th 773, 778 (8th Cir. 2023). Because Thao essentially conceded that a violation of Section 242 could be based on the failure to intervene and that he had, in fact, failed to intervene in the assault of Mr. Floyd, the appellate court had no occasion to pass on its validity. *United States v. Thao*, 76 F.4th 773, 778 (8th Cir. 2023). Consequently, the fact that Thao's conviction rested on his failure to act has no veering on Mr. Martin's challenge in this case.

In *United States v. Broussard*, 882 F.3d 104 (5th Cir. 2018), cited by *Thao* (and the government in its Response in Opposition) for the broad proposition that "[a] law enforcement

officer may be held liable under Section 242 for the substantive offense if the evidence shows awareness of a constitutional violation and no effort to prevent the violation," the appellate court likewise had no occasion to pass on the validity of failure-to-intervene as a theory of liability because Broussard pleaded guilty. On appeal, Broussard raised only two challenges: (1) "that his guilty plea was void ab initio because the attorneys pressing char" and (2) "that his sentence was procedurally and substantively unreasonable." *United States v. Broussard*, 882 F.3d 104, 108-09 (5th Cir. 2018). As part of his sentencing challenge, Broussard argued that the court erroneously used "aggravated assault" to determine his base offense level when "his wrongdoing was failing to intervene, not aggravated assault." *United States v. Broussard*, 882 F.3d 104, 109 (5th Cir. 2018) (citing *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 199–200 (1989)). There, the court found that, for purposes of sentencing calculation, Broussard was criminally liable for aggravated assault. *See Broussard*, 882 F.3d at 110. *Broussard* is easily distinguishable from Mr. Martin's challenges to Count One because Broussard conceded that failure to intervene was a valid theory of liability under Section 242 by pleading guilty, and because the court considered Broussard's liability only as it concerned his Guidelines calculation, which requires a lesser burden of proof. Importantly, *Broussard* involved an Eighth Amendment. The distinction is important because the law is, to the extent that *any* of the case law surrounding the application of Section 242 can be said to be clear, law enforcement officers do owe a duty to inmates and detainees to keep them free from violence, whether perpetrated by fellow inmates or other officers, under the Eighth, not Fourth, Amendment.

Similarly, *United States v. Pagan-Ferrer*, involved a challenge to the sufficiency of the evidence and not a challenge to failure to intervene as a theory of liability. There, the defendant conceded that "*supervisory liability*" for a violation of Section 242 was possible but argued that

the evidence was insufficient to support its imposition in his case. *United States v. Pagán-Ferrer*, 736 F.3d 573, 592–93 (1st Cir. 2013). The court determined that the evidence was sufficient to support the conviction, observing that "a *supervisor* can be held liable for his failure to intervene to protect an arrestee from his subordinates' excessive use of force when his 'action or inaction [is] affirmative[ly] link[ed] . . . to that behavior.'" *United States v. Pagán-Ferrer*, 736 F.3d 573, 593 (1st Cir. 2013) (emphasis added).

The remainder of the cases cited by the government, including *United States v. Koon*, 34 F.3d 1416, *rev'd in part on other grounds by Koon v. United States*, 518 U.S. 81, 114 (1996) (in the Ninth Circuit, Koon challenged the jury instructions regarding liability for failure to intervene but did not broadly challenge the indictment as Mr. Martin does here), which was entirely a sentencing case by the time it reached the Supreme Court, are similarly unavailing. In *United States v. Burks*, another Eighth Amendment case, Burks challenged the sufficiency of the convicting evidence on grounds that "he intervened to stop the assault and, alternatively, that there was insufficient evidence for a jury to find that he did not intervene" and the application of "the Sentencing Guideline provision for aggravated assault." *United States v. Burks*, No. 22-10566, 2023 WL 6389314, 2023 U.S. App. LEXIS 25851, at *1 (11th Cir. Sep. 29, 2023). In *Daniels*, yet another Eighth Amendment case, *see United States v. Daniels*, 281 F.3d 168, 178 (5th Cir. 2002) (stating that the language of the indictment "echo[s] the language of the Eighth Amendment and the prosecution, during the course of trial, made clear that it was proceeding on an Eighth Amendment deprivation theory"), Daniels challenged the supplemental jury instruction provided in response to the jury's question about the definition of "unlawful assault" and did not challenge failure to intervene as a theory of liability, *see United States v. Daniels*, 281 F.3d 168, 183 (5th

Cir. 2002). In fact, Daniels conceded as much. *See United States v. Daniels*, 281 F.3d 168, 184 (5th Cir. 2002) (noting that Daniels did not argue that the court misstated the law).

