**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 2:23-cr-20191-MSN** |
| | ) | |
| | ) | |
| **EMMITT MARTIN, III, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT HALEY'S MOTION FOR RECONSIDERATION OF MAGISTRATE'S ORDER, R. 296**

The United States submits this response in opposition to defendant Haley's Motion for Reconsideration of Magistrate Judge Claxton's Order (ECF No. 296) Denying his Motion *in Limine* to Restrict Lay Opinion Testimony Regarding Use of Force (ECF No. 158), as joined by defendants Smith (ECF No. 161) and Bean (ECF No. 180). The Magistrate Judge properly rejected the defendants' effort to exclude or limit the testimony of the very officers who trained the defendants in this use-of-force case about the Memphis Police Department's policies and practices for the use of force. The motion should be denied.

**ARGUMENT**

The use-of-force trainers who trained the defendants will provide essential testimony about what the defendants were trained to do as officers with the Memphis Police Department (MPD) and whether their actions during the charged conduct deviated from that MPD training, as explained in the United States' Consolidated Response in Opposition to Defendant Haley's

Motions to Restrict or Exclude Expert and Lay Opinions on Use of Force Issues (ECF No. 214), incorporated herein by reference. Such testimony is routinely admitted in criminal civil rights cases and should also be admitted here. *Id.* at 2-5 (collecting cases).

Despite the clear relevance of this testimony, defendant Haley filed two motions to exclude or severely limit this critical evidence: one attacking the evidence as improper expert testimony, and one attacking the evidence as improper lay opinion testimony. (ECF Nos. 160 and 158.) He now apparently concedes that the trainer testimony *is*, in fact, admissible: first, as fact testimony about "the training [defendant Haley] received at the Academy or as a police officer and MPD policies on January 7, 2023," and, second, as expert testimony about the charged conduct. (ECF No. 311 at 1-3) (conceding that "this [C]ourt may find the anticipated testimony admissible as an expert opinion"). In other words, there no longer appears to be a dispute that the trainer-witnesses *can* testify about what the defendants were trained to do as MPD officers, and whether the defendants' actions during the charged conduct complied with their training and policy.

What remains of these motions now appears to be defendant Haley's argument that, while the trainer-witnesses can testify about their review of the video of the Nichols arrest as *experts*, they cannot testify about their review of the video as lay witnesses. (ECF No. 311 at 2.) He bases his argument on Federal Rule of Evidence 701(a), which states that lay opinion testimony must be "rationally based on the witness's perception." He argues that a witness must be physically present at an event to have a "perception" about that event. But this argument finds no support in the text of the rule, which says nothing about any in-person requirement, or in case law. To the contrary, the Sixth Circuit has expressly rejected exactly this argument and held that witnesses may, in fact, offer lay opinion testimony about events on video that they did not personally witness. *United States v. Houston*, 813 F.3d 282, 291 (6th Cir. 2016) (rejecting

defendant's argument that lay witness "should not have been permitted to testify, because [he] did not observe the events firsthand" and upholding trial court's decision to allow lay witness to testify about "less-than-perfect quality videos" due to his familiarity with the defendant and with firearms generally); *see also, e.g.*, *United States v. Bell*, No. CR 17-20183, 2022 WL 981578, at *12 (E.D. Mich. Mar. 31, 2022) ("[W]here an investigating officer 'viewed the surveillance video with his own eyes,' his testimony 'about what the video showed would plainly have a rational basis in his own perception, so as to satisfy Rule 701(a).'") (quoting *Kirksey v. Schindler Elevator Corp.*, No. 15-0115-WS-N, 2016 WL 5239874, at *8 (S.D. Ala. Sept. 21, 2016)).

