**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 2:23-cr-20191-MSN** |
| | ) | |
| | ) | |
| **EMMITT MARTIN, III, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**UNITED STATES' MOTION IN LIMINE TO PRECLUDE IMPROPER REFERENCE
TO DEFENDANTS' GOOD CHARACTER**

The United States of America, by and through undersigned counsel, files this motion *in limine* to preclude any improper reference to or evidence of the defendants' good character.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 7, 2023, Tyre Nichols was the subject of a traffic stop by Memphis Police Department (MPD) officers, including two of the defendants. According to the officers, they stopped Nichols because he was speeding and committing traffic infractions. When the officers used force, Nichols ran from the scene. The officers, joined by the remaining defendants, pursued him. When the defendants caught Nichols, they struck, batoned, and kicked him, including in the head. Nichols was transported to the hospital where he succumbed to his injuries and died three days later.

The federal indictment charges each defendant with four felony counts stemming from the Nichols arrest. Count One charges the defendants with, while acting under color of law, willfully violating Nichols' Fourth Amendment right to be free from the use of unreasonable force by a police officer, resulting in his injury and death, in violation of 18 U.S.C. § 242. Count Two charges the

1

defendants with violating the same statute by, while acting under color of law, willfully violating Nichols' Fourteenth Amendment right to be free from police officers' deliberate indifference to his serious medical needs, resulting in his injury and death. Count Three charges the defendants with conspiring to engage in witness-tampering by conspiring to withhold truthful information and to provide misleading information to their supervisor and others, in violation of 18 U.S.C. § 1512(k), while Count Four charges the defendants with so doing by in fact withholding information and providing false and misleading information to their supervisor and others, in violation of 18 U.S.C. § 1512(b)(3). (RE 1).

## LAW AND ARGUMENT

The Court should exclude from trial evidence of, or reference to, general good character and specific instances of good conduct, including evidence of awards, commendations, recognition, or good acts, by defendants. Such evidence would constitute improper character evidence under Fed. R. Evid. 404.

Federal Rule of Evidence 404 generally prohibits the introduction of evidence of a person's character to prove that the person acted in conformity with that character. *See* Fed. R. Evid. 404(a)(1) & (b)(1). The Rule provides an exception that permits a defendant to offer evidence of his character only if it relates to a "pertinent" character trait. *See* Fed. R. Evid. 404(a)(2)(A); *United States v. Silber*, 456 F. App'x. 559, 562 (6th Cir. 2012); *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991). Evidence that an individual acted lawfully on other occasions not charged in the Indictment is generally inadmissible in that it does not negate the charge that he acted with criminal intent on another occasion. *See United States v. Dobbs,* 506 F.2d 445, 447 (5th Cir. 1975) ("evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant"); *United States v. Dimora*, 843 F. Supp. 2d 799, 837 (N.D. Ohio 2012); *United States v. Sittenfeld*, 2022 WL 2192955, at *12 (S.D. Ohio June 17, 2022) (prior good acts not

2

admissible merely to support a propensity inference, and still less to support jury nullification based on mere sympathy). Here, any evidence of general diligence, attendance, or general "good character" for the defendants is not pertinent to the allegations set forth in the Indictment. The Court should thus exclude any such evidence as irrelevant.

Courts consistently preclude law enforcement defendants from offering such evidence, including evidence of commendations and awards, on relevance grounds. *See, e.g.*, *United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (holding that a police officer's commendations were not admissible because defendant's "dedication, aggressiveness and assertiveness" in investigating drug dealing and carjacking was not "pertinent" to his bribery, conspiracy, drug, or firearms charges); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1990) (holding that the trial court properly excluded evidence of a police officer's prior commendations because "the traits which they purport to show – bravery, attention to duty, perhaps community spirit – were hardly 'pertinent' to the crimes [of perjury and conspiracy to commit mail fraud] of which [the defendant] stood accused"); *United States v. Barry*, 814 F.2d 1400, 1403-1404 (9th Cir. 1987) (holding a security patrol officer's letters of commendation were not pertinent under Rule 404(a) and were hearsay). General evidence of the defendant's "good" conduct, including evidence offered to prove professionalism, dedication, or other similar traits, is likewise irrelevant to the civil rights and obstruction charges at issue here. Such evidence says nothing about whether defendants willfully deprived Tyre Nichols of his right to be free from unreasonable force, whether they acted with deliberate indifference to his serious medical needs, or whether they engaged in subsequent efforts to conceal that conduct. *See Camejo*, 929 F.2d at 613.

Further, even if this evidence was admissible under Rule 404(b), it would still be subject to analysis under Rule 403. *United States v. Bell*, 516 F.3d 432, 440 (6th Cir. 2008). Rule 403

requires the court to "determine whether the 'other acts' evidence is more prejudicial than probative." *United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004). Any probative value of any general good character evidence is substantially outweighed by the likelihood of prejudice and jury confusion. *United States v. Hills,* 2018 WL 3120637, at *5 (N.D. Ohio June 24, 2018) (finding that defendants' proffered good character evidence would lead to an improper "policy debate" and "distract the jury from the pertinent question" of the defendants' criminal liability).

Testimony about specific instances of a defendants' good conduct should be inadmissible here. Indeed, such an examination of the character traits of a defendant would divert the trial from an examination of the respective acts of the defendants charged in this case to a trial of the character in general of the defendants. Therefore, evidence of the general good character or specific acts of good conduct of the defendants should be excluded.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

s/ David Pritchard
DAVID PRITCHARD
ELIZABETH ROGERS
Assistant United States Attorneys
167 N. Main Street, Ste. 800
Memphis, TN 38103

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

FORREST CHRISTIAN
Deputy Chief
KATHRYN E. GILBERT
Special Litigation Counsel
950 Pennsylvania Ave., NW
Washington, DC 20530

5

## CERTIFICATE OF SERVICE

I, David Pritchard, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

s/David Pritchard
DAVID PRITCHARD
July 1, 2024