IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>EMMITT MARTIN III,  )<br>TADARRIUS BEAN,  )<br>DEMETRIUS HALEY,  )<br>*and* JUSTIN SMITH,  )<br>  )<br>  Defendants.  ) | Case No. 23-cr-20191-MSN |

### ORDER DENYING MOTION TO DISMISS COUNTS TWO, THREE, AND FOUR OF THE INDICTMENT

Before the Court is Defendant Tadarrius Bean's ("Defendant") Motion to Dismiss Counts Two, Three, and Four of the Indictment, filed January 24, 2024. ("Motion," ECF No. 135.) The Government responded in opposition to Defendant's Motion on January 31, 2024. (ECF No. 143.) For the reasons below, the Motion is **DENIED**.

### BACKGROUND

On January 7, 2023, officers from the Memphis Police Department ("MPD") conducted a traffic stop on Mr. Tyre Nichols during which Mr. Nichols sustained serious injuries. He passed away three days later. On September 12, 2023, Defendants were federally indicted on four felony counts: two for deprivation of constitutional rights under color of law in violation of 18 U.S.C. §§ 2 and 242 (one through excessive force and failure to intervene (Count 1) and the other through deliberate indifference to serious medical needs (Count 2)); one count of conspiracy to witness tamper under 18 U.S.C. § 1512(k) (Count 3), and one count of witness tampering under 18 U.S.C.

§ 1512(b)(3) (Count 4).  (ECF Nos. 1 (sealed) & 2.)  On January 24, 2024, Defendant filed the Motion now before the Court seeking the dismissal of Counts 2, 3, and 4.

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure ("FRCP") 12(b)(3)(B)(v) allows a defendant to raise a pretrial challenge to an indictment if the indictment "fails to state an offense."  This Rule, however, limits the pretrial defenses a party may raise to those "the court can determine without a trial on the merits."  FRCP 12(b)(1).  In other words, resolution of a pretrial challenge to the indictment is appropriate "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense."  *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)); *see United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997) ("Courts usually say that a motion to dismiss is 'capable of determination' before trial if it involves questions of law instead of questions of fact on the merits of criminal liability."); *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) ("[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based.").  In analyzing a motion to dismiss an indictment, the court accepts the factual allegations in the indictment and looks to whether the indictment is valid on its face.  *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007).

## DISCUSSION

FRCP 7 provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . [and] must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."  FRCP 7(c)(1).  "An indictment is 'sufficient if it (1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3)

2

protects the defendant against double jeopardy.'" *United States v. Rankin*, 929 F.3d 399, 404–05 (6th Cir. 2019) (quoting *Valentine v. Konteh*, 395 F.3d 626, 631 (6th Cir. 2005)).

Defendant does not claim that the Indictment fails to include the elements of the charged offenses. He does assert, however, that the Indictment does not give him "fair notice of his charges," since "there are no factual allegations in the complaint, only conclusions."[1] (ECF No. 135 at PageID 535.)

The Court does not find the Indictment insufficient for the reasons Defendant suggests and thus declines to dismiss Counts 2, 3, and 4 on that basis. Because the Indictment undeniably includes factual allegations, the Court reads Defendant's Motion to argue that the Indictment is insufficient because it does not set forth every action Defendants are alleged to have taken during and after Mr. Nichols's arrest that could support the broader allegations included in the Indictment. (*See* ECF No. 135 at PageID 537 (specifying evidence that does not appear in the indictment).) But "the indictment "need not list every possible factual basis for an element of a crime in an indictment." *United States v. Belcher*, 92 F.4th 643, 652 (6th Cir. 2024). Rather, its "recitation of statutory language 'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged.'" *McAuliffe*, 490 F.3d at 531 (quoting *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992)). And the Indictment here does just that.

Count 2 charges that Defendants acted with deliberate indifference to the serious medical needs of Mr. Nichols and aided and abetted one another in violation of 18 U.S.C. §§ 2 and 242.

---

[1] Defendant also suggests that the Indictment is insufficient because the facts included therein and in discovery fail to show that he in fact did what he is alleged to have done. (ECF No. 135 at PageID 535.) Whether Defendant acted as alleged is a question for the jury at trial, however, not for the Court through a motion to dismiss.

