**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cr-20191-MSN |
| | ) | |
| v. | ) | |
| | ) | |
| EMMITT MARTIN III, | ) | |
| TADARRIUS BEAN, | ) | |
| DEMETRIUS HALEY, | ) | |
| *and* JUSTIN SMITH, | ) | |
| | ) | |
| Defendants. | | |

**ORDER DENYING MOTION TO DISMISS COUNTS 1 AND 2 FOR VAGUENESS AND INSUFFICIENCY**

Before the Court is Defendant Emmitt Martin III's ("Defendant") Motion to Dismiss Counts 1 and 2 for Vagueness and Insufficiency, ("Motion," ECF No. 167), with which he filed a Memorandum in Support, (ECF No. 168).[1]  The Government responded to Defendant's Motion on March 2, 2024.  (ECF No. 212.)  Defendant filed a Reply to the Government's Response to his Motion on March 12, 2024.  (ECF No. 222.)  The Court heard oral argument on Defendant's Motion on May 28, 2024.  For the reasons below, the Motion is **DENIED**.

**BACKGROUND**

On January 7, 2023, officers from the Memphis Police Department ("MPD") conducted a traffic stop on Mr. Tyre Nichols during which Mr. Nichols sustained serious injuries.  He passed away three days later.  On September 12, 2023, Defendants were federally indicted on four

---

[1] Defendants Smith, Haley, and Bean filed Notices of Joinder to Defendant's Motion. (ECF Nos. 171, 186, and 182.)  For ease of reference, and because Defendants Smith, Haley, and Bean did not offer any additional argument, the Court refers only to Defendant Martin.

felony counts: two for deprivation of constitutional rights under color of law in violation of 18 U.S.C. §§ 2 and 242 (one through excessive force and failure to intervene (Count 1) and the other through deliberate indifference to serious medical needs (Count 2)); one count of conspiracy to witness tamper under 18 U.S.C. § 1512(k) (Count 3), and one count of witness tampering under 18 U.S.C. § 1512(b)(3) (Count 4).  (ECF No. 1 (sealed); ECF No. 2.)  On February 7, 2024, Defendant filed the Motion now before the Court seeking the dismissal of Counts 1 and 2.

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure ("FRCP") 12(b)(3)(B)(v) allows a defendant to raise a pretrial challenge to an indictment if the indictment "fails to state an offense."  This Rule, however, limits the pretrial defenses a party may raise to those "the court can determine without a trial on the merits."  FRCP 12(b)(1).  In other words, resolution of a pretrial challenge to the indictment is appropriate "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense."  *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)); *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) ("[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based.").  In analyzing a motion to dismiss an indictment, the court accepts the factual allegations in the indictment and looks to whether the indictment is valid on its face.  *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007).

## DISCUSSION

Defendant argues that Counts 1 and 2 must be dismissed for three main reasons: (1) 18 U.S.C. § 242 is facially unconstitutional, (2) 18 U.S.C. §242 is unconstitutional as applied to

him, and (3) the Indictment is insufficient as to these Counts.  (ECF No. 168 at PageID 2313–14.)

## I.      CONSTITUTIONALITY OF 18 U.S.C. § 242

A defendant may challenge a statute's constitutionality facially or as applied to him. "The usual judicial practice is to address an as-applied challenge before a facial challenge because" doing so is more efficient, "decreases the odds that facial attacks will be addressed unnecessarily," and "avoids encouraging gratuitous wholesale attacks upon state and federal laws." *Connection Distrib. Co. v. Holder*, 557 F.3d 321, 327–28 (6th Cir. 2009) (cleaned up) (quoting *Bd. of Trs. of the State Univ. of N.Y. v. Fox*, 492 U.S. 469, 484–85, (1989)).  In this case, however, the Court finds that resolution of both challenges is necessary and that addressing the facial challenge first will be more expeditious.  It thus proceeds accordingly.

### A.      Facial Challenge

Defendant argues that § 242 is facially unconstitutional for several reasons, including that the "deprivation of rights" element does not describe what conduct is forbidden, that the scienter requirement of "willfulness" is unconstitutionally vague, and that the statute's inherent vagueness violates separation of powers principles.  (ECF No. 168 at PageID 2315–20.) Accordingly, he requests that the Court dismiss Counts 1 and 2 of the Indictment.

But, of course, Defendant is asking the Court to do much more than dismiss these Counts. Indeed, as Defendant acknowledges, (*see* ECF No. 168 at PageID 2316), controlling precedent holds that § 242 is facially constitutional.  In *Screws v. United States*, 325 U.S. 91 (1945), the Supreme Court upheld § 242's predecessor statute by construing it to require "specific intent . . . to deprive a person of a right which has been made specific either by the express terms of the Constitution or laws of the United States or by decisions interpreting them."  325 U.S. at 104.  In

*United States v. Lanier*, 520 U.S. 259 (1997), the Court did not overrule *Screws*, but rather clarified its requirements as to § 242. The Sixth Circuit has since followed these decisions or referenced them favorably. *See, e.g.*, *United States v. Caseer*, 399 F.3d 828, 834–35 (6th Cir. 2005) (excerpting from *Lanier* to explain how courts "safeguard criminal defendants' due process right to a fair warning"); *United States v. Morris*, 494 F. App'x 574, 579 (6th Cir. 2012) (applying *Lanier* and rejecting defendant's argument that §242 did not give him sufficient notice that aggravated sexual abuse violated the victim's due process rights under the Fourteenth Amendment).

In Defendant's view, this Court "must" dismiss Counts 1 and 2 because *Screws* is "unworkable, and its continued validity considering more recent Supreme Court vagueness decisions is in serious doubt." (ECF No. 168 at PageID 2316; *see also* ECF No. 222 at PageID 2708.) But even were the Court to agree, it would not grant him the relief requested because it has no authority to do so. As the Supreme Court stated in *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989), "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." Tellingly, Defendant glossed over this directive in assuring this Court that it had the obligation to dismiss Counts in the Indictment based on his disagreement with and distaste for Supreme Court precedent. (*See generally* ECF No. 222.) Defendant's Motion is denied insofar as it seeks dismissal of Counts 1 and 2 on grounds that § 242 is facially unconstitutional.

B.      **As-Applied Challenge**

Alternatively, Defendant claims that § 242 is unconstitutional as applied to him because "[e]ven if the facts in Counts 1 and 2 are true, [he] lacked notice that his alleged conduct would be criminalized as a deprivation of civil rights . . . ."  (ECF No. 168 at PageID 2321–22.)[2] Specifically, he asserts that "it is not clear whether the amount of force used by the defendants, from their individual perspectives, is 'made specific' for purposes of 18 U.S.C. § 242 and the *Screws* standard because the standard for an 'unreasonable seizure' is entirely fact-dependent and the indictment does not include any indication of how the defendants' conduct meets this standard."  (*Id.* at PageID 2324.)

The Court rejects Defendant's arguments for two reasons.  First, Defendant's as-applied arguments are essentially the same ones he uses to attack the sufficiency of the Indictment—an additional challenge the Court addresses separately.  *See* discussion *infra* Sec. II.  These arguments are not a good fit for an as-applied challenge, however, because an as-applied challenge "alleges the statute in question is unconstitutional as applied to the defendant's alleged conduct."  *Carroll v. City of Cleveland*, 522 F. App'x 299, 306 (6th Cir. 2013).  Because Defendant claims to not know what the alleged conduct is, his argument that § 242 is being applied to that conduct in an unconstitutional manner is perplexing.  *See, e.g.*, *United States v. Borges*, No. 1:20-cr-77, 2023 U.S. Dist. LEXIS 111161, at *6–7 n.3 (S.D. Ohio June 27, 2023) (explaining that the defendant's as-applied challenge due to vagueness "could more fairly be interpreted as one seeking dismissal for insufficiency of the indictment").

---

[2] Defendant also argues that the statute is unconstitutional as applied to him because it is vague.  (ECF No. 168 at PageID 2321.)  As this argument is merely a reiteration of Defendant's facial challenge, the Court declines to consider it within the context of his as-applied challenge.

Second, to the extent Defendant alternatively suggests § 242 is unconstitutional as applied to him because his use of force was reasonable, that argument is premature.  Indeed, the manner and amount of force Defendant employed are issues of fact the Government intends to prove at trial.  His argument that the statute is vague as applied to conduct yet to be shown is thus inappropriate for pretrial resolution.  *See Landham*, 251 F.3d 1072 at 1080 ("[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based."); *see also Borges*, 2023 U.S. Dist. LEXIS 111161, at *6–7 (denying defendant's as-applied challenge as premature for the same reason).  Defendant's as-applied challenge to § 242 is denied.

### C.      Application of the Scienter of Willfulness

Defendant additionally argues that "the Court must require the government to apply the scienter of willfulness to every factual averment in the indictment" in order to clarify the charges.  (ECF No. 168 at PageID 2325.)  In support, he cites two Supreme Court cases—*Flores-Figueroa v. United States*, 556 U.S. 646 (2009), and *Xiulu Ruan v. United States*, 597 U.S. 450 (2022).  (*Id.*)

In *Flores-Figueroa*, the Supreme Court considered the requisite *mens rea* for the federal crime of "aggravated identity theft."  556 U.S. at 647.  The statue at issue in that case provided: "Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years."  18 U.S.C. § 1028A(a)(1).  The petitioner argued that this language required the Government to show that "he *knew* that the 'means of identification' belonged to someone else, *i.e.*, was 'a means of identification *of another person*.'"  *Flores-*

6

*Figueroa*, 556 U.S. at 648.   The Government, however, maintained that the knowledge requirement did not modify the phrase "of another person."  *Id.*[3]

The Court agreed with the petitioner.  *Id.* at 657.  In reaching that conclusion, the Court reasoned that "[a]s a matter of ordinary English grammar, it seems natural to read the statute's word 'knowingly' as applying to all the subsequently listed elements of the crime."  *Id.* at 650. The Court was also unconvinced by the Government's argument that the knowledge requirement modified only the statute's verbs, "while remaining indifferent to the subject's knowledge of at least part of the transitive verb's object."  *Id.* at 651.  In short, there was no contextual reason to read the statute in that way.  *Id.* at 652.  Further, the Court noted that "courts ordinarily read a phrase in a criminal statute that introduces the elements of a crime with the word 'knowingly' as applying that word to each element."  *Id.* (citing *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 79 (1994) (Stevens, J., concurring)).

In *Xiulu Ruan*, the Supreme Court considered a provision of the Controlled Substances Act, which made it unlawful, "[e]xcept as authorized[,] . . . for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance."  597 U.S. at 454 (quoting 21 U.S.C. § 841) (alteration in original).  The question for the Court was whether the "knowingly and intentionally" *mens rea* also applied to authorization such that the Government had to prove the defendant knew they were acting without authorization or intended to so act.  *Id.*  The Court held that it did, noting that the purpose of scienter is to separate wrongful acts from innocent ones and that "authorization play[ed] a 'crucial' role in separating

---

[3] The Government also argued that the knowledge requirement did not modify the whole phrase "a means of identification of another person."  *Flores-Figueroa*, 556 U.S. at 648.  The Court quickly disposed of that argument, however, and the Government relied most heavily on its argument that the knowledge requirement did not apply to the words "of another person."  *Id.* at 650.

innocent conduct . . . from wrongful conduct." *Id.* at 459.  Accordingly, the statute's *mens rea* applied to that "except as authorized" clause.

To be sure, both *Flores-Figueroa* and *Xiulu Ruan* stand for the proposition that a *mens rea* in a criminal statute applies to each element of an offense.  But the Court frankly does not understand what it is about the language of § 242 that moves Defendant to request that relief here, and Defendant spends little time explaining it.[4]  Section 242[5] provides, in relevant part:[6]

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Defendant argues that the Court must apply "willfully" in a manner that "require[s] the government to prove that [he] acted with the specific intent to engage in force that he knew to be unreasonable with the intended purpose of violating Mr. Nichols's Fourth Amendment right to be free from unreasonable seizure."  (ECF No. 168 at PageID 2324–25.)  But, as this Court has discussed, the Supreme Court has already construed the statute to require "specific intent . . . to deprive a person of a right which has been made specific either by the express terms of the Constitution or laws of the United States or by decisions interpreting them."  *Screws*, 325 U.S. at 104.  That includes the intent to use unreasonable force.  *United States v. Couch*, No. 94-3292,

---

[4] Defendant rests his entire argument on quotations from *Flores-Figueroa* and *Xiulu Ruan* indicating that the *mens rea* in a criminal statute applies to every element of the offense.  But as *Flores-Figueroa* and *Xiulu Ruan* show, reaching such a decision involves a thorough analysis of the statutory language, which Defendant declined to provide here.  It also bears mentioning that *Flores-Figueroa* and *Xiulu Ruan* considered entirely different statutes with entirely different language.

[5] Defendant only raises this argument as to 18 U.S.C. § 242, and not 18 U.S.C. § 2.  (*See* ECF No. 168 at PageID 212.)

[6] The Court sets forth the statute as it applies to allegations involving death as a consequence of the conduct alleged.

1995 U.S. App. LEXIS 15617, at *10 (6th Cir. 1995).  The request that the Court "require the government to apply the scienter of willfulness to every factual averment in the indictment in order to clarify the charges," (ECF No. 168 at PageID 2325), is denied.

## II.     SUFFICIENCY OF THE INDICTMENT

FRCP 7 provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . [and] must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."  FRCP 7(c)(1).  "An indictment is 'sufficient if it (1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3) protects the defendant against double jeopardy.'"  *United States v. Rankin*, 929 F.3d 399, 404–05 (6th Cir. 2019) (quoting *Valentine v. Konteh*, 395 F.3d 626, 631 (6th Cir. 2005)).  "[A]n indictment is 'read as a whole, accepting the factual allegations as true, and construing those allegations in a practical sense with all the necessary implications.'"  *United States v. Lee*, 919 F.3d 340, 353–54 (6th Cir. 2019) (quoting *McAuliffe*, 490 F.3d at 531).

Defendant does not sufficiently[7] argue that the Indictment fails to set forth the elements of the charged offenses.  Rather, he argues that "Counts 1 and 2 should be dismissed because they violate [his] right to due process of law because they fail to allege the facts constituting the charged offenses and otherwise fail to put him on notice of the charged offenses."  (ECF No. 168 at PageID 2327.)  As for Count 1, he asserts that the Indictment is conclusory in its allegations that he used unreasonable force and failed to intervene and that it fails to allege facts in support

---

[7] Defendant titles one of the sections in his Motion as follows: "Counts 1 and 2 are Constitutionally Deficient Because They Do Not Allege All the Necessary Elements."  (ECF No. 168 at PageID 2327.)  But that is the only time Defendant makes that claim, and the body of that section argues that the Indictment is unconstitutional due to the *facts* (or lack thereof) included to support the elements of the offenses charged.  Further, Counts 1 and 2 track the words of the relevant statutes themselves.

of those conclusions. (*Id.* at PageID 2329.)  With regard to Count 2, he deems it "constitutionally insufficient because it neither defines deliberate indifference nor provides sufficient factual allegations to support the legal conclusion that the officers showed a deliberate indifference to Mr. Nichols's medical need." (*Id.* at PageID 2330.)[8]

The Court does not find the Indictment insufficient for the reasons Defendant suggests and thus will not dismiss Counts 1 and 2 on those bases.  Defendant's overarching problem with the Indictment is his opinion that it does not set forth enough facts, which are important given the fact-specific nature of the charged offenses.  But "the indictment "need not list every possible factual basis for an element of a crime in an indictment." *United States v. Belcher*, 92 F.4th 643, 652 (6th Cir. 2024).  *See also Lee*, 919 F.3d at 354 (citing *McAuliffe*, 490 F.3d at 531–32) ("[A]n indictment need not specifically state each factor of a charge that must be proven, as long as the facts alleged, taken together, support the elements of the charge.")  Rather, its "recitation of statutory language 'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged.'" *McAuliffe*, 490 F.3d at 531 (quoting *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992)).  The Indictment meets those requirements.

Count 1 alleges that on or about January 7, 2023, Defendants deprived Mr. Nichols of his right to be free from an unreasonable seizure and aided and abetted one another in violation of 18 U.S.C. §§ 2 and 242.  (ECF No. 1 (sealed); ECF No. 2 at PageID 9.)  As a reminder, § 242 makes it a crime for someone acting under color of law to willfully deprive someone of a right or privilege protected by the U.S. Constitution or laws of the United States.  18 U.S.C. § 242.

---

[8] Defendant also argues that the Counts are insufficient "because they do not allege the facts necessary to apply either of the sentencing enhancements in 18 U.S.C. § 242." (ECF No. 168 at PageID 2330.)  As Defendant notes, this argument is more relevant to another of his Motions.  The Court thus declines to consider it at this time.

Section 2 allows Defendants to be charged as principals for aiding and abetting a crime against the United States, and "requires that a defendant 'in some sort associate himself with the venture, that he participate[] in it as something he wishes to bring about, and that he seek by his action to make it succeed.'" *United States v. Lawson*, 872 F.2d 179, 181 (6th Cir. 1989) (quoting *United States v. Winston*, 687 F.2d 832, 834 (6th Cir. 1982)); 18 U.S.C. § 2.  In support of this Count, the Indictment alleges that Defendants—MPD detectives—"willfully deprived [Mr.] Nichols of the right . . . to be free from an unreasonable seizure, which includes the right to be free from the use of unreasonable force by a police officer."  (ECF No. 1 (sealed); ECF No. 2 at PageID 9.)  It specifies that they effected this deprivation by unlawfully assaulting Mr. Nichols and failing to intervene, which resulted in Mr. Nichols's death.  (*Id.*)  Thus, the Indictment informs Defendants of the date of the alleged conduct, the officers allegedly involved, the identity of the alleged victim, and the general conduct alleged to have constituted an unreasonable seizure (assault and failure to intervene that resulted in the injury and death of Mr. Nichols).  These allegations are sufficient to put Defendant on notice of the charges against him.

Count 2 also charges Defendants under 18 U.S.C. §§ 2 and 242, but for violating Mr. Nichols's constitutional rights through their deliberate indifference to his serious medical needs. (ECF No. 1 (sealed); ECF No. 2 at PageID 9–10.)  In support of this Count, the Indictment references Defendants' alleged failures to render medical aid and advise the MPD dispatcher and medical personnel of Mr. Nichols's medical needs, "including that [Mr.] Nichols had been struck repeatedly."  (ECF No. 1 (sealed); ECF No. 2 at PageID 10.)  Like Count 1, Count 2 specifies the date, victim, individuals involved, and the specific acts alleged to give rise to a violation of the statutes specified.  These allegations are adequate to provide notice.  The Court also rejects Defendant's position that Count 2 needs to include a definition of "deliberate indifference" to be

constitutional.  (*See* ECF No. 168 at PageID 2330.)  Indeed, he provides no authority for this argument and it is in fact unsupported by relevant case law.  *See Hamling v. United States*, 418 U.S. 87, 118 (1974) (explaining that the word "obscene" is a legal term of art and, as such, "does not change with each indictment; it is a term sufficiently definite in legal meaning to give a defendant notice of the charge against him").

Related to his notice arguments, Defendant claims that the Indictment fails to protect him against double jeopardy.  (ECF No. 168 at PageID 2330.)  The Court disagrees for the same reason it disagrees that the Indictment is insufficient as to Counts 1 and 2: the facts alleged adequately describe what activity is alleged to have been unlawful.  They are thus sufficient to allow Defendant to invoke double jeopardy should he be subsequently prosecuted for the alleged conduct and events giving rise to and described in the Indictment.

## CONCLUSION

Defendant's Motion to Dismiss Counts 1 and 2 for Vagueness and Insufficiency, (ECF No. 167), is **DENIED**.

**IT IS SO ORDERED**, this 12th day of July, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

12