# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cr-20191-MSN |
| | ) | |
| v. | ) | |
| | ) | |
| EMMITT MARTIN III, | ) | |
| TADARRIUS BEAN, | ) | |
| DEMETRIUS HALEY, | ) | |
| *and* JUSTIN SMITH, | ) | |
| | ) | |
| Defendants. | | |

## ORDER DENYING MOTION TO DISMISS COUNTS 3 AND 4 FOR INSUFFICIENCY AND VAGUENESS AS APPLIED

Before the Court is Defendant Emmitt Martin III's[1] ("Defendant") Motion to Dismiss Counts 3 and 4 for Insufficiency and Vagueness As Applied, ("Motion," ECF No. 169), with which he filed a Memorandum in Support, (ECF No. 170).[2] The Government responded to Defendant's Motion on March 6, 2024, (ECF No. 217), to which Defendant filed a Reply on March 14, 2024, (ECF No. 224). The Court heard oral argument on Defendant's Motion on May 28, 2024. For the reasons below, the Motion is **DENIED**.

---

[1] Defendants Smith, Haley, and Bean filed Notices of Joinder to Defendant's Motion. (ECF Nos. 172, 186, and 183.) For ease of reference, and because Defendants Smith, Haley, and Bean did not offer any additional argument, the Court refers only to Defendant Martin.

[2] Defendant Bean also moved for dismissal of Counts 3 and 4 of the Indictment. (ECF No. 135.) Because Defendant Bean additionally moved for dismissal of Count 2 in his Motion, and because Defendant Martin raised several different arguments in support of his Motion, the Court considered it more expedient to resolve the Motions through separate Orders. As there is nonetheless significant overlap between the two Motions, there is also significant overlap between the two Orders on them.

## BACKGROUND

On January 7, 2023, officers from the Memphis Police Department ("MPD") conducted a traffic stop on Mr. Tyre Nichols during which Mr. Nichols sustained serious injuries. He passed away three days later. On September 12, 2023, Defendants were federally indicted on four felony counts: two for deprivation of constitutional rights under color of law in violation of 18 U.S.C. §§ 2 and 242 (one through excessive force and failure to intervene (Count 1) and the other through deliberate indifference to serious medical needs (Count 2)); one count of conspiracy to witness tamper under 18 U.S.C. § 1512(k) (Count 3), and one count of witness tampering under 18 U.S.C. § 1512(b)(3) (Count 4). (ECF No. 1 (sealed); ECF No. 2.) On February 7, 2024, Defendant filed the Motion now before the Court seeking the dismissal of Counts 3 and 4.

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure ("FRCP") 12(b)(3)(B)(v) allows a defendant to raise a pretrial challenge to an indictment if the indictment "fails to state an offense." This rule, however, limits the pretrial defenses a party may raise to those "the court can determine without a trial on the merits." FRCP 12(b)(1). In other words, resolution of a pretrial challenge to the indictment is appropriate "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)); *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) ("[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based."). In analyzing a motion to dismiss an indictment, the court accepts the factual allegations in the indictment and looks to whether the indictment is valid on its face. *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007).

**DISCUSSION**

FRCP 7 provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . [and] must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." FRCP 7(c)(1). "An indictment is 'sufficient if it (1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3) protects the defendant against double jeopardy.'" *United States v. Rankin*, 929 F.3d 399, 404–05 (6th Cir. 2019) (quoting *Valentine v. Konteh*, 395 F.3d 626, 631 (6th Cir. 2005)). "[A]n indictment is 'read as a whole, accepting the factual allegations as true, and construing those allegations in a practical sense with all the necessary implications.'" *United States v. Lee*, 919 F.3d 340, 353–54 (6th Cir. 2019) (quoting *McAuliffe*, 490 F.3d at 531).

Defendant argues that Counts 3 and 4 should be dismissed "because they recite the statutory language without alleging sufficient facts and circumstances to support the charged offense." (ECF No. 169 at PageID 2335.)³ Count 3 alleges that Defendants conspired to witness tamper in violation of 18 U.S.C. § 1512(k), while Count 4 alleges the substantive offense of witness tampering under 18 U.S.C. § 1512(b)(3). (ECF No. 1 at PageID 3–7.) To establish these alleged violations, the Government must show that Defendant agreed with another person to "'(1) knowingly and willfully engage[] in misleading conduct toward another person, (2) with the intent

---

³ Defendant also argues—as he did in his Motion to Dismiss Counts 1 and 2—that the applicable statute is vague as applied to him because there are not enough facts in the Indictment to provide him adequate notice of the offenses charged. (*See* ECF No. 168 at PageID 2321–22 & ECF No. 170 at PageID 2348.) The Court noted in denying Defendant's Motion to Dismiss Counts 1 and 2 that this argument is "not a good fit for an as-applied challenge" because as-applied challenges relate to a statute's application to alleged conduct and Defendant claims to be unaware of the conduct alleged. (*See* ECF No. 352 at PageID 4723.) The Court reiterates that point here and accordingly denies Defendant's as-applied vagueness challenge to Counts 3 and 4.

3

to hinder, delay or prevent the communication of information to a federal official, (3) about the commission or the possible commission of a federal crime.'" *United States v. Belcher*, 92 F.4th 643, 652 (6th Cir. 2024) (quoting *United States v. Carson*, 560 F.3d 566, 580 (6th Cir. 2009)) (listing elements of § 1512(b)(3)); *see also United States v. Sadler*, 24 F.4th 515, 552 (6th Cir. 2022) (stating that, to sustain a conviction under §§ 1512(a)(2)(A) and (k), the defendant "must have agreed with another person" to do the act proscribed by § 1512(a)(2)(A)).

The Indictment sufficiently sets forth these elements and the general factual bases for them. Indeed, both Counts name each Defendant and apprise them of the alleged facts and circumstances giving rise to the witness tampering-related offenses charged in those Counts. With regard to the conspiracy, the Indictment describes its alleged plan and purpose (to either omit or provide false or misleading information to conceal the use of unreasonable force on Mr. Nichols and escape liability) as well as seven overt acts allegedly committed in furtherance of the conspiracy. (ECF No. 1 (sealed); ECF No. 2 at PageID 11–13.) Those acts include, for example, Defendant (and the other Defendants) failing to tell paramedics information about the force used on Mr. Nichols, limiting the footage of the arrest captured on their body-worn cameras, either omitting or providing false and misleading information about the arrest to "MPD Detective 1" for the Incident Report after meeting with one another at the police station, and including false and misleading information in their Response to Resistance Reports concerning Mr. Nichols's arrest. (*Id.*)

Concerning the substantive offense, the Indictment further alleges that Defendant (and the other Defendants) aided and abetted one another and knowingly engaged in witness tampering by, among other things, corruptly persuading and attempting to corruptly persuade "MPD Supervisor 1" and "MPD Detective 1" "with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of truthful information relating to the

4

commission and possible commission of a Federal offense." (ECF No. 1 (sealed); ECF No. 2 at PageID 13.) It provides further context by specifying the reports involved (MPD arrest reports for Mr. Nichols's arrest) and the information alleged to have been false (*e.g.*, that Mr. Nichols was resisting arrest) or omitted (*e.g.*, the specific force used against Mr. Nichols by Defendants). (*Id.*) This information is sufficient to provide adequate notice to Defendant of the charges against him in these Counts.

Defendant takes issue with Counts 3 and 4 for several reasons, including that they "do not provide a factual basis for corrupt persuasion," "do not allege whether the defendants intended to provide false information or omit material information," and "do not identify the purported federal offense" possibly committed. (ECF No. 169 at PageID 2344–47.) He also challenges Count 3 on grounds that it "does not allege the elements required to show a conspiracy." (*Id.* at PageID 2347.) The Court is unpersuaded that these arguments require dismissal.

The gist of Defendant's "corrupt persuasion" argument is that "corrupt persuasion" requires a showing that he induced another to do something "by reasoned argument" knowing it was unlawful and that the Indictment does not indicate that he engaged in any actual persuasion. (ECF No. 170 at PageID 2344–45.) His concern about "intent" rests on his understanding that the Government will have to show that Defendants intended that the information they provided be false or incomplete and his view that the Indictment lacks factual allegations to support such a finding.[4] (*Id.* at PageID 2345.) In essence, both of these challenges assert that the Indictment is too sparse in the facts it includes to support the offenses charged. But "the indictment "need not list every possible factual basis for an element of a crime in an indictment." *Belcher*, 92 F.4th at

---

[4] Defendant also says the Indictment does not allege the omitted or false information was "material," but "materiality" is not an element of 18 U.S.C. § 1512(b)(3). *See United States v. Eaton*, 784 F.3d 298, 305 (6th Cir. 2015).

652.  *See also Lee*, 919 F.3d at 354 (citing *McAuliffe*, 490 F.3d at 531–32) ("[A]n indictment need not specifically state each factor of a charge that must be proven, as long as the facts alleged, taken together, support the elements of the charge."); *Costello v. United States*, 350 U.S. 359, 363 (1956) ("If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed.").  It may be that the Government will not be able to prove at trial that Defendant "corruptly persuaded" MPD Detective 1 or that he intended that the information he provided be incomplete, false, or misleading.  But the Motion now before the Court concerns the sufficiency of the Indictment, and there are enough facts in the Indictment to put Defendant on notice of the circumstances on which these charges are based.

Defendant also contends that the Indictment is insufficient because it does not specify the federal offense he allegedly tried to conceal.  (*Id.* at PageID 2346–47.)  This argument is not compelling; it is clear to the Court reading the Indictment, and it has always appeared clear to parties, that the federal offense underlying Counts 3 and 4 is the excessive force charge in Count 1 for the alleged "unlawful assault" of Mr. Nichols.  Indeed, Count 3 alleges Defendants "conspired to intentionally withhold and omit material information and knowingly make false and misleading statements all to cover up the use of unreasonable force on [Mr.] Nichols."  (ECF No. 1 (sealed); ECF No. 2 at PageID 10–11.)  It subsequently claims that the plan and purpose of that conspiracy was "to shield the defendants from liability for their criminal conduct" and sets forth seven overt actions in support, six of which relate to Defendants' use of force or "assault" on Mr. Nichols.  (ECF No. 1 (sealed); ECF No. 2 at PageID 11.)  The allegedly incomplete, false, or misleading information giving rise to Count 4 includes information that Defendants "punched," "kicked," and

6

"struck [Mr. Nichols] in the head." (ECF No. 1 (sealed); ECF No. 2 at PageID 13.) Defendant's claim of ignorance here is implausible.

Finally, Defendant contends that the Indictment "does not allege any agreement or understanding among the defendants to commit witness tampering . . . ." (ECF No. 170 at PageID 2348.) But in fact the Indictment alleges that Defendants "met as a group" at the police station following the arrest "and provided MPD Detective 1 with false and misleading information about the arrest scene . . . ." (ECF No. 1 (sealed); ECF No. 2 at PageID 12.) Defendant's contention that more is required fails as either a challenge to the sufficiency of the evidence (an issue for trial) or as an unsupported demand that the Court read the Indictment in a hypertechnical manner.

A review of the Indictment thus indicates that it tracks the elements of the offenses charged in Counts 3 and 4 and gives sufficient notice to Defendant of the specific facts and circumstances the Government considers violative of the statutes set forth in those Counts. Defendant's Motion is denied.

## CONCLUSION

Defendant's Motion to Dismiss Counts 3 and 4 for Insufficiency and Vagueness As Applied, (ECF No. 169), is **DENIED**.

**IT IS SO ORDERED**, this 12th day of July, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE