# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cr-20191-MSN |
| | ) | |
| v. | ) | |
| | ) | |
| EMMITT MARTIN III, | ) | |
| TADARRIUS BEAN, | ) | |
| DEMETRIUS HALEY, | ) | |
| *and* JUSTIN SMITH, | ) | |
| | ) | |
| Defendants. | | |

## ORDER DENYING MOTION TO DISMISS DUPLICITOUS INDICTMENT

Before the Court is Defendant Emmitt Martin III's ("Defendant")[1] Motion to Dismiss Duplicitous Indictment, (ECF No. 152), with which he filed a Memorandum in Support, (ECF No. 153). The Government responded in opposition to Defendant's Motion on March 1, 2024. (ECF No. 209.) Defendant filed a Reply to the Government's Response on March 14, 2024. (ECF No. 223.) For the reasons below, the Motion is **DENIED**.

## BACKGROUND

On January 7, 2023, officers from the Memphis Police Department ("MPD") conducted a traffic stop on Mr. Tyre Nichols during which Mr. Nichols sustained serious injuries. He passed away three days later. On September 12, 2023, Defendants were federally indicted on four felony counts: two for deprivation of constitutional rights under color of law in violation of 18 U.S.C. §§

---

[1] Defendant Bean filed a Notice of Joinder to Defendant's Motion. (ECF No. 279.) As he did not provide additional argument, the Court refers to Defendants in the singular.

2 and 242 (one through excessive force and failure to intervene (Count 1) and the other through deliberate indifference to serious medical needs (Count 2)); one count of conspiracy to witness tamper under 18 U.S.C. § 1512(k) (Count 3), and one count of witness tampering under 18 U.S.C. § 1512(b)(3) (Count 4).  (ECF No. 1.)  On February 6, 2024, Defendant filed the Motion now before the Court seeking dismissal of the Indictment on grounds that all of its Counts are duplicitous.

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure ("FRCP") 12(b)(3)(B)(i) allows a defendant to raise a pretrial challenge to an indictment if the indictment "join[s] two or more offenses in the same count (duplicity)."  This Rule, however, limits the pretrial defenses a party may raise to those "the court can determine without a trial on the merits."  FRCP 12(b)(1).  In other words, resolution of a pretrial challenge to the indictment is appropriate "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense."  *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)); *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) ("[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based.").  In analyzing a motion to dismiss an indictment, the court accepts the factual allegations in the indictment and looks to whether the indictment is valid on its face.  *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007).

## DISCUSSION

An indictment is duplicitous if it "charges separate offenses within a single count."  *United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997) (citing *United States v. Duncan*, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988)).  The danger of a duplicitous indictment "is that the jury cannot in

a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both." *Id.* (citing *Duncan*, 850 F.2d at 1108 n.4). "Duplicity can potentially prejudice the defendant in sentencing, obtaining appellate review, and protecting himself against double jeopardy." *Id.* (citing 1 Charles Alan Wright, Federal Practice and Procedure, § 142 (1982)). An indictment is not duplicitous, however, when one count alleges violation of a statute using "multiple theories of liability or multiple factual predicates." *Id.* (citing *United States v. Hixon*, 987 F.2d 1261, 1265 (6th Cir. 1993)).

Here, Defendant acknowledges that FRCP 7(c) permits the Government to allege multiple means of committing an offense in one count but warns that doing so is risky. (ECF No. 153 at PageID 807–08.) Specific to Count 1, he argues that the two means alleged (excessive force and failure to intervene) "are distinct and based upon separate acts, one requiring proof that [he] acted and one requiring proof that he did not act." (*Id.* at PageID 808.) He contends that including these acts in one count "prevents the jury from returning a unanimous verdict and fails to protect [him] against double jeopardy because a general verdict of guilty upon that count would make it impossible to determine whether [he] was convicted of the act of assaulting Mr. Nichols or for failing to intervene in the assault of Mr. Nichols." (*Id.* at PageID 809.) He challenges Count 2 on the same grounds for its allegations that he failed to render aid to Mr. Nichols and failed to advise the MPD dispatcher of Mr. Nichols's medical need. (*Id.*) In addition, he contends that Counts 1 and 2 are duplicitous because they charge in the conjunctive that Defendants' actions resulted in both bodily injury and death and those outcomes trigger different sentences. (*Id.* at PageID 809–10.) As for the witness tampering counts, Defendant argues that Count 3 is duplicitous because it charges Defendants with "engaging in misleading conduct towards, corruptly persuading, and attempting to corruptly persuade" multiple individuals. (*Id.* at PageID 801.) He objects to Count

3

4 for the same reason he objects to Counts 1 and 2: it alleges an affirmative act (providing false information) and a failure to act (omitting certain information). (*Id.* at PageID 811–12.)

The Court does not find any of the Counts in the Indictment duplicitous. As Defendant concedes, FRCP 7 permits one count in an indictment to allege "that the defendant committed it by one or more specified means." FRCP 7(c). In fact, the commentary to that Rule advises that this provision "is intended to eliminate the use of multiple counts for the purpose of alleging the commission of the offense by different means or in different ways." Advisory Committee's Note on the 1944 Amendment, FRCP 7. Accordingly, Count 1 is not duplicitous for alleging that Defendants committed the same offense (violating Mr. Nichols's Fourth Amendment rights) in multiple ways (by using excessive force and failing to intervene). Nor is Count 2 impermissible for charging that Defendants violated Mr. Nichols's right to be free from a police officer's deliberate indifference to his serious medical needs by failing to render medical aid or communicate Mr. Nichols's medical needs.[2] Finally, while a finding of "bodily injury" and "death" is significant for a potential sentencing enhancement in Counts 1 and 2, there need not be separate counts to account for those findings.[3] Thus, the appropriate remedy here is not dismissal, but rather

---

[2] Given the number of references to this point in Defendant's brief, the Court also notes that it does not find significant that some of the means alleged involve action and some inaction. A failure to act when one's duty requires action can give rise to liability under § 242 in the same way an affirmative action can. Aside from constituting different means of violating the statute, then, the significance of that distinction is not clear to the Court. To be sure, Defendant subsequently argued in a different Motion that this distinction represents an expansion of the statute, (*see* ECF No. 290)—an argument this Court has rejected. (*See* ECF No. 354.) But that issue was not raised for purposes of this Motion, which relates to the Indictment's alleged duplicity.

[3] Indeed, the Court acknowledges the Government's argument that a § 242 violation resulting in bodily injury is a lesser-included offense of a violation resulting in death. And it is not inappropriate to charge lesser-included offenses in one count with the greater offense. *See United States v. Prabhu Ramamoorthy*, 949 F.3d 955, 961 (6th Cir. 2020) (finding that an indictment was not duplicitous when it charged sexual abuse and attempted sexual abuse in the same count since attempted sexual abuse was the lesser-included offense).

4

a jury instruction and special verdict form, which the Government acknowledges will be necessary in this case.  (*See* ECF No. 209 at PageID 2565.)  *See also United States v. Savoires*, 430 F.3d 376, 380 (6th Cir. 2005) (citing *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002)) (explaining that "proper jury instructions can mitigate the risk of jury confusion and alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense").

Additionally, Count 3 is not duplicitous for alleging that Defendants conspired to "engag[e] in misleading conduct towards, corruptly persuad[e], and attempt to corruptly persuade" multiple individuals in violation of 18 U.S.C. 1512(k).  Defendant's concern focuses on this Count's nature as a conspiracy charge, presumably because it alleges multiple crimes within the conspiracy.  (ECF No. 153 at PageID 811.)  But "a single count of conspiracy to commit several crimes is not duplicitous, because [t]he conspiracy is the crime, and that is one, however diverse its objects.'" *United States v. Boyd*, 640 F.3d 657, 666 (6th Cir. 2011) (quoting *Braverman v. United States*, 317 U.S. 49, 54 (1942)).  *See also, e.g.*, *United States v. Campbell*, 279 F.3d 392, 398 (6th Cir. 2002) (finding that an indictment was not duplicitous when it charged conspiracy to distribute marijuana, cocaine, and crack cocaine in one count).  Here, the indictment is clear in its allegation that Defendants conspired to do one overall act: violate 18 U.S.C. § 1512(b)(3).  The fact that the indictment names several ways Defendants allegedly tried to do that does not make the Count duplicitous.

Finally, the Court does not find Count 4 duplicitous.  Defendant takes issue with Count 4's inclusion of multiple means of violating the statute, which are alleged in the conjunctive.  (ECF No. 153 at PageID 811-12.)  As discussed with relation to the previous Counts, duplicity does not exist merely because a count alleges multiple means of violating a statute.  *See* discussion *supra*.

5

*See also, e.g.*, *United States v. Eaton*, No. 1:12CR-00011-JHM, 2013 U.S. Dist. LEXIS 98754, at *11 (W.D. Ky. July 15, 2013) (finding that a count alleging a violation of 18 U.S.C. § 1512(b)(3) was not duplicitous when it alleged different ways defendant violated the statute).  Furthermore, an indictment is not duplicitous when it charges acts conjunctively in one count.  *Hixon*, 987 F.2d at 1265.  In such an event, "'the government may satisfy its burden by proving that the defendant, by committing any one of the acts alleged, violated the statute.'"  *Id.* (quoting favorably *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989)).

For all of these reasons, the Court does not find the Indictment duplicitous and the Motion is denied.  The Court will entertain arguments about the need for certain jury instructions and the content of a special verdict form at the appropriate time.

## CONCLUSION

Defendants' Motion to Dismiss Duplicitous Indictment, (ECF No. 152), is **DENIED**.

**IT IS SO ORDERED**, this 12th day of July, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE