# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cr-20191-MSN |
| | ) | |
| v. | ) | |
| | ) | |
| EMMITT MARTIN III, | ) | |
| TADARRIUS BEAN, | ) | |
| DEMETRIUS HALEY, | ) | |
| *and* JUSTIN SMITH, | ) | |
| | ) | |
| Defendants. | | |

## ORDER DENYING MOTIONS FOR A BILL OF PARTICULARS

Before the Court are Defendant Emmitt Martin III's[1] and Defendant Haley's ("Defendants") Motions for a Bill of Particulars. (ECF Nos. 127 & 177.) The Government responded in opposition to Defendant Haley's Motion on January 25, 2024, (ECF No. 137), and Defendant Martin's Motion on February 21, 2024, (ECF No. 198). Defendant Haley filed a Reply to the Government's Response to his Motion on January 28, 2024, (ECF No. 138), and Defendant Martin did the same on March 12, 2024, (ECF No. 220). For the reasons below, both Motions are **DENIED**.

### BACKGROUND

On January 7, 2023, officers from the Memphis Police Department ("MPD") conducted a traffic stop on Mr. Tyre Nichols during which Mr. Nichols sustained serious injuries. He passed

---

[1] Defendants Smith and Haley filed Notices of Joinder to Defendant Martin's Motion. (ECF Nos. 184 and 186.)

away three days later.  On September 12, 2023, Defendants were federally indicted on four felony counts: two for deprivation of constitutional rights under color of law in violation of 18 U.S.C. §§ 2 and 242 (one through excessive force and failure to intervene (Count 1) and the other through deliberate indifference to serious medical needs (Count 2)); one count of conspiracy to witness tamper under 18 U.S.C. § 1512(k) (Count 3), and one count of witness tampering under 18 U.S.C. § 1512(b)(3) (Count 4).  (ECF Nos. 1 (sealed) & 2.)

## **DISCUSSION**

Federal Rule of Criminal Procedure ("FRCP") 7 provides that a court "may direct the government to file a bill of particulars."  FRCP 7(f).  Relevant to this case, the purposes of a bill of particulars would be "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial [or] to avoid or minimize the danger of surprise at the time of trial . . . ."  *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976) (citing *United States v. Haskins*, 345 F.2d 111 (6th Cir. 1965)).  "It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial."  *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)).  Whether "to order a bill of particulars is within the sound discretion of the trial court."  *Id.* (citing *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1986)).

In addition to the Motion now before the Court, all of the Defendants have separately moved (or joined in another's motion) to dismiss the Indictment.  (*See* ECF Nos. 135, 152, 167, 169, 289, and 293.)  The Court has denied all of those Motions, finding that the Counts in the Indictment are sufficient to put Defendants on notice of the charges against them and to protect them against double jeopardy.  (*See* ECF Nos. 351, 355, 352, 353, and 354.)  Accordingly, the Court declines to order a bill of particulars.  *See Salisbury*, 983 F.2d at 1375 (citing *Mahar*, 801

F.2d at 1503) ("A court does not abuse its discretion by denying a bill of particulars in light of a detailed indictment.").[2]

Nonetheless, the Court notes that Defendants are not entitled to the relief they seek. Defendant Haley mainly wants to know who the "other persons" are that Defendants are alleged to have corruptly persuaded or to have attempted to corruptly persuade, as well as every statement the Government may use to support its charges in Counts 3 and 4. (ECF No. 127 at PageID 418–20.) He also wants the time and location of, and the participants in conversations relevant to the conspiracy charge and additional facts about how Defendants did certain things the Government says they did in the Indictment. (*Id.* at PageID 419.) Defendant Martin does not set forth with any specificity the information he wants the Court to provide in a bill of particulars; instead, he refers the Court to his Motions to Dismiss. (ECF No. 177 at PageID 2383–84.)

---

[2] Defendant Martin is adamant that the Court cannot reference discovery in considering the need for a bill of particulars. (ECF No. 220 at PageID 2704.) The Court is not convinced. *See, e.g.*, *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other grounds by statute* (citing *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990)) ("[A] defendant is not entitled to a bill of particulars with respect to information which is available through other sources"); *United States v. Hall*, 261 F. Supp. 3d 812, 819 (E.D. Mich. 2017) (finding that the discovery "obviate[d] the need for a Bill of Particulars"); *Carson v. Clendenion*, No. 21-5531, 2021 U.S. App. LEXIS 38512, at * 4 (6th Cir. Dec. 29, 2021) (finding that counsel's failure to file a bill of particulars did not result in any prejudice because it would not have produced any material not already obtained through discovery and other means). In fact, "the degree of discovery available to the defendant" is a specific factor some courts have considered in determining whether to order a bill of particulars. *See, e.g.*, *United States v. Pendergrass*, 2006 U.S. Dist. LEXIS 79212, at *6 (M.D. Tenn. Oct. 30, 2006) (citing *United States v. Sorich*, 427 F. Supp. 2d 820, 838 (N.D. Ill. 2006)). This Court need not go further because there is enough in the Indictment to warrant denial of Defendants' Motions, as explained more thoroughly in the Orders on Defendants' various Motions to Dismiss. But given the amount of extensive discovery Defendants have received, to include the grand jury transcript setting forth the Government's theory of the case, state and federal investigative reports, and audio and video from MPD officers, the Court cannot refrain from providing this context. Furthermore, the Government indicates that it has already pointed Defendants to specific portions of the video recordings relevant to some of the information Defendants seek to obtain through a bill of particulars. (*See* ECF No. 137 at PageID 550.) These facts suggest that Defendants are unlikely to face unfair surprise at trial—one of the main dangers a bill of particulars is meant to avoid.

As for the objects of Defendants' alleged corrupt persuasion, the Indictment does specify two individuals[3] and Defendant Haley does not indicate why other individuals' identities are central to the charge; 18 U.S.C. §§ 1512(b)(3) and (k) do not require, for example, that an individual corruptly persuade a particular person—"any person" will do.  The Court also finds instructive, if not dispositive, that the Government is not even required to disclose the name of an alleged co-conspirator before trial.  *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991).

With regard to the other information sought, these requests are, at bottom, attempts to obtain as much evidence as possible before trial, even though an indictment is not required to set forth every piece of evidence that may support a conviction.  As indicated, the Court has ruled that Counts 1–4 of the Indictment include the requisite elements of the offenses charged and the general facts relevant to those elements.  To the extent Defendants want more, such a desire to have all of the Government's evidence before trial is not a proper basis for a bill of particulars.  *Salisbury*, 983 F.2d at 1375 (citing *Kilrain*, 566 F.2d at 985).  Thus, Defendants are not entitled to further detail about the "time, location, and participants" in certain conversations,[4] "[t]he manner in which each defendant 'used their MPD body-worn cameras" so as to limit footage, the specific "strikes of [Mr.] Nichols for which Defendant [] Haley was present," and the universe of statements the Government may introduce at trial to support Counts 3 and 4.  *See also Salisbury*, 983 F.2d at 1375

---

[3] The Indictment specifies that Defendants "attempt[ed] to corruptly persuade[] their supervisor (MPD Supervisor 1), the officer tasked with writing the Incident Report (MPD Detective 1), and other persons . . . ."  (ECF No. 1 (sealed); ECF No. 2 at PageID 10.)

[4] In any event, the Court observes that the Indictment says the specific conversation Defendant Haley references in his Motion involved all of the Defendants and occurred "on the [arrest] scene."  (ECF No. 1 (sealed); ECF No. 2 at PageID 12.)  The Indictment also specifies the date of the arrest as January 7, 2023.  (ECF No. 1 (sealed); ECF No. 2 at PageID 8.)

(citing *Kilrain*, 566 F.2d at 985) ("[A] defendant is not entitled to discover all the overt acts that might be proven at trial").  The Motions are denied.

## CONCLUSION

Defendants' Motions for a Bill of Particulars, (ECF Nos. 127 & 177), are **DENIED**.

**IT IS SO ORDERED**, this 12th day of July, 2024.

                                            *s/ Mark S. Norris*
                                            MARK S. NORRIS
                                            UNITED STATES DISTRICT JUDGE