IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 2:23-cr-20191-MSN |
| | ) |
| | ) |
| EMMITT MARTIN, III, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' RESPONSE TO DEFENDANT MARTIN'S MOTION *IN LIMINE* TO BAR IMPROPER ARGUMENT**

The United States submits this in response to defendant Martin's Motion *in Limine* to Bar Improper Argument. (Doc. No. 342.) Defendant Martin's motion sets out general legal principles of which the United States is aware. The government fully intends to comply with all relevant laws, including the Federal Rules of Criminal Procedure, Federal Rules of Evidence, court orders, and ethical guidelines, during this prosecution. To meet its burden of proving the defendants' guilt beyond a reasonable doubt, the United States will seek to admit against each defendant all relevant, admissible evidence, consistent with the Rules of Evidence and this Court's orders, as appropriate to prove its case against each defendant. *See, e.g.*, Fed. R. Evid. 404(b); Fed. R. Evid. 801(d)(2).

In part of his motion, it appears that defendant Martin is attempting to preserve for appeal all issues that may arise during trial even if he fails to raise a timely objection. *See* Doc. No. 342 at 5, ¶ 9. Although defendant Martin recognizes that "timely objection is generally necessary to issue preservation," he notes that interruptions from objections "are matters to be approached

cautiously." *Id.* (quoting *United States v. Young*, 470 U.S. 1, 13 (1985) (cleaned up)). For this reason, defendant Martin indicates that he is "raising this issue prior to trial to preserve the issue" and avoid alienating the jury by making contemporaneous objections. *Id.* Defendant Martin thus appears to be seeking a preemptive, blanket exception to the general rule requiring contemporaneous objections. *Id.* He is not entitled to such an exception. Neither the Federal Rules of Criminal Procedure nor relevant case law supports an exception to the general rule that a party must usually make contemporaneous and clear objections to a court order or ruling to preserve the issue for review. *See, e.g.*, *United States v. Bailey*, Nos. 19-2280/2281/2354/20-1235, 2022 WL 2444930, at *17 (6th Cir. July 5, 2022) ("To preserve an error for appellate review, a litigant usually must timely object.").

Federal Rule of Criminal Procedure 51(b) clearly states that a "party may preserve a claim of error by informing the court – *when the court ruling or order is made or sought* – of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." Fed R. Crim. P. 51 (emphasis added). The Rules carve out only two narrow exceptions to the contemporaneous-objection requirement: (1) "[i]f a party does not have an opportunity to object to a ruling or order," Fed. R. Crim. P. 51(b), or (2) if there is a "plain error that affects substantial rights," Fed. R. Crim. P. 52(b). Neither exception is available to defendant Martin, who characterizes his argument as being made out of an "abundance of caution." *See* Doc. No. 342 at 1.

The government is confident that experienced defense counsel will be well-positioned to enter contemporaneous objections where appropriate, without risking alienating the jury. More importantly, only contemporaneous objections ensure that a court "can focus on" the issue and "correct it in real time," if necessary. *Bailey*, 2022 WL 2444930, at *17. Otherwise, a defendant

"would be free to sandbag the district court" and "raise his objection only if the case comes out against him." *Id.* (citing *Puckett v. United States*, 556 U.S. 129, 134 (2009)). Abiding by the contemporaneous-objection rule "deters that sort of gamesmanship." *Id.* It also "preserves systemic judicial resources." *United States v. Williams*, 641 F.3d 758, 771 (6th Cir. 2011) (Thapar, J., concurring).

To be sure, plain-error review "tempers the blow of a rigid application of the contemporaneous-objection requirement." *United States v. Young*, 470 U.S. 1, 15 (1985). But the possibility of plain-error review—which is limited to obvious errors that affect substantial rights—does not relieve a party of the general requirement to raise specific, contemporaneous objections. *Id.* at 16 (emphasizing that "reviewing courts *are not to use* the plain-error doctrine to consider trial court errors not meriting appellate review *absent timely objection*") (emphasis added).

Defendant Martin's reliance on *Bates v. Bell*, 402 F.3d 635 (6th Cir. 2005), is both inapposite and does nothing to alter the contemporaneous-objection requirement. *Bates* was a habeas appeal from a death-penalty case where state prosecutors acted improperly during the sentencing hearing such that a reversal of the sentence was warranted. The Sixth Circuit neither considered nor applied the contemporaneous-objection rule; much less, as defendant Martin would suggest, did the court allow the preservation of all unraised issues simply because there was risk of "alienating the jury." *Id*. at 646.

## Conclusion

The United States respectfully submits this response to Defendant Martin's Motion *in Limine* to Bar Improper Argument.

    Respectfully submitted,

    KEVIN G. RITZ
    United States Attorney

By: DAVID PRITCHARD
ELIZABETH ROGERS
Assistant United States Attorneys
167 N. Main Street, Ste. 800
Memphis, TN 38103
901/544-4231

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

<u>/s/ Forrest Christian</u>
Forrest Christian
Deputy Chief
Kathryn E. Gilbert
Special Litigation Counsel
Civil Rights Division
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 616-2430

## CERTIFICATE OF SERVICE

I, Forrest Christian, hereby certify that on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

s/Forrest Christian  
FORREST CHRISTIAN  
July 17, 2024