IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 2:23-cr-20191-MSN |
| | ) |
| | ) |
| EMMITT MARTIN, III, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' MOTION TO EXCLUDE EXPERT TESTIMONY
OF DOUGLAS LACEY**

The United States respectfully moves the Court to exclude the testimony of Douglas Lacey. Defendant Martin has noticed him as an expert in the field of forensic analysis of audio and video media. The government does not object to his qualifications, but is left in the dark as to the relevance of the work product to the issues at trial. Mr. Lacey was retained to enhance a certain portion of the audio and video from bodyworn camera footage of officer interaction with Tyre Nichols on January 7, 2023. His testimony and work product should be excluded as it is unhelpful to the jury under applicable case law.

**Factual and Procedural Background**

On January 7, 2023, Tyre Nichols was the subject of a traffic stop by Memphis Police Department (MPD) officers. After the officers used force against Nichols, he ran from the scene. When the defendants caught Nichols, they struck, batoned, and kicked him, including in the head. Nichols was transported to the hospital where he succumbed to his injuries and died three days later.

1

The government anticipates that the primary factual matters the jury will be required to resolve at trial include whether (1) the force the defendants used during the assault was unreasonable; (2) the defendants had the opportunity to intervene in other defendants' uses of force; (3) the defendants employed excessive force willfully, knowing that it was excessive; (4) the defendants' failure to render aid and to provide information about Nichols' injuries to first responders and others demonstrated deliberate indifference; and (5) the defendants made false and misleading statements after the assault.

## Law

Rule 702 of the Federal Rules of Evidence, which addresses the admissibility of expert witness testimony, states that a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The most critical criterion for expert testimony is the first one – whether it is helpful to the jury. *See United States v. Freeman*, 730 F.3d 590, 600 (6th Cir. 2013). Testimony, whether expert or not, is relevant if it helps the factfinder understand the facts. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993). Relevance means "there must be a 'fit' between the inquiry in the case and the testimony[.]" *United States v. Bonds*, 12 F.3d 540, 555 (6th Cir. 1993).

Rule 702 requires trial courts to act as "gatekeeper[s]" by "evaluat[ing] the relevance and reliability of proffered expert testimony with heightened care." *United States v. Cunningham*, 679

F.3d 355, 380 (6th Cir. 2012) (quotation marks omitted). This role is crucial, because the Federal Rules "grant expert witnesses testimonial latitude unavailable to other witnesses" on the assumption that their testimony will be reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148 (1999). As the Supreme Court has observed, "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." *Daubert*, 509 U.S. at 595 (quotation omitted). Expert evidence bears an "aura of special reliability and trustworthiness" that makes it "apt to carry undue weight with the trier of fact." *United States v. Brown*, 557 F.2d 541, 556 (6th Cir. 1977) (quotations omitted). The proponent of expert testimony must satisfy these requirements by a preponderance of the evidence. *See Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001).

The defendants are charged with four felony counts stemming from Nichols' arrest. Count One charges that the defendants, acting under color of law, and aiding and abetting one another, willfully violated Nichols' Fourth Amendment right to be free from the use of unreasonable force by a police officer, resulting in his injury and death, in violation of 18 U.S.C. § 242 and 2. Count Two charges a violation of the same statute, alleging that the defendants, acting under color of law, willfully violated Nichols' Due Process right to be free from police officers' deliberate indifference to his serious medical needs, resulting in bodily injury and death. Count Three charges the defendants with conspiring to engage in witness-tampering by conspiring to both withhold truthful information and provide misleading information in violation of 18 U.S.C. § 1512(k), while Count Four charges the defendants with so doing by in fact withholding information and providing false and misleading information to their supervisor and an MPD detective, in violation of 18 U.S.C. § 1512(b)(3).

## Analysis

Defendant Martin has noticed the proposed expert testimony of Douglas Lacey. Mr. Lacey made various enhancements to a small section of audio and video recordings of officers' interaction with Tyre Nichols on January 7, 2023. The clips are only a few seconds long. The video portion of the clip is so attenuated that it is unclear what is actually occurring during this portion of the interaction. The same is true for the enhanced audio clip.[1]

Defendant Martin has not indicated in his notice of expert testimony, nor has Mr. Lacey indicated in his report, the purported relevance of these clips. Mr. Lacey's report as provided to the government does not appear to explain what Mr. Lacey's testimony would entail other than explaining that he made these enhanced audio and video clips and how he did so. Currently, the government is unable to deduce any possible relevance the testimony of Mr. Lacey could have to a determination of the issues at trial. The government is prejudiced by its inability to defend against expert testimony bearing on the crucial issues in a case that is set for trial in less than two months, and defendant Martin offers no explanation in his vague filing. *See, e.g.*, *United States v. Barile*, 286 F.3d 749, 758–59 (4th Cir. 2002) (affirming district court's exclusion of expert testimony that misrepresentations were not material where Rule 16 notice stated that the expert was "expected to testify about the lack of materiality of alleged misrepresentations," which "did not describe [the expert's] opinions beyond stating the conclusion he had reached and did not give the reasons for those opinions as required under Rule 16(b)(1)(C)").

Again, the most important gatekeeping question for the Court when determining whether to allow expert testimony to be admitted at trial is whether the purported testimony would be

---

[1] The government understands that the Court will need to make its own independent assessment.

4

helpful to the jury. *See Freeman*, 730 F.3d at 600. These clips and Mr. Lacey's testimony should be excluded because their minimal probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See Daubert*, 509 U.S. at 595 (reiterating that Rule 403 "permits the exclusion of relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury'" and that courts "exercise[] more control" in making this determination "over experts than over lay witnesses" (quoting Fed. R. Evid. 403)).

## Conclusion

For the foregoing reasons, the United States respectfully requests that the Court exclude the expert testimony of Mr. Lacey.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

s/ David Pritchard
DAVID PRITCHARD
ELIZABETH ROGERS
Assistant United States Attorneys
167 N. Main Street, Ste. 800
Memphis, TN 38103

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

FORREST CHRISTIAN
Deputy Chief
KATHRYN E. GILBERT
Special Litigation Counsel
950 Pennsylvania Ave., NW
Washington, DC 20530

**CERTIFICATE OF SERVICE**

I, David Pritchard, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

s/David Pritchard<br>
DAVID PRITCHARD<br>
July 19, 2024