IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 2:23-cr-20191-MSN |
| | ) | |
| EMMITT MARTIN, III | ) | |

**RESPONSE TO GOVERNMENT MOTION IN LIMINE TO PRECLUDE IMPROPER REFERENCE TO DEFENDANT'S GOOD CHARACTER**

The defendant, Emmitt Martin, III, through counsel, pursuant to the Fifth and Sixth Amendments to the United States Constitution; Federal Rules of Evidence 404 and 405; and *Michelson v. United States*, 335 U.S. 469 (1948), respectfully responds in opposition to the government's Motion in Limine Preclude Improper Reference to Defendants' Good Character. *See* (Motion, ECF No. 319, PageIDs 3945–3949.) The government seeks to prevent Mr. Martin from presenting evidence of his good character, claiming that such evidence is "not pertinent to the allegations" and "would divert the trial from an examination of the respective acts of the defendants charged in this case to a trial of the character in general of the defendants." *See* (Motion, ECF No. 319, PageIDs 3, 4.) The latter comment is rich given that the government has indicated an intent to smear Mr. Martin with hearsay, prior alleged bad acts, and, of all things, nicknames[1] allegedly given to him by other officers. *See generally, e.g.*, (Sealed Gov't Motion in Limine on Testimonial Statements, ECF No. 313); (Sealed Gov't Motion in Limine on Admissibility of Defendant's Nontestimonial Statements, ECF. No. 315); (Sealed Response to Martin Motion in

---

[1] The Second Circuit has recognized that "[i]t is the ethical obligation of the prosecutor, and the legal obligation of the court," before admitting evidence of a defendant's "nickname that bespeaks guilt, violence, or depravity," to "consider seriously whether the probative value is substantially outweighed by any danger of unfair prejudice and whether introduction of the nickname is truly needed to identify the defendant, connect him with the crime, or prove some other matter of significance." *United States v. Farmer*, 583 F.3d 131, 135 (2d Cir. 2009) (district court erred by admitting defendant's nickname "Murder").

Limine to Exclude Other Acts Evidence, ECF No. 361). The government seeks to put Mr. Martin in jail for the rest of his life for violating Mr. Nichols' civil rights and then manufacturing a cover up. *See* (Indictment, ECF No. 2.) Under these circumstances, the rules of evidence do not prevent Mr. Martin from evidence of his good character, should he desire to do so in keeping with his constitutional right to present a defense.

Not only do the rules of evidence specifically permit the criminal accused to present evidence of his good character, "the criminal rule" allowing him to do so predates the adoption of the rules of evidence, *see Michelson v. United States*, 335 U.S. 469, 476 (1948) (stating that a criminal defendant "may introduce affirmative testimony that the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged"), and "*is so deeply imbedded in our jurisprudence as to assume almost constitutional proportions and to override doubts of the basic relevancy of the evidence.*" Fed. R. Evid. 404, Advisory Comm. Note (emphasis added). Federal Rule of Evidence 404(a)(1) generally prohibits admission of "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait," but subsection (a)(2) provides that, "in a criminal case," which this is, "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Fed. R. Evid. 404(a)(1), (2)(A); *see also id.*, Advisory Comm. Note (stating that "the circumstantial use of character is rejected but with important exceptions: (1) an accused may introduce pertinent evidence of good character . . . in which event the prosecution may rebut with evidence of bad character"). "In criminal cases, the so-called 'mercy rule' permits a criminal defendant to introduce evidence of pertinent character traits of the defendant and the victim. . . . because the accused, whose liberty is at stake, may need 'a counterweight against the strong investigative and

prosecutorial resources of the government.'" Fed. R. Evid. 404, Advisory Comm. Note (citations omitted)).

Rule 405 provides that "proof [of character] may be made by testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). Together, Rule 404(a)(1) and 405 establish "that although propensity evidence is generally not allowed, 'when . . . the defendant in a criminal case seeks to offer evidence of his good character to imply that he is unlikely to have committed a crime, the general rule against propensity evidence is not applied.'" *United States v. Yarbrough*, 527 F.3d 1092, 1101 (10th Cir. 2008) (1 McCormick on Evidence § 191 (Kenneth S. Broun, ed., 6th ed. 2006)). None of the cases cited by the government support a deviation from the ancient, ingrained, and constitutionally-relevant rule that an accused may offer evidence of his good character to suggest that he likely did not commit the charged offenses. *See, e.g.*, *United States v. Crockett*, 586 F. Supp. 2d 877, 884 (E.D. Mich. 2008) (stating that "evidence of a pertinent character trait of the accused offered to show that he likely did not commit the crime is expressly allowed by Federal Rule of Evidence 404(a)(1)"); *see also id.* ("Testimony by character witnesses as to whether they believe Mr. Crockett is the type of person who would take drugs from the police evidence room is proper character testimony.").

The government appears to confuse the admission of specific instances of good conduct, which Mr. Martin agrees are only admissible when pertinent to a charged offense, and evidence of Mr. Martin's reputation for "professionalism, dedication," honesty, etc., which are categorically admissible pursuant to Rules 404 and 405 regardless of the charged offenses. *See* (Motion, ECF No. 319, PageID 3947 ("General evidence of the defendant's 'good' conduct, including evidence offered to prove professionalism, dedication, or other similar traits, is likewise irrelevant to the civil rights and obstruction charges at issue here.")) Moreover, the government's citation to *United*

*States v. Bell*, 516 F.3d 432 (6th Cir. 2008), for the proposition that evidence of the accused's good character is subject to the requirements of Rule 403 is inapt. *Bell* did not concern Rule 404(a) at all. Instead, the portion of the opinion cited by the government deals exclusively with the admission of evidence pursuant to Rule 404(b), which specifically includes a requirement that it evidence admitted via its terms pass through a Rule 403 assessment. *See United States v. Bell*, 516 F.3d 432, 440 (6th Cir. 2008) (holding "that the district court erred by permitting the government to introduce evidence of Bell's prior drug convictions"). Similarly, *United States v. Lattner*, is confined to a discussion of the interplay between Rule 404(b) and Rule 403 and is, accordingly, inapplicable here. *See United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004) (considering Lattner's challenge to district court's admission of his prior bad acts).

Finally, Mr. Martin recognizes that, should he elect to present evidence of his good character, the government would be entitled to "offer evidence to rebut it." Fed. R. Evid. 404(a)(2)(A). What the government is not entitled to, however, is an order excluding evidence of Mr. Martin's good character prior to trial. This Court should deny the government's motion in limine to preclude reference to the defendants' good character.

Respectfully submitted this 19th day of July, 2024.

                                                                RITCHIE, DAVIES, JOHNSON, & STOVALL, P.C.

                                                                /s/Stephen Ross Johnson
                                                                STEPHEN ROSS JOHNSON [TN BPR No. 022140]
                                                                CATALINA L.C. GOODWIN [TN BPR No. 038660]
                                                                S.RENEE HAMMOND [TN BPR No. 021419]
                                                                606 W. Main Street, Suite 300
                                                                Knoxville, TN 37902
                                                                (865) 637-0661
                                                                www.rdjs.law
                                                                johnson@rdjs.law
                                                                goodwin@rdjs.law
                                                                rhammond@rdjs.law

THE LAW OFFICE OF MASSEY MCCLUSKY FUCHS & BALLENGER

/s/ William D. Massey
WILLIAM D. MASSEY [BPR No. 9568]
3074 East Road
Memphis, TN 38128
w.massey3074@gmail.com

## CERTIFICATE OF SERVICE

    I certify that on July 19, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    s/Stephen Ross Johnson