# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 2:23-cr-20191-MSN |
| | ) | |
| EMMITT MARTIN, III | ) | |

## MOTION TO EXCLUDE OPINION TESTIMONY ON "USE OF FORCE" AND REQUEST FOR AN EVIDENTIARY HEARING

The defendant, Emmitt Martin, III, through counsel, pursuant to Fed. R. Evid. 401, 403, 701, 702, 703, and 704; U.S. Const. amends. V and VI; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), respectfully moves this Court to exclude the opinion testimony indicated in the Government's Notice of Intent to Offer Hybrid or Expert Witness Testimony Regarding Use of Force Issues, (ECF No. 142, PageIDs 591–608), and to hold an evidentiary hearing on these issues, *see* (Pretrial Scheduling Order, ECF No. 251, PageID 3054) ("[A] *Daubert* evidentiary hearing may be held as ordered by the Court. Counsel for the parties may confer with the Clerk and the Court's chambers on the scheduling of the *Daubert* hearing."). The government has noticed five "law enforcement training witnesses" who "may be considered hybrid witnesses or, if necessary, qualified as expert witnesses." (Notice, ECF No. 142, PageID 591.) These witnesses should be excluded from trial because the government's disclosures do not comply with Rule 16 or, at minimum, their testimony should be limited to preclude all of the government's noticed witnesses from offering an opinion on whether the officers' failure to adhere to internal policies and procedures shows that the defendants willfully used unreasonable force.

In further support, the following is submitted:

1. After steadfastly maintaining in its discovery responses that the government did not, at that time, "intend to introduce any expert testimony as defined by the Federal Rules," (ECF No. 47, PageID 132 ¶ 5), and upon motion by Defendant Haley for this Court to prohibit the government from introducing any opinion testimony based on its "explicit statement that it doesn't intend to introduce any expert testimony, as defined by the Federal Rules." (ECF No. 95, PageID 284 ¶ 6),[1] this Court held that "to the extent the government's witnesses provide testimony that would require them to be disclosed as experts, the government has not complied with Rule 16 because it did not comply with the deadline for Rule 16 disclosures that was set forth in the Scheduling Order." (Order, ECF No. 149, PageID 792.) The Court had "little trouble finding that allowing the government to proceed with experts at this date could have resulted in prejudice to" the defendants. (*Id.* at PageID 794.)

2. After this Court set a clear deadline for disclosing expert witnesses, the government filed a notice, cabined by its assertion that it "does not anticipate needing to call any MPD officer as an expert witness as *that term* is defined by the Federal Rules," that it "may call experienced law enforcement officers to testify regarding the use-of-force training the defendants received and the related MPD policies in place at the time of the charged offenses." (Notice, ECF No. 142, PageID 594 (emphasis added).)

3. The government's notice blurs the line between fact and expert testimony by noticing five law enforcement officers and/or instructors for so-called hybrid fact-expert testimony. While an individual witness can certainly provide both fact and expert testimony, it can only do so when the types of testimony are properly delineated by the offering party.

---

[1] This motion was joined by defendants Smith (ECF No. 110, PageIDs 367–369) and Martin (Motion to Join in Motion to Exclude Opinion Evidence [No. 95], ECF No. 136, PageIDs 539–54.

4. The government's notice does not meet the requirements under Federal Rule of Criminal Procedure 16(a)(1)(G)(iii). The government's disclosures for its purported "Use of Force" experts are insufficient because none include sufficient information about the bases and reasons for their proffered opinions. *See* Fed. R. Crim. P. 16(a)(1)(G)(iii). The witnesses apparently relied on their personal recollection of training they provided to the defendants years before and selected video footage reviewed in the presence of federal agents and attorneys. The materials provided do not indicate any other reasons and bases for their opinion, such as the officers' stated concern that Mr. Nichols may have been intoxicated, may have reached for Mr. Martin's gun, and was fighting back. The disclosures for witnesses Gonzalez and Wright are also open-ended, with general references to their anticipated testimony about a specific list of training courses followed by a catch-all "among others" or "among other subjects" that indicates those witnesses may provide testimony beyond what the government has noticed in its disclosures. (Notice, ECF No. 142, PageIDs 600 (Gonzalez), 602 (Wright).)

5. The government has not shown that its witnesses are qualified experts by knowledge, skill, training, or experience. To offer an expert opinion, a witness must be qualified based on his "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. The noticed witnesses will exceed the scope of their personal knowledge and experience if permitted to testify about their perceptions of the incident based on their understanding of MPD policies. While internal policies and procedures may be relevant, they are not dispositive to this case and, to the extent any supposed hybrid witness will offer testimony beyond what the training actually was (including offering an opinion on the application of that training to the encounter with Mr. Nichols), the scope of their testimony goes too far.

6. The noticed witnesses may testify about the instruction they provided to the defendants, but any opinion that the defendants' on-scene conduct was inconsistent with that training or otherwise unreasonable exceeds the permissible scope of their testimony. All these witnesses are expected to testify about the instruction that they provided to the defendants in the academy. Additionally, Officers Gonzalez, Wright, and Barrett will apparently offer their opinion that the officers did not follow their training during the encounter with Mr. Nichols, presumably based on a review of select video footage that is also relevant to the pending civil lawsuit against the City of Memphis for the same course of conduct. These witnesses' testimony will go too far if they offer an opinion beyond the instruction that they provided to the officers. While training may be relevant, it is not dispositive to the ultimate issue..

7. The proposed opinion testimony fails the test for opinion testimony enunciated in *Daubert v. Merrell Down Pharmaceuticals*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). The trial court's objective "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. The proponent of the evidence must establish admissibility by a preponderance of the evidence. *See Nelson v. Tenn. Gas Pipeline, Co.*, 243 F.3d 244, 256 (6th Cir. 2001).

8. The government's experts do not meet the requirements of *Daubert*. Instead, the fact-expert witnesses' opinions are based on no more than a vague, "subjective, conclusory approach" to watching select footage in front of a biased audience.

    a. The noticed witnesses have an implicit incentive to testify that the defendants used unreasonable force given the pending 42 U.S.C. § 1983 case against their

employer, the City of Memphis. This inherent bias substantially taints the "hybrid" witnesses' testimony. Further, by providing notice of its intent to call these witnesses, the government has put the civil rights case squarely at issue in these criminal proceedings.

b. The noticed witnesses apparently based their opinions that the defendants used unreasonable force on an incomplete review of some of the video evidence, in front of government agents and attorneys, without necessary collateral information.

c. There is no indication that the witnesses considered reasonable alternatives to their conclusive opinions that the officers used unreasonable force, including attenuating circumstances from Mr. Nichols' flight like successful fight against several trained police officers much larger than he was.

9. This Court should exclude the testimony of the government's fact-expert use of force witnesses because the government's notice fails to comply with the demands of Rule 16, the requirements of Rule 702, or the demands of *Daubert* and *Kuhmo Tire*.

10. Mr. Martin respectfully requests an evidentiary hearing on this motion.

11. A memorandum is filed with this motion and fully incorporated herein.

Respectfully submitted this 19th day of July, 2024.

RITCHIE, DAVIES, JOHNSON, & STOVALL, P.C.

/s/Stephen Ross Johnson
STEPHEN ROSS JOHNSON [TN BPR No. 022140]
CATALINA L.C. GOODWIN [TN BPR No. 038660]
S. RENEE HAMMOND [TN BPR No. 021419]
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
johnson@rdjs.law
THE LAW OFFICE OF MASSEY MCCLUSKY FUCHS & BALLENGER

/s/ William D. Massey
WILLIAM D. MASSEY [BPR No. 9568]
3074 East Road
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on July 19, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Stephen Ross Johnson