# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:23-cr-20191-MSN |
| | ) | |
| | ) | |
| EMMITT MARTIN, III, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' REPLY TO DEFENDANT MARTIN'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO ADMIT VIDEO EVIDENCE

The United States of America, by and through undersigned counsel, files this reply to defendant Haley's responses (ECF Nos. 373 and 417) and defendant Martin's response (ECF No. 385) to the government's motion *in limine* to admit video evidence (ECF No. 319).

Defendants offer no legal arguments against the government's proposed admission of the videos produced in discovery or portions or compilations thereof, other than to say that the government must lay a proper foundation and follow the Federal Rules of Evidence to do so, which of course the government intends to do, as explained in the United States' motion. (ECF No. 331 (explaining the relevance and authenticity of the anticipated video evidence, why the government's introduction of the video does not violate the rule against hearsay, and the extent to which government witnesses may identify voices and explain terminology heard on the videos).) The defendants do not argue that the video is irrelevant, inauthentic, or inadmissible. To the contrary, the defendants appear largely to agree with the United States' motion: Defendant Haley concedes that he anticipates that video offered into evidence by the United States will be admissible (ECF

1

No. 373 at PageID 5022), while defendant Martin appears to concede the same (ECF No. 385 at PageID 5148 (acknowledging that video evidence "would aid the Court and the jury")). Defendant Martin concedes that properly authenticated composite videos are also admissible where video evidence is too voluminous to be conveniently examined in court, as all parties presumably agree is true in this case. (ECF No. 385 at PageID 5147.)[1] Defendant Martin similarly concedes that the government's witnesses may offer explanatory testimony about the video, including by explaining gestures and terminology. (*Id.* at PageID 5150-51 (agreeing that witnesses with relevant knowledge may testify about their understanding of videorecorded statements).)[2]

The only discernible disputes stem from (1) the defendants' ongoing campaign to exclude their own videorecorded statements from this trial, a matter that has been briefed extensively elsewhere, and (2) the defendants' related request for a pretrial evidentiary hearing regarding video evidence. (ECF No. 373 at PageID 5023, and ECF No. 385 at PageID 5151.) The government respectfully submits that no such hearing is necessary. As explained above, the parties are in agreement about the well-established evidentiary rules that allow for the admission of video evidence, including clips and compilations, and testimony about such evidence. As the parties have agreed, the government will give all defendants a copy of a proposed exhibit list by the deadline specified in the Court's pretrial scheduling order (ECF No. 251) – that is, no later than

---

[1] Defendant Haley's most recent filing raises "questions" about whether the United States will be able to authenticate compilation videos in which the SkyCop and bodyworn camera videos have been synchronized. (ECF No. 417 at PageID 5615.) As noted above, the government will properly authenticate all evidence it seeks to admit, including this synchronization of two sets of videos the parties appear to agree are independently admissible. The synchronization allows the jury to view the SkyCop surveillance video, which clearly depicts most of the assault from above but which lacks audio, and the bodyworn camera video, which contains audio but which does not depict the assault from above, without having to look back and forth between two screens.

[2] Defendant Martin asserts that the United States "has conceded" that such explanatory testimony can only be offered by expert witnesses (ECF No. 385 at PageID 5149), but the United States' citation of cases involving expert witnesses does not reflect such a concession, nor could it. Numerous Sixth Circuit cases, including those cited by defendant Martin, have upheld trial courts' admission of non-expert witness testimony explaining recorded statements. *See, e.g., United States v. Martin*, 920 F.2d 393, 397 (6th Cir. 1990) (informant-witness on direct examination properly testified about "what was meant by phrases that would have been clear in context to the person hearing them" on video) (emphasis removed); *United States v. Casteel*, 505 F. App'x 573, 576 (6th Cir. 2012) (case agent properly offered lay-opinion testimony about the meaning of recorded terms).

14 days before trial.  At that time, the parties will confer in good faith as directed by the Court's scheduling order to stipulate to authenticity and admissibility of exhibits to streamline the presentation at trial.  The defendants have offered no reason for the Court to hold a time- and resource-intensive evidentiary hearing about evidence that the parties apparently agree is likely admissible, but-for the defendant-statements issue (which are plainly admissible pursuant to Rule 801(d)).  The defendants' statements are, as the United States has repeatedly explained, admissible against them; unless and until the defendants establish otherwise, there is no dispute about the video that might require a hearing.

.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

s/ Elizabeth Rogers
DAVID PRITCHARD
ELIZABETH ROGERS
Assistant United States Attorneys
167 N. Main Street, Ste. 800
Memphis, TN 38103

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

FORREST CHRISTIAN
Deputy Chief
KATHRYN E. GILBERT
Special Litigation Counsel
950 Pennsylvania Ave., NW
Washington, DC 20530

**CERTIFICATE OF SERVICE**

I, Elizabeth Rogers, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

s/Elizabeth Rogers  
ELIZABETH ROGERS  
July 25, 2024