IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Criminal No. 2:23-cr-20191-MSN |
| | ) |
| | ) |
| **EMMITT MARTIN, III,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

**UNITED STATES' REPLY
TO DEFENDANT HALEY'S RESPONSE TO UNITED STATES' MOTION IN LIMINE
TO EXCLUDE IMPROPER EXPERT TESTIMONY REGARDING USE OF FORCE BY
DEFENDANT HALEY**

The United States submits this reply to defendant Haley's response to the United States' motion *in limine* to exclude improper expert testimony regarding use of force by defendant Haley. ECF No. 402.

In essence, defendant Haley agrees with the United States that the opinions of defense expert Don Cameron, as stated in his report, are inadmissible. He promises not to introduce "improper" use of force testimony, and claims that there is a difference between what testimony he will elicit at trial and the contents of defense expert Cameron's report. *See id.* at 1. He states the government misunderstands Rule 16, and that a Rule 16 disclosure need not spell out the content of the expert's opinion testimony. He also contends that a Rule 16 disclosure may include opinions that will not be elicited at trial. *See id*. That is a curious assertion, as Rule 16 makes clear that the "disclosure for each expert witness must contain . . . a complete statement of all opinions that the defendant *will elicit* from the witness in *the defendant's case-in-chief*" at trial. *See* Fed. R. Crim.

Pro. 16 (b)(1)(C)(iii) (emphasis added).

Insofar as Cameron's report is, as it should be under Rule 16, a disclosure of the testimony defendant Haley intends to elicit at trial, much of it is inadmissible, as outlined in the government's previous motion *in limine*. *See* ECF No. 371. Despite defendant Haley's assertion that he intends to elicit opinion testimony only about the consistency of defendant Haley's actions with MPD policy and training, Cameron's report barely addresses those issues. In fact, the report offers only two opinions on the consistency of defendant Haley's actions with MPD policy, and each time, Cameron conflates compliance with departmental policy and training with the "reasonableness" of defendant Haley's actions, an impermissible legal opinion about an ultimate issue in the case. Cameron Report at 4 ("The force used during the attempt to handcuff Mr. Nichols and take him into custody *was reasonable* and in compliance with MPD Use of Force Framework[.]") (emphasis added); *id.* at 6 ("The kick to the muscled area of the arm is an academy trained technique, departmentally approved and *objectively reasonable use of force* to facilitate the handcuffing of Mr. Nichols.") (emphasis added). This constitutes not only an improper legal opinion, but also a legally incorrect opinion. *See, e.g.*, *United States v. Brown*, 934 F.3d 1278, 1296 (11th Cir. 2019), *cert. denied sub nom. Antico v. United States*, 140 S. Ct. 2826 (2020) ("Although the jury may consider a department's policies as relevant evidence, district courts should follow the example here of using limiting instructions to prevent the jury from conflating a violation of departmental policy with a violation of the Constitution."). The rest of the report is riddled with similarly improper attempts to define and apply the legal standard for reasonableness, attempts to resolve disputed factual issues for the jury, inadmissible hearsay testimony, and commentary on defendant Haley's and Tyre Nichols' mental states.

Despite the dearth of admissible opinion testimony in Cameron's report, defendant Haley

2

insists that the Court need not rule on the motion *in limine* to limit his testimony. The United States respectfully disagrees and requests a pretrial ruling for several reasons. First, the sharp contrast between Cameron's report and defendant Haley's latest description of what he actually intends to elicit at trial demonstrates the need for a pretrial ruling to impose clear limits on the content of Cameron's testimony. Otherwise, as in Cameron's report, there is a substantial likelihood that Cameron's testimony will veer into the inadmissible, or improperly conflate permissible training and policy opinions with improper ultimate issue opinions. Such testimony, on what may be the most contested and critical element of the case, would significantly usurp the jury's role, even if subsequently corrected with an instruction. The lack of a pretrial ruling will also impede the efficiency of trial. Given the sheer volume of improper opinions and testimony in Cameron's report, the government may need to object repeatedly at trial, resulting in unnecessary sidebars and muddling the presentation of testimony to the jury. A pretrial ruling will help avoid those results.

      Second, given the largely inadmissible content of defense expert Cameron's reports in other cases, courts have recognized the importance of placing pretrial guardrails on his testimony in particular. Multiple courts have, on the basis of Cameron's reports, issued pretrial rulings limiting his testimony. *See* ECF No. 371 at 4–5 (citing four cases where Cameron's testimony defining legal standards was excluded in a pretrial ruling); *id.* at 8 (citing four cases where Cameron's testimony purporting to resolve factual disputes was excluded in a pretrial ruling); *id.* at 14 (citing six cases where Cameron's testimony on ultimate issues, including the reasonableness of use of force, was excluded in a pretrial ruling). This Court should do the same.

      The United States respectfully reiterates its request that the Court issue a pretrial order excluding testimony by defense expert Cameron (1) instructing the jury on the legal standard

governing use of force; (2) purporting to resolve factual issues for the jury; (3) discussing defendant Haley's and Nichols' mental state during the charged offense; (4) referring to inadmissible evidence including defendant Haley's hearsay statements; and (5) opining on whether defendant Haley's use of force and actions were "reasonable" or "lawful."

        Respectfully submitted,

        KEVIN G. RITZ
        United States Attorney

By:    DAVID PRITCHARD
        ELIZABETH ROGERS
        Assistant United States Attorneys
        167 N. Main Street, Ste. 800
        Memphis, TN 38103
        901/544-4231

        KRISTEN CLARKE
        Assistant Attorney General
        Civil Rights Division
        U.S. Department of Justice

        <u>/s/ Kathryn E. Gilbert</u>
        Forrest Christian
        Deputy Chief
        Kathryn E. Gilbert
        Special Litigation Counsel
        Civil Rights Division
        950 Pennsylvania Ave., NW
        Washington, DC 20530
        (202) 616-2430

## CERTIFICATE OF SERVICE

      I, Kathryn Gilbert, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

s/Kathryn E. Gilbert<br>
KATHRYN E. GILBERT<br>
July 26, 2024