**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Criminal No. 2:23-cr-20191-MSN** |
| | ) |
| | ) |
| **EMMITT MARTIN, III,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

_____

### PROPOSED JURY INSTRUCTIONS

_____

The United States respectfully submits the following proposed jury instructions. These proposed instructions are consistent with the Sixth Circuit Pattern Instructions and substantive instructions used in other cases charging violations of 18 U.S.C. § 242. The United States circulated draft jury instructions on August 11, 2024. Defendant Martin responded with his objections on August 16. Defendant Haley responded with his objections on August 18. Defendant Smith responded with his objections on today's date. Defendant Bean has not yet responded to the United States' proposed jury instructions.

The United States proposed the following instructions, to which no defendant has objected: 1[1]–2;[2] 5–6; 8; 9–10; 21; 31; 39; 41[3]–45; 48; 53–55. Defendants proposed the following instructions, to which the United States does not object: 8A[4] and 62.[5] The United States further submits the following instructions, to which at least one defendant has objected: 3–4; 7; 11–20; 22–30; 32–33; 34[6]–38; 40; 46–47; 49–52; 56–61.

Defendant Martin has proposed alternative instructions on the following topics, to which the United State objects: Lesser Offenses; Diminished Capacity; Multiple Conspiracies; Coercion/Duress; Self-Defense; and Justification. Additionally, defendant Martin has advised that he reserves the right to submit additional instructions as developments in the case may warrant. The United States has no objection to any party submitting additional instructions as appropriate.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

DAVID PRITCHARD
ELIZABETH ROGERS
Assistant United States Attorneys
167 N. Main Street, Ste. 800
Memphis, TN 38103

---

[1] Defendant Martin has proposed adding language to this instruction to reflect defense theories. If these theories are supported by events and proof at trial, and as noted below, the United States does not object to adding instructions about these theories.

[2] Defendant Martin has proposed bracketing paragraph (3) of instruction regarding argument about the law. The parties are likely going to discuss the law during closing, so the brackets are unnecessary, but the United States defers to the Court on whether bracketing is appropriate.

[3] Defendant Martin has proposed adding language to this instruction to reflect defense theories. If these theories are supported by events and proof at trial, and as noted below, the United States does not object to adding instructions about these theories.

[4] Defendant Haley proposed adding 8A and the United States has no objection.

[5] Defendant Martin has proposed adding instructions related to "Defense Theory"; Identification Testimony; and Transcription of Recordings. If supported by events and proof at trial, the United States has no objection to adding these instructions.

[6] Defendants Haley and Smith do not object to Instructions 34–36; only defendant Martin objects to these instructions.

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

By:   <u>s/ Andrew Manns</u>
FORREST CHRISTIAN
Deputy Chief
KATHRYN E. GILBERT
Special Litigation Counsel
ANDREW MANNS
Trial Attorney
950 Pennsylvania Ave., NW
Washington, DC 20530

## JOINT PROPOSED JURY INSTRUCTION NO. 1

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendants are accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 1.01 (2023).

**JOINT PROPOSED JURY INSTRUCTION NO. 2**

**Jurors' Duties**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 1.02 (2023).

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 3

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the defendants have pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendants what crimes they are accused of committing. It does not even raise any suspicion of guilt.

Instead, each defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that each defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find a defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved a defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

**<u>Authorities:</u>**

Sixth Circuit Pattern Criminal Jury Instructions, 1.03 (2023).

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 4

### Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count and as to each defendant.

To find a defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count and as to each defendant.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 8.02 (2023) (modified to reflect multiple defendants).

**JOINT PROPOSED JURY INSTRUCTION NO. 5**

**Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; [the stipulations that the lawyers agreed to]; [and the facts that I have judicially noticed].

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

[During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.]

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 1.04 (2023).

**JOINT PROPOSED JURY INSTRUCTION NO. 6**

**Consideration of Evidence**

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendants.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 1.05 (2023).

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 7

### Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 1.06 (2023).

## JOINT PROPOSED JURY INSTRUCTION NO. 8

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

- Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

- Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

- Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

- Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

- Ask yourself if the witness had any relationship to the government or any defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

- [Ask yourself if the witness testified inconsistently while on the witness stand, or

if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.]

• And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 1.07 (2023).

## JOINT PROPOSED JURY INSTRUCTION NO. 8A

### Law Enforcement Witnesses

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the city, county, state, or federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of each law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

## JOINT PROPOSED JURY INSTRUCTION NO. 9

### Number of Witnesses

[One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.]

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 1.08 (2023).

## JOINT PROPOSED JURY INSTRUCTION NO. 10

### Lawyers' Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 1.09 (2023).

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 11

### Introduction

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendants are accused of committing.

But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved these defendants guilty. Do not let the possible guilt of others influence your decision in any way.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 2.01 (2023).

## **GOVERNMENT PROPOSED JURY INSTRUCTION NO. 12**

### **Separate Consideration—Multiple Defendants Charged With The Same Crimes**

The defendants have all been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

### **Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 2.01C (2023).

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 13

### Aiding and Abetting

Counts One, Two, and Four charge both that each defendant directly committed the crime and that each defendant aided and abetted the others in committing the crime. For you to find a defendant guilty of Count One, Two, or Four, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

For you to find a defendant guilty as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt with respect to that defendant:

First:       That the crime of deprivation of rights under color of law, relating to unreasonable force, as charged in Count One, was committed;

            That the crime of deprivation of rights under color of law, relating to deliberate indifference to a serious medical need, as charged in Count Two, was committed;

            That the crime of obstruction of justice, as charged in Count Four, was committed;

Second:    That the defendant helped to commit the crime or encouraged someone else to commit the crime; and

Third:     That the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements with respect to a defendant, say so by returning a guilty verdict on that Count as to that defendant. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of that Count as an aider and abettor.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 4.01 (2023).

18 U.S.C. § 2.

*United States v. Katuramu*, 174 F. App'x 272, 278–79 (6th Cir. 2006) (approving of similar instruction).

*Rosemond v. United States*, 572 U.S. 65, 71 (2014) ("We have previously held that under § 2 those who provide knowing aid to persons committing federal crimes, with the intent to facilitate the crime, are themselves committing a crime." (internal quotations omitted)).

**GOVERNMENT PROPOSED JURY INSTRUCTION NO. 14**

**Count One: The Nature of the Offense Charged**
**Deprivation of Rights Under Color of Law – 18 U.S.C. § 242**

Count One of the Indictment accuses the defendants of deprivation of rights under color of law. This count reads as follows:

COUNT ONE
(Deprivation of Rights Under Color of Law: Excessive Force and Failure to Intervene)

On or about January 7, 2023, in the Western District of Tennessee, the defendants, Emmitt Martin III, Tadarrius Bean, Demetrius Haley, Desmond Mills Jr., and Justin Smith, while acting under color of law as Detectives with the Memphis Police Department and while aiding and abetting one another, willfully deprived Tyre Nichols of the right, secured and protected by the Constitution and laws of the United States, to be free from an unreasonable seizure, which includes the right to be free from the use of unreasonable force by a police officer. Specifically, defendants Martin, Bean, Haley, Mills, and Smith unlawfully assaulted Nichols and willfully failed to intervene in the unlawful assault. This offense resulted in bodily injury to, and the death of, Tyre Nichols.

In violation of Title 18, United States Code, Sections 242 and 2.

**Authorities:**

Indictment, ECF No. 1.

18 U.S.C. § 242.

Sixth Circuit Pattern Criminal Jury Instructions, Committee Commentary to 2.02 (2023) (observing that "district court practices on reading or summarizing the indictment vary widely"

and taking no position on a best practice, but noting that "jury confusion can arise, particularly in complex cases, if the indictment is not read, accurately summarized[,] or sent to the jury room").

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 15

**Count One: Elements of the Crime**
**Deprivation of Rights Under Color of Law – 18 U.S.C. § 242**

Count One of the Indictment accuses the defendants of deprivation of rights under color of law, in violation of federal law. For you to find a defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt with respect to that defendant:

First:        That the defendant acted under color of law;

Second:     That the defendant deprived Tyre Nichols of a right secured or protected by the Constitution or laws of the United States; for Count One, the right to be free from the use of unreasonable force by a police officer;

Third:        That the defendant acted willfully; and

Fourth:      That bodily injury resulted from the offense.

If you are convinced that the government has proved all of these elements with respect to a defendant, or that the defendant aided or abetted, as that has been explained, the commission of Count One, say so by returning a guilty verdict on this charge as to that defendant. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

If you find that a defendant has committed the offense charged in Count One, you will be asked to go on to determine whether the government has proven beyond a reasonable doubt that Mr. Nichols died as a result of the defendant's conduct.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 2.02 (2023) (modified).

18 U.S.C. § 242.

*United States v. Lanier*, 520 U.S. 259, 264 (1997) (outlining elements of 18 U.S.C. § 242).

*United States v. Wilson*, 344 F. App'x 134, 141 (6th Cir. 2009) ("To convict [the defendant] on count one, the jury had to find beyond a reasonable doubt that Wilson acted '(1) willfully and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States.' Because [the defendant] was charged with a felony offense under § 242, the jury also had to find that [the victim] suffered bodily injury as a result of the deprivation." (internal citations omitted)).

*United States v. Dukes*, 779 F. App'x 332, 334 (6th Cir. 2019) ("The elements of [the defendant's] crime—willfully seizing [the victim] without probable cause—are that [the defendant] (1) acted willfully, (2) acted under color of law, and (3) deprived Littlepage of his constitutional right . . . .").

*United States v. Martinez*, 588 F.3d 301, 317 (6th Cir. 2009) ("In particular, 18 U.S.C. § 242 allows for a life sentence if death results from certain intentional civil rights violations.").

**Count One: Deprivation of Rights Under Color of Law**
**First Element – Under Color of Law**

The first element that the government must prove with respect to Count One is that the defendant acted under color of law.

A person acts "under color of law" if he is an official or employee of a government entity and he uses or abuses power he possesses because of his official position. A government official, such as a police officer, acts "under color of law" if he is performing his official duties, even if he misuses or abuses his official authority by doing something the law forbids. In other words, if a police officer misuses the power, invested in him by the law, to deprive someone of his rights, his acts are under color of law. Whether a government official acts "under color of law" depends on the nature of his actions, not merely whether he is on-duty or in uniform. Rather, the determination turns on the nature of the acts performed by the officer and if they were under color of law.

If you find that the defendant was an officer or detective with the Memphis Police Department and that he acted or gave the appearance of acting as an officer or detective at the time of the charged incident, then you may find that he acted under color of law and that the first element is satisfied as to that defendant.

**Authorities:**

18 U.S.C. § 242.

42 U.S.C. § 1983.

Fifth Circuit Pattern Criminal Jury Instructions, § 2.12 (Deprivation of Civil Rights) (2019) ("Acting 'under color of law' means acts done under any state law, county or city ordinance, or

other governmental regulation, and acts done according to a custom of some governmental agency. It means that the defendant acted in his official capacity or else claimed to do so, but abused or misused his power by going beyond the bounds of lawful authority.").

Seventh Circuit Pattern Criminal Jury Instructions, 18 U.S.C. § 242 (Definition of "Color of Law") (2023) ("A person acts under 'color of law' when he acts in his official capacity or purports or claims to act in his official capacity. Action under color of law includes the abuse or misuse of the power possessed by the defendant by virtue of his [office; official position].").

*West v. Atkins*, 487 U.S. 42, 49–50 (1988) ("It is firmly established that a defendant . . . acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (citation omitted)).

*Griffin v. Maryland*, 378 U.S. 130, 135 (1964) ("If an individual is possessed of state authority and purports to act under that authority, his action is state action. It is irrelevant that he might have taken the same action had he acted in a purely private capacity or that the particular action which he took was not authorized by state law.").

*Monroe v. Pape*, 365 U.S. 167, 183–187 (1961), *overruled on other grounds by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) (holding that "under color of state law" includes "misuse of power, possessed by virtue of state law, and made possible because the wrongdoer is clothed with the authority of state law" (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

*Screws v. United States*, 325 U.S. 91, 111 (1948) ("It is clear that under 'color' of law means under 'pretense' of law . . . . Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it.").

*Meadows v. Enyeart*, 627 F. App'x 496, 500 (6th Cir. 2015) ("Acting under color of state law requires that the defendant . . . exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (alterations omitted) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).

*American Postal Workers Union v. City of Memphis*, 361 F.3d 898, 903 (6th Cir. 2004) ("[T]his court has held that a police officer acts under color of state law when he purports to exercise official authority. Such manifestations of official authority include flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute between third parties pursuant to a duty imposed by police department regulations." (citations omitted)).

*Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002) ("The fact that a police officer is on or off duty, or in or out of uniform is not controlling . . . . [I]t is the nature of the act performed which determines whether the officer has acted under color of law." (brackets and citation omitted)).

*Layne v. Sampley*, 627 F.2d 12, 13 (6th Cir. 1980) (holding that "whether or not a police officer is off-duty does not resolve the question of whether he or she acted under color of state law" because it is rather "necessary to scrutinize the nature of the act"; concluding that the facts that the genesis of the argument between the victim and defendant was in the performance of police duties, the defendant had authority to carry the weapon only because he was a police officer, the defendant was in the presence of other police officers, and the victim did not know the officer was on vacation all supported the jury's conclusion that the defendant was acting under the color of law when he shot the victim).

*Mackey v. Rising*, 106 F.4th 552, 560 (6th Cir. 2024) ("A state official's conduct can qualify as state action even if the 'particular action which he took' (say, a police officer's use of excessive force) 'was not authorized by state law' (say, because it violated a State's use-of-force regulations). Ever since *Monroe v. Pape*, the Supreme Court has held that § 1983 covers state actors when they exercise authority delegated by the State—'whether they act in accordance with their authority or misuse it.' Or, as *Lindke* put it, state officials can satisfy the Court's 'actual authority' test even if they go beyond (or '[m]issue') the power that the State has entrusted them . . . We often hold that the police engaged in state action when they purported to exercise law-enforcement powers—without stopping to ask whether their actions violated state regulations on, say, using force." (internal citations omitted)).

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 17

**Count One: Deprivation of Rights Under Color of Law**
**Second Element – Deprivation of a Federal Right**

The second element that the government must prove with respect to Count One is that the defendant deprived Mr. Nichols of a right secured or protected by the Constitution or laws of the United States; in this instance, the right to be free from a police officer's use of objectively unreasonable force on him.

The Fourth Amendment of the Constitution prohibits the use of unreasonable or excessive force by a police officer making an arrest, even if the arrest is otherwise reasonable. A use of force violates the Fourth Amendment if it is excessive under objective standards of reasonableness. Unreasonable force is thus physical force that exceeds the objective need for such force.

Although a police officer may use force if there is an objective basis to do so, he may not use more force than is reasonably necessary under the circumstances. For example, a police officer may use force to make an arrest, prevent a suspect from escaping from custody, or to defend himself or another from bodily harm. However, the officer may not use more force than is reasonably necessary to accomplish these objectives. Additionally, an officer may not use force solely to punish, retaliate against, or seek retribution against another person.

If you determine that a defendant used physical force against Mr. Nichols, you must then decide whether that use of force was reasonable. You should make this determination considering all the facts and circumstances from the point of view of an ordinary and reasonable officer on the scene.

If, after considering all of the circumstances, you find that a defendant used unreasonable force against Mr. Nichols, then you may find that the second element is satisfied as to that defendant.

In determining whether the force used was reasonable under all the facts and circumstances, keep in mind that force that is objectively reasonable at the beginning of an encounter may not be justified – even seconds later – if the objective justification for the earlier use of force has been eliminated.

There are three ways that the government can satisfy this element. The first is by showing that the defendant personally used unreasonable force, as I just described. The second is by showing that the defendant failed to prevent others from using unreasonable force. The third is by showing that the defendant aided and abetted in using unreasonable force.

The Constitution not only forbids a police officer from personally using unreasonable force, but it also forbids him from knowingly allowing another person to use such unreasonable force. This is sometimes referred to as a "failure to intervene."

Each police officer present for an unreasonable use of force has an independent duty to intervene. An officer has a duty to intervene regardless of rank or seniority. But if the defendant took reasonable actions to stop the unreasonable force but was unsuccessful, he has not violated the Constitution merely because the steps he took were ultimately unsuccessful.

For you to find a defendant guilty of failing to intervene to stop an unconstitutional use of force, the government must prove:

First: That at least one officer used objectively unreasonable force against Mr. Nichols;

Second: That the defendant observed or otherwise knew that unreasonable force was being used against Mr. Nichols;

Third: That the defendant had the opportunity and means to intervene to stop the unreasonable force; and

Fourth: That the defendant failed to take reasonable steps to do so.

In determining whether a defendant has committed the constitutional violation of failing to intervene, you should consider all the facts and circumstances, including how long the use of unreasonable force against Mr. Nichols lasted; how much of the unreasonable force the defendant saw or heard or otherwise knew of; the defendant's distance from the unreasonable force; and any statements the defendant made prior to, during, or regarding any unreasonable use of force.

If you find that the government has proven these facts beyond a reasonable doubt as to a defendant, then you may find that the second element of Count One is satisfied as to that defendant.

**Authorities:**

U.S. Const. amend. IV ("The right of the people to be secure in their persons . . . against unreasonable seizures . . . shall not be violated.").

18 U.S.C. § 242.

Sixth Circuit Pattern Criminal Jury Instructions, 3.10 (2023) (incorporating language regarding multiple ways to satisfy the element).

*Saucier v. Katz*, 533 U.S. 194, 202 (2001) ("[A] use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness.").

*Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (amount of force must be reasonable even in situations where some force is justified).

*Graham v. Connor*, 490 U.S. 386, 394, 396–97 (1989) (holding that Fourth Amendment governs an arrestee's excessive force claims and stating that the "test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." (internal quotation marks and citation omitted)).

*Smith v. City of Wyoming*, 821 F.3d 697, 717 (6th Cir. 2016), *as amended* (May 18, 2016) ("The doctrinal framework of excessive force claims is well settled. In analyzing such claims, we apply the Fourth Amendment's unreasonable seizure jurisprudence. That doctrine requires us to determine whether the degree of force exerted during a seizure—here, an arrest—was excessive under an objective reasonableness standard . . . . The officers' objective reasonableness is gauged on what a reasonable officer would have done, given the knowledge he had at the time." (internal quotation marks, citations, and alterations omitted)).

*United States v. Couch*, 59 F.3d 171, 1995 WL 369318, at *3 (6th Cir. 1995) (unpublished) (approving a jury instruction that listed the following factors to guide the jury's deliberations: "[Y]ou may look to such factors as the severity of the crime of which [the victim] was suspected at the time of his arrest; whether, at the time of his arrest, [the victim] posed an immediate threat to the safety of the defendants or other police officers; whether, at the time of his arrest, [the victim] was resisting arrest or attempting to evade arrest by flight; the need for the application of force; whether the victim was restrained; the victim's position in relation to where the defendants were located; the relationship between the need and the amount of force that was used; the extent of injury inflicted; the physical condition of the victim; and whether force was applied in good faith or for the very purpose of causing harm. You may also consider the character and duration of the alleged assault, and the manner in which the alleged assault occurred, and any other factors that you deem relevant.").

Objective Standard

*Whren v. United States*, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.").

*Stricker v. Township of Cambridge,* 710 F.3d 350, 364 (6th Cir. 2013) (holding that an excessive force inquiry "turns on whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them" (internal quotations and citations omitted)).

*Baynes v. Cleland*, 799 F.3d 600, 607–08 (6th Cir. 2015) "[The objective reasonableness] assessment is fact-specific, based on the totality of the circumstances, and pays particular attention to the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. We judge the lawfulness of the conduct from the perspective of a reasonable officer on the scene . . . ." (internal quotation marks, citations, and alterations omitted)).

Force May Not Be Used as Punishment

*Bell v. Wolfish,* 441 U.S. 520, 539 n.20 (1979) ("Retribution and deterrence are not legitimate

nonpunitive governmental objectives.").

*Burgess v. Fischer*, 735 F.3d 462, 470 (6th Cir. 2013) (noting that "there is no need for any force when a detainee is handcuffed, non-threatening, and not trying to flee" and finding that officers who took down a handcuffed pretrial detainee who made offensive comments to officers constituted excessive force).

*Baker v. City of Hamilton*, 471 F.3d 601, 607 (6th Cir. 2006) (noting that officer's statement to the victim – "that's for running from me" – was evidence that the officer's use of force was unreasonable because it demonstrated that "the purpose of the hit was not to subdue [the victim], but rather to punish him").

*United States v. Aguilar,* 242 Fed. App'x 239, 243 (5th Cir. 2007) (unpublished) (affirming jury instruction in a Fourth Amendment 18 U.S.C. § 242 case that included instruction that an officer "may not use force to punish, retaliate or seek retribution against a person who has been arrested").

Force that is Initially Reasonable May Become Unreasonable

*Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994) (holding that even if an officer's initial use of force were justified, the officer's spraying mace onto the victim's face after the victim had been subdued was excessive as a matter of law).

*Morrison v. Board of Trustees of Green Tp.*, 583 F.3d 394, 404–05 (6th Cir. 2009) ("[O]nce the detainee ceases to pose a threat to the safety of the officers or others, the legitimate government interest in the application of significant force dissipates.").

*Baker v. City of Hamilton*, 471 F.3d 601, 607 (6th Cir. 2006) ("We have held repeatedly that the use of force after a suspect has been incapacitated or neutralized is excessive as a matter of law.").

*Landis v. Baker*, 297 F. App'x 453, 461 (6th Cir. 2008) ("[T]he fact that a certain degree of force may have been justified earlier in the encounter to restrain the suspect does not mean that such force still was justified once the suspect had been restrained.").

*Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 277 (5th Cir. 2015) ("We have explained that an exercise of force that is reasonable at one moment can become unreasonable in the next if the justification for the use of force has ceased.") (internal quotation marks omitted).

*Meyers v. Baltimore County,* 713 F.3d 723, 733 (4th Cir. 2013) ("[F]orce justified at the beginning of an encounter is not justified even seconds later if the justification for the initial force has been eliminated").

Failure to Intervene

Seventh Circuit Pattern Civil Jury Instructions, 7.22 (2017) (modified).

Eleventh Circuit Pattern Civil Jury Instructions, 5.7 (2024) (modified).

*Pineda v. Hamilton Cnty.*, 977 F.3d 483, 493 (6th Cir. 2020) ("In this excessive-force context, our court has held that a nearby officer who does not actively participate in the use of excessive force may still violate the Fourth Amendment if the officer fails to intervene to stop a fellow officer's use of such force. This theory requires a plaintiff to establish that (1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." (internal quotations and citations omitted)).

*Grinnell v. City of Taylor*, No. 21-2748, 2022 WL 1562291, at *6 (6th Cir. May 18, 2022) ("An officer may be liable for failing to intervene when, '(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring.'" (quoting *Floyd v. City of Detroit*, 518 F.3d 398, 406 (6th Cir. 2008)).

**GOVERNMENT PROPOSED JURY INSTRUCTION NO. 18**

**Count One: Deprivation of Rights Under Color of Law**
**Third Element – Willfully**

The third element that the government must prove with respect to Count One is that the defendant acted willfully. A person acts willfully if he acts voluntarily and intentionally, with the specific intent to do something the law forbids.

As to a defendant's personal use of excessive force, you may find that a defendant acted willfully if he used force knowing that the force he used was more than what a reasonable officer would have used under the circumstances.

As to a defendant's failure to intervene to stop another officer's unconstitutional use of force, you also may find that a defendant acted willfully if he voluntarily and intentionally failed to intervene to protect Mr. Nichols from force he knew was unreasonable, even though he knew he had the opportunity and duty to intervene.

It is not necessary for the government to prove that a defendant was thinking in legalistic terms at the time of the incident, or that he had an appreciation that his conduct was prohibited by a particular provision of the criminal code or by the Constitution. You must, however, find that the defendant acted with the bad purpose of doing what the Constitution forbids.

Willfulness is a type of intent, and intent is a state of mind. Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what a defendant said, what a defendant did, how a defendant acted, whether a defendant took care to cover up or conceal his actions, and whether a defendant knew, through training or experience, that his individual actions were unlawful and that he violated department

policy or his own training, and any other facts or circumstances in evidence that show what was in the defendant's mind.

In considering a defendant's state of mind, you may infer that the defendant intended the natural and probable results of any acts he knowingly took or knowingly failed to take. In other words, you may infer that the defendant intended the consequences that a reasonable police officer, standing in similar circumstances and possessing similar knowledge, would have expected to result from his actions. However, it is entirely up to you to decide what facts to find and what inferences to make from the evidence.

It is not a defense that the defendant may also have been motivated by anger or some other emotion, provided that the intent that I have described to you was present. You may, however, consider such motivations – as well as any malice displayed by a defendant – in determining whether that defendant acted willfully, as I have described that term to you.

If, after considering all of the circumstances, you find that the defendant acted willfully, then you may find that the third element has been satisfied as to that defendant.

**Authorities:**

18 U.S.C. § 242.

Sixth Circuit Pattern Criminal Jury Instructions, § 2.08 (2023) (inferring required mental state) (modified).

2 Kevin O'Malley, Jay Grenig, & William Lee, *Federal Jury Practice & Instructions*, § 29:05 (6th Ed. 2024 update) (defining "willfully" as "voluntarily and deliberately…[a]lthough the government must prove beyond a reasonable doubt that the defendant voluntarily and deliberately did an act that deprived the person identified in the indictment of a right guaranteed and protected by the Constitution, it is not necessary for the government to prove that the defendant knew that this action would actually violate anyone's constitutional rights").

*Screws v. United States*, 325 U.S. 91, 105, 106 (1945) (holding that a defendant acts "willfully" when he "act[s] in open defiance or in reckless disregard of a constitutional requirement"; further stating that "[t]he fact that the defendants may not have been thinking in constitutional terms is not material where their aim was not to enforce local law but to deprive a citizen of a right and that right was protected by the Constitution. When they so act they at least act in reckless disregard of constitutional prohibitions or guarantees").

*Williams v. United States*, 341 U.S. 97, 102 & n.1 (1951) (reciting, with approval, trial court's instructions that in determining willfulness the jury was "entitled to consider all the attendant circumstances: the malice, if any, of the defendants toward these men; the weapon used in the assault, if any; and the character and duration of the investigation, if any, of the assault, if any, and the time and manner in which it was carried out. All these facts and circumstances may be taken into consideration from the evidence that has been submitted for the purpose of determining whether the acts of the defendants were willful and for the deliberate and willful purpose of depriving these men of their Constitutional rights . . . .").

*United States v. Dukes*, 779 F. App'x 332, 335 (6th Cir. 2019) (unpublished) ("[T]he government used . . . testimony to prove that Dukes acted willfully, *i.e.*, that he knowingly violated or at least recklessly disregarded [the victim's] constitutional rights.").

*United States v. Couch*, 59 F.3d 171, 1995 WL 369318, at *4 (6th Cir. 1995) (unpublished) (upholding similar instruction and stating "the charge as given adequately conveyed that requirement. As long as the accused specifically intends to use more force than is reasonable under the circumstances, he acts willfully and thus runs afoul of § 242. Furthermore, *Screws* recognizes that a defendant need not necessarily be 'thinking in constitutional terms' if his aim was to deprive an individual of a constitutionally protected right." (citation omitted)).

*United States v. Brown*, 934 F.3d 1278, 1296 (11th Cir. 2019) (quoting *Screws* in discussing willfulness and stating that a defendant "need not have been thinking in constitutional terms, so long as his aim was not to enforce local law but to deprive a citizen of a right and that right was protected by the Constitution"), *cert. denied sub nom. Antico v. United States*, 140 S. Ct. 2826 (2020).

*United States v. O'Dell*, 462 F.2d 224, 232 n.10 (6th Cir. 1972) (noting that defendants need not have known specifically that they were violating constitutional rights).

*United States v. Proano*, 912 F.3d 431, 442 (7th Cir. 2019) (upholding similar instruction and stating that the instructions was "clear, concise, and guided the jury in determining [the defendant's] subjective intent").

*United States v. Bradley*, 196 F.3d 762, 769 (7th Cir. 1999) ("Willfulness may be shown by circumstantial evidence so long as the purpose may 'be reasonably inferred from all the circumstances attendant on the act.'" (quoting *Screws v. United States*, 325 U.S. 91, 106 (1945)).

*United States v. Coté,* 544 F.3d 88, 100 (2d Cir. 2008) ("As a preliminary matter, the nature of the force itself—repeatedly striking and kicking [the victim] in the head—suggests that [the defendant] intended to injure him rather than simply to restrain him. There is also evidence that, after the attack, [the defendant] falsified his incident report and attempted to persuade [another officer] to stick to the story. Such deception supports an inference that [the defendant] knew the force he used was excessive." (internal citations quotations and alterations omitted)).

*United States v. Marler*, 756 F.2d 206, 217 (1st Cir. 1985) ("The requisite intent could be established by all the attendant circumstances—the malice of the defendant, the weapons used in the assault, its character and duration, the provocation, if any, and the like." (internal quotation marks and alterations omitted) (quoting *Screws v. United States*, 325 U.S. 91, 107 (1945)).

<u>Other Motivations:</u>

*United States v. Dise*, 763 F.2d 586, 591 (3d Cir. 1985) (approving instruction stating "The Government need not prove that the deprivation of the constitutional rights was the predominant purpose of the defendant's actions.").

*United States v. Hoffman*, 498 F.2d 879, 882 (7th Cir. 1974) (holding that when defendants willfully deprived victims of rights under color of law, it was immaterial that they may have also received personal gratification from the brutality).

*Crews v. United States,* 160 F.2d 746, 749 (5th Cir. 1947) (holding that § 242 offense was complete "even though the defendant was also actuated by personal anger, hate, malice, and a desire for revenge").

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 19

### Count One: Deprivation of Rights Under Color of Law
### Fourth Element – Bodily Injury

The fourth element that the government must prove with respect to Count One is that the offense resulted in bodily injury to Mr. Nichols.

"Bodily injury" means any injury to the body, no matter how minor or temporary, and it includes any cut, abrasion, bruise, burn, disfigurement, illness, physical pain, or impairment of a bodily member, organ, or mental faculty.

The Government need not prove that the defendant intended to cause bodily injury. The Government also need not prove that the defendant's acts were the sole cause of bodily injury. The Government must simply prove that the offense resulted in bodily injury to Mr. Nichols.

**Authorities:**

18 U.S.C. § 242.

Eighth Circuit Pattern Criminal Jury Instructions, § 6.18.242 (2023) (modified).

Bodily Injury – General Definition

18 U.S.C. § 831(g)(5) (defining "bodily injury" to mean "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ or mental faculty; or (E) any other injury to the body, no matter how temporary").

18 U.S.C. §§ 1365(h)(4), 1515(a)(5), 1864(d)(2) (same definition of bodily injury).

*United States v. Perry*, 401 F. App'x 56, 65 (6th Cir. 2010) ("The term bodily injury means: 1) a cut, abrasion, bruise, burn, or disfigurement; 2) physical pain; 3) illness; 4) the impairment of the function of a bodily member, organ, or mental faculty; or 5) any other injury to the body, no matter how temporary.").

*United States v. Wilson*, 344 F. App'x 134, 144 (6th Cir. 2009) (evidence that victim suffered "physical pain" sufficient to satisfy § 242's "bodily injury" requirement).

Bodily Injury – Injury Need Not Be Intended

*Burrage v. United States*, 571 U.S. 204, 211–13 (2014) (holding that the phrase "results from" requires proof that that the harm occurred because of the defendant's unlawful conduct).

*United States v. Woodlee*, 136 F.3d 1399, 1405–06 (10th Cir. 1998) (holding § 245's bodily injury element is a standard of causation, not intent, that is satisfied if the injury was a foreseeable result of the defendant's conduct.).

*United States v. Martinez*, 588 F.3d 301, 319 (6th Cir. 2009) (holding that a defendant's actions "results" in the victim's death if the death was "foreseeable and naturally result[ed] from one's criminal conduct" and does not require intent (internal quotations and citation omitted)).

*United States v. Marler*, 756 F.2d 206, 215–16 (1st Cir. 1985) (holding in applying "death resulting" enhancement in § 242 that the "district court was correct in charging that [the defendant] could be convicted under section 242 if [the victim's] death was a proximate result of [the defendant's] conduct in the sense of being a natural and foreseeable result of that conduct. . . . [A] defendant must be proved to have willfully subjected the victim to a deprivation of civil rights. But if so, and death results—whether or not it was intended—the higher penalty applies provided death was a natural and foreseeable result of the improper conduct." (quotation marks omitted)).

*United States v. Hayes*, 589 F.2d 811, 821 (5th Cir. 1979) ("When the Congress provided that any deprivation of defined rights under color of law resulting in death may be punished by life imprisonment, we must consider it to have been fully cognizant of the principles of legal causation . . . . No matter how you slice it, 'if death results' does not mean 'if death was intended.' To hold otherwise would make a mockery of the statute.").

**GOVERNMENT PROPOSED JURY INSTRUCTION NO. 20**

**Count One: Deprivation of Rights Under Color of Law**
**Unanimity Not Required – Means**

One point about the requirement that your verdict must be unanimous on Count One.

Count One of the indictment accuses the defendants of committing the crime of deprivation of rights under color of law in more than one possible way. The first way is that the defendants personally used excessive force, the second is that the defendants failed to intervene to stop another officer's unconstitutional use of force, and the third is that the defendants aided and abetted another officer in using excessive force.

The government does not have to prove each of these for you to return a guilty verdict on Count One. Proof beyond a reasonable doubt of one of these ways is enough. In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved with respect to that defendant; however, all of you need not agree that the same one has been proved.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 8.03B (2023) (modified).

**JOINT PROPOSED JURY INSTRUCTION NO. 21**

**Count Two: The Nature of the Offense Charged**
**Deprivation of Rights Under Color of Law – 18 U.S.C. § 242**

Count Two of the Indictment also accuses each defendant of deprivation of rights under color of law. This count reads as follows:

COUNT TWO
(Deprivation of Rights Under Color of Law: Deliberate Indifference)

On or about January 7, 2023, in the Western District of Tennessee, the defendants, Emmitt Martin III, Tadarrius Bean, Demetrius Haley, Desmond Mills Jr., and Justin Smith, while acting under color of law as Detectives with the Memphis Police Department and while aiding and abetting one another, willfully deprived Tyre Nichols of the right, secured and protected by the Constitution and laws of the United States, not to be deprived of liberty without due process of law, which includes the right of an arrestee to be free from a police officer's deliberate indifference to his serious medical needs. Specifically, defendants Martin, Bean, Haley, Mills, and Smith knew that Nichols, an arrestee in police custody, had a serious medical need and the defendants willfully disregarded that medical need by failing to render medical aid and by failing to advise the MPD dispatcher and emergency medical personnel of the circumstances surrounding Nichols' serious medical need, including that Nichols had been struck repeatedly. This offense resulted in bodily injury to, and the death of, Tyre Nichols.

In violation of Title 18, United States Code, Sections 242 and 2.

**Authorities:**

Indictment, ECF No. 1.

18 U.S.C. § 242.

Sixth Circuit Pattern Criminal Jury Instructions, Committee Commentary to 2.02 (2023) (observing that "district court practices on reading or summarizing the indictment vary widely" and taking no position on a best practice, but noting that "jury confusion can arise, particularly in complex cases, if the indictment is not read, accurately summarized[,] or sent to the jury room").

**Count Two: Elements of the Crime**
**Deprivation of Rights Under Color of Law – 18 U.S.C. § 242**

Count Two of the Indictment accuses the defendants of deprivation of rights under color of law, in violation of federal law. For you to find a defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt with respect to that defendant:

| | |
|---|---|
| First: | That the defendant acted under color of law; |
| Second: | That the defendant deprived Tyre Nichols of a right secured or protected by the Constitution or laws of the United States; for Count Two, Mr. Nichols' right to be free from a police officer's deliberate indifference to his serious medical need; |
| Third: | That the defendant acted willfully; and |
| Fourth: | That bodily injury resulted from the offense. |

If you are convinced that the government has proved all of these elements with respect to a defendant, or that the defendant aided or abetted, as that has been explained, the commission of Count Two, say so by returning a guilty verdict on this charge as to that defendant. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

If you find that the defendant has committed the offense charged in Count Two, you will be asked to go on to determine whether the government has proven beyond a reasonable doubt that Mr. Nichols died as a result of the defendant's conduct.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 2.02 (2023) (modified).

18 U.S.C. § 242.

*United States v. Lanier*, 520 U.S. 259, 264 (1997) (outlining elements of 18 U.S.C. § 242).

*United States v. Wilson*, 344 F. App'x 134, 141 (6th Cir. 2009) ("To convict [the defendant] on count one, the jury had to find beyond a reasonable doubt that Wilson acted '(1) willfully and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States.' Because [the defendant] was charged with a felony offense under § 242, the jury also had to find that [the victim] suffered bodily injury as a result of the deprivation." (internal citations omitted)).

*United States v. Dukes*, 779 F. App'x 332, 334 (6th Cir. 2019) ("The elements of [the defendant's] crime—willfully seizing [the victim] without probable cause—are that [the defendant] (1) acted willfully, (2) acted under color of law, and (3) deprived Littlepage of his constitutional right . . . .").

*United States v. Martinez*, 588 F.3d 301, 317 (6th Cir. 2009) ("In particular, 18 U.S.C. § 242 allows for a life sentence if death results from certain intentional civil rights violations.").

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 23

### Count Two: Deprivation of Rights Under Color of Law
### Second Element – Deprivation of a Federal Right

The first element that the government must prove with respect to Count Two is that the defendant acted under color of law, and the fourth element is that the offense resulted in bodily injury to Mr. Nichols. I instructed you on those elements when discussing Count One, and you should apply those instructions when evaluating Count Two. I will now provide you with instructions for the second and third elements of Count Two.

The second element that the government must prove with respect to Count Two is that the defendant deprived Mr. Nichols of a right secured or protected by the Constitution or laws of the United States; in this instance, the right to be free from a police officer's deliberate indifference to his serious medical need. The Constitution grants a person in police custody the right to be free from a police officer's deliberate indifference to his serious medical need.

For you to find that a defendant deprived Mr. Nichols of this right, the government must prove:

First:   That Mr. Nichols had an objectively serious medical need, which, when unaddressed, exposed him to a substantial risk of serious harm;

Second:  That the defendant actually knew that Mr. Nichols had a serious medical need; and

Third:   That the defendant disregarded that medical need by failing to take reasonable measures to address it.

An objectively serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. This inquiry asks whether a reasonable person would view Mr. Nichols' medical needs as sufficiently serious based on all of the circumstances that existed. This

inquiry does not consider a particular defendant's state of mind.

In deciding whether a defendant actually knew that Mr. Nichols had an objectively serious medical need, you may consider all the facts and circumstances, including whether the defendant had an opportunity to observe Mr. Nichols' condition or symptoms; whether the defendant had an opportunity to hear about Mr. Nichols' conditions or symptoms; and whether any condition or symptoms Mr. Nichols may have had were obviously serious. You may conclude that a defendant knew of an objectively serious medical need from the very fact that the medical need or risk to Mr. Nichols' health was obvious, such that even a lay person would recognize the necessity for a doctor's attention. You may also consider whether the defendant had knowledge of a fact creating or contributing to any serious medical need experienced by Mr. Nichols. Thus, if you find that a defendant knew that Mr. Nichols had been subjected to a use of force, you may consider whether this knowledge, together with any symptoms Mr. Nichols displayed, led the defendant to know that Mr. Nichols had a serious medical need.

The government does not have to prove that a defendant intended to inflict harm on Mr. Nichols in order to prove that a defendant was deliberately indifferent to Mr. Nichols' medical needs.

If you find that the government has proven these facts beyond a reasonable doubt as to a defendant, then you may find that the second element of Count Two is satisfied as to that defendant.

**Authorities:**

Eighth Circuit Pattern Civil Jury Instructions, 4.22 (2023).

Eighth Circuit Pattern Civil Jury Instructions, 4.23 (2023).

*United States v. Gray*, 692 F.3d 514, 523 (6th Cir. 2012) ("[A] prison official can be found guilty of violating 18 U.S.C. § 242 'where the official knows of and disregards an excessive risk to inmate health or safety.'" (quoting *United States v. Lanham*, 617 F.3d 873, 885 (6th Cir. 2010)).

*United States v. Gonzales*, 436 F.3d 560, 573 (5th Cir. 2006), *overruled on other grounds by United States v. Campos-Ayala*, 105 F.4th 235 (5th Cir. 2024) ("Deliberate indifference . . . requires both that the government official have subjective knowledge of a substantial risk of serious harm to a pretrial detainee and that the government official respond with deliberate indifference to that risk . . . if this due process right is willfully violated, and if bodily injury results, then the offender is guilty of a felony under section 242" (internal quotations and citations omitted)).

*Howell v. NaphCare, Inc.*, 67 F.4th 302, 311 (6th Cir. 2023) ("An objectively serious medical need includes conditions that have been 'diagnosed by a physician as mandating treatment' or that are 'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" (quotation omitted)).

*Griffith v. Franklin County*, 975 F.3d 554, 568 (6th Cir. 2020) (state of mind requirement requires officer to have known that individual faced substantial risk and "then disregarded that risk by failing to take reasonable measures to abate" the risk (quotation omitted)).

*Griffith*, 975 F.3d at 568 ("To prove a defendant's subjective knowledge, '[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" (alterations in original) (quotation omitted)).

*Farmer v. Brennan*, 511 U.S. 825, 843, n.8 (1994) (explaining that whether an official "had the requisite knowledge of substantial risk is a question of fact subject to demonstration in the usual ways, including the inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious").

*Farmer*, 511 U.S. at 843 n.8 ("While the obviousness of a risk is not conclusive and a prison official may show that the obvious escaped him, he would not escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist . . . ." (internal citation omitted)).

*Farmer*, 511 U.S. at 835 (observing that while deliberate indifference "entails something more than mere negligence," it "it satisfied by something less than acts or omissions for the very purpose of causing harm").

*Burwell v. City of Lansing*, 7 F.4th 456, 475–76 (6th Cir. 2021) (officer's viewing of plaintiff "in a state of obvious distress" was sufficient to conclude that he was deliberately indifferent, but jury "could also conclude that [officer] was 'aware of facts' that only strengthen the conclusion that he drew the inference that a sufficiently serious medical need existed," including that he was personally aware that the plaintiff had epilepsy and had witnessed plaintiff struggling earlier (quotation omitted)).

*Barnett v. Luttrell*, 414 F. App'x 784, 789 (6th Cir. 2011) (plaintiff adequately alleged that medical director was subjectively aware of his medical need when plaintiff alleged that "he made [the medical director] aware of the injury").

*Bandala-Martinez v. Fry*, No. 3:15-cv-00752-MJR, 2015 WL 4751160, at *3 (S.D. Ill. Aug. 11, 2015) (concluding that allegation that officers "caused [the plaintiff's] injuries by participating in his beatings, but then failed to get him medical care" was sufficient to state a claim for deliberate indifference to medical needs).

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 24

### Count Two: Deprivation of Rights Under Color of Law
### Third Element – Willfully

The third element that the government must prove with respect to Count Two is that the defendant acted willfully. A person acts willfully if he acts voluntarily and intentionally, with the specific intent to do something the law forbids.

As to a defendant's deliberate indifference to a serious medical need, the law requires a police officer to aid a person who the officer knows is in custody and has a serious medical need. Accordingly, to conclude that a defendant acted "willfully" for purposes of Count Two, you must find that the defendant voluntarily and intentionally failed to aid Mr. Nichols, even though he knew that Mr. Nichols had a serious medical need and that, as an officer, he was required to try and help.

It is not necessary for the government to prove that a defendant was thinking in legalistic terms at the time of the incident, or that he had an appreciation that his conduct was prohibited by a particular provision of the criminal code or by the Constitution. You must, however, find that the defendant acted with the bad purpose of doing what the Constitution forbids.

Willfulness is a type of intent, and intent is a state of mind. Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what a defendant said, what a defendant did, how a defendant acted, whether a defendant took care to cover up or conceal his actions, and whether a defendant knew, through training or experience, that his individual actions were unlawful and that he violated department policy or his own training, and any other facts or circumstances in evidence that show what was in the defendant's mind.

In considering a defendant's state of mind, you may infer that the defendant intended the natural and probable results of any acts he knowingly took or knowingly failed to take. In other words, you may infer that the defendant intended the consequences that a reasonable police officer, standing in similar circumstances and possessing similar knowledge, would have expected to result from his actions. However, it is entirely up to you to decide what facts to find and what inferences to make from the evidence.

It is not a defense that the defendant may also have been motivated by anger or some other emotion, provided that the intent that I have described to you was present. You may, however, consider such motivations – as well as any malice displayed by a defendant – in determining whether that defendant acted willfully, as I have described that term to you.

If, after considering all of the circumstances, you find that the defendant acted willfully, then you may find that the third element has been satisfied as to that defendant.

**Authorities:**

18 U.S.C. § 242.

Sixth Circuit Pattern Criminal Jury Instructions, § 2.08 (2023) (inferring required mental state) (modified).

2 Kevin O'Malley, Jay Grenig, & William Lee, *Federal Jury Practice & Instructions*, § 29:05 (6th Ed. 2024 update) (defining "willfully" as "voluntarily and deliberately…[a]lthough the government must prove beyond a reasonable doubt that the defendant voluntarily and deliberately did an act that deprived the person identified in the indictment of a right guaranteed and protected by the Constitution, it is not necessary for the government to prove that the defendant knew that this action would actually violate anyone's constitutional rights").

*Screws v. United States*, 325 U.S. 91, 105, 106 (1945) (holding that a defendant acts "willfully" when he "act[s] in open defiance or in reckless disregard of a constitutional requirement"; further stating that "[t]he fact that the defendants may not have been thinking in constitutional terms is not material where their aim was not to enforce local law but to deprive a citizen of a right and that

right was protected by the Constitution. When they so act they at least act in reckless disregard of constitutional prohibitions or guarantees").

*Williams v. United States*, 341 U.S. 97, 102 & n.1 (1951) (reciting, with approval, trial court's instructions that in determining willfulness the jury was "entitled to consider all the attendant circumstances: the malice, if any, of the defendants toward these men; the weapon used in the assault, if any; and the character and duration of the investigation, if any, of the assault, if any, and the time and manner in which it was carried out. All these facts and circumstances may be taken into consideration from the evidence that has been submitted for the purpose of determining whether the acts of the defendants were willful and for the deliberate and willful purpose of depriving these men of their Constitutional rights . . . .").

*United States v. Dukes*, 779 F. App'x 332, 335 (6th Cir. 2019) (unpublished) ("[T]he government used . . . testimony to prove that Dukes acted willfully, *i.e.*, that he knowingly violated or at least recklessly disregarded [the victim's] constitutional rights.").

*United States v. Couch*, 59 F.3d 171, 1995 WL 369318, at *4 (6th Cir. 1995) (unpublished) (upholding similar instruction and stating "the charge as given adequately conveyed that requirement. As long as the accused specifically intends to use more force than is reasonable under the circumstances, he acts willfully and thus runs afoul of § 242. Furthermore, *Screws* recognizes that a defendant need not necessarily be 'thinking in constitutional terms' if his aim was to deprive an individual of a constitutionally protected right." (citation omitted)).

*United States v. Brown*, 934 F.3d 1278, 1296 (11th Cir. 2019) (quoting *Screws* in discussing willfulness and stating that a defendant "need not have been thinking in constitutional terms, so long as his aim was not to enforce local law but to deprive a citizen of a right and that right was protected by the Constitution").

*United States v. O'Dell*, 462 F.2d 224, 232 n.10 (6th Cir. 1972) (noting that defendants need not have known specifically that they were violating constitutional rights).

*United States v. Proano*, 912 F.3d 431, 442 (7th Cir. 2019) (upholding similar instruction and stating that the instructions was "clear, concise, and guided the jury in determining [the defendant's] subjective intent").

*United States v. Bradley*, 196 F.3d 762, 769 (7th Cir. 1999) ("Willfulness may be shown by circumstantial evidence so long as the purpose may 'be reasonably inferred from all the circumstances attendant on the act.'" (quoting *Screws v. United States*, 325 U.S. 91, 106 (1945)).

*United States v. Coté,* 544 F.3d 88, 100 (2d Cir. 2008) ("As a preliminary matter, the nature of the force itself—repeatedly striking and kicking [the victim] in the head—suggests that [the defendant] intended to injure him rather than simply to restrain him. There is also evidence that,

after the attack, [the defendant] falsified his incident report and attempted to persuade [another officer] to stick to the story. Such deception supports an inference that [the defendant] knew the force he used was excessive." (internal citations quotations and alterations omitted)).

*United States v. Marler*, 756 F.2d 206, 217 (1st Cir. 1985) ("The requisite intent could be established by all the attendant circumstances—the malice of the defendant, the weapons used in the assault, its character and duration, the provocation, if any, and the like." (internal quotation marks and alterations omitted) (quoting *Screws v. United States*, 325 U.S. 91, 107 (1945)).

Other Motivations:

*United States v. Dise*, 763 F.2d 586, 591 (3d Cir. 1985) (approving instruction stating "The Government need not prove that the deprivation of the constitutional rights was the predominant purpose of the defendant's actions.").

*United States v. Hoffman*, 498 F.2d 879, 882 (7th Cir. 1974) (holding that when defendants willfully deprived victims of rights under color of law, it was immaterial that they may have also received personal gratification from the brutality).

*Crews v. United States,* 160 F.2d 746, 749 (5th Cir. 1947) (holding that § 242 offense was complete "even though the defendant was also actuated by personal anger, hate, malice, and a desire for revenge").

**GOVERNMENT PROPOSED JURY INSTRUCTION NO. 25**

**Count Two: Deprivation of Rights Under Color of Law**
**Unanimity Not Required – Means**

One point about the requirement that your verdict must be unanimous on Count Two.

Count Two of the indictment accuses the defendants of committing the crime of deprivation of rights under color of law in more than one possible way. The first way is that the defendant was personally deliberately indifferent to Mr. Nichols' serious medical needs, and the second is that the defendant aided and abetted another officer in that officer's deliberate indifference to Mr. Nichols' serious medical needs.

The government does not have to prove both of these for you to return a guilty verdict on Count Two. Proof beyond a reasonable doubt of either one of these ways is enough. In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved with respect to that defendant; however, all of you need not agree that the same one has been proved.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 8.03B (2023) (modified).

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 26

**Counts One and Two: Deprivation of Rights Under Color of Law
Findings Regarding Death Resulting**

Counts One and Two additionally charge that death resulted from the alleged deprivation. Thus, if you find any of the defendants guilty of Count One, you must also determine if the government has proven, beyond a reasonable doubt, that the defendant's use of unreasonable force or failure to intervene resulted in Mr. Nichols' death. Similarly, if you find any of the defendants guilty of Count Two, you must also determine if the government has proven, beyond a reasonable doubt, that the defendant's deliberate indifference to Mr. Nichols' serious medical need resulted in Mr. Nichols' death.

To prove that Mr. Nichols' death resulted from the offense, the government must prove beyond a reasonable doubt that Mr. Nichols died as a result of the defendant's conduct. Death "results from" a defendant's conduct where Mr. Nichols' death was a foreseeable result of the defendant's conduct, and where, but for the defendant's conduct, Mr. Nichols would not have died. The defendant's action or failure to act need not be the *only* cause of Mr. Nichols' death. Proof that—no matter how slight its cumulative effect—the defendant's conduct, combined with other factors, caused Mr. Nichols' death is sufficient, so long as the other factors alone would not have caused Mr. Nichols' death. The government need not prove that a defendant intended for Mr. Nichols to die.

If you find from your consideration of all the evidence that the defendant's acts resulted in Mr. Nichols' death, then you may check the box for "Yes" on the verdict form.

If, on the other hand, you find from your consideration of all the evidence that the defendant's acts did not result in Mr. Nichols' death, then you should check the box for "No" on the verdict form.

**<u>Authorities:</u>**

18 U.S.C. § 242 (increasing penalty "if death results from the acts committed in violation of this section").

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

*Bostock v. Clayton County.*, 140 S. Ct. 1731, 1739 (2020) (explaining that "[o]ften, events have multiple but-for causes," and thus "a defendant cannot avoid liability just by citing some *other* factor").

*Burrage v. United States*, 571 U.S. 204, 211, 216 (2014) (analyzing 21 U.S.C. § 841(b)(1)(C), which provides for enhanced penalties "if death or serious bodily injury results from" the use of a controlled substance that has been unlawfully distributed by a defendant, and holding that by using the "results from" operator in this statute, Congress deliberately chose to "use language that imports but-for causality").

*Burrage*, 571 U.S. at 211 ("[W]here A shoots B, who is hit and dies, we can say that A [actually] caused B's death, since but for A's conduct B would not have died. The same conclusion follows if the predicate act combines with other factors to produce the result, so long as the other factors alone would not have done so—if, so to speak, it was the straw that broke the camel's back. Thus, if poison is administered to a man debilitated by multiple diseases, it is a but-for cause of his death even if those diseases played a part in his demise, so long as, without the incremental effect of the poison, he would have lived.").

*United States v. Volkman*, 797 F.3d 377, 392–93 n.2 (6th Cir. 2015) (holding that similar "death resulting" instruction given in unlawful distribution of a controlled substance leading to death government was a correct statement of the law, in light of *Burrage v. United States*, 571 U.S. 204 (2014)).

*United States v. Woodlee*, 136 F.3d 1399, 1405–06 (10th Cir. 1998) (holding § 245's bodily injury element is a standard of causation, not intent, that is satisfied if the injury was a foreseeable result of the defendant's conduct.).

*United States v. Martinez*, 588 F.3d 301, 319 (6th Cir. 2009) (holding that a defendant's actions "results" in the victim's death if the death was "foreseeable and naturally result[ed] from one's criminal conduct" and does not require intent (internal quotations and citation omitted)).

*United States v. Marler*, 756 F.2d 206, 215–16 (1st Cir. 1985) (holding in applying "death resulting" enhancement in § 242 that the "district court was correct in charging that [the defendant] could be convicted under section 242 if [the victim's] death was a proximate result of [the defendant's] conduct in the sense of being a natural and foreseeable result of that conduct. . . . [A] defendant must be proved to have willfully subjected the victim to a deprivation of civil rights. But if so, and death results—whether or not it was intended—the higher penalty applies provided death was a natural and foreseeable result of the improper conduct." (quotation marks omitted)).

*United States v. Hayes*, 589 F.2d 811, 821 (5th Cir. 1979) ("When the Congress provided that any deprivation of defined rights under color of law resulting in death may be punished by life imprisonment, we must consider it to have been fully cognizant of the principles of legal causation . . . . No matter how you slice it, 'if death results' does not mean 'if death was intended.' To hold otherwise would make a mockery of the statute.").

# GOVERNMENT PROPOSED JURY INSTRUCTION NO. 27

## Counts One and Two: Deprivation of Rights Under Color of Law
## Limiting Instruction Regarding Policies and Training

The government has introduced evidence of policies and training the defendants received while employed as police officers. This evidence has been admitted for a limited purpose. You may use it only to determine whether the defendant acted willfully, as I have just described that state of mind to you.

It is, of course, wholly up to you to determine whether a particular defendant violated any policy or acted in contravention of his training. If you find that a defendant acted in contravention of policies or training, then I caution you that not every instance of inappropriate behavior on the part of a government employee rises to the level of a federal constitutional violation. It is possible for a government employee to violate department policy or act contrary to his training without violating the United States Constitution, just as it is possible for a government employee to violate the Constitution without violating a specific policy. For this reason, proof that a defendant violated policy or acted contrary to training is relevant to your determination of willfulness, but is not relevant to your determination that the defendant violated a victim's constitutional rights.

In other words, if you determine that a defendant violated a policy of his employing law enforcement agency or acted contrary to his training, you should consider that evidence only in determining whether that particular defendant acted willfully; you should not consider that evidence in determining whether the defendant's actions violated the Constitution in the first instance.

**Authorities:**

*Velthuysen v. Henderson*, No. 17-1623, 2017 WL 5899308, at *1 (6th Cir. Oct. 2, 2017), *cert. denied*, 138 S. Ct. 930 (2018) (holding that a violation of prison policy does not alone create a cognizable claim under 42 U.S.C. § 1983 which provides redress for violations of constitutional or federal rights).

*Zucker v. City of Farmington Hills*, 643 F. App'x 555, 565 (6th Cir. 2016) (unpublished) ("[W]e have repeatedly held that a plaintiff cannot allege a violation of state law in an action under 42 U.S.C. § 1983.").

*United States v. Beals*, 698 F.3d 248, 263 (6th Cir. 2012) ("While the states are free to impose rules for searches and seizures that are more restrictive than the Fourth Amendment, those rules will not be enforced in a federal criminal proceeding.").

*Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) ("While the states are, of course, free to enact laws that are more protective of individual rights than the United States Constitution, a mere violation of such a state law will not establish a proper claim under § 1983.").

*United States v. Brown*, 934 F.3d 1278, 1296 (11th Cir. 2019), *cert. denied sub nom. Antico v. United States*, 140 S. Ct. 2826 (2020) ("[T]he district court correctly instructed the jury that an officer's violation of a police department's policies on the use of force would not by itself establish that his actions amounted to excessive force.  We reject the proposition that we can ever substitute a police department's standards on the use of force for the constitutional standard—even when the policies attempt to mirror the constitutional reasonableness standard.  Although the jury may consider a department's policies as relevant evidence, district courts should follow the example here of using limiting instructions to prevent the jury from conflating a violation of departmental policy with a violation of the Constitution.").

*United States v. Proano*, 912 F.3d 431, 440 (7th Cir. 2019) (affirming § 242 conviction over defendant's assertion that the jury could have considered training evidence in assessing whether his use of force was objectively reasonable and citing with approval the instruction that the jury "should not consider this training when you decide whether the defendant's use of force was reasonable or unreasonable.  But you may consider the training when you decide what the defendant intended at the time he acted.").

*United States v. Ramos*, 537 F.3d 439, 461 (5th Cir. 2008) (finding that a defendant was properly convicted of substantive crimes, not policy violations, where "the government only used the policies as evidence of the state of mind of the defendants for crimes of violence, which had no dependency on the policies for their definition, essence, or viability.").

**Count Three: The Nature of the Offense Charged**
**Conspiracy to Obstruct Justice – 18 U.S.C. § 1512(k)**

Count Three of the Indictment accuses the defendants of a conspiracy to commit the crime of obstruction of justice, and Count Four accuses the defendants of obstructing justice. These counts read as follows:

COUNT THREE
(Conspiracy to Witness-Tamper)

On or about January 7, 2023, in the Western District of Tennessee, defendants Emmitt Martin III, Tadarrius Bean, Demetrius Haley, Desmond Mills Jr., and Justin Smith willfully combined, conspired, and agreed to violate Title 18, United States Code, Section 1512(b)(3) by knowingly engaging in misleading conduct towards, corruptly persuading, and attempting to corruptly persuade, their supervisor (MPD Supervisor 1), the officer tasked with writing the Incident Report (MPD Detective 1), and other persons, with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of truthful information relating to the commission and possible commission of a Federal offense. Specifically, in relation to statements the defendants made to MPD officers regarding the arrest of Tyre Nichols, the defendants conspired to intentionally withhold and omit material information and knowingly make false and misleading statements all to cover up the use of unreasonable force on Nichols.

Plan and Purpose of the Conspiracy

It was the plan and purpose of the conspiracy that defendants Martin, Bean, Haley, Mills, and Smith would omit material information and provide false and misleading information to cover up defendants' use of unreasonable force on Tyre Nichols to shield the defendants from liability for their criminal conduct.

In furtherance of the conspiracy, and to accomplish the object thereof, members of the conspiracy committed, and caused to be committed, the following overt acts, among others, within the Western District of Tennessee:

1. Defendants Martin, Bean, Haley, Mills, and Smith each struck Tyre Nichols and each was present when another defendant struck Nichols, but the defendants did not tell the MPD dispatcher, MPD Supervisor 1, Memphis Fire Department (MFD) Emergency Medical Technicians (EMTs), and MFD paramedics that they knew Nichols had been struck repeatedly.

2. As time passed at the arrest scene, defendants Martin, Bean, Haley, Mills, and Smith participated in conversations with one another in which they discussed striking Nichols, including hitting Nichols with straight haymakers and taking turns hitting him with so many pieces, but the defendants did not tell the MPD dispatcher, MPD Supervisor 1, MFD EMTs, and MFD paramedics this information, even as Nichols' condition deteriorated and he became unresponsive.

3. Defendants Martin, Bean, Haley, Mills, and Smith used their MPD body-worn cameras in such a way as to limit the capture of evidence at the arrest scene, including: defendant Martin moved his body-worn camera to a location that would not capture video of defendants assaulting Nichols and defendants Haley and Smith activated their body-worn cameras only after defendants assaulted Nichols.

4. While MFD emergency medical personnel were on the scene, defendants Haley and Mills removed their body-worn cameras and set them aside before defendants gathered to discuss amongst themselves the force used on Nichols and made statements like: Everybody

rocking his ass; Pop, pop, please fall; and, I thought when he wasn't going to fall, we about to kill this man.

5. At a police station, defendants Martin, Bean, Haley, Mills, and Smith met as a group and provided MPD Detective 1 with false and misleading information about the arrest scene for the Incident Report, including: defendants falsely claiming that Nichols "began actively resisting by pulling gun belts and grabbing Officer Smith by his vest" and defendants Mills and Smith falsely telling MPD Detective 1 that Nichols was so strong that he lifted two officers into the air.

6. Defendants Martin, Bean, Haley, Mills, and Smith also omitted material information, including that defendants punched and kicked Nichols, from their statements to MPD Detective 1, such that MPD Detective 1 submitted an Incident Report falsely describing Nichols' arrest as "After several verbal command[s], Detectives were able to get the suspect Tyre Nichols into custody."

7. Defendants Martin, Bean, Haley, Mills, and Smith each submitted an MPD Response to Resistance Report that contained false and misleading information and omitted that defendants had assaulted Nichols.

In violation of 18 U.S.C. § 1512(k).

## COUNT FOUR
### (Obstruction of Justice: Witness-Tampering)

On or about January 7, 2023, within the Western District of Tennessee, defendants Emmitt Martin III, Tadarrius Bean, Demetrius Haley, Desmond Mills Jr., and Justin Smith, while aiding and abetting one another, knowingly engaged in misleading conduct towards, corruptly persuaded, and attempted to corruptly persuade, their supervisor (MPD Supervisor 1) and an MPD Detective (MPD Detective 1) with the intent to hinder, delay, and prevent the communication to a law

enforcement officer and judge of the United States of truthful information relating to the commission and possible commission of a Federal offense. Specifically, defendants Martin, Bean, Haley, Mills, and Smith provided false and misleading information and withheld and intentionally omitted material information in their communications with MPD Supervisor 1 and MPD Detective 1, each of whom was tasked with writing MPD reports for the arrest of Tyre Nichols, including: defendants Martin, Bean, Haley, Mills, and Smith omitted that defendant Martin repeatedly punched Nichols; defendants Martin, Bean, Haley, Mills, and Smith omitted that defendants Martin and Haley kicked Nichols; defendants Martin, Bean, Haley, Mills, and Smith omitted that Nichols had been struck in the head; defendants falsely stated to MPD Detective 1 that Nichols was actively resisting at the arrest scene; defendants falsely stated to MPD Detective 1 that Nichols grabbed defendant Smith by his vest and pulled on officers' duty belts; and defendants Mills and Smith falsely stated to MPD Detective 1 that Nichols lifted both of them in the air.

In violation of 18 U.S.C. § 1512(b)(3).


**Authorities:**

Indictment, ECF No. 1.

18 U.S.C. § 1512(k).

18 U.S.C. § 1512(b)(3).

Sixth Circuit Pattern Criminal Jury Instructions, Committee Commentary to 2.02 (2023) (observing that "district court practices on reading or summarizing the indictment vary widely" and taking no position on a best practice, but noting that "jury confusion can arise, particularly in complex cases, if the indictment is not read, accurately summarized[,] or sent to the jury room").

**Count Three: Elements of the Crime**
**Conspiracy to Obstruct Justice – 18 U.S.C. § 1512(k)**

Count Three of the indictment accuses the defendants of a conspiracy to commit the crime of obstruction of justice, in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt with respect to that defendant:

First:       That two or more persons conspired, or agreed, to commit the crime of obstruction of justice; and

Second:       That the defendant knowingly and voluntarily joined the conspiracy.

You must be convinced that the government has proved both of these elements beyond a reasonable doubt with respect to a defendant in order to find the defendant guilty of the conspiracy charge.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 3.01A (2023) (modified).

18 U.S.C. § 1512(k).

Sixth Circuit Pattern Criminal Jury Instructions, Committee Commentary to 3.04 (2023) (noting that while an overt act is an element of 18 U.S.C. § 371, other conspiracy statutes "contain their own separate conspiracy provisions that do not require an overt act," and in the latter case, instructions on overt acts should be omitted).

*United States v. Hills*, 27 F.4th 1155, 1190 (6th Cir. 2022) ("The United States Supreme Court and the Sixth Circuit's Pattern Criminal Jury Instructions both recognize that juries need not find proof of an overt act in a conspiracy charged under a statute [that] does not list an overt act as an element of the offense." (alteration in original) (quoting *United States v. Rogers*, 769 F.3d 372, 382 (6th Cir. 2014)).

*United States v. Thompson*, 758 F. App'x 398, 410 (6th Cir. 2018) ("To convict Thompson of conspiracy to commit witness tampering, the government was required to prove that Thompson knowingly joined an agreement to intimidate, threaten, or corruptly persuade another person, with the intent to influence or prevent the person's testimony in an official proceeding, or to cause or induce the person to withhold testimony or be absent from the official proceeding.").

**GOVERNMENT PROPOSED JURY INSTRUCTION NO. 30**

**Count Three: Conspiracy to Obstruct Justice**
**First Element – Agreement**

With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of obstruction of justice, as described in Count Three. Count Three alleges that the defendants agreed to obstruct justice by intentionally withholding and omitting material information and knowingly making false and misleading statements to cover up the use of unreasonable force on Mr. Nichols.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of obstruction of justice. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 3.02 (2023) (modified to refer to instructions for Count Four).

## JOINT PROPOSED JURY INSTRUCTION NO. 31

### Count Three: Conspiracy to Obstruct Justice
### Second Element – Joining the Conspiracy

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that that defendant knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. The alleged purpose of the conspiracy was to omit material information and provide false and misleading information to cover up the defendants' use of unreasonable force on Mr. Nichols to shield the defendants from liability for their criminal conduct.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**<u>Authorities:</u>**

Sixth Circuit Pattern Criminal Jury Instructions, 3.03 (2023) (modified).

Indictment, ECF No. 1.

**GOVERNMENT PROPOSED JURY INSTRUCTION NO. 32**

**Count Three: Conspiracy to Obstruct Justice**
**Unindicted, Unnamed, or Separately Tried Co-Conspirators**

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 3.06 (2023).

## JOINT PROPOSED JURY INSTRUCTION NO. 33

### Count Four: Elements of the Crime
### Obstruction of Justice – 18 U.S.C. § 1512(b)(3)

Count Four of the indictment accuses the defendants of obstruction of justice, in violation of federal law. For you to find a defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt with respect to that defendant:

First: That the defendant knowingly corruptly persuaded, attempted to corruptly persuade, or engaged in misleading conduct toward MPD Supervisor 1 or MPD Detective 1;

Second: That the defendant acted with the intent to hinder, delay, or prevent the communication of information to a law enforcement officer of the United States or a judge of the United States; and

Third: That such information related to the commission or possible commission of a federal offense.

If you are convinced that the government has proved all of these elements with respect to a defendant, or that the defendant aided or abetted, as that has been explained, the commission of Count Four, say so by returning a guilty verdict on this charge as to that defendant. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

### Authorities:

Seventh Circuit Pattern Criminal Jury Instructions, 18 U.S.C. § 1512(b)(3) (2023) (modified).

*United States v. Belcher*, 92 F.4th 643, 652 (6th Cir. 2024) ("To convict a defendant under 18 U.S.C. § 1512(b)(3), 'the government must prove that the defendant (1) knowingly and willfully engaged in misleading conduct toward another person, (2) with the intent to hinder, delay, or

prevent the communication of information to a federal official, (3) about the commission or the possible commission of a federal crime.'" (quoting *United States v. Carson*, 560 F.3d 566, 580 (6th Cir. 2009)).

**GOVERNMENT PROPOSED JURY INSTRUCTION NO. 34**

**Count Four: Obstruction of Justice**
**First Element – Corruptly Persuaded or Engaged in Misleading Conduct**

The first element that the government must prove with respect to Count Four is that the defendant knowingly corruptly persuaded, attempted to corruptly persuade, or engaged in misleading conduct toward MPD Supervisor 1 or MPD Detective 1.

A person acts "corruptly" if he acts knowingly and for an improper purpose, or with the purpose of wrongfully impeding the due administration of justice.

The term "misleading conduct" means knowingly making a false statement, intentionally omitting material information from a statement and thereby causing a portion of such a statement to be misleading, or intentionally concealing a material fact and thereby creating a false impression by such statement.

**Authorities:**

Seventh Circuit Pattern Criminal Jury Instructions, 18 U.S.C. § 1512 (Definition of "Corruptly") (2023) (modified).

Seventh Circuit Pattern Criminal Jury Instructions, 18 U.S.C. § 1512 & 1515(a)(3) (Definition of "Misleading Conduct") (2023).

18 U.S.C. § 1515(a)(3) (defining "misleading conduct").

*Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005) ("Only persons conscious of wrongdoing can be said to 'knowingly . . . corruptly persuad[e].'" (alteration in original)).

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 35

### Count Four: Obstruction of Justice
### Second Element – Intent to Hinder, Delay, or Prevent the Communication of Information

The second element that the government must prove with respect to Count Four is that the defendant acted with the intent to hinder, delay, or prevent the communication of information to a law enforcement officer of the United States or a judge of the United States.

The term "law enforcement officer of the United States" means an officer or employee of the federal government, a person authorized to act for or on behalf of the federal government, or a person serving the federal government as an adviser or consultant, who is authorized under law to engage in or supervise the prevention, detection, investigation, or prosecution of an offense.

The government does not have to prove that a federal investigation was underway at the time the defendant acted. The government also is not required to establish that the defendant intended to keep truthful information from a specific federal law enforcement officer or a specific federal judge, or that the defendant knew that the persons from whom he intended to conceal truthful information were federal law enforcement officers or judges. However, the government must prove that there was a reasonable likelihood that the information would have been transferred to a federal law enforcement officer or federal judge.

You have heard testimony that officers with the Memphis Police Department are trained that the use of excessive force could lead to an investigation by federal law enforcement officers and potential prosecution for federal crimes. You may consider such evidence, along with all the other evidence, in deciding whether the government has proved this element beyond a reasonable doubt.

**Authorities:**

Seventh Circuit Pattern Criminal Jury Instructions, 18 U.S.C. § 1512 (Definition of "Law Enforcement Officer") (2023).

*Fowler v. United States*, 563 U.S. 668, 673, 677–78 (2011) (holding that § 1512 does not require "the defendant [to] have had some general thought about federal officers in mind" but that the government must show "*a reasonable likelihood* that, had, *e.g.*, the victim communicated with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer").

*United States v. Carson*, 560 F.3d 566, 580–81 (6th Cir. 2009) ("Thus, where, as here, the government has established that all police officers in Michigan receive training regarding the consequences of the use of excessive force, a reasonable jury could conclude that [the defendant] knew that writing a misleading report to cover up the use of excessive force might result in a federal investigation.").

*United States v. Belcher*, 92 F.4th 643, 653 (6th Cir. 2024) ("[T]he federal nexus requirement deals in the hypothetical and does not require the government to prove that the information actually made its way to federal agents.").

*United States v. McQueen, et al.*, No. 5:08-cr-135, dkt. 193 at 41 (E.D. Ky. Feb. 27, 2012) (including final paragraph in its instruction on this element).

**GOVERNMENT PROPOSED JURY INSTRUCTION NO. 36**

**Count Four: Obstruction of Justice**
**Third Element – Related to the Commission or Possible Commission of a Federal Offense**

The third element that the government must prove with respect to Count Four is that the information related to the commission or possible commission of a federal offense.

Information "relates to" the commission or possible commission of a federal crime if it concerns the incident in which the crime may have occurred.

The United States does not need to prove that the defendant knew the federal nature of the offense. Also, because the statute refers to the *possible* commission of a federal offense, the United States does not need to prove that any person was actually guilty of any underlying federal offense.


**Authorities:**

*United States v. Eaton*, 784 F.3d 298, 306 (6th Cir. 2015) ("For our purposes, it is plain that information 'relates to' the commission or possible commission of a federal crime if it concerns the incident or occurrence in connection with which the crime may have occurred.").

*Eaton*, 784 F.3d at 306 (concluding that defendant's efforts to "prevent[] the officers from communicating to the FBI the manner in which the incident actually occurred" was "[p]lainly" information "'relating to' the commission or possible commission of a federal crime in that it pertained to the incident involving the alleged excessive use of force in violation of [the victim's] civil rights").

18 U.S.C.A. § 1512(g)(2) ("In a prosecution for an offense under this section, no state of mind need be proved with respect to the circumstance --that the law enforcement officer is an officer or employee of the Federal Government or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant.").

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 37

**Count Four: Obstruction of Justice**
**Pinkerton Liability for Substantive Offenses Committed by Others**

Count Four of the indictment accuses the defendants of committing the crime of obstruction of justice. In addition to proving that a defendant personally committed this crime, or that a defendant aided and abetted someone else in committing this crime, there is a third way that the government can prove a defendant guilty of this crime. The third is based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members, as long as those acts are committed to help advance the conspiracy and are within the reasonably foreseeable scope of the agreement.

In other words, under certain circumstances, the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

For you to find any one of the defendants guilty of obstruction of justice based on this legal rule, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

| First: | That the defendant was a member of the conspiracy charged in Count Three of the indictment; |
|---|---|
| Second: | That after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed the crime of obstruction of justice; |
| Third: | That this crime was committed to help advance the conspiracy; and |
| Fourth: | That this crime was within the reasonably foreseeable scope of the unlawful project. The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement. |

This does not require proof that each defendant specifically agreed or knew that the crime would be committed. But the government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy. No defendant is responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on Count Four as to that defendant. If you have a reasonable doubt about any one of them, then the legal rule that the act of one conspirator is the act of all would not apply as to that defendant.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 3.10 (2023) (modified).

*United States v. Hills*, 27 F.4th 1155, 1182 (6th Cir. 2022) ("*Pinkerton* liability 'allows members of a conspiracy to be held liable for reasonably foreseeable substantive offenses committed by coconspirators in furtherance of the conspiracy.'" (quoting *United States v. Woods*, 14 F.4th 544, 552 (6th Cir. 2021)) (upholding conviction on conspiracy charge and substantive charge, with the latter premised on *Pinkerton* liability).

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 38

### Count Four: Obstruction of Justice
### Unanimity Not Required – Means

One point about the requirement that your verdict must be unanimous on Count Four.

Count Four of the indictment accuses the defendants of committing the crime of obstruction of justice in more than one possible way. The first five ways apply to all the defendants. The first way is that the defendants omitted that defendant Martin repeatedly punched Mr. Nichols; the second is that the defendants omitted that defendants Martin and Haley kicked Mr. Nichols; the third is that the defendants omitted that Mr. Nichols had been struck in the head; the fourth is that the defendants falsely stated to MPD Detective 1 that Mr. Nichols was actively resisting at the arrest scene; and the fifth is that the defendants falsely stated to MPD Detective 1 that Mr. Nichols grabbed defendant Smith by his vest and pulled on officers' duty belts. The sixth way applies only to defendant Smith. The sixth is that defendant Smith falsely stated to MPD Detective 1 that Mr. Nichols lifted him and Desmond Mills in the air. The indictment also alleges that the defendants aided and abetted one another in making these omissions and false statements, and you have just been instructed about the legal rule that the act of one conspirator is the act of all.

The government does not have to prove all of these for you to return a guilty verdict on Count Four. Proof beyond a reasonable doubt of any one of these ways is enough. In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved with respect to that defendant; however, all of you need not agree that the same one has been proved.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 8.03B (2023) (modified).

**JOINT PROPOSED JURY INSTRUCTION NO. 39**

**On Or About**

Next, I want to say a word about the date mentioned in the indictment.

The indictment charges that the crimes happened "on or about" January 7, 2023. The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 2.04 (2023).

**GOVERNMENT PROPOSED JURY INSTRUCTION NO. 40**

**Use of the Word "And" in the Indictment**

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 2.12 (2023).

**JOINT PROPOSED JURY INSTRUCTION NO. 41**

**Introduction**

That concludes the part of my instructions explaining the elements of the crimes. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 7.01 (2023).

**JOINT PROPOSED JURY INSTRUCTION NO. 42**

**Defendant's Election Not To Testify or Present Evidence**

A defendant has an absolute right not to testify [or present evidence]. The fact that he did not testify [or present any evidence] cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 7.02A (2023).

## JOINT PROPOSED JURY INSTRUCTION NO. 43

### Opinion Testimony

You have heard the testimony of [names of experts], who testified as opinion witnesses.

You do not have to accept [names of experts]'s opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 7.03 (2023).

## JOINT PROPOSED JURY INSTRUCTION NO. 44

### Witness Testifying To Both Facts and Opinions

You have heard the testimony of [Witness Name], who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept [Witness Name]'s opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached his or her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 7.03A (2023).

## JOINT PROPOSED JURY INSTRUCTION NO. 45

### Impeachment By Prior Inconsistent Statement Not Under Oath

[You have heard the testimony of ____.  You have also heard that before this trial he made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating his testimony here in court.]

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 7.04 (2023).

**GOVERNMENT PROPOSED JURY INSTRUCTION NO. 46**

**Testimony of an Accomplice with Reduced Criminal Liability**

You have heard the testimony of Desmond Mills. You have heard that he was involved in the same crimes that the defendants are charged with committing. You have also heard that the government has promised Desmond Mills that he may receive a reduced sentence in exchange for his cooperation. It is permissible for the government to make such a promise, but you should consider whether his testimony may have been influenced by the government's promise.

You should consider Desmond Mills' testimony with more caution than the testimony of other witnesses. Do not convict the defendants based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

The fact that Desmond Mills has pleaded guilty to a crime is not evidence that the defendants are guilty, and you cannot consider this against the defendants in any way.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 7.07 (2023) (modified).

Sixth Circuit Pattern Criminal Jury Instructions, 7.08 (2023) (modified).

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 47

### Character and Reputation of Defendant

You have heard testimony about [defendant name's] good character. You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that he committed the crimes charged.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 7.09 (2023).

**JOINT PROPOSED JURY INSTRUCTION NO. 48**

**Summaries and Other Materials Not Admitted In Evidence**

During the trial you have seen counsel use [summaries, charts, drawings, calculations, or similar material] which were offered to assist in the presentation and understanding of the evidence.  This material is not itself evidence and must not be considered as proof of any facts.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 7.12 (2023).

**GOVERNMENT PROPOSED JURY INSTRUCTION NO. 49**

**Other Acts of Defendant**

You have heard testimony that a defendant committed acts other than the ones charged in the indictment. If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim on that defendant's intent, motive, knowledge, absence of mistake, and absence of accident. You must not consider it for any other purpose.

Remember that the defendants are on trial here only for the crimes charged in the indictment, not for the other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 7.13 (2023).

**GOVERNMENT PROPOSED JURY INSTRUCTION NO. 50**

**False Exculpatory Statements**

You have heard testimony that after the crime was supposed to have been committed, [some of] the defendants made false exculpatory statements.

If you believe that a defendant made false exculpatory statements, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that the defendant committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may make false exculpatory statements for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 7.14 (2023).

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 51

### Separate Consideration—Evidence Admitted Against Certain Defendants Only

You have heard testimony from _____ that _____.

You can only consider this testimony against _____ in deciding whether the government has proved him guilty. You cannot consider it in any way against any of the other defendants.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 7.18 (2023).

**<u>GOVERNMENT PROPOSED JURY INSTRUCTION NO. 52</u>**

**Statement By Defendant**

You have heard evidence that defendant _____ made a statement in which the government claims he admitted certain facts. It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

You may not convict a defendant solely upon his own uncorroborated statement or admission.

**<u>Authorities:</u>**

Sixth Circuit Pattern Criminal Jury Instructions, 7.20 (2023).

## JOINT PROPOSED JURY INSTRUCTION NO. 53

### Judicial Notice

I have decided to accept as proved the fact that _____, even though no evidence was presented on this point. You may accept this fact as true, but you are not required to do so.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 7.19 (2023).

**JOINT PROPOSED JURY INSTRUCTION NO. 54**

**Stipulations**

The government and the defendants have agreed, or stipulated, to certain facts.  Therefore, you must accept the following stipulated facts as proved: [*insert facts stipulated*].

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 7.21 (2023).

# JOINT PROPOSED JURY INSTRUCTION NO. 55

## Introduction

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 8.01 (2023).

## **GOVERNMENT PROPOSED JURY INSTRUCTION NO. 56**

### **Experiments, Research, Investigation, and Outside Communications**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

You may not use any electronic device or media or application, such as a telephone, cell phone, smart phone, iPhone, smart watch or other wearable technology, tablet, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, TikTok, LinkedIn, YouTube, X (formerly known as Twitter), Truth Social, Instagram, WhatsApp, Snapchat or other similar social media or electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. You also may not search or review any traditional sources of information about this case (such as dictionaries, reference materials, or television news or entertainment programs), listen to the radio, podcasts, or any streaming service, or read any newspaper or news coverage in any print or electronic form on this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers -- and the news and social media apps on those devices -- may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 8.02 (2023).

**GOVERNMENT PROPOSED JURY INSTRUCTION NO. 57**

**Duty To Deliberate**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 8.04 (2023).

**GOVERNMENT PROPOSED JURY INSTRUCTION NO. 58**

**Punishment**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 8.05 (2023).

# GOVERNMENT PROPOSED JURY INSTRUCTION NO. 59

## Verdict Form

I have prepared a verdict form that you should use to record your verdict. The form reads as follows: [Court reads verdict form].

If you decide that the government has proved the charge against a defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 8.06 (2023).

**GOVERNMENT PROPOSED JURY INSTRUCTION NO. 60**

**Verdict Limited To Charges Against These Defendants**

Remember that the defendants are only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved these defendants guilty. Do not let the possible guilt of others influence your decision in any way.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 8.08 (2023).

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 61

### Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 8.09 (2023).

**JOINT PROPOSED JURY INSTRUCTION NO. 62**

**Juror Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**Authorities:**

Sixth Circuit Pattern Criminal Jury Instructions, 8.10 (2023).