IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No. 23-cr-20191-MSN |
| | ) |
| v. | ) |
| | ) |
| TADARRIUS BEAN, | ) |
| DEMETRIUS HALEY, | ) |
| *and* JUSTIN SMITH, | ) |
| | ) |
| Defendants. | ) |

**ORDER MEMORIALIZING ORAL RULINGS; ORDER ON SUPPLEMENTAL MOTION REGARDING PEREMPTORY CHALLENGES; ORDER ON MOTIONS REGARDING EVIDENCE OF POSSIBLE PUNISHMENT**

On August 26, 2024, the Court held a Pretrial Conference at which the Court orally ruled on several Motions that were pending in this matter. In the interest of clarity, the Court memorializes and supplements those rulings as follows:

(1) The following Motions were **DENIED AS MOOT** in light of Defendant Martin's Change of Plea[1] in this matter:

- United States' Motion to Limit Expert Testimony of Dr. Malcolm Spica (ECF No. 334)

- United States' Motion to Limit Expert Testimony of Dr. Bhushan Agharkar (ECF No. 335)

---

[1] The Court also notes that while all of these Motions remain pending on the docket, Magistrate Judge Claxton resolved parts of several of them at her August 13, 2024 proceeding. (*See* ECF No. 476 (sealed) at PageID 6292, 6299, 6301, 6316–17.)

- Motion in Limine to Exclude Autopsy Photographs (ECF No. 343)
- Motion in Limine to Exclude Improper Toxicology Testimony by Drs. Riley and Valentine (ECF No. 387)
- United States' Motion to Exclude Expert Testimony of Douglas Lacey (ECF No. 388)
- United States' Motion to Exclude Improper Pharmacology Testimony by Dr. Farr (ECF No. 391)
- Motion in Limine to Exclude Irrelevant and Prejudicial Other Acts Evidence (ECF No. 329)
- Motion to Exclude Improper Expert Testimony on the Use of Force (ECF No. 375)
- Motion to Sever Counts (ECF No. 229)

(2) The Motion to Exclude Improper Expert Testimony from Jared Wojcicki, (ECF No. 370), was terminated without objection because Magistrate Judge Claxton resolved the Motion.

(3) The Motion in Limine Regarding Ultimate Issue Testimony, (ECF No. 332), was **DENIED** without objection because the Court agrees with Magistrate Judge Claxton's determination concerning the admissibility of ultimate issue testimony, (*see* ECF No. 476 (sealed) at PageID 6316–17), and finds that it offers sufficient guidance for the statements outlined in the Motion. As stated at the Pretrial Conference, parties may still object at trial to the extent they deem necessary.

(4) The Supplemental Motion Regarding Peremptory Challenges, (ECF No. 479), was taken under advisement. Upon further review, the Court exercises its discretion to

allow each Defendant one (1) additional peremptory strike to be exercised individually. *See* Federal Rule of Criminal Procedure 24(b) ("The court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly."). The Supplemental Motion Regarding Peremptory Challenges is thus **GRANTED IN PART** and **DENIED IN PART**.

(5) The Court also took under advisement the Motion in Limine to Preclude Reference to Possible Punishment of Defendant or Cooperating Witnesses, (ECF No. 299), and the Motion in Limine to Introduce Information About Possible Penalties at Trial, (ECF No. 326). Upon further review of the Motions and the arguments presented at the Pretrial Conferences, the Court **GRANTS** the Motion in Limine to Preclude Reference to Possible Punishment of Defendant or Cooperating Witnesses and **DENIES** the Motion in Limine to Introduce Information About Possible Penalties at Trial. As the Court previewed at the first and second Pretrial Conferences, Defendants are entitled to cross-examine witnesses about biases they may have and motivations which may color the veracity of their testimony. But the right to cross-examination does not include the right to cross-examine "in whatever way, and to whatever extent, the defense might wish." *United States v. Ralston*, 2024 U.S. App. LEXIS 20198, at *14 (6th Cir. 2024) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986)). As applied here, the Court agrees with other courts in the Sixth Circuit that have barred the introduction of specific sentences defendants face while permitting counsel to elicit testimony about the general benefits a witness hopes to gain by testifying. *See, e.g.*, *United States v. Dimora*, 843 F. Supp. 2d 799, 842–43 (N.D. Ohio Jan. 4, 2012); *see*

*also Langford v. Jones*, Case No. 04-CV-74335-DT, 2006 U.S. Dist. LEXIS 80900, at *18–19 (E.D. Mich. July 7, 2006). The Court finds that this balance permits Defendants to provide the jury with sufficient information with which to assess cooperating witnesses' motives while limiting the prejudice that would attend suggestion of the sentence the remaining Defendants face.

**IT IS SO ORDERED**, this 26th day of August, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE