IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cr-20191-MSN |
| | ) | |
| v. | ) | |
| | ) | |
| TADARRIUS BEAN, | ) | |
| DEMETRIUS HALEY, *and* | ) | |
| JUSTIN SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING APPEAL OF MAGISTRATE JUDGE ORDER AND MOTION IN LIMINE TO RESTRICT LAY OPINION TESTIMONY REGARDING USE OF FORCE AND DENYING MOTION TO EXCLUDE EXPERT OPINIONS ON USE OF FORCE ISSUES PURSUANT TO FRE 702, 703, 705**

Before the Court are multiple filings from Defendant Demetrius Haley ("Defendant"): (1) a Motion in Limine to Restrict Lay Opinion Testimony Regarding Use of Force, ("Motion in Limine," ECF No, 158); (2) a Motion for Reconsideration of Magistrate Judge's Order Denying His Motion in Limine, ("Appeal," ECF No. 311); and (3) a Motion to Exclude "Expert" Opinion on "Use of Force Issues" Pursuant to Federal Rules of Evidence 702, 703, and 705, ("Motion to Exclude," ECF No. 160). The Government filed a Consolidated Response in opposition to the Motion in Limine and Motion to Exclude on March 4, 2024, (ECF No. 213), and a Response in opposition to the Appeal on July 1, 2024, (ECF No. 318). For the reasons below, Defendant's Appeal and Motion in Limine are **GRANTED** and his Motion to Exclude is **DENIED**.

## BACKGROUND

Defendant's Motions and Appeal revolve around the proper designation of certain witness testimony about the use of force.  On January 31, 2024, the Government filed a Notice of Intent to Offer Hybrid or Expert Witness Testimony Regarding Use of Force Issues.  (ECF No. 142.)  That Notice advised that the Government intended to call several use of force trainers who provided training to Defendants.  (*Id.* at PageID 591.)  These witnesses' testimony is expected to cover three main issues: (1) policies in place at the Memphis Police Department ("MPD") during Defendants' employment, (2) Defendants' training in those policies, and (3) whether Defendants acted in accord with that training.  (*Id.* at PageID 594.)  Concerning the designation of such testimony, the Government explained that the first two categories encompass lay opinion testimony for which no expert notice is required.  (*Id.* at PageID 595.)  As for the third category, it is the Government's view that it also constitutes lay opinion testimony.  (*Id.* at PageID 596.)  It observed, however, that some courts consider witnesses "hybrid witnesses" when their particular expertise colors their lay testimony.  (*Id.* at PageID 597.)  Accordingly, it filed a Notice in case this Court finds similarly.

On February 7, 2024, Defendant[1] filed his Motion in Limine to Restrict Lay Opinion Testimony Regarding Use of Force.  (ECF No. 158.)  In that Motion, Defendant conceded that the Court may find the witnesses' testimony admissible as expert testimony under Fed. R. Evid. 702.  (*Id.* at PageID 2261.)  He argued that their opinions about Defendants' compliance with their training—the third category—would not be proper lay opinion testimony, however, since they were not present on the scene of Mr. Nichols's arrest.  (*Id.* at PageID 2263.)  Notably, Defendant disagrees with the Government that the witnesses may gain personal knowledge about the

---

[1] Defendants Tadarrius Bean, Justin Smith, and Emmitt Martin III Joined Defendant's Motion in Limine.  (*See* ECF Nos. 180, 161, and 178.)

2

reasonableness of Defendants' use of force from the review of videos. (*Id*.) Accordingly, Defendant asked that the Court bar the Government "from seeking to introduce any lay opinion testimony on the reasonableness of force employed by law enforcement from any witness who was not present at the scene and didn't personally observe such force being employed . . . ." (*Id.* at PageID 2264.)

At the same time, Defendant[2] also filed a Motion to Exclude "Expert" Opinions on "Use of Force Issues" Pursuant to FRE 702, 703, and 705." (ECF No. 160.) He argued that the Government should be foreclosed from offering such expert testimony because its Notice was insufficient and untimely and that these deficiencies merit exclusion. (*Id.* at PageID 2268–69.)

In response to Defendant's Motions, the Government responded that the evidence it seeks to elicit from the training witnesses "is routinely admitted in criminal civil rights cases . . . because it is essential to proving willfulness . . . ." (ECF No. 214 at PageID 2622.) From the Government's standpoint, "[t]he only question at trial will be whether expert designation is necessary . . . in order for the trainer-witnesses to address hypotheticals or otherwise answer questions that might be posed to a use of force expert." (*Id.* at PageID 2625.) As for Notice, the Government contended that it was more than sufficient and that Defendants have had extensive discovery concerning these witnesses since 2023, with the Notice adding only seventeen pages of the witnesses' curriculum vitae. (*Id.* at PageID 2632–33.)

This Court referred Defendant's Motion in Limine to the Magistrate Judge, who issued an Order ("Order") denying the Motion. (ECF No. 296.) Defendant now appeals that Order. Given its relation to Defendant's Motion to Exclude, the Court considers that Motion as well.

---

[2] Defendants Bean, Smith, and Martin also joined this Motion. (*See* ECF Nos. 181, 162, & 178.)

3

**I.      MOTION IN LIMINE AND APPEAL**

     **A.      Standard of Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70, 109 S. Ct. 2237, 104 L. Ed. 2d 923 (1989)). Relevant here, that statute authorizes magistrate judges to make determinations about non-dispositive, pretrial matters pending before the court. 28 U.S.C. § 636(b)(1)(A). A district court judge may reconsider a magistrate judge's determination, however, if it is shown to be "clearly erroneous or contrary to law." *Id. See also United States v. Raddatz*, 447 U.S. 667, 673 (1980) (explaining that the "clearly erroneous or contrary to law" standard applies to district court review of magistrate judges' determinations of non-dispositive motions). "'[A] [l]egal conclusion[] [is] reviewed de novo and contrary to law only if it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *McKenzie Med. Ctr., PC v. Selective Ins. Co.*, No. 1:23-cv-01045-JDB-jay, 2023 U.S. Dist. LEXIS 183000, at *4–5 (W.D. Tenn. Oct. 11, 2023) (quoting *Mich. v. Blue Cross Blue Shield*, 683 F. Supp. 3d 645, 651 (E.D. Mich. 2023)). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 29 U.S.C. § 636(b)(1)(C).

     **B.      Discussion**

Defendant argues that the Court should reconsider the Magistrate Judge's Order because "it is clearly erroneous and contrary to law." (ECF No. 311 at PageID 3832.) The Order denied Defendant's Motion after finding that Fed. R. Evid. 702 permitted the witnesses to provide lay testimony concerning their personal knowledge of the MPD practices, policies, and procedures in place at the time of Mr. Nichols's arrest and of their training of Defendants, including on the use

4

of force.  (ECF No. 296 at PageID 3699.)  With regard to witness testimony stemming from the review of videos, the Magistrate Judge concluded that "[t]hese opinions draw from the same personal knowledge discussed above—namely, what policies, practices, and procedures were in place at the time of the incident and what techniques were taught to Defendants."  (*Id.* at PageID 3699-700.)  Accordingly, she found that Fed. R. Evid. 702 also permitted this lay testimony.  (*Id.* at PageID 3700.)

A review of the record relevant to Defendant's Motion in Limine makes clear that the only contested issue is whether the witnesses' opinions of Defendants' actions based on the witnesses' review of video and other evidence is admissible as lay testimony.  Indeed, Defendant acknowledges that the witnesses' testimony about the training they provided and the MPD policies in effect at the pertinent time are admissible lay testimony.  (ECF No. 311 at PageID 3831–32.)  The Court has not found authority that squarely addresses whether a witness may gain "personal knowledge" for purposes of Fed. R. Evid. 701 through subsequent review of evidence.  Accordingly, the Court does not find that the Order's allowance of such testimony under Rule 701[3] is contrary to law.  Because this Court believes the relevant authorities point to a different outcome, however, it grants Defendant's Appeal on this issue.

Fed. R. Evid. 701 provides, in full:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is rationally based on the witness's perception; helpful to clearly understanding the witness's testimony or to determining a fact in issue; and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

---

[3] Defendant takes issue with the Order's reference to Rule 702 in resolving his Motion in Limine, since that Motion involved lay testimony governed by Rule 701.  (*See* ECF No. 311 at PageID 3832.)  While the Court understands Defendant's contention, both Rules 701 and 702 are important to consider when determining whether testimony is properly classified as lay or expert testimony.

Here, the Government seeks to classify as lay testimony opinions from law enforcement about Defendants' compliance with MPD policies even though these individuals were not present at the time of the conduct.  According to the Government, such opinions fall within the scope of Fed. R. Evid. 701 "because it is based on the witnesses' personal knowledge and not on the type of specialized, technical knowledge that courts have found require expert designations." (ECF No. 214 at PageID 2624.)  The Court disagrees with this conclusion for two reasons.

First, the witnesses lack the "personal knowledge" Rules 602 and 701 envision.  The Government suggests that the witnesses fulfill the personal knowledge requirement for lay testimony because they have personal knowledge about the training they provided Defendants and the MPD policies in place during the relevant time periods.  That much is true, and presumably why Defendant does not contest the classification of testimony covering those areas as lay testimony.  But it is a bigger leap to argue that *that* personal knowledge can double as the type of personal knowledge required to permit lay testimony about specific conduct the witnesses did not observe.  To be sure, the witnesses reviewed video evidence and Defendants' use of force reports and statements in reaching their conclusions.  (ECF No. 142 at PageID 598.)  These actions are more akin to reviewing evidence for purposes of litigation, though, which is not a good fit for lay testimony.  *See United States v. Freeman*, 730 F.3d 590, 595 (6th Cir. 2013) (quoting *United States v. Jayyousi*, 657 F.3d 1085, 1120 (11th Cir. 2001) (Barkett, J., concurring in part an dissenting in part)) ("Such lay opinion testimony is permitted under Rule 701 because it has the effect of describing something that the jurors could not otherwise experience for themselves by drawing upon the witness's sensory and experiential observations that were made as a first-hand witness to a particular event.")  *See also United States v. Eberle*, Cr. No. 08-20139, 2008 U.S. Dist. LEXIS

95770, at *1, 7–8 (E.D. Mich. Nov. 10, 2008) (in which parties stipulated that eyewitness testimony could not be based on review of videotape).

Second, the officers could not form these opinions were it not for their technical knowledge—a fact the Government appears to recognize. (*See, e.g.*, ECF No. 142 at PageID 600 ("Based on their experience as trainers for MPD, these witnesses will testify as to whether the defendants' actions on January 7, 2023 were consistent with MPD training and policy"); *id.* at PageID 598 (stating that the witnesses' testimony following review of evidence would be "filtered through the lens of their years of experience as trainers . . . .").) Indeed, these opinions are applications of their specialized knowledge to particular facts, which is more fairly characterized as expert testimony. *See, e.g.*, *United States v. Lang*, 717 F. App'x 523, 537 (6th Cir. 2017) ("Although a doctor may properly be called as a lay witness to testify about facts and treatment, she may *not* testify about the connection between the two without being qualified as an expert . . . ."). Given the subject of this expected testimony—for example, handcuffing, defensive tactics, the use-of-force continuum, pain compliance techniques, and reporting obligations—the Court also finds it likely to encompass issues beyond the knowledge of the average lay person, which additionally makes it more appropriately expert testimony. *See Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 240 (6th Cir. 2010) (quoting *United States v. White*, 492 F.3d 380, 401 (6th Cir. 2007)).[4]

---

[4] In its Notice, the Government cited *White*, 492 F.3d at 402, for the proposition that it approved of admitting law enforcement trainers' opinions about whether defendants' actions complied with police policies as lay testimony. (ECF No. 142 at PageID 598.) The basis for that argument is that the Court in *White* referenced *United States v. Perkins*, 470 F.3d 150, 151–52, 156 (4th Cir. 2006), in which the Court upheld the classification of police officer testimony about a fellow officer's use of force as lay testimony. Critically, however, the Court in *Perkins* found that the testifying officers satisfied Rule 701's personal knowledge requirement because they had personally observed the use of force and thus "testified based on their contemporaneous perceptions." *Perkins*, 470 F.3d at 156. Another officer was not present for the use of force, but

For these reasons, Defendant's Appeal is granted to the extent that the Order found testimony concerning Defendants' compliance with their training to constitute lay testimony. The Government may not introduce this testimony as such.

## II.     MOTION TO EXCLUDE

Because the Court has determined that witness testimony in the form of an opinion about whether Defendant's conduct complied with certain MPD policies and procedures constitutes expert testimony, such testimony falls within the scope of Fed. R. Evid. 702 and its corresponding disclosure requirements. *See* Fed. R. Evid. 702 advisory committee's note (2000). As mentioned, Defendant seeks to exclude the training witnesses' expert opinions on Defendants' alleged uses of force because he considers the Government's Notice insufficient and untimely. (ECF No. 160 at PageID 2268–69.) The Court takes each argument in turn.

### A.     Sufficiency of the Notice

The adequacy of the Government's Notice invokes Fed. R. Crim. P. 16(a)(1)(G), which governs disclosure of expert witnesses. That Rule requires that the Government, at a defendant's request, disclose certain information in writing and "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Rule 16(a)(1)(G)(i) & (ii). The contents of the disclosure must include the following information:

> (1) a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief;
>
> (2) the bases and reasons for them;

---

had personal interactions with the defendant officer afterward. *Id.* In addition, the *Perkins* Court found the officers' observations to require such little expertise that they could be deemed lay testimony. *Id.* In contrast, the witnesses here do not have "contemporaneous perceptions" from which the Court can infer "personal knowledge." The scope and nature of the policies the Government intends to discuss with the training witnesses also far exceed that at issue in *Perkins*. Accordingly, and recognizing that the *Perkins* Court considered it a close call even on its facts, this Court does not find *White*'s reference to *Perkins* dispositive here.

8

>(3) the witness's qualifications, including a list of all publications authored in the previous 10 years; and
>
>(4) a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. P. 16(a)(1)(G)(iii).

Defendant acknowledges that the Government has produced discovery related to the expected testimony of these witnesses. (ECF No. 160 at PageID 2270.) But he maintains that none of those documents constitute a written report containing all of the opinions the Government will elicit at trial. (*Id.*) Further, he argues that while they may provide some information about the "bases and reasons" for the witnesses' testimony, these materials are not sufficiently specific because they do not reference the classes, training sessions, training material, or MPD policies on which the witnesses relied in forming their opinions. (*Id.*) He also takes issue with the Notice's reference to unspecified subjects about which the witnesses may testify as evidence that the Notice does not include "all opinions the government will elicit," as required by Rule 16. (*Id.* at PageID 2271.) Defendant does not challenge the Notice as lacking the requisite information about the witnesses' qualifications or prior testimony.

The Government's Notice is not insufficient, as it provides enough information about the witnesses' qualifications and their expected testimony to constitute the requisite written summary of the witnesses' opinions and the bases for them. Notably, this information does not just list subjects on which the witnesses intend to testify, but references the source of the witnesses' knowledge and the specific policies and conduct relevant to Mr. Nichols's arrest. With regard to Mr. Gonzalez, for example, the Notice sets forth his conclusions about the propriety of Defendants' initial contact with Mr. Nichols and their subsequent use of force based on MPD policies and training. (ECF No. 142 at PageID 601.) These conclusions include, for instance, Mr. Gonzalez's opinion that "the punches, kicks, and baton strikes captured on video were inconsistent with the

9

containment and cuffing techniques that MPD taught" and that Defendants "passed up opportunities to handcuff [Mr.] Nichols consistent with their training in favor of using hard hand techniques that were not authorized under MPD training and policy." (*Id.*) Mr. Wright is expected to explain that Defendants should have used "the wrist-lock or other use-of-force techniques that he trained officers to use at the academy when confronting resistance by an arrestee." (*Id.* at PageID 602.) Mr. Barrett is expected to testify that "verbal commands and soft hands control were the appropriate response to [Mr.] Nichols at the traffic stop" and that "the use of pepper spray was not an appropriate response at the traffic stop." (*Id.* at PageID 603.) Mr. Saleem's testimony includes his legal instruction to MPD officers on the use of body cameras and the duty to intervene and report others' unlawful conduct. (*Id.* at PageID 605.) Ms. Branch's testimony is anticipated to cover her training on officers' responsibilities to provide medical care until the arrival of medical personnel and accurately report their observations. (*Id.* at PageID 606.)

      Defendant is correct that the Notice does not necessarily specify each class, training session, piece of training material, or MPD policy on which the witnesses relied. But Rule 16's "written summary" requirement "'does not require the government to disclose every nuance and detail of its expert's opinion.'" *United States v. Moore*, No. 6:17-CR-25-REW-HAI, 2018 U.S. Dist. LEXIS 218885, at *5–6 (E.D. Ky. Nov. 6, 2018) (quoting *United States v. DSD Shipping, A.S.*, No. CR 15-00102-CG-B, 2015 U.S. Dist. LEXIS 132451, at *1 (S.D. Ala. Sept. 30, 2015)). In any event, the Notice provides more than enough context to permit Defendants to identify the details about both the events and materials relevant to each witness's testimony. Indeed, Defendants possess information about each witness's tenure at or with MPD, which Defendants each witness taught, the subjects on which they taught them, Defendants' training history, the materials from their training classes, and MPD policies. (ECF No. 214 at PageID 2631.)

10

Furthermore, Defendant's contention of unfair surprise about the witnesses' testimony and the foundations for that testimony is undercut by the fact the Defendants have transcripts of these witnesses' prior testimony in this case. *See United States v. Lipscomb*, 539 F.3d 32, 38 (1st Cir. 2008) ("Given that the defense had full notice of the *actual opinions* to which the detectives intended to testify, we are unpersuaded by the defendant's criticism of the lack of detail regarding the *bases* for those opinions. In the factual context of this case, we conclude that the proffered notification—that the testimony would be based on knowledge gained from formal training and years of experience as police officers—is sufficient."); *Moore*, 2018 U.S. Dist. LEXIS 218885, at *5–6 (citing *Lipscomb*, 539 F.3d at 38 and other cases in rejecting defendants' challenge to expert Notice as skeletal). Defendant claims that a comparison of the grand jury testimony and FBI 302 reports to the Notice "reveals gaps and discrepancies." (ECF No. 160 at PageID 2270.) But the "gaps and discrepancies" he details strike the Court as potentially good candidates for cross-examination or a *Daubert* motion—not a Motion to Exclude for insufficient Notice.[5]

**B.    Timeliness**

Defendant's objections as to timeliness and his request for exclusion stem from his prior Motion to exclude expert testimony. (ECF No. 95.)[6] This Court denied that Motion but agreed with Defendant that "to the extent the Government's witnesses provide testimony that would

---

[5] The Court takes this opportunity to clarify that nothing in this Order should be read to preclude Defendants from raising proper objections to the testimony the Government is expected to elicit from these trainer witnesses. As Defendant notes and the Government has acknowledged, some of the testimony given to the grand jury will not be admissible at trial. (*See* ECF No. 160 at PageID 214 at PageID 2631–32.) And the devil is in the details when it comes to admissibility of expert testimony that concerns, on the one hand, compliance with certain policies and, on the other, the reasonableness of Defendants' actions. *See, e.g.*, *Alvarado v. Oakland Cnty.*, 809 F. Supp. 2d 680, 687–92 (E.D. Mich. 2011). In the Court's view, Defendant's Motion to Exclude concerns only the former.

[6] Additional context may be found in the Order denying that Motion. (ECF No. 149.)

11

require them to be disclosed as experts, the Government has not complied with Rule 16 because it did not comply with the deadline for Rule 16 disclosures that was set forth in the Scheduling Order." (ECF No. 149 at PageID 792.) Given the amount of unknowns surrounding the experts at the time the Court denied Defendant's Motion, the Court "reserve[d] judgment regarding the imposition of [] sanctions, if any." (*Id.* at PageID 795.)

As the record has developed more fully, the Court finds that exclusion is not the "least severe sanction necessary." Nor does the Court consider it necessary to order the Government to supplement its Notice, as it has already been found sufficient. At the time of the Court's Order denying Defendant's first Motion, trial was set for May 2024. But the Court eventually continued the trial date at Defendants' request, which had the effect of putting Defendants on Notice of the Government's potential expert witnesses roughly seven months before trial. The Court considers these circumstances to have allowed Defendants more than adequate time to prepare.

Accordingly, the Court declines to exclude the Government's expert witnesses for the reasons Defendant raises in his Motion to Exclude.

## CONCLUSION

For all these reasons, Defendant's Motion in Limine, (ECF No. 158), and his Appeal, (ECF No. 311) are **GRANTED**. Defendant's Motion to Exclude, (ECF No. 160), is **DENIED**.

**IT IS SO ORDERED**, this 28th day of August, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE