IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TADARRIUS BEAN, ) <br> DEMETRIUS HALEY, ) <br> *and* JUSTIN SMITH, ) <br> ) <br> Defendants. | Case No. 23-cr-20191-MSN |

**ORDER DENYING MOTION TO SEVER**

Before the Court is Defendant Emmitt Martin III's Motion to Exclude or Sever, filed February 7, 2024, ("Motion," ECF No. 175), which Defendant Justin Smith ("Defendant Smith") joined.[1] Defendant Smith also filed supplemental argument. (ECF No. 204.) The Government responded to Defendants' Motion on March 5, 2024. (ECF No. 216). Defendant Martin replied to the Government's Response on March 18, 2024. (ECF No. 228.) The Court heard oral argument on Defendants' Motion on May 28, 2024. For the reasons below, the Motion is **DENIED**.

**BACKGROUND**

On January 7, 2023, officers from the Memphis Police Department ("MPD") conducted a traffic stop on Mr. Tyre Nichols during which Mr. Nichols sustained serious injuries. He passed away three days later. On September 12, 2023, Defendants were federally indicted on four felony

---

[1] Defendant Martin has now changed his plea, but the Court considers his Motion and Reply because of Defendant Smith's joinder to the Motion, (*see* ECF No. 185). For ease of reference, the Court refers to the Motion and Reply as having been filed by both Defendants.

counts, including two civil rights violations and counts alleging conspiracy to witness-tamper and provision of false and misleading information to their supervisor and others. (ECF No. 1 (sealed); ECF No. 2.) Defendants filed the Motion now before the Court on February 7, 2024, seeking severance from their co-Defendants.

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure ("FRCP") 12 allows a defendant to raise a pretrial challenge to an indictment for improper joinder and to move for severance of charges or defendants. FRCP 12(b)(3)(B)(iv); FRCP 12(b)(3)(D). This Rule, however, limits the pretrial defenses a party may raise to those "the court can determine without a trial on the merits." FRCP 12(b)(1). Here, Defendants seek severance under FRCP 8 and 14. Rule 8(b) governs joinder of defendants and it provides as follows:

> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

This Rule "should be construed in favor of joinder" but only if its requirements are met. *United States v. Hatcher*, 680 F.2d 438, 440 (6th Cir. 1982) (citing *United States v. Franks*, 511 F.2d 25, 28 (6th Cir. 1975), cert denied, 422 U.S. 1042 (1975)); *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987)). FRCP 8(b) requires that there be a "sufficient nexus" between the defendants and the acts or transactions charged. *United States v. Johnson*, 763 F.2d 773, 776 (6th Cir. 1985) (citing 1 C. Wright, Federal Practice & Procedure 144). A number of acts or transactions can constitute a "series" for purposes of FRCP 8(b) "if they are logically related" in that they form "part of a common scheme or plan." *Id.* at 776 (citing *United States v. Cavale*, 688 F.2d 1098, 1106 (7th Cir. 1982)).

FRCP 14 permits relief from prejudicial joinder, and states that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FRCP 14(a). If a court finds joinder proper under FRCP 8(b), Defendants can obtain a severance under FRCP 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Factors courts consider in assessing prejudice include "whether spillover evidence would incite or arouse the jury to convict on the remaining counts, whether the evidence was intertwined, the similarities and differences between the evidence, the strength of the government's case, and the ability of the jury to separate the evidence." *United States v. James*, 496 F. App'x 541, 546 (6th Cir. 2012) (quoting *United States v. Dale*, 429 F. App'x 576, 578 (6th Cir. 2011)). Rule 14 is "permissive, not mandatory." *Id.* at 546.

## DISCUSSION

Defendants invoke the Fifth and Sixth Amendments to the Constitution; *Zafiro*, 506 U.S. 534; *Garrity v. New Jersey*, 385 U.S. 493, 497–98 (1967); Federal Rules of Evidence ("FRE") 404(b) and 801(d)(2)(E); and FRCP 8 and 14 in seeking either exclusion of "any evidence that is inadmissible to [him] in a joint trial" or severance from their co-defendants. (ECF No. 175 at PageID 2369.) They contend that severance is necessary to prevent spill-over prejudice from evidence that is inadmissible as to them—specifically, FRE 404(b) evidence admissible against other Defendants and other Defendants' statements that are not admissible under FRE

3

801(d)(2)(E).[2] (ECF No. 176 at PageID 2376–78.) Further, they maintain that (should they not be granted separate trials) statements of their co-Defendants should not be admitted if they invoke their Fifth Amendment right against self-incrimination, since such invocation would "preclude [their] right to confrontation." (*Id.* at PageID 2378.) Finally, they advise that all of the Defendants in this matter gave statements that qualify as *Garrity* material and that they might need a separate trial to use that evidence if it is exculpatory. (*Id.* at PageID 2380.)

The Government responds that Defendants were properly joined under FRCP 8(b) and that Defendants' speculative arguments warrant neither severance nor exclusion. (ECF No. 216 at PageID 2642–45.) In addition, the Government asserts that, while Defendants have not identified a particular statement, a defendant's right to confrontation is not ordinarily violated "when a co-defendant's prior statement is introduced only against the declarant and not against the complaining co-defendant." (*Id.* at PageID 2649.) Further, it references the availability of limiting instructions to counteract any prejudice or jury confusion and argues that Defendants' *Garrity*-related arguments are premature. (*Id.* at PageID 2652–53.)

The Court finds joinder proper in this case under Rule 8(b). Defendants do not argue that the allegations in the Indictment fail to allege that they participated "in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." But the Court notes in the interest of completeness that Counts 1, 2, and 4 of the Indictment allege, among other things, that Defendants aided and abetted one another in the conduct giving rise to violations of 18 U.S.C. §§ 242, 2 and 1512(b)(3)—specifically, their alleged unlawful assault of Mr. Nichols, failure to intervene in that assault, deliberate indifference to Mr. Nichols's medical needs following

---

[2] The Court has previously ruled that it will consider statements allegedly admissible under FRE 801(d)(2)(E) and make the appropriate *Enright* finding at trial. (*See* ECF No. 325.) *See also United States v. Enright*, 579 F.2d 980 (6th Cir. 1978).

that assault, and provision of insufficient, false, or misleading information about the alleged assault to certain individuals within MPD. (ECF No. 1 (sealed); ECF No. 2 at PageID 9, 10, 13, & 4.) Count 3 alleges that Defendants conspired with one another to witness tamper when they conspired to withhold or omit material information to cover up their alleged use of unreasonable force. (ECF No. 1 (sealed); ECF No. 2 at PageID 10–13.) These allegations are enough to set forth a "sufficient nexus" among Defendants to satisfy Rule 8(b).

Nor does the Court find severance appropriate under FRCP 14. First, "there is a strong preference in the federal court system for jointly indicted defendants to be tried together." *United States v. Sherlin*, 67 F.3d 1208, 1215 (6th Cir. 1995) (citing *Zafiro*, 506 U.S. at 537). Second, Defendants have not shown prejudice that would warrant exclusion or severance. While Defendants alleged in the Motion that a joint trial would compromise more than one "specific trial right," they did not identify how exactly it would do so. They referenced several hypotheticals, general scenarios, (*see* ECF No. 176 at PageID 2373–75), and broad categories of evidence, (*see id.* at PageID 2376–80), that may result in prejudice or "spill-over prejudice" against them. But in the end, even Defendants acknowledge the lack of specificity, mentioning the need for additional time and explaining that they only intended "to fairly raise the issue given the current deadline set by the Court to file Rule 12(b)(3) motions." (ECF No. 176 at PageID 2380.)

Moreover, the Court does not find Defendants' concerns about potential FRE 404(b) evidence to mandate severance.[3] Defendants are primarily concerned about evidence pertaining to arrests for which they were not present. In their view, the admission of that evidence against their co-Defendants "would cause spillover prejudice for [them] . . . because it paints the entire

---

[3] The Court has already denied exclusion of the relevant FRE 404(b) evidence. (*See* ECF No. 515 (sealed).)

5

SCORPION unit with a façade of illegitimacy and unfairly shifts the burden of guilt from the government to a burden of innocence to the defendants, who the government has attempted to paint as mere thugs." (*Id.* at PageID 2752.) Defendant Smith reiterated that concern in his supplemental argument. (ECF No. 204 at PageID 2510.) The Court finds that a jury instruction would be sufficient to account for any potential prejudice to Defendants for events at which they were not present. Indeed, "jurors are presumed to follow the court's instruction to consider each defendant's case separately." *Sherlin*, 67 F.3d at 1215 (citing *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985) and *United States v. Sivils*, 960 F.2d 587, 594 (6th Cir. 1992)). The Court's routine instructions advising jurors to use their common sense may also play a role here, as some would find it nonsensical to blame a defendant for conduct in which they did not engage at incidents at which they were not present.

As for Defendant Martin's *Garrity* arguments, he generally contended that the statements of Defendants Haley, Smith, and Bean include information about Mr. Nichols's conduct and demeanor the night of the incident that are inadmissible as to those Defendants under *Garrity*, but admissible as to him because they are exculpatory in nature. (ECF No. 228 at PageID 2752–53.) To the extent Defendant Smith finds similarly, the Court observes that Defendant Martin did not explain how he intended to admit this particular hearsay evidence aside from referencing the Court's use of FRE 807 in *United States v. Slatten*, 865 F.3d 767, 807–11 (D.C. Cir. 2017)—a case with different facts not necessarily comparable here. Without more, the Court is not inclined to grant a severance on this basis.[4]

---

[4] In addition, the Court finds compelling the Government's argument that the best evidence for the facts Defendant seeks—Mr. Nichols's conduct and demeanor—is the video evidence that captured his arrest. (*See* ECF No. 287 at PageID 3629.) Because the Court is not certain that there is video for all of the information in Defendants' various *Garrity* statements, however, it bases its conclusion on Defendant's failure to meet his burden to establish a need for severance.

## **CONCLUSION**

For all these reasons, the Motion to Exclude or Sever, (ECF No. 175), is **DENIED**.

**IT IS SO ORDERED**, this 29th day of August, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE
