**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                  Case No. 2:23-cr-20191-MSN-cgc

TADARRIUS BEAN,
DEMETRIUS HALEY, and
JUSTIN SMITH,

      Defendants.

---

**JURY INSTRUCTIONS**

---

**This page is intentionally left blank.**

## JURY INSTRUCTION NO. 1

**Introduction (General Principles)**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the charges and the elements, or parts, of the crime that the defendants are accused of committing.

Then I will explain some rules you must use in evaluating testimony and evidence.

And last, I will explain the rules you must follow during your deliberations in the jury room and the possible verdicts that you must return.

Please listen very carefully to everything I say.

# JURY INSTRUCTION NO. 2

**Jurors' Duty**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

## <u>JURY INSTRUCTION NO. 3</u>

**Presumption of Innocence, Burden of Proof, Reasonable Doubt**

As you know, the defendants have pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendants what crimes they are accused of committing. It does not even raise any suspicion of guilt.

Instead, each defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with each defendant unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that the defendant is guilty.

This means that each defendant has no obligation to present any evidence at all or to prove to you in any way that each defendant is innocent. It is up to the government to prove that each defendant is guilty, and this burden stays on the government from start to finish. You must find each defendant not guilty unless the government convinces you beyond a reasonable doubt that each defendant is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved a defendant guilty beyond a reasonable doubt, say so by returning

a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## <u>JURY INSTRUCTION NO. 4</u>

**Unanimous Verdict**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count and as to each defendant.

To find a defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous as to each count and as to each defendant.

## <u>JURY INSTRUCTION NO. 5</u>

**Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things.  Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## <u>JURY INSTRUCTION NO. 6</u>

**Consideration of Evidence**

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence.  Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law, we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendants.

# JURY INSTRUCTION NO. 7

**Direct and Circumstantial Evidence**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."
Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## JURY INSTRUCTION NO. 8

**Credibility of Witnesses**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

- Ask yourself if the witness was able to clearly see or hear the events. Sometimes, even an honest witness may not have been able to see or hear what was happening and may make a mistake.
- Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?
- Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.
- Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?
- Ask yourself if the witness had any relationship to the government or any defendant, or anything to gain or lose from the case, that might influence the witness's testimony.
- Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.
- Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with

what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes, it may; other times, it may not.  Consider whether the inconsistency was about something important or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

- And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

## <u>JURY INSTRUCTION NO. 9</u>

**Law Enforcement Witnesses**

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the city, county, state, or federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of each law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

## <u>JURY INSTRUCTION NO. 10</u>

**Number of Witnesses**

One more point about the witnesses.  Sometimes, jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

# <u>JURY INSTRUCTION NO. 11</u>

**Lawyers' Objections**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

# <u>JURY INSTRUCTION NO. 12</u>

## Introduction (Crimes Charged)

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendants are accused of committing.

But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also, keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved these defendants guilty. Do not let the possible guilt of others influence your decision in any way.

## JURY INSTRUCTION NO. 13

**Separate Consideration—Multiple Defendants Charged with the Same Crimes**

The defendants have all been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

## JURY INSTRUCTION NO. 14

**The Indictment**

The Indictment charges each defendant with four separate counts.  The defendants in this case have pleaded not guilty to the crimes charged in the Indictment. As I have told you previously, the Indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendants what crimes they are accused of committing. It does not even raise any suspicion of guilt.

I summarized the Indictment to you at the beginning of trial.  I will read it again now.  However, you will have a copy of the Indictment in the jury room during your deliberations.

## <u>JURY INSTRUCTION NO. 15</u>

**On Or About**

Next, I want to say a word about the date mentioned in the indictment.

The indictment charges that the crimes happened "on or about" January 7, 2023. The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

## JURY INSTRUCTION NO. 16

**Use of the Word "And" in the Indictment**

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

I will now read to you the **Indictment.**

[Court reads Indictment]

Now, let me read to you the **defense positions**.

[Court reads defense positions]

19

## JURY INSTRUCTION NO. 17

**Defense Positions**

Now, let me read to you the **defense position**.


All Defendants argue that they did not willfully use excessive force against Tyre Nichols, intentionally ignore Mr. Nichols's medical needs, or aid and abet any other MPD officers in doing the same. They maintain that they were temporarily disabled by pepper spray while performing the arrest, which impeded their ability to apprehend Mr. Nichols. According to all Defendants, their conduct on January 7, 2023, complied with Memphis Police Department policy and training, law enforcement policy and procedure, and P.O.S.T. standards.

Defendant Haley's position is that he participated in a high-risk traffic stop of Mr. Nichols at Ross and Raines. When Mr. Nichols didn't comply with the commands of Officers Haley, Martin, and Hemphill, Haley contends that he escalated the force necessary to detain him. The arrest attempt at Ross and Raines failed, and Mr. Nichols fled on foot before being tackled by Defendant Bean at the corner of Bear Creek and Castlegate. When Defendant Haley arrived at Castlegate, his position is that he delivered a single "hard hands" kick to Mr. Nichols's shoulder area, after which other officers handcuffed Nichols. Haley says that he then called dispatch to request an ambulance for Nichols. Haley also asserts that he explained the circumstances of the arrest to Lieutenant Dewayne Smith when Smith arrived at Castlegate. Haley then completed and submitted a response to resistance—or "blue team"—report documenting his uses of force.

Defendant Bean's position is that he pursued and tackled Mr. Nichols at the Castlegate location consistent with MPD policy and training. Bean argues that Mr. Nichols resisted arrest, which led him to issue verbal commands and strike Nichols's hands to obtain control of them for

handcuffing. While other officers hit Nichols, Bean was able to pull Nichols to the ground where he could be handcuffed. Bean made no statements to Lt. Dewayne Smith or to medical personnel on the scene or at the hospital. He denies speaking with Detective Valandria McKinnie about Emmitt Martin's assault complaint. Consistent with his training and knowledge, Officer Bean prepared his Response to Resistance form from his point of view describing only his actions.

Defendant Smith's position is that he administered empty and closed-hand strikes to Mr. Nichols's wrist and forearms at the Castlegate location while trying to help fellow officers handcuff Mr. Nichols. According to Defendant Smith, he then tried to pepper spray Mr. Nichols but was unable to gain control of him even though Smith had had attached one of the two handcuff attachments to Nichols's wrists. After Nichols fell to the ground, Smith attached the second handcuff. Smith maintains that he had no interaction or involvement in the preparation of Martin's assault complaint nor provided any facts to Detective McKinnie, who drafted the incident report for the Castlegate apprehension. Smith also says that he reported what he had heard and learned to Lt. DeWayne Smith and asked Lt. Smith for advice on presenting this information to MPD investigators. He asserts that he did not know or have reason to know prior to January 11th of the alleged excessive force by other officers and that his use of pain compliance and handcuffing used complied with his MPD training and experience. Smith further contends that he called for medical assistance and moved Mr. Nichols into a recovery position twice and told medical personnel that he believed Nichols's had declining oxygen levels.

The **indictment** and **defense positions** are not any evidence at all.  As I said earlier, you must make your decision based only on the evidence that you saw and heard here in this court.

That concludes the reading of the **indictment** and the **defendants' positions**.  Next, I will explain the elements of the alleged crimes.

## JURY INSTRUCTION NO. 18

**Counts One and Two: Deprivation of Rights Under Color of Law
Definition of the Crime**

Counts One and Two of the Indictment accuse the defendants of separate
violations of 18 U.S.C. § 242 which prohibits willfully depriving someone
of a right secured by the Constitution of the United States while acting
under color of law resulting in death.  For you to find a defendant guilty
of this crime, you must be convinced that the government has proved each
and every one of the following five elements beyond a reasonable doubt
with respect to that defendant.

    First.    That the defendant acted under color of law;

    Second.    That the defendant deprived Tyre Nichols of a right secured by
the Constitution or laws of the United States; for Count One,
the right involved is the right to be free from the unreasonable
use of force by a police officer; for Count Two, the right
involved is the right to be free from a police officer's deliberate
indifference to his serious medical need;

    Third.    That the defendant acted willfully;

    Fourth.    That bodily injury resulted from the offense; and

    Fifth.    That death resulted from the offense.

If you are convinced beyond a reasonable doubt that the government has
proved all these elements with respect to a defendant or that a defendant
aided or abetted, as will be defined later, you may find that defendant
guilty.

## Lesser-Included Instruction

If you find a defendant not guilty of deprivation of rights resulting in death, then you must go on to consider whether the government has proved the lesser charge of deprivation of rights resulting in bodily injury.

The difference between these two crimes is that to convict the defendant of the lesser charge of deprivation of rights resulting in bodily injury, the government does not have to prove that death resulted from the offense. This is an element of the greater charge, but not the lesser charge.

For you to find the defendant guilty of the lesser charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

    First.    That the defendant acted under color of law;

    Second.    That the defendant deprived Tyre Nichols of a right secured by the Constitution or laws of the United States; for Count One, the right involved is the right to be free from the unreasonable use of force by a police officer; for Count Two, the right involved is the right to be free from a police officer's deliberate indifference to his serious medical need;

    Third.    That the defendant acted willfully; and

    Fourth.    That bodily injury resulted from the offense.

If you are convinced that the government has proved all of these elements with respect to a defendant, or that a defendant aided or abetted, as will be defined later, say so by returning a guilty verdict on this charge.

If you have a reasonable doubt about any one of these elements with respect to a defendant, then you must find that defendant not guilty of this charge.

# JURY INSTRUCTION NO. 19

**Counts One and Two: Deprivation of Rights Under Color of Law**
**First Element – Under Color of Law**

The first element that the government must prove with respect to both Count One and Count Two is that the defendant acted under color of law at the time of the charged offense.

A person acts "under color of law" if he is an official or employee of a government entity and he uses or abuses power he possesses because of his official position. A government official, such as a police officer, acts "under color of law" if he is performing his official duties, purporting to perform those duties, or giving the appearance of performing those duties, even if he misuses or abuses his official authority by doing something the law forbids. In other words, if a police officer misuses the power invested in him by the law to deprive someone of his rights, the police officer's acts are under the color of law.

If you find that the defendant was, at the time of the charged offense, an officer or detective with the Memphis Police Department and that he acted or gave the appearance of acting as an officer or detective with the Memphis Police Department at the time of the charged offense, then you may find that he acted under color of law and that the first element is satisfied as to that defendant.

# JURY INSTRUCTION NO. 20

**Counts One and Two: Deprivation of Rights Under Color of Law
Second Element – Deprivation of a Federal Right**

The second element that the government must prove with respect to
Counts One and Count Two is that the defendant deprived Tyre Nichols
of a right secured by the Constitution or laws of the United States.

## Count One - Unreasonable Force

For Count One, the right involved is the right to be free from a police
officer's use of unreasonable force. The Fourth Amendment of the
Constitution secures the right to be free from a police officer's use of
unreasonable force.  A police officer may use force to make an arrest,
prevent a suspect from escaping from custody, or to defend himself or
another from bodily harm. However, the officer may not use more force
than is reasonably necessary to accomplish these objectives. Thus, a
police officer's use of force violates the Fourth Amendment if it is
objectively unreasonable under the circumstances. A police officer may
not use force solely to punish, retaliate against, or seek retribution against
another person. Police officers are prohibited from using unreasonable
force when making an arrest, even when the arrest is otherwise
reasonable.

The Fourth Amendment not only forbids a police officer from personally
using unreasonable force, but it also forbids a police officer from
knowingly allowing another person to use unreasonable force. This is
sometimes referred to as a "failure to intervene."  The government may
satisfy the second element of Count One one of two ways.

First, the government may show that a defendant personally used
unreasonable force against Tyre Nichols. If you determine that a
defendant personally used physical force against Mr. Nichols, you must

then decide whether that Defendant's use of force was reasonable. You should make this determination considering all the facts and circumstances from the point of view of an ordinary and reasonable officer on the scene.  Reasonableness is not capable of precise definition or mechanical application.  However, factors include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. The calculus of reasonableness includes the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.  The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  In determining whether the force used was reasonable under all the facts and circumstances, keep in mind that force that is objectively reasonable at the beginning of an encounter may not be justified – even seconds later – if the objective justification for the earlier use of force has been eliminated.

If, after considering all the circumstances, you find that a defendant personally used unreasonable force against Mr. Nichols, then you may find that the second element is satisfied as to that defendant.

Second, the government may show that a defendant knowingly failed to prevent another police officer from using unreasonable force. Each police officer present for an unreasonable use of force has an independent duty to intervene. An officer has a duty to intervene regardless of rank or seniority. But if the defendant took reasonable actions to stop the unreasonable force but was unsuccessful, he has not violated the Constitution merely because the steps he took were ultimately

unsuccessful. For you to find a defendant guilty of failing to intervene to stop an unconstitutional use of force, the government must prove:

First.    That at least one officer used objectively unreasonable force against Tyre Nichols;

Second.   That the defendant observed or otherwise knew that unreasonable force was being used against Tyre Nichols;

Third.    That the defendant had both the opportunity and means to intervene to stop the unreasonable force; and

Fourth.   That the defendant failed to take reasonable steps to do so.

In determining whether a defendant has committed the constitutional violation of failing to intervene, you should consider all the facts and circumstances, including how long the use of unreasonable force against Mr. Nichols lasted; how much of the unreasonable force the defendant saw or heard or otherwise knew of; the defendant's distance from the unreasonable force; and any statements the defendant made prior to, during, or regarding any unreasonable use of force.

If you find that the government has proven either of these two means beyond a reasonable doubt as to a defendant, then you may find that the second element of Count One is satisfied as to that defendant.

If, however, you find that the Government has not proven either of these two means beyond a reasonable doubt, as to a defendant, then you must find the second element of count one not satisfied and the defendant not guilty of that account.

## Count Two – Deliberate Indifference

For Count Two, the right involved is the right to be free from a police officer's deliberate indifference to his serious medical need. The Constitution grants a person in police custody the right to be free from a police officer's deliberate indifference to his serious medical need.

For you to find that a defendant deprived Mr. Nichols of this right, the government must prove:

> First.    That Mr. Nichols had an objectively serious medical need, which, when unaddressed, exposed him to a substantial risk of serious harm;

> Second.   That the defendant actually knew that Mr. Nichols had a serious medical need; and

> Third.    That the defendant disregarded that medical need by failing to take reasonable measures to address it.

An objectively serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. This inquiry asks whether a reasonable person would view Mr. Nichols' medical needs as sufficiently serious based on all the circumstances that existed. This inquiry does not consider a particular defendant's state of mind.

In deciding whether a defendant actually knew that Mr. Nichols had an objectively serious medical need, you may consider all the facts and circumstances, including whether the defendant had an opportunity to observe Mr. Nichols' condition or symptoms; whether the defendant had an opportunity to hear about Mr. Nichols' conditions or symptoms; and whether any condition or symptoms Mr. Nichols may have had were obviously serious. You may conclude that a defendant knew of an

objectively serious medical need from the very fact that the medical need or risk to Mr. Nichols' health was obvious, such that even a lay person would recognize the necessity for a doctor's attention. You may also consider whether the defendant had knowledge of a fact creating or contributing to any serious medical need experienced by Mr. Nichols. Thus, if you find that a defendant knew that Mr. Nichols had been subjected to a use of force, you may consider whether this knowledge, together with any symptoms Mr. Nichols displayed, led the defendant to know that Mr. Nichols had a serious medical need.

The government does not have to prove that a defendant intended to inflict harm on Mr. Nichols to prove that a defendant was deliberately indifferent to Mr. Nichols' medical needs.

If you find that the government has proven these facts beyond a reasonable doubt as to a defendant, then you may find that the second element of Count Two is satisfied as to that defendant.

If however, you find that the Government has not proven these facts beyond a reasonable doubt, as to a defendant, then you must find the second element of Count Two not satisfied as to that defendant.

## <u>JURY INSTRUCTION NO. 21</u>

**Counts One and Two: Deprivation of Rights Under Color of Law
Third Element – Willfully**

The third element that the government must prove with respect to Counts One and Two is with respect to each defendant that defendant acted willfully. A person acts willfully if he acts voluntarily and intentionally, with the specific intent to do something the law forbids.

It is not necessary for the government to prove that a defendant was thinking in legalistic terms at the time of the incident, or that he had an appreciation that his conduct was prohibited by a particular provision of the criminal code or by the Constitution. You must, however, find that the defendant acted with the bad purpose of doing what the Constitution forbids.

Willfulness is a type of intent and intent is a state of mind.  Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what a defendant said, what a defendant did, how a defendant acted, whether a defendant took care to cover up or conceal his actions, and whether a defendant knew, through training or experience, that his individual actions were unlawful and that he violated department policy or his own training, and any other facts or circumstances in evidence that show what was in the defendant's mind.

In considering a defendant's state of mind, you may infer that the defendant intended the natural and probable results of any acts he knowingly took or knowingly failed to take. In other words, you may infer that the defendant intended the consequences that a reasonable police

officer, standing in similar circumstances and possessing similar knowledge, would have expected to result from his actions. However, it is entirely up to you to decide what facts to find and what inferences to make from the evidence.

It is not a defense that the defendant may also have been motivated by anger or some other emotion, provided that the intent that I have described to you was present. You may, however, consider such motivations – as well as any malice displayed by a defendant – in determining whether that defendant acted willfully, as I have described that term to you.

## Count One – Unreasonable Force

As to a defendant's personal use of excessive force, you may find that a defendant acted willfully if he used force knowing that the force he used was more than what a reasonable officer would have used under the circumstances.

As to a defendant's failure to intervene to stop another officer's unconstitutional use of force, you may find that a defendant acted willfully if he voluntarily and intentionally failed to intervene to protect Mr. Nichols from force he knew was unreasonable, even though he knew he had the opportunity and duty to intervene.

If, after considering all the circumstances, you find that the defendant acted willfully as to Count One, then you may find that the third element has been satisfied as to that defendant.

If, after considering all the circumstances, you find that a defendant did not act willfully as to Count One, then you must find that the third element has not been satisfied as to that defendant.

## Count Two – Deliberate Indifference

As to a defendant's deliberate indifference to a serious medical need, the law requires a police officer to aid a person who the officer knows is in custody and has a serious medical need. Accordingly, to conclude that a defendant acted "willfully" for purposes of Count Two, you must find that the defendant voluntarily and intentionally failed to aid Mr. Nichols, even though he knew that Mr. Nichols had a serious medical need and that, as an officer, he was required to try and help.

It is not necessary for the government to prove that a defendant was thinking in legalistic terms at the time of the incident, or that he had an appreciation that his conduct was prohibited by a particular provision of the criminal code or by the Constitution. You must, however, find that the defendant acted with the bad purpose of doing what the Constitution forbids.

If, after considering all the circumstances, you find that the defendant acted willfully as to Count Two, then you may find that the third element has been satisfied as to that defendant.

If, after considering all the circumstances, you find that a defendant did not act willfully as to Count Two, then you must find that the third element has not been satisfied as to that defendant.

# JURY INSTRUCTION NO. 22

**Counts One and Two: Deprivation of Rights Under Color of Law
Fourth Element – Bodily Injury**

The Government must prove with respect to both Counts One and Two that the offense resulted in bodily injury to Tyre Nichols.

"Bodily injury" means any injury to the body, no matter how minor or temporary, and it includes any cut, abrasion, bruise, burn, disfigurement, illness, physical pain, or impairment of a bodily member, organ, or mental faculty.

The Government need not prove that the defendant intended to cause bodily injury. The Government also need not prove that the defendant's acts were the sole cause of bodily injury.  The Government must simply prove that the offense resulted in bodily injury to Mr. Nichols.

## JURY INSTRUCTION NO. 23

**Counts One and Two: Deprivation of Rights Under Color of Law
Fifth Element – Death Resulting**

Counts One and Two additionally charge, in addition to bodily injury, that death resulted from the alleged deprivation.

To prove that Mr. Nichols' death resulted from the offense, the government must prove beyond a reasonable doubt that Mr. Nichols died as a result of the defendant's conduct. Death "results from" a defendant's conduct where Mr. Nichols' death was a foreseeable result of the defendant's conduct, and where, but for the defendant's conduct, Mr. Nichols would not have died. The defendant's action or failure to act need not be the *only* cause of Mr. Nichols' death. Proof that the incremental effect of the defendant's conduct, combined with other factors, caused Mr. Nichols' death is sufficient, so long as the other factors alone would not have caused Mr. Nichols' death. The government need not prove that a defendant intended for Mr. Nichols to die.

## JURY INSTRUCTION NO. 24

**Aiding and Abetting on Counts One and Two**

Counts One and Two charge both that each defendant directly committed the crime and each defendant aided and abetted the others in committing the crime. For you to find a defendant guilty of aiding abetting under Counts One and Two, it is not necessary for you to find that he personally committed the crime.  You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find a defendant guilty as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt with respect to that defendant:

First.   For Count One, that the crime of deprivation of rights under color of law, relating to the use of unreasonable force, was committed; for Count Two, that the crime of deprivation of rights under color of law, relating to deliberate indifference to a serious medical need, was committed.

Second.   That the defendant helped commit the crime or encouraged someone else to commit the crime; and

Third.   That the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements with respect to a defendant, say so by returning a guilty verdict on that Count as to that defendant.  If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of that Count as an aider and abettor.

## JURY INSTRUCTION NO. 25

**Counts One and Two: Deprivation of Rights Under Color of Law Unanimity Not Required – Means**

One point about the requirement that your verdict must be unanimous with respect to Counts One and Two.

Count One of the Indictment accuses the defendants of committing the crime of deprivation of rights under color of law in more than one possible way.

(1)    The first way is that the defendants personally used excessive force.

(2)    The second is that the defendants failed to intervene, as previously defined, to stop another officer's unconstitutional use of force.

(3)    The third is that the defendants aided and abetted, as previously defined, another officer in using excessive force.

The government does not have to prove all three, or even two of the three, for you to return a guilty verdict on Count One. Proof beyond a reasonable doubt on just one is enough.

In like manner, Count Two of the indictment accuses the defendants of committing the crime of deprivation of rights under color of law in more than one possible way.

(1)    The first way is that the defendant was personally deliberately indifferent to Mr. Nichols' serious medical needs.

(2)      The second is that the defendant aided and abetted another officer in that officer's deliberate indifference to Mr. Nichols' serious medical needs.

The government does not have to prove both for you to return a guilty verdict on Count Two. Proof beyond a reasonable doubt on just one is enough.

To return a guilty verdict for a defendant on either Count One or Count Two, all twelve of you must agree that at least one has been proven with respect to that defendant for each Count; however, all of you need not agree that the same one has been proven.

However, if they fail to prove at least one means, then you must find the defendant not guilty.

## JURY INSTRUCTION NO. 26

**Counts One and Two: Deprivation of Rights Under Color of Law Limiting Instruction Regarding Policies and Training**

The government has introduced evidence of policies and training the defendants received while employed as police officers. This evidence has been admitted for a limited purpose. You may use it only to determine whether the defendant acted willfully, as I have just described that state of mind to you.

It is, of course, wholly up to you to determine whether a particular defendant violated any policy or acted in contravention of his training. If you find that a defendant acted in contravention of policies or training, then I caution you that not every instance of inappropriate behavior on the part of a government employee rises to the level of a federal constitutional violation. It is possible for a government employee to violate department policy or act contrary to his training without violating the United States Constitution, just as it is possible for a government employee to violate the Constitution without violating a specific policy. For this reason, proof that a defendant violated policy or acted contrary to training is relevant to your determination of willfulness but is not relevant to your determination that the defendant violated a victim's constitutional rights.

In other words, if you determine that a defendant violated a policy of his employing law enforcement agency or acted contrary to his training, you should consider that evidence only in determining whether that particular defendant acted willfully; you should not consider that evidence in determining whether the defendant's actions violated the Constitution in the first instance.

## <u>JURY INSTRUCTION NO. 27</u>

**Count Three: Conspiracy to Obstruct Justice**
**Definition of the Crime**

I will now instruct you as to the elements of Count Three.

Count Three of the indictment accuses the defendants of a conspiracy to commit the crime of obstruction of justice, in violation of 18 U.S.C. § 1512(k). This law makes it a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt with respect to that defendant:

> First.    That two or more persons conspired, or agreed, to commit the crime of obstruction of justice; and

> Second.    That the defendant knowingly and voluntarily joined the conspiracy.

You must be convinced that the government has proved each of these elements beyond a reasonable doubt with respect to a defendant to find the defendant guilty of the conspiracy charge.

If the Government has not convinced you beyond a reasonable doubt that the facts and circumstances existed in this particular case, you must find the defendant not guilty of the conspiracy charge.

# JURY INSTRUCTION NO. 28

## Unindicted, Unnamed, or Separately Tried Co-Conspirators

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding.

# JURY INSTRUCTION NO. 29

**Count Three: Conspiracy to Obstruct Justice**
**First Element – Agreement**

With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of obstruction of justice, as described in Count Three. Count Three alleges that the defendants agreed to obstruct justice by intentionally withholding and omitting material information and knowingly making false and misleading statements to cover up the use of unreasonable force on Mr. Nichols.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of obstruction of justice. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

## JURY INSTRUCTION NO. 30

**Count Three: Conspiracy to Obstruct Justice**
**Second Element – Joining the Conspiracy**

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that that defendant knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard.  To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. The alleged purpose of the conspiracy was to omit material information and provide false and misleading information to cover up the defendants' use of unreasonable force on Mr. Nichols to shield the defendants from liability for their criminal conduct.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning.  Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial.  A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator.  These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy.  But without more, they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

## <u>JURY INSTRUCTION NO. 31</u>

**Count Four: Obstruction of Justice**
**Definition of the Crime**

Count Four of the indictment accuses the defendants of obstruction of justice, in violation of 18 U.S.C. § 1512(b)(3).

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt with respect to that defendant:

First.    That the defendant knowingly corruptly persuaded, attempted to corruptly persuade, or engaged in misleading conduct toward Lt. DeWayne Smith or Detective Valandria McKinnie;

Second.    That the defendant acted with the intent to hinder, delay, or prevent the communication of information to a law enforcement officer of the United States or a judge of the United States; and

Third.    That such information related to the commission or possible commission of a federal offense.

If you are convinced that the government has proven all these elements with respect to a defendant, or that a defendant aided or abetted as defined in the next instruction, say so by returning a guilty verdict on this charge as to that defendant. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## JURY INSTRUCTION NO. 32

**Aiding and Abetting on Count Four**

Like Counts One and Two, Count Four also charges that each defendant both directly committed the crime and that each defendant aided and abetted the others in committing the crime. For you to find a defendant guilty of Count Four, it is not necessary for you to find that he personally committed the crime.  You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime.

To find a defendant guilty as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt with respect to that defendant:

First.     That the crime of obstruction of justice, as charged in Count Four, was committed;

Second.     That the defendant helped to commit the crime or encouraged someone else to commit the crime; and

Third.     That the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all these elements with respect to a defendant, say so by returning a guilty verdict on Count Four as to that defendant.  If you have a reasonable doubt about any one

of these elements, then you cannot find the defendant guilty of Count Four as an aider and abettor.

# JURY INSTRUCTION NO. 33

**Count Four: Obstruction of Justice**
**First Element – Corruptly Persuaded or Engaged in Misleading Conduct**

The first element that the government must prove with respect to Count Four is that the defendant knowingly corruptly persuaded, attempted to corruptly persuade, or engaged in misleading conduct toward r 1 or MPD Detective 1.

A person acts "corruptly" if he acts knowingly and for an improper purpose, or with the purpose of wrongfully impeding the due administration of justice.

The term "misleading conduct" means knowingly making a false statement, intentionally omitting material information from a statement and thereby causing a portion of such a statement to be misleading, or intentionally concealing a material fact and thereby creating a false impression by such statement.

## JURY INSTRUCTION NO. 34

**Count Four: Obstruction of Justice**
**Second Element – Intent to Hinder, Delay, or Prevent the**
**Communication of Information**

The second element that the government must prove with respect to Count Four is that the defendant acted with the intent to hinder, delay, or prevent the communication of information to a law enforcement officer of the United States or a judge of the United States.

The term "law enforcement officer of the United States" means an officer or employee of the federal government, a person authorized to act for or on behalf of the federal government, or a person serving the federal government as an adviser or consultant, who is authorized under law to engage in or supervise the prevention, detection, investigation, or prosecution of an offense.

The government does not have to prove that a federal investigation was underway at the time the defendant acted. The government also is not required to establish that the defendant intended to keep truthful information from a specific federal law enforcement officer or a specific federal judge, or that the defendant knew that the persons from whom he intended to conceal truthful information were federal law enforcement officers or judges. However, the government must prove that there was a reasonable likelihood that the information would have been transferred to a federal law enforcement officer or federal judge.

You have heard testimony that officers with the Memphis Police Department are trained that the use of excessive force could lead to a potential prosecution for federal crimes. You may consider such evidence along with all the other evidence in deciding whether the government has proved this element beyond a reasonable doubt.

# JURY INSTRUCTION NO. 35

**Count Four: Obstruction of Justice**
**Third Element – Related to the Commission or Possible Commission of a Federal Offense**

The third element that the government must prove with respect to Count Four is that the information related to the commission or possible commission of a federal offense.

Information "relates to" the commission or possible commission of a federal crime if it concerns the incident in which the crime may have occurred.

The United States does not need to prove that the defendant knew the federal nature of the offense. Also, because the statute refers to the *possible* commission of a federal offense, the United States does not need to prove that any person was actually guilty of any underlying federal offense.

## <u>JURY INSTRUCTION NO. 36</u>

**Count Four: Obstruction of Justice**
**Pinkerton Liability for Substantive Offenses Committed by Others**

Count Four of the indictment accuses the defendants of committing the crime of obstruction of justice. In addition to proving that a defendant personally committed this crime or that a defendant aided and abetted someone else in committing this crime, there is a third way that the government can prove a defendant guilty of this crime. The third is based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members as long as those acts are committed to help advance the conspiracy and are within the reasonably foreseeable scope of the agreement.

In other words, under certain circumstances, the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

For you to find any one of the defendants guilty of obstruction of justice based on this legal rule, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First.   That the defendant was a member of the conspiracy charged in Count Three of the indictment;

Second.   That after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed the crime of obstruction of justice;

Third.   That this crime was committed to help advance the conspiracy; and

Fourth.    That this crime was within the reasonably foreseeable scope of the unlawful project. The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

This does not require proof that each defendant specifically agreed or knew that the crime would be committed. But the government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy. No defendant is responsible for the acts of others that go beyond the fair scope of the agreement, as the defendant understood it.

If you are convinced that the government has proved all these elements, say so by returning a guilty verdict on Count Four as to that defendant. If you have a reasonable doubt about any one of them, then the legal rule that the act of one conspirator is the act of all would not apply as to that defendant.

But as to a particular defendant, in order to find him guilty of Count Four, you must find guilty beyond a reasonable doubt as to one of them.

## **JURY INSTRUCTION NO. 37**

**Count Four: Obstruction of Justice**
**Unanimity Not Required – Means**

One point about the requirement that your verdict must be unanimous on Count Four.

Count Four of the Indictment accuses the defendants of committing the crime of obstruction of justice in more than one possible way. Note that the first five ways apply to all the defendants.

(1)     The first way is that the defendants omitted that Emmitt Martin repeatedly punched Mr. Nichols;

(2)     The second is that the defendants omitted that Emmitt Martin and Haley kicked Mr. Nichols;

(3)     The third is that the defendants omitted that Mr. Nichols had been struck in the head;

(4)     The fourth is that the defendants falsely stated to MPD Detective 1 that Mr. Nichols was actively resisting at the arrest scene; and

(5)     The fifth is that the defendants falsely stated to MPD Detective 1 that Mr. Nichols grabbed defendant Smith by his vest and pulled on officers' duty belts.

(6)     The indictment also alleges that the defendants aided and abetted one another in making these omissions and false statements, and you have just been instructed about the legal rule that the act of one conspirator is the act of all.

The government does not have to prove all of these for you to return a guilty verdict on Count Four. Proof beyond a reasonable doubt of any one is enough.

To return a guilty verdict, all twelve of you must agree that at least one of these has been proven with respect to that defendant; however, all of you need not agree that the same one has been proved.

**That concludes the part of my instructions explaining the elements of the crimes and the defendants' position. Next, I will explain some rules that you must use in considering some of the testimony and evidence.**

## <u>JURY INSTRUCTION NO. 38</u>

**Defendant's Election Not to Testify or Present Evidence**

A defendant has an absolute right not to testify. The fact that he did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

# JURY INSTRUCTION NO. 39

**Opinion Testimony**

You have heard the testimony of Samantha Spencer, John Tisdale, Don Cameron, and Jared Zowickey, who testified as opinion witnesses. You do not have to accept their opinions.  In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached his or her conclusions.

Also, consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## <u>JURY INSTRUCTION NO. 40</u>

**Witness Testifying To Both Facts and Opinions**

You have heard the testimony of Larence Wright and Marco Ross, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight. As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept their opinions. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe and how much weight it deserves.

## <u>JURY INSTRUCTION NO. 41</u>

**Impeachment By Prior Inconsistent Statement Not Under Oath**

You have heard the testimony of Larence Wright, Emmitt Martin, III, Yentl Evans, Jessie Guy, Kyle Caudriet, James Harvey, Lt. DeWayne Smith, Detective Valandria McKinnie, Zayid Saleem, and Desmond Mills. You have also heard that before this trial these witnesses made a statement that may be different from their testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

## <u>JURY INSTRUCTION NO. 42</u>

**Testimony of an Accomplice with Reduced Criminal Liability**

You have heard the testimony of Desmond Mills and Emmitt Martin. You have heard that they were involved in the same crimes that the defendants are charged with committing. You have also heard that the government has promised Desmond Mills and Emmitt Martin that they may receive a reduced sentence in exchange for their cooperation. It is permissible for the government to make such a promise, but you should consider whether their testimony may have been influenced by the government's promise.

You should consider Desmond Mills and Emmitt Martin's testimony with more caution than the testimony of other witnesses. Do not convict the defendants based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

The fact that Desmond Mills and Emmitt Martin have pleaded guilty to a crime is not evidence that the defendants are guilty, and you cannot consider this against the defendants in any way.

# JURY INSTRUCTION NO. 43

**Character and Reputation of Defendant**

You have heard testimony about Tadarrius Bean's and Justin Smith's good character. You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that he committed the crimes charged.

# JURY INSTRUCTION NO. 44

## Summaries and Other Materials Not Admitted In Evidence

During the trial, you have seen counsel use charts or similar material which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

## JURY INSTRUCTION NO. 45

**False Exculpatory Statements**

You have heard testimony that after the crime was supposed to have been committed, the defendants made false exculpatory statements.

If you believe that a defendant made false exculpatory statements, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that the defendant committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may make false exculpatory statements for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

## <u>JURY INSTRUCTION NO. 46</u>

**Separate Consideration—Evidence Admitted Against Certain Defendants Only**

You have heard testimony from Emmitt Martin III, Trooper Kyle Coudriet, and Officer James Harvey that, on July 8, 2022, Demetrius Haley struck <u>Jesus Valles</u> in the face and chest and that Demetrius Haley later hit <u>Jesus Valles</u> after he was handcuffed.

You can only consider this testimony against Demetrius Haley for a limited purpose, which may include Demetrius Haley's motive, intent, knowledge, absence of mistake, or lack of accident. You cannot consider that act in any way against Taddarius Bean and Justin Smith.

Further, Justin Smith and Tadarrius Bean were not present for the arrest of <u>Jesus Valles</u>.

---

You have heard testimony from Trooper Kyle Coudriet and Officer James Harvey that Demetrius Haley, on November 25, 2022, struck <u>Marcus Bills</u> in the head or face after he was handcuffed.

You can only consider this testimony against Demetrius Haley and Taddarius Bean for a limited purpose, which may include motive, intent, knowledge, absence of mistake, or lack of accident. You cannot consider it in any way against Justin Smith.

Whether Taddarius Bean was in a position to witness this use of force is for you to decide.

Further, Justin Smith was not present for the arrest of <u>Marcus Bills</u>.

---

You have heard testimony from Desmond Mills, on January 6, 2023, Demetrius Haley kicked <u>Deangelo Lauderdale</u>.

You can only consider this testimony against Demetrius Haley, Taddarius Bean, and Justin Smith for a limited purpose, which may include motive, intent, knowledge, absence of mistake, or lack of accident.

Whether Taddarius Bean and  Justin Smith  were in a position to witness this use of force is for you to decide.

---

# JURY INSTRUCTION NO. 47

## Statement By Defendant

You have heard evidence that defendants Tadarrius Bean and Justin Smith made statements in which the government claims they admitted certain facts. It is for you to decide whether each defendant made that statement and, if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

You may not convict a defendant solely upon his own uncorroborated statement or admission.

# JURY INSTRUCTION NO. 48

**Stipulations**

The government and the defendants have agreed, or stipulated, to certain facts.  Therefore, you must accept the stipulated facts in three different exhibits.

**Exhibit 4**

**Exhibit 102**

**Exhibit 103**

# JURY INSTRUCTION NO. 49

## Introduction

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now, let me finish now by explaining some things about your deliberations in the jury room and your possible verdicts.

After closing arguments, the first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer or one of our court security officers. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

<u>**JURY INSTRUCTION NO. 50**</u>

**Experiments, Research, Investigation, and Outside Communications**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

You may not use any electronic device or media or application, such as a telephone, cell phone, smart phone, iPhone, smart watch or other wearable technology, tablet, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as, but not limited to, Facebook, TikTok, LinkedIn, YouTube, X (formerly known as Twitter), Truth Social, Instagram, WhatsApp, Snapchat or other similar social media or electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. You also may not search or review any traditional sources of information about this case (such as dictionaries, reference materials, or television news or entertainment programs), listen to the radio, podcasts, or any streaming service, or read any newspaper or news coverage in any print or electronic form on this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers -- and the news and social media apps on those devices -- may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by

you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

# JURY INSTRUCTION NO. 51

**Duty To Deliberate**

Now that all the evidence is in, and after closing arguments are completed, you will be free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach a unanimous agreement for each count and for each defendant, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So, you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved each defendant guilty beyond a reasonable doubt.

# JURY INSTRUCTION NO. 52

**Punishment**

If you decide that the government has proved a defendant guilty, then it will be my job to decide what the appropriate punishment should be. Deciding what the punishment should be is my job, not yours.

It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

# JURY INSTRUCTION NO. 53

**Verdict Form**

I have prepared a verdict form that you should use to record your verdict. The form reads as follows:

[Court reads verdict form]

I hope you have the sense now that the instructions which you will have as detailed as they are and the verdict form give you sufficient detail and an outline, if you will, to give you the guidance you may need.

If you decide that the government has proved the charge against a defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. The foreperson should then sign the form, put the date on it, and return it to me.

## JURY INSTRUCTION NO. 54

**Verdict Limited to Charges Against Each of These Defendants**

Remember that the defendants are only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also, remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved each defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## <u>JURY INSTRUCTION NO. 55</u>

**Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

# JURY INSTRUCTION NO. 56

**Juror Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.