```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

UNITED STATES,

    Plaintiff,

v.                                          No. 23-20191

DEMETRIUS HALEY,

    Defendant.

## MOTION FOR REVIEW OF DETENTION ORDER

Comes now the defendant, Demetrius Haley, by and through his counsel of record, and, pursuant to 18 U.S.C. § 3145(b), moves this court to review the order revoking his bond and detaining him (R. 653, Order Revoking Bond) entered October 7, 2024, reinstate his bond, and order his release pending sentencing pursuant to 18 U.S.C. § 3143(a)(1). In support thereof, Mr. Haley would show:

1. The Magistrate Judge erred in concluding that Mr. Haley was convicted of a crime of violence and subject to mandatory detention pending sentencing pursuant to 18 U.S.C. § 3143(a)(2).

2. Mr. Haley has been acquitted of violating civil rights resulting in death and convicted of the lesser included offenses of violating civil rights resulting in bodily injury contrary to 18 U.S.C. § 242, conspiracy to obstruct justice contrary to 18

U.S.C. §1512(k), and obstruction of justice contrary to 18 U.S.C. §1512(b)(3). (R. 2, Indictment; R. 627, Jury Verdict).

2. In addressing his motion for release pending sentencing, the Magistrate Judge explicitly declined to consider the "categorical approach" in determining whether Mr. Haley had been convicted of a crime of violence and whether his release pending sentencing was governed by 18 U.S.C. § 3143(a)(1) or (a)(2). (R. __, TR., 10/7/24 pp. __).[1] The Magistrate Judge stated that she considered the definition of a crime of violence within the Bail Reform Act at 18 U.S.C. § 3156, rather than the identical statutory language at 18 U.S.C. § 924(c)(3), which ostensibly negated the need to use the "modified categorical approach" to determine whether Mr. Haley had been convicted of a crime of violence.

3. The statutory language defining a crime of violence within the Bail Reform Act at 18 U.S.C. § 3156 and at 18 U.S.C. § 924(c)(3) are identical and require application of the "modified categorical approach" to determine whether any crime, in this case Mr. Haley's convictions on the lesser included offenses within counts 1,2 are crimes of violence. Thornton v. Hickey, 2010 WL 399103 (E.D. KY. 2010). Determining whether civil rights resulting in bodily injury – without the use, attempted use, or threatened use of a dangerous

---

[1] Through counsel Mr. Haley ordered and made financial arrangements for the detention hearing transcript on October 8, 2024.

weapon, explosives, or fire – is a crime of violence requires application of the "modified categorical approach". Mathis v. United States, 136 S.Ct. 2243, 2248 (2016). Quite simply, the issue becomes whether the statute meets the "elements clause". Wilson v. United States, 2021 WL 1088178 (M.D. Tenn. 2021); United States v. McInerney, 2020 WL 3868499 (E.D. Mich. 2020).

4. Application of the proper test, the "modified categorical approach", compels the conclusion that Mr. Haley's convictions on counts 1,2 - the "bodily injury offense" within 18 U.S.C. § 242 without the use, attempted use, or threatened use of a weapon is NOT a crime of violence. United States v. Brown, 2018 WL 582536 (S.D. Fla. 2018).

5. Since Mr. Haley has not been convicted of a crime of violence, or any other offense incorporated by reference in subparagraph (2), his release pending sentencing is governed by 18 U.S.C. § 3143(a)(1). The Magistrate Judge's determination that he was subject to mandatory detention pending sentencing pursuant to 3143(a)(2) is wrong.

6. Mr. Haley's compliance with the release conditions set for him in this case (R. 528, Release Status Report; R. 585, First Amended Release Status Report); ties to the community; family support; and substantial bond posted in Tennessee v. Haley, Shelby

Crim. No. 23-00241[2] demonstrate, by clear and convincing evidence, that Demetrius Haley is neither likely to flee nor pose a danger to the safety of any other person or the community.

7. Detention negatively impacts an inmate's ultimate designation and security level. (BOP Prog. Statement 5100.08, Inmate Security Designation and Custody Classification, Ch. 4, p. 5). It is inappropriate to force this adverse bureaucratic impact on Demetrius Haley given his full compliance with the release conditions imposed.

Respectfully submitted,

S/Michael J. Stengel

_____
Michael J. Stengel (12260)
Lawyer for Demetrius Haley
619 South Cooper Street
Memphis, TN 38104
(901) 527-3535

/Stephen R. Leffler

_____
Stephen R. Leffler (11038)
Lawyer for Demetrius Haley
2670 Union Ave. Extd., Ste. 819
Memphis, TN 38112
(901) 509-9112

## Certificate of Service

I hereby certify that I have served a copy of the foregoing Motion for Revies of Detention Order by electronic means, via the Court's electronic filing system, on AUSA's David Pritchard, Libby

---

[2] R. 656, exhibit to bond hearing.

Rogers, Kathryn Gilbert, Forrest Christian, and Andrew Manns this 10th day of October, 2024.

                                            S/Michael J. Stengel