# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:23-CR-20191-MSN |
| v. ) | |
| ) | |
| **TADARRIUS BEAN,** ) | |
| ) | |
| Defendant. ) | |

_____

## MOTION FOR JUDGMENT OF ACQUITTAL
_____

COMES NOW, Tadarrius Bean, by and through his counsels, pursuant to Federal Rule of Criminal Procedure 29(c)(1) and (2), hereby files this Motion for Judgment of Acquittal. In light of the jury's finding Mr. Bean not guilty as to Counts One, Two, and Three of the Indictment and to prevent a miscarriage of justice, this Honorable Court should set aside the jury's verdict and enter an acquittal to Count Four as well. The Motion is well-founded as stated below.

This Honorable Court's Jury Instructions state the following as to Count Four:

**The Elements for Obstruction of Justice.**

Count Four of the indictment accuses the defendants of obstruction of justice, in violation of 18 U.S.C. § 1512(b)(3).

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each and every one of the

1

following elements beyond a reasonable doubt with respect to that defendant:

First. That the defendant knowingly corruptly persuaded, attempted to corruptly persuade, or engaged in misleading conduct toward Lt. DeWayne Smith or Detective Valandria McKinnie;

Second. That the defendant acted with the intent to hinder, delay, or prevent the communication of information to a law enforcement officer of the United States or a judge of the United States; and

Third. That such information related to the commission or possible commission of a federal offense.

If you are convinced that the government has proven all these elements with respect to a defendant, or that a defendant aided or abetted as defined in the next instruction, say so by returning a guilty verdict on this charge as to that defendant. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

To judge the merits of the defense's motion, this Honorable Court examines the record evidence "in the light most favorable to the prosecution and whether any rational tier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).

**The Defense's Uncontroverted Record Evidence**

There is absolutely no record evidence that supports an individual finding of Mr. Bean guilty of obstruction of justice. There is evidence MPD Supervisor 1, Lt. Dewayne Smith, approached several individuals on the scene and asked what happened. However, there is no record evidence Mr. Bean provided any information to Lt. Smith nor responded to Lt. Smith's question or inquiry. Lt. Smith rightfully directed his question to his appointed Team Leader, Mr. Justin Smith, and other more senior officers on the scene. Mr. Bean was the newest member of the Scorpion unit and had only been a

2

member a little over 90 days and witnesses described Mr. Bean as quiet and reserve.

Additionally, there is no record evidence to support Mr. Bean had any conversation nor interaction with MPD Detective 1, Officer Valandria McKinnie.  Exhibit 42, the Incident Report, readily proved Officer McKinnie was investigating the assault of Tyre Nichols's alleged assault on Officer Martin at the first scene or location. The record evidence is abundantly clear that Mr. Bean had no information to offer Officer McKinnie concerning the first scene because Mr. Bean was not present at the first scene.   Exhibit 75, Officer McKinnie's statement, reveals that she received her information from Officers Martin and Haley who both were involved in the first scene and able to provide a firsthand account of Mr. Nichols's assault on Officer Martin.   Furthermore, Officer McKinnie was also unable to testify what information in her report, if any, Mr. Bean provided to her.

Count Four states Mr. Bean provided "false and misleading information and withheld and intentionally omitted material information in their communications with MPD Supervisor 1 and MPD Detective 1."   Docket number (Dkt. #), Indictment, PageID 6.   At no time during his testimony, did Lt. Smith testify that he received any information from Mr. Bean.   The only interaction Lt. Smith had with Mr. Bean was directing the newest and most junior member in the unit to ride in the ambulance with Mr. Nichols to the hospital.   Additionally, Officer McKinnie's testimony was void as to what, if anything, Mr. Bean told her concerning the first scene where Mr. Bean was not present.

Finally, by stating the following: "each of whom was tasked with writing MPD for the arrest of Tyre Nichols…Bean…omitted that MARTIN repeatedly punched Nichols…, Count Four appears to be referring to the Blue Team/Response to Resistance Report. *Id.*

3

Exhibit 16 is Mr. Bean's Response to Resistance Report.  The Report describes Mr. Bean's actions without making any references to anyone else's actions. Consistent with Mr. Bean's Report, practically all the government's MPD officers-witnesses testified, under oath, the Report is written to document the drafting officer's use of force without any reference to others who are required to document their own use of force.  First, Officer Martin testified the report is written documenting the drafting officer's use of force.. Second, Officer Kyle Coudriet testified the report is written documenting the drafting officer's use of force.  Third, Officer Harvey testified the report is written documenting the drafting officer's use of force.  Fourth, Lt. Smith testified the report is written documenting the drafting officer's use of force.  Fifth, Desmond Mills testified the report is written documenting the drafting officer's use of force.  Finally, the defense's experts testified the report is written documenting the drafting officer's use of force. Thus, Mr. Bean properly drafted his Response to Resistance Report documenting his use of force consistent with MPD policies and procedures.

WHEREFORE, based on the record evidence, Mr. Bean, through his counsels, very respectfully requests this Honorable Court to grant his Motion for Judgment of Acquittal.

Respectfully submitted,

*/s/ John Keith Perry*
John Keith Perry
PERRY GRIFFIN, PC
5699 Getwell Road, Bldg. G5
Southaven, MS 38672
(662)-536-6868
jkp@perrygriffin.com

4

          */s/ Andre Thomas*
          GARRETT & THOMAS LAW
          295 Washington Avenue, Suite 2
          Memphis, Tennessee 38103
          (901)-529-0022
          at@andrethomaslaw.com

          */s/ Kevin P. Whitmore*
          Kevin P. Whitmore #021293
          Attorney Representative of
          LAST CHANCE LAW FIRM PLLC
          301 Washington Avenue
          Suite 202
          Memphis, Tennessee 38103
          (901) 461-1039
          whitmore@lastchancelaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been served electronically to the government's representative/counsel via the Court's ECF system this 11TH day of October 2024.

          */s/John Keith Perry*