# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 23-CR-20191-MSN |
| | ) |
| JUSTIN SMITH, | ) |
| | ) |
| Defendant. | ) |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, by and through Reagan T. Fondren, Acting United States Attorney for the Western District of Tennessee and Elizabeth Rogers, Assistant United States Attorney, and Kristen Clarke, Assistant Attorney General, and Kathryn E. Gilbert, Special Litigation Counsel, notifies the Court of the position of the United States with respect to the sentencing set for January 24, 2025.

1. The attorneys for the United States have received and reviewed the Presentence Investigation Report prepared in this matter.

2. The United States has communicated minor objections to the factual information contained in the Presentence Report to the United States Probation Office.

3. The United States concurs with the guidelines calculations contained in the Presentence Report.

4. Specifically, the sole count of conviction, Count Four, "involved obstructing the investigation or prosecution of a criminal offense," U.S.S.G. § 2J1.2(c)(1); namely, the

violation of 18 U.S.C. § 242 charged in Count One, and to which the defendant's codefendants, Emmitt Martin III and Desmond Mills, pleaded guilty. Accordingly, § 2X3.1 (Accessory After the Fact) applies "in respect to *that* criminal offense," *i.e.*, the offense that was "investigat[ed] or prosecut[ed]," because the resulting offense level is greater than that which would otherwise apply under §2J1.2. U.S.S.G. § 2J1.2(c)(1) (emphasis added).

5. The proper cross-reference for this offense is the highest-charged underlying offense that was investigated or prosecuted, regardless whether the defendant or anyone else was convicted of that offense. In other words, "it is the crime investigated (and thus the scope of investigation obstructed) that controls, and [] the prosecutor need neither obtain a conviction on the underlying offense nor even produce facts in support of it." *United States v. Greer*, 872 F.3d 790, 795 (6th Cir. 2017). This is so because "obstructing a murder investigation is more serious than obstructing a trespassing investigation and warrants more severe punishment to discourage such obstruction, regardless of whether either investigation results in prosecution or conviction." *Id.* at 798; *accord, e.g.*, *United States v. McQueen*, 86 F.3d 180, 182 (11th Cir. 1996) (holding that obstruction cross-reference to acquitted counts applied because "[t]he language of the cross-referencing provision is mandatory when the offense involves 'obstructing the investigation or prosecution of a criminal offense' without any qualification and without regard to whether defendant or anybody else was convicted of the underlying offense, or whether an offense could be shown to have been committed at all.").

6. The probation office correctly concluded that the "underlying offense" was the highest-charged offense, the death-resulting § 242 violation. *See id.* at 184 (citing U.S.S.G.

§ 1B1.5 comment n.3 for the proposition that "where cross-referencing is required, and more than one offense applicable, the most serious offense is to be used"); *United States v. Flemmi*, 402 F.3d 79, 85 n.6 (1st Cir. 2005) ("[W]here, as here, section 2X3.1 applies, the individual who obstructed justice or committed perjury is sentenced as though he were an accessory after the fact to the most serious substantive criminal offense related to his conduct."). Accordingly, the cross-reference is to Second-Degree Murder, U.S.S.G. § 2A1.2(a), yielding a base offense level of 30.

7. The probation office also correctly concluded that a guidelines adjustment for mitigating role, U.S.S.G. § 3B1.2, does not apply. The evidence at trial established that defendant Smith was not "substantially less culpable than the average participant in the criminal activity," § 3B1.2 cmt. note 3; to the contrary, he and the other defendants are identically situated as to this count. All three defendants who went to trial were convicted of providing false and misleading information, and withholding and intentionally omitting material information from, their supervisor and the detective tasked with writing the arrest report. The evidence at trial established that all three defendants engaged in near-identical conduct: each defendant omitted that defendant Martin punched Mr. Nichols, that defendants Martin and Haley kicked Mr. Nichols, and that Mr. Nichols had been struck in the head, and each defendant falsely exaggerated Mr. Nichols' resistance during his arrest.

8. The probation office also correctly concluded that a guidelines adjustment for zero-point offenders, § 4C1.1, does not apply. The adjustment does not apply because the offense is "covered by § 2H1.1." § 4C1.1(a)(8). Where, as here, the underlying offense that provides the cross-reference is an offense found in U.S.S.G. § 2H1.1, the

3

adjustment does not apply. *United States v. Jones*, No. 2:22-CR-00180, 2024 WL 4507368, at *2 (S.D.W. Va. Oct. 16, 2024) (finding that defendant convicted solely of witness-tampering in an investigation under 18 U.S.C. § 242 was ineligible for zero-point offender status). Further, the term "offense" includes "the offense of conviction and all relevant conduct under § 1B1.3." § 4C1.1 cmt. note 1 (referring to § 1B1.1); § 1B1.1 cmt. note 1(I) (defining "offense"). Even if the offense of conviction were not "covered by § 2H1.1," defendant Smith's relevant conduct undoubtedly is.

9. The United States will provide a detailed recommendation supporting a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

10. The United States does not anticipate calling any witnesses at the sentencing hearing but does anticipate providing the victim's family with an opportunity to make a victim impact statement. Therefore, it is possible that this hearing will last longer than one hour.

Respectfully Submitted,

REAGAN T. FONDREN
ACTING UNITED STATES ATTORNEY

ELIZABETH ROGERS
Assistant United States Attorney
167 N. Main, Suite 800
Memphis, TN 38103

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

By:   <u>/s/ Kathryn E. Gilbert</u>
FORREST CHRISTIAN
Deputy Chief
KATHRYN E. GILBERT
Special Litigation Counsel
ANDREW MANNS
Trial Attorney
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 616-2430

CERTIFICATE OF SERVICE

I, Kathryn E. Gilbert, Special Litigation Counsel, hereby certify that a copy of the foregoing Position Paper of the United States has been filed via the District Court's electronic case filing system.

This 8th day of January, 2025.

/s/ Kathryn E. Gilbert
Kathryn E. Gilbert
Special Litigation Counsel