```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

UNITED STATES,

    Plaintiff,

v.                                            No. 23-20191

DEMETRIUS HALEY,

    Defendant.

MEMORANDUM IN SUPPORT OF PSR OBJECTION BASED UPON 2024 AMENDMENT
REGARDING ACQUITTED CONDUCT

Comes now the defendant, Demetrius Haley, by and through his counsel of record, and files this memorandum of fact and law in support of his objection to the PSR's failure to consider the acquittal's, U.S.S.G. § 1B1.1(c), and properly calculate his total offense level and advisory guideline imprisonment range. (R. 722, Haley's Position Paper). In support of his objection, and to establish that the United States' position is legally incorrect, Mr. Haley would show:

This is not a very complicated issue. Mr. Haley was charged, tried, and acquitted by a federal jury of violating civil rights resulting in death, but convicted of the lesser included offense of violating civil rights resulting in bodily injury. (R. 627, Jury Verdict, ID 9513-14). Pursuant to U.S.S.G. § 1B1.3(c),

Nichols' death cannot be used in computing Haley's guidelines, but the court is free to consider it in determining the sentence imposed. 18 U.S.C. §§ 3553(a), 3661; United States v. Ralston, 110 F.4th 909, 921 (6th Cir. 2024). Any other result would violate Haley's constitutional rights to Due Process and a Jury Trial. U.S. Const., amends. 5, 6.

It is axiomatic that a district court is to apply the Guidelines Manual in effect on the date a defendant is sentenced, absent an *Ex Post Facto* issue. U.S.S.G. § 1B1.11(a); United States v. Gardiner, 463 F.3d 445, 462 (6th Cir. 2006). Further, the applicable Guidelines Manual shall be used in its entirety. U.S.S.G. § 1B1.11(b)(2); Dorsey v. United States, 567 U.S. 260, 275 (2012); United States v. Duane, 533 F.3d 441, 447 (6th Cir. 2008). Herein, Demetrius Haley is set to be sentenced on January 23, 2025, (R. 629, Order on Jury Verdict; R. 636, Sentencing Setting Letter), making the 2024 Guidelines Manual the one in effect on the date of sentencing.[1]

Since November 1, 2024 the Guidelines Manual provides, in pertinent part:

> Acquitted conduct. – Relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or

---

[1] The PSR states the 2024 Manual applies (R. 712, PSR ¶ 43) and neither party has objected. (R. 722, Haley's Position Paper; R. 727, U.S. Position Paper re Haley).

in part, the instant offense of conviction. U.S.S.G. § 1B1.3(c).

Demetrius Haley was charged with two counts of both violating and aiding and abetting the violation of Tyre Nichols' civil rights resulting in his death contrary to 18 U.S.C. §§ 242, 2. (R. 2, Indictment, counts 1, 2). This statute proscribes multiple offenses. United States v. Acosta, 470 F.3d 132 (2d Cir. 2006); United States v. Williams, 343 F.3d 323 (5th Cir. 2003); United States v. Verbickas, 75 Fed.Appx. 705 (10th Cir. 2003); R. 630, Jury Instructions, ID 9550.) The jury acquitted Haley of the offenses with death resulting, convicting him of the lesser included offenses resulting in bodily injury. (R. 627, Jury Verdict, ID 9513-14). "Bodily injury" is a lesser included offense within 18 U.S.C. § 242 and there is no overlap with the "death resulting" offense Haley was charged with, tried, and acquitted by a federal jury. There is simply no argument that the jury acquitted Demetrius Haley of criminal responsibility for Tyre Nichols' death resulting from Haley's conduct based upon the jury verdict and the "death resulting" instruction the jury was given. (R. 672, Jury Verdict, ID 9513-14; R. 630, Jury Instruction No. 23, ID 9561). The current guidelines prohibit the use of Tyre Nichols' death in computing Demetrius Haley's offense level and advisory guideline range. U.S.S.G. § 1B1.3(c); U.S.S.G. § 1B1.3(c), comment. (n. 10); U.S. Sent. Comm'n. Reasons for Amendment. The United States'

suggestion that Tyre Nichols' death establishes, in whole or in part, the instant offense of conviction making a homicide cross reference, specifically second degree murder,[2] applicable because it claims "the death-resulting **penalty enhancement** in Count 1 overlaps substantially with defendant Haley's conviction for the bodily injury § 242" (R. 727, U.S. Position Paper, ID 14905)(emphasis added) is inapposite and wrong as a matter of law. Dametrius Haley was acquitted of both § 242 death offenses. Bodily injury § 242 is a separate, lesser included offense with different elements, not a penalty enhancement. (R. 630, Jury Instructions, ID 9550). Likewise, its claim that "[b]oth charges (referencing the charged § 242 resulting in death and the lesser included § 242 resulting in bodily injury) here involve the same elements" (R. 727, U.S. Position Paper, ID 14905) is wrong. Each charge has different elements AND the jury verdict makes clear that Demetrius Haley was acquitted of the "death resulting" element. Importantly, the jury was instructed that the "death resulting" element of which he was acquitted didn't require the government to establish that his conduct was the sole cause of Nichols' death. It was instructed:

Counts One and Two additionally charge, in addition to bodily
injury, that death resulted from the alleged deprivation.

---

[2] Neither the PSR nor the United States' Position Paper address the *mens rea* for second degree murder.

> To prove that Mr. Nichols' death resulted from the offense, the government must prove beyond a reasonable doubt that Mr. Nichols died as a result of the defendant's conduct. Death "results from" a defendant's conduct where Mr. Nichols' death was a foreseeable result of the defendant's conduct, and where, but for the defendant's conduct, Mr. Nichols would not have died. The defendant's action or failure to act need not be the *only* cause of Mr. Nichols' death. Proof that the incremental effect of the defendant's conduct, combined with other factors, caused Mr. Nichols' death is sufficient, so long as the other factors alone would not have caused Mr. Nichols' death. The government need not prove that a defendant intended for Mr. Nichols to die.

(R. 630, Jury Instruction No. 23, ID 9561)

The United States' argument that Nichols' death is relevant conduct for Haley despite the acquittal and U.S.S.G. § 1B1.3(c) because "Haley was part of an uncharged joint criminal scheme with defendant Martin to exact a street tax on Tyre Nichols" relying on the "reasonably foreseeable acts and omissions within the scope and in furtherance of any charged or uncharged joint criminal scheme" citing § 1B3.1(a)(1)(B) [sic] is not well taken. Assuming, *arguendo,* reliable evidence of the existence of a street tax,[3] all of the evidence regarding such "policy" introduced at trial is that it was unspoken and consisted of some "roughing up" of a suspect who fled an MPD officer and was caught. (R. 676, TR., 9/19/24, ID 12981-83). It is not reasonably foreseeable that Nichols would die as a result of Martin's punches in furtherance of the "street tax". The trial proof is clear – Nichols died from blunt force trauma to the head as a result of Martin punching him

---

[3] Lt. Smith's trial testimony was that no such "tax policy" existed within MPD, it was an old term used years ago. (R. 665, TR., 9/20/24, ID 10923-25).

in the head. Haley was NOT PRESENT when Martin punched Nichols in the head. In fact, based upon jury instruction 23, the jury clearly acquitted Haley of "conduct where Mr. Nichols' death was a foreseeable result of the defendant's conduct". (R. 630, Jury Instruction No. 23 excerpt, ID 9561).[4]

The United States' reliance on a finding that Martin's conduct – repeatedly punching Nichols in the head while Haley was attempting to overcome the effects of pepper spray and not present at Castlegate and Bear Creek, resulting in Nichols' death by blunt force trauma - being reasonably foreseeable conduct is an argument not well taken. It defies common sense to suggest that it is reasonably foreseeable that an MPD officer, on duty, will kill someone when it has not previously happened. Further, the argument belies the jury verdict in light of instruction No. 23. The United States further mischaracterizes Hemphill's exclamation "I hope they stomp his ass" (Trial Ex. 8, Hemphill BWC, 20:33:50) as a discussion with Haley, and the context of Haley's kick. It's conclusion that Nichols died as a result of the street tax, therefore, the second degree murder cross reference governs despite the acquittals, (R. 727, U.S. Position Paper, ID 14906)

---

[4] While the United States argues that "multiple witness testified to the existence of a street tax" (R. 727, U.S. Position Paper, ID 14905), this is insufficient support for any position. This Court must find that any relevant information it relies upon "has sufficient indicia of reliability to support its probable accuracy" to consider it. U.S.S.G. § 6A1.3(a). Moreover, Due Process requires that Mr. Haley receive notice of the witnesses and specific testimony allegedly supporting the United States' position to enable a fulsome response.

ignores the reasonable foreseeability prong of U.S.S.G. § 1B1.3(a)(1)(B) and the jury verdict in light of Jury Instruction No. 23.

The United States' reliance on United States v. Anderson, 795 F.3d 613 (6th Cir. 2015) to support the cross reference as relevant conduct is misplaced. Anderson, *supra*, is readily distinguishable. It involved a guilty plea with an agreed factual statement and the Sixth Circuit held, on appeal, merely that the district court did not commit clear error when it found that the defendant had actual knowledge of the co-defendant's intent to murder the victim in upholding the cross reference. Again, the government ignores the fact that, based upon the jury instructions, the jury verdict means that Haley was acquitted of Nichols death being reasonably foreseeable to him. Martin's repeated punches to Nichols' head while on duty as a MPD officer, is simply not reasonably foreseeable to any other on duty officer. Regardless of how many times the government repeats the statement in its position paper, causing Nichols' death by repeated punches to the head is not a reasonably foreseeable extension of any prior incidents of force used on suspects.

None of the cases cited by the government are comparable to the situation here. All were decided before the enactment of

U.S.S.G. § 1B1.3(c) and none involved a defendant being sentenced after a trial in which the defendant was acquitted of some counts.

Mr. Haley would note that the cross reference doesn't apply based upon his convictions for counts 3, 4. All parties agree with the PSR that the convictions group pursuant to U.S.S.G. § 3D1.2(c) and that the governing guideline is U.S.S.G. § 2H1.1. Counts 3, 4 do not reflect that there was a civil rights murder investigation occurring and, factually, at the time the misleading statements and omissions were made, Tyre Nichols was alive. Mr. Haley is handicapped in fully responding the government's argument regarding Martin and Mills' guilty pleas supporting a second degree murder cross reference to the extent that the prosecution cites their respective PSR's. (R. 727, U.S. Position Paper, ID 14909). As the court is well aware, PSR's are confidential documents and Mr. Haley doesn't have access to R. 713, 714 which the government cites as support. Haley's PSR notes, in pertinent part, "Restrictions on Use and Redisclosure of Presentence Investigation Report. . . . Is is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge".

The government's citation to the Background, NOT commentary, to U.S.S.G. § 2J1.2(c) and United States v. Greer, 872 F.3d 790

(6th Cir. 2017) in impertinent. Greer, *supra,* involved a guilty plea with an agreed statement of facts. Further, it relied upon interpretation of guideline commentary, describing the guidelines as "the equivalent of legislative rules adopted by federal agencies" and the guideline commentary as "authoritative" because it "is akin to an agency's interpretation of its own legislative rules". Greer, *supra,* at 797. Since Greer was decided it is abundantly clear that guideline commentary is only binding if it interprets, not expands, a guideline. United States v. Havis, 927 F.3d 382(6th Cir. 2019)(*en banc)(superseded by regulation);* United States v. Winstead, 890 F.3d 1082 (D.C. Cir. 2018); United States v. Rollins, 836 F.3d 737 (7th Cir. 2016)(*en banc).* Moreover, the Chevron doctrine has been overturned and an agency's interpretation of its own rules is not entitled to deference. Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024).

Finally, the constitutional right to a jury trial "is no mere procedural formality, but a fundamental reservation of power in our constitutional structure. Just as suffrage ensures the people's ultimate control in the legislative and executive branches, jury trial is meant to ensure their control in the judiciary." Blakely v. Washington, 542 U.S. 296, 305-06 (2004). Justice Scalia wrote that it would lead to absurd results and "[t]he jury could not function as circuitbreaker in the State's

machinery of justice if it were relegated to making a determination that the defendant at some point did something wrong, a mere preliminary to a judicial inquisition into the facts of the crime the State *actually* seeks to punish". Blakely, *supra,* at 306-07. Judicial authority to sentence derives exclusively from the jury's verdict, otherwise it is unconstitutional. Blakely, *supra,* at 306.

The United States seeks the result herein that Justice Scalia described as absurd. Contrary to U.S.S.G. § 1B1.3(c), it asks the court to ignore the jury verdict and rely upon acquitted conduct in computing Haley's guideline range, not merely is imposing sentence. It is abundantly clear that these acquittals by a federal jury prohibit this court from relying upon Tyre Nichols' death in computing Haley's guideline range in this case. Improper calculation of the guideline range is error. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Novales, 589 F.3d 310, 314 (6th Cir. 2009).

WHEREFORE, PREMISES CONSIDERED, this court should sustain Haley's PSR objections, find that the governing guideline is U.S.S.G. § 2H1.1 and, based upon the jury's verdict, the proper cross reference for application through U.S.S.G. § 2H1.1(a)(1) is aggravated assault, U.S.S.G. § 2A2.2.

Respectfully submitted,

S/Michael J. Stengel

_____
Michael J. Stengel (12260)
Lawyer for Demetrius Haley
619 South Cooper Street
Memphis, TN 38104
(901) 527-3535


/Stephen R. Leffler

_____
Stephen R. Leffler (11038)
Lawyer for Demetrius Haley
2670 Union Ave. Extd., Ste. 819
Memphis, TN 38112
(901) 509-9112


## Certificate of Service

I hereby certify that I have served a copy of the foregoing Memorandum in Support of PSR Objection by electronic means, via the Court's electronic filing system, on AUSA's David Pritchard, Libby Rogers, Kathryn Gilbert, and Forrest Christian this 16th day of January, 2025.