IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                        CR. NO. 2:23-cr-20191-MSN-5

EMMITT MARTIN, III,
TADARRIUS BEAN, DEMETRIUS
HALEY, DESMOND MILLS, JR.,
AND JUSTIN SMITH

    Defendants.

---

### DEFENDANT, JUSTIN SMITH'S, UNOPPOSED MOTION FOR MISCELLANEOUS RELIEF

---

COMES NOW, the Defendant, Justin Smith (hereinafter "Justin Smith") by and through counsel and files this his Unopposed Motion for Miscellaneous Relief surrounding the restrictions in his presentence confinement and would state and show unto the Court as follows:

1. On September 12, 2023, an Indictment was filed in this matter. On September 13, 2023, Justin Smith appeared before the Court at which time an Order Setting Conditions of Release (ECF No.: 24) was entered. One of the release conditions was that Justin Smith continue or actively seek employment.

2. On January 2, 2024, an Order Sustaining Objection to Magistrate Judge's Order of October 31, 2023; Order Modifying Conditions of Release (ECF No.: 117) was entered in this matter. Said Order removed the release condition of continuing or actively seeking employment.

3. Subsequent to the trial of this matter, an Order Releasing Defendant on Same Bond (ECF No.: 654) was entered in this matter. Said Order required that Justin Smith remain at

home at all times except for employment, education, religious services, court appearances, etc. Said Order also required that Justin Smith submit to GPS monitoring technology.

4. The undersigned believes that the Probation Services Office would agree wholeheartedly that Justin Smith has complied with each and every restriction placed on him to the letter.

5. Those restrictions are somewhat unwieldy and as stated in open court, limits his movement in such a way that he cannot step out the front door of his own home to do anything, including cutting grass, without prior approval and confirmation that the grass was cut.

6. Justin Smith would request that the Court alter the restrictions in such a way to allow him to still be monitored by Probation Services but allow him the opportunity and ability to stay within this district conducting himself in a lawful manner and then being home with his family prior to any curfew this Court and Probation Services would find to be reasonable.

7. Currently, Justin Smith has a GPS monitor that the Court knows is quite precise, and if the Court sees fit to allow Justin Smith to comply with the amended restrictions of Probation Services without the need for an ankle monitor, that ankle monitor can then be used for someone else as, upon information and belief, there was a shortage of that type of ankle monitor.

8. In consultation by telephone on Saturday, January 18, 2025, Probation Services' Location Monitoring Specialist, John R. Martin, expressed agreement, and counsel for Justin Smith would defer to Mr. Martin and his office to apply the least restrictive means to location monitoring as they would determine suitable as well as defer to Mr. Martin and his office regarding appropriate curfews and relevant restrictions.

Respectfully submitted,

/s/Martin Zummach
Martin Zummach #16352
Attorney for Defendant, Justin Smith
7125 Getwell Road, Ste. 201
Southaven, MS 38672
(662) 349-6900

CERTIFICATE OF SERVICE

The undersigned certifies that on the 20th day of January, 2025, a copy of the foregoing document was electronically filed with court clerk using the ECF System, and that upon filing, a copy will be sent via the Court's ECF System to all registered parties in this case.

S/Martin Zummach