The district court cases cited by the government provide no more support than the others. Most of the cases ended in a guilty plea, *see United States v. Benish*, No. 0:23-00003-DLB, Plea Agreement, Doc. 9, PageIDs 19–24 (E.D. Ky. Apr. 10, 2023) (guilty plea to Eighth Amendment failure to intervene in assault of inmate);[1] *United States v. McAlpin et al.*, No. 3:23-cr-62-TSL-LGI, Plea Agreements, Docs. 52–62 (S.D. Miss. Aug. 3, 2023) (guilty pleas);[2] *United States v. Dedmon, et al.*, No. 3:23-cr-63-TSL-LGI, Plea Agreements, Docs. 32–36 (S.D. Miss. 2023) (guilty pleas);[3] *United States v. Mooney*, No. 2:22-cr-201 (S.D. Ohio 2023) (trial conviction; assault of jail inmate, and supervisory liability for failure to intervene, in violation of Fourth Amendment),[4] and none involved a challenge to failure to intervene as a theory of liability in a Section 242 prosecution for a Fourth Amendment violation. The fact that the government chooses to indict people on an untested and improper theory of liability and that defendants have previously chosen not to challenge that basis cannot be read as court approval of the failure-to-intervene theory of liability. The government does not and cannot cite a single case wherein any court has considered and explicitly approved of failure to intervene as a theory of liability prior to trial by a defendant in a Section 242 action.

---

[1] *Benish* entered a guilty plea by Information. No pretrial motions were filed.

[2] All defendants entered a guilty plea to charges set forth in a Sealed Information. No pretrial motions were filed.

[3] All defendants entered a guilty plea to charges set forth in a Sealed Information. No pretrial motions were filed.

[4] Mr. Mooney filed a motion to dismiss the indictment based on destruction of evidence but did not challenge the sufficiency of the indictment. *See* (ECF No. 34, PageIDs 66–96.)

II. **THE GOVERNMENT UNDERESTIMATES THE IMPORTANCE OF THE DISTINCTION BETWEEN THE EIGHTH AMENDMENT AND THE FOURTH AMENDMENT AS VEHICLES FOR FAILURE-TO-INTERVENE LIABILITY UNDER SECTION 242.**

As the government concedes, many of the cases it cites in support of failure-to-intervene liability arise under the Eighth Amendment. The distinction is important because the law law enforcement officers do owe a duty to inmates and detainees to keep them free from violence, whether perpetrated by fellow inmates or other officers, under the Eighth Amendment.

*Broussard* and *Pagan-Ferrer* both involved the imposition of "*supervisory liability*" for a violation of Section 242 for an Eighth Amendment violation. *United States v. Pagán-Ferrer*, 736 F.3d 573, 592-93 (1st Cir. 2013) (stating that "a *supervisor* can be held liable for his failure to intervene to protect an arrestee from his subordinates' excessive use of force when his 'action or inaction [is] affirmative[ly] link[ed] . . . to that behavior.'" *United States v. Pagán-Ferrer*, 736 F.3d 573, 593 (1st Cir. 2013) (emphasis added). The government concedes that "some" of the district court cases that it cites arose under the Eighth Amendment. *See United States v. Nantell*, No. 0:23-cr-00012-DLB-EBA, Indictment, ECF No. 1 (E.D. Ky. July 6, 2023) (alleging failure to intervene in inmate assault under Eighth Amendment);[5] *United States v. Anderson*, No. 24-cr-30051, Information, ECF No. 1; Plea Agreement, ECF No. 4 (S.D. Ill. 2024) (supervisory liability for failing to intervene in unlawful seizure of pepper spraying victim in jail under Fourth Amendment); *United States v. Benish*, No. 0:23-00003-DLB (E.D. Ky. 2023); *United States v. Mooney*, No. 2:22-cr-201 (S.D. Ohio 2023) (assault of jail inmate, and supervisory liability for

---

[5] Mr. Nantell was convicted at trial, (ECF No. 45), but did not challenge the sufficiency of the indictment.

failure to intervene, in violation of Fourth Amendment); *United States v. Tagaloa*, No. 1:20-cr-000444-LEK, Indictment, ECF No. 1 (D. Hi. 2022) (assault of inmate under Eighth Amendment).[6]

That most of these cases relied on Eighth Amendment rather than Fourth Amendment jurisprudence for its conclusion is far more important than the government would have this Court believe. *See* (Response in Opposition, ECF No 300, Page ID 3739 n.1.) (arguing that constitutional right allegedly violated makes no difference to Section 242 prosecution). The distinction is vital because only those rights made specific through applicable case law support a prosecution under Section 242. Even assuming that the Eighth Amendment imposes a duty, made specific through case law, to protect the detained from violence while in custody does not automatically mean that a similar right exists under the Fourth Amendment. To satisfy due process notice requirements, the government must charge what it intends to prove, and here it has charged a violation under the Fourth Amendment. Consequently, it cannot rely on Eighth Amendment protections to prove its case.

Additionally, it is worth noting that many of the district court cases that relied on failure to intervene as a theory of Section 242 liability specifically pleaded in the indictment that the charged officers, whether they were correctional or law enforcement officers, had a duty to intervene. The government has not done so in this case. Consequently, even if failure to intervene is a valid theory of liability in a Section 242 case traveling under the Fourth Amendment, the indictment in this case is insufficient because it does not allege that Mr. Martin owed Mr. Nichols a duty of care or

---

[6] Defendants in *Tagoala, et al*, filed motions to dismiss the indictment on other grounds, which were denied. (Defendant Pinkney's Motion to Dismiss, ECF No. 24 (D. Hi. July 15, 2020) (styled as motion to dismiss; motion to question defendant for his reasons for demanding counsel to file motions against advice of counsel)); (Defendant Tagaloa's Motion to Dismiss, ECF No. 141 (D. Hi. May 16, 2022) (moving to dismiss indictment based on "cumulative prosecutorial errors and indiscretions"). Defendants were convicted at trial. (ECF No. 316.)

that he was in a supervisory position over the co-defendants. Because Count 1 does not allege that Mr. Martin owed a duty to Mr. Nichols, that count is fatally defective and should be dismissed.

### III. THE ORIGIN OF THE FAILURE-TO-INTERVENE THEORY OF LIABILITY IN CIVIL SECTION 1983 CASES IS CRUCIAL TO THE DETERMINATION OF WHETHER THAT SAME THEORY APPLIES IN CRIMINAL SECTION 242 CASES.

In what the government dismisses as "musing," *see* (Response in Opposition, ECF No. 300, PageID 3741.), the Sixth Circuit stated that the "failure-to-intervene theory" of liability is *not* derived from the Fourth Amendment, which "does not obviously cover the failure to stop such seizures." *Chaney-Snell v. Young*, 98 F.4th 699, 721 (6th Cir. 2024) (citing U.S. Const. amend. IV) (discussing origin of "failure-to-intervene theory" of liability in § 1983 action). The origin of this theory of liability is critical because, if it derives from the language of Section 1983, then it is inapplicable in a Section 242 action, regardless of what the Fourth Circuit Court of Appeals has said in a footnote. *See* (Response in Opposition, ECF No. 300, Page ID 3740) (citing *United States v. Cobb*, 905 F.2d 784, 788 n. 6 (4th Cir. 1990) ("Because 18 U.S.C. § 242 is merely the criminal analog of 42 U.S.C. § 1983, and because Congress intended both statutes to apply similarly in similar situations, our civil precedents are equally persuasive in this criminal context.")).

"Section 1983, unlike its criminal counterpart, 18 U. S. C. § 242, has never been found by this Court to contain a state-of-mind requirement." *Parratt v. Taylor*, 451 U.S. 527, 534 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330 (1986). By contrast, 18 U.S.C. 242 requires that an act be "willfully done . . . with a specific intent to deprive a person of a federal right." *Parratt*, 451 U.S. at 535 (citations and internal quotation marks omitted). Given the difference in the mental state requirements for the imposition of civil liability under Section 1983 and criminal liability under Section 242, that failure to intervene exists as a theory of liability

under Section 1983 does not automatically mean that it exists as a theory of liability under Section 242.

## IV.   CONCLUSION

The phrase "willfully failed to intervene" does not track the language of the proscriptive statute and the "failure-to-intervene" does not derive from the Fourth Amendment, making the inclusion of this phrase in Count 1 legally irrelevant to the charged offense. Because this phrase, particularly in the absence of an allegation that Mr. Martin owed Mr. Nichols a duty of protection, would allow the jury to convict Mr. Martin on a legally inadequate basis, its inclusion in Count 1 is highly prejudicial. By including a theory of liability based on willful failure to intervene, the government has invited the jury to convict on a legally inadequate basis, not only impermissibly lowering the quantum of proof required for a conviction of 18 U.S.C. § 242 but also violating due process notice requirements. Consequently, this Court should dismiss Count 1 of the indictment or, alternatively, should strike the phrase "and willfully failed to intervene in the unlawful assault" from that count.

Respectfully submitted this 18th day of June, 2024, by:

RITCHIE, DAVIES, JOHNSON, & STOVALL, P.C.

/s/Stephen Ross Johnson
STEPHEN ROSS JOHNSON [TN BPR No. 022140]
CATALINA L.C. GOODWIN [TN BPR No. 038660]
S. RENEE HAMMOND [TN BPR No. 021419]
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
www.rdjs.law
johnson@rdjs.law
goodwin@rdjs.law
rhammond@rdjs.law

THE LAW OFFICE OF MASSEY MCCLUSKY FUCHS & BALLENGER

/s/ William D. Massey
WILLIAM D. MASSEY [BPR No. 9568]
3074 East Road
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com

**CERTIFICATE OF SERVICE**

    I certify that on June 18, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                        s/Stephen Ross Johnson