Further, and as noted in the United States' response to defendant Haley's original motion, federal courts routinely allow use of force trainers and supervisors to offer their lay opinion testimony about uses of force captured on video in § 242 cases, even where the witness was not present for the use of force. *See, e.g.*, *United States v. Taylor*, No.: 3:22-CR-50-RGJ (W.D. Ky. 2022) (trainer-witness who was not present for charged use of force allowed to offer lay opinion testimony about video); *United States v. Tagaloa*, No. CR 20-00044 (D. Hi. 2022) (same); *United States v. Palkowitsch*, No. 19-CR-13 (D. Minn. 2019) (same); *United States v. Maynard*, No. 2:21-cr-00065 (S.D. W.Va. 2021) (defendant's supervisor, who had trained him on policies, permitted to testify about use of force supervisor observed only on video). That the events observed by the witness were on video does not mean that the witness cannot "perceive" them; as federal courts have repeatedly held, a witness's perception of video is still "his own perception, so as to satisfy Rule 701(a)." *Bell*, 2022 WL 981578, at *12 (noting that federal courts have allowed lay witnesses to testify about "descriptions of individuals and events depicted in videos—such as the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, [and] distance") (internal alterations).

Defendant Haley again argues that a Fourth Circuit case, *United States v. Perkins*, 470 F.3d 150 (4th Cir. 2006), supports his argument, but *Perkins* does not hold that a witness must be physically present for an event to offer a lay opinion about the event. To the contrary, the Fourth Circuit found that the testimony of an officer-witness who was not present for a use of force *was* "clearly admissible," even though the officer did not personally witness the use of force, because the officer was testifying to personal knowledge that was relevant to the use of force. *Id.* at 156 (officer-witness's "extensive testimony" about conversation with defendant in which defendant admitted to using force and demonstrated a kick was "clearly admissible").

Defendant Haley now argues that this aspect of *Perkins* is distinguishable because none of the trainer-witnesses in this case had a conversation with Haley. (ECF No. 311 at 4.) But, first, the trainers in this case *did* speak with the defendants, when they personally trained them. Second, the Fourth Circuit's concern in *Perkins* was not about defendant Haley's novel physical-presence theory, but rather that some of the officer-witnesses had testified that the defendant's use of force was "inappropriate" after being asked "hypothetical questions based on second-hand accounts, making their testimony similar, if not indistinguishable, from the properly qualified expert testimony admitted [in the same] trial and admitted in other excessive force cases." *Id.* at 156.[1] In contrast, the officer-witnesses whose testimony is at issue in this case personally trained the defendants and therefore will testify to the specific training they provided to these defendants regarding MPD's policies and procedures. They will also testify as to whether and to what extent the defendants followed this exact training and MPD policy during the arrest of Tyre Nichols,

[1] Further, and even as to this testimony, the Fourth Circuit held that the error in admitting such expert testimony was harmless where an officer-witness *could* have been qualified as an expert. This is why the United States noticed these witnesses as hybrid or expert witnesses in an abundance of caution: If the Court becomes concerned that any witness's testimony veers too close to the expert line, each of the witnesses has the experience and background to be properly qualified as an expert.

which is captured on video. The United States accordingly need not rely on "hypothetical questions" or "second-hand accounts" and will instead elicit these witnesses' personal knowledge and personal observations. The Fourth Circuit in *Perkins* "easily" concluded that the district court did not err in admitting any officer-witness's testimony about their "*personal* assessments" of the defendant's use of force, regardless of whether the witness was present for the use of force. *Id.* at 160–61. *Perkins* accordingly supports the admission of the officer-witnesses' testimony in this case. *See Peters v. Woodbury Cnty., Iowa*, 979 F. Supp. 2d 901, 924 (N.D. Iowa 2013), *aff'd sub nom. Peters v. Risdal*, 786 F.3d 1095 (8th Cir. 2015) (explaining that *Perkins* "teaches" that "an expert may [] offer a personal assessment of the use of force, such as that the expert did or did not see any reason for the force used in the incident in question, but [] an expert may not opine that the conduct in question transgressed the applicable legal standard, such as 'objective reasonableness'") (citations omitted).

Defendant Haley last argues that the Court should disregard the Sixth Circuit's finding in *Goodwin v. Richland Cnty.*, 832 F. App'x 354 (6th Cir. 2020) that law enforcement officers may "testif[y] (as lay witnesses) to what they had learned in training" in an excessive force case under § 1983, the civil analogue to § 242. Defendant Haley argues that this conclusion is dicta, but he offers no argument why the Sixth Circuit would not or should not reach the same conclusion were it not presented with the same argument he presses here. Further, Sixth Circuit holdings *also* squarely reject defendant Haley's proposed physical-presence requirement for lay opinion testimony, as explained above. *See Houston*, 813 F.3d at 291. Defendant Haley has not cited any case, whether in the Sixth Circuit or elsewhere, that supports his atextual reading of Rule 701. To the contrary, federal courts have repeatedly admitted trainer evidence as lay opinion testimony. *See, e.g.*, *United States v. Proano*, 912 F.3d 431, 439–41 (7th Cir. 2019) (affirming admission of

lay witness testimony from officers regarding law enforcement officer training and policy in a § 242 case); *United States v. Brown*, 654 F. App'x 896, 904 (10th Cir. 2016), (upholding admission of a lay correctional trainer's testimony as to the content of training he gave to defendant jail officers because the trainer "had personal knowledge of his training of jailers regarding use of force"); *United States v. Bowen*, 2019 WL3238469, *2-3 (D. Az. July 18, 2019) (rejecting defense argument in § 242 case that law enforcement witnesses testifying as to agency policies and training must be qualified as "experts" and finding instead that they could provide "lay opinion testimony" regarding their perceptions of the incident).

Defendant Haley also takes issue with the Magistrate Judge's statement that Rule 702, the expert rule, authorizes the admission of the trainer testimony as lay opinion testimony, because lay opinion testimony is governed by Rule 701. (ECF No. 311 at 2-3.) But the Magistrate Judge's reference to 702 merely acknowledges that Rule 702 does not require the opinion testimony to be proffered by an expert; rather, it is proper lay opinion testimony. (ECF No. 296 at 5.) Rule 701 refers by its terms to Rule 702, and the two rules operate together. *See* Fed. R. Evid. 701.

In sum, there is no question that the testimony of the defendants' trainers is admissible in a § 242 case. The only question at trial is whether expert designation is necessary (which it is not, as explained above, but even if it is, the witnesses can be so designated) in order for the trainer-witnesses to address hypotheticals or otherwise answer questions that might be posed to a use of force expert. The testimony falls squarely into Rule 701. As the Magistrate Judge observed, "[t]he Government's proposed witnesses, who personally trained Defendants on the use of force, are being offered to testify as to their personal knowledge of the policies, practices, and procedures that were in effect at the time of the incident and their personal knowledge of how they themselves trained Defendants to approach situations involving the use of force and other matters." (ECF

No. 296 at 5.) These witnesses should be allowed to testify about their perception of the videotaped charged conduct, based on their personal knowledge of what they trained the defendants. Consistent with decisions in civil rights cases in the Sixth Circuit and beyond, the Court should follow the above-cited authorities, admit the trainer evidence as lay opinion testimony, and deny the defendant's efforts to reconsider the magistrate judge's decision.

**Conclusion**

The United States requests that the Court deny the defendant's Motion.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

DAVID PRITCHARD
ELIZABETH ROGERS
Assistant United States Attorneys
167 N. Main Street, Ste. 800
Memphis, TN 38103

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

By: s/ Kathryn E. Gilbert
FORREST CHRISTIAN
Deputy Chief
KATHRYN E. GILBERT
Special Litigation Counsel
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 616-2430
kathryn.gilbert@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Kathryn E. Gilbert, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

s/Kathryn E. Gilbert
KATHRYN E. GILBERT
July 1, 2024