(ECF No. 1 (sealed); ECF No. 2 at PageID 9–10.)  Section 242 makes it a crime for someone acting under color law to willfully deprive someone of a right or privilege protected by the U.S. Constitution or laws of the United States.  18 U.S.C. § 242.  Section 2 allows Defendants to be charged as principals for aiding and abetting a crime against the United States, and "requires that a defendant 'in some sort associate himself with the venture, that he participate[] in it as something he wishes to bring about, and that he seek by his action to make it succeed.'"  *United States v. Lawson*, 872 F.2d 179, 181 (6th Cir. 1989) (quoting *United States v. Winston*, 687 F.2d 832, 834 (6th Cir. 1982)); 18 U.S.C. § 2.  In support of this Count, the Indictment alleges that all of the Defendants—MPD Detectives—knew Mr. Nichols had a serious medical need and "willfully disregarded that medical need by failing to render medical aid and by failing to advise the MPD dispatcher and emergency medical personnel of the circumstances surrounding [Mr. Nichols's] serious medical need, including that [Mr.] Nichols had been struck repeatedly."  (ECF No. 1 (sealed); ECF No. 2 at PageID 10.)  These allegations adequately allege violations of 18 U.S.C. §§ 2 and 242.

Count 3 alleges that Defendants conspired to witness tamper in violation of 18 U.S.C. § 1512(k), while Count 4 alleges the substantive offense of witness tampering under 18 U.S.C. § 1512(b)(3).  (ECF No. 1 (sealed); ECF No. 2 at PageID 10–14.)  To establish these alleged violations, the Government must show that Defendant agreed with another person to "'(1) knowingly and willfully engage[] in misleading conduct toward another person, (2) with the intent to hinder, delay, or prevent the communication of information to a federal official, (3) about the commission or the possible commission of a federal crime.'"  *Belcher*, 92 F.4th at 652 (quoting *United States v. Carson*, 560 F.3d 566, 580 (6th Cir. 2009)) (listing elements of § 1512(b)(3)); *see also United States v. Sadler*, 24 F.4th 515, 552 (6th Cir. 2022) (stating that, to sustain a conviction

under §§ 1512(a)(2)(A) and (k), the defendant "must have agreed with another person" to do the act proscribed by § 1512(a)(2)(A)).

The Indictment names all Defendants in Counts 3 and 4 and apprises them of the alleged facts and circumstances giving rise to the witness tampering-related offenses charged in those Counts.  With regard to the conspiracy, the Indictment describes its alleged plan and purpose (to either omit or provide false or misleading information to conceal the use of unreasonable force on Mr. Nichols and escape liability) as well as seven overt acts allegedly committed in furtherance of the conspiracy.  (ECF No. 1 (sealed); ECF No. 2 at PageID 10–13.)  Those acts include, for example, Defendant (and the other Defendants) failing to tell paramedics information about the force used on Mr. Nichols, limiting the footage of the arrest captured on their body-worn cameras, either omitting or providing false and misleading information about the arrest to "MPD Detective 1" for the Incident Report after meeting with one another at the police station, and including false and misleading information in their Response to Resistance Reports concerning Mr. Nichols's arrest.  (*Id.*)

Concerning the substantive offense, the Indictment further alleges that Defendant (and the other Defendants) aided and abetted one another and knowingly engaged in witness tampering by, among other things, corruptly persuading and attempting to corruptly persuade "MPD Supervisor 1" and "MPD Detective 1" "with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of truthful information relating to the commission and possible commission of a Federal offense."  (ECF No. 1 (sealed); ECF No. 2 at PageID 13.)  It provides further context by specifying the reports involved (MPD arrest reports for Mr. Nichols's arrest) and the information alleged to have been false (*e.g.*, that Mr. Nichols was resisting arrest) or omitted (*e.g.*, the specific force used against Mr. Nichols by Defendants).  (*Id.*)

5

This information is sufficient to provide adequate notice to Defendant of the charges against him in these Counts.

A review of the Indictment thus indicates that it tracks the elements of the offenses charged in Counts 2, 3, and 4, and gives sufficient notice to Defendant of the specific facts and circumstances the Government considers violative of the statutes set forth in those Counts. Defendant's Motion is denied.

## CONCLUSION

Defendant's Motion to Dismiss Counts Two, Three, and Four of the Indictment, (ECF No. 135), is **DENIED**.

**IT IS SO ORDERED**, this 12th day of July, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE
