No. 24-6078

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Feb 27, 2025
KELLY L. STEPHENS, Clerk
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| DEMETRIUS HALEY, ) | |
| ) | |
| Defendant-Appellant. ) | |

Before: STRANCH, MURPHY, and MATHIS, Circuit Judges.

Defendant Demetrius Haley appeals the district court's order denying Haley's motion for bond review and release pending sentencing. We unanimously agree that the facts and legal arguments are adequately presented on the briefs and that oral argument is therefore unnecessary. Fed. R. App. P. 34(a)(2)(C).

Under 18 U.S.C. § 3143(a)(1), "a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence" must be detained unless he shows "by clear and convincing evidence" that he "is not likely to flee or pose a danger to the safety of any other person or the community if released." If the person is found guilty of a crime of violence, then § 3143(a)(2) applies, and the court must also find either that the government does not recommend imprisonment or that "there is a substantial likelihood that a motion for acquittal or new trial will be granted." *See also* 18 U.S.C. § 3156(a)(4) (defining "crime of violence"). "We review the

district court's factual findings for clear error, but we consider mixed questions of law and fact—including the ultimate question whether detention is warranted—de novo." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citation omitted).

In both the district court and this court, Haley's argument has focused almost entirely on proving that he is not subject to § 3143(a)(2)'s more onerous standard and that 18 U.S.C. § 3156(a)(4)(B) is unconstitutionally vague. But setting those questions aside, Haley failed to show that he satisfies § 3143(a)(1)'s more lenient standard. Indeed, he offered little beyond assertions that he now concedes are insufficient to satisfy § 3143(a)(1). Contrary to his contention that he was denied the opportunity to present evidence, he failed to take advantage of multiple clear chances to provide specific and reasoned argument that he is neither a flight risk nor danger if released.

At any rate, between multiple district court filings and two appellate briefs, the sum total of his evidence that he is not a flight risk or danger to others is: his compliance with the conditions of pretrial release; ties to the community; family support; the substantial bond posted in state court; the fact that Pretrial Services initially recommended presentence release; and that the purported crimes of violence were lesser-included offenses.

Although compliance with the conditions of pretrial release is some evidence that a defendant will appear as ordered, the specter of a lengthy prison sentence is "a powerful incentive to flee that did not exist pre-trial." *United States v. Londono-Villa*, 898 F.2d 328, 329 (2d Cir. 1990) (per curiam). Haley faces up to life in prison for each of the deprivation-of-rights convictions and twenty years in prison for the obstruction conviction and the conspiracy conviction. *See* 18 U.S.C. §§ 242, 1512(b)(3) & (k). Meanwhile, Haley fails to describe his community ties or family support, much less explain their evidentiary value in relation to his

release. It is not at all clear that the bond in his state case is convincing evidence that he is neither a flight risk nor a danger to others, and Haley offers no authority to support its relevance. And Pretrial Services ultimately amended its recommendation to oppose presentence release in the event Haley was convicted of Counts 1 and 2, which occurred.

That Haley was convicted of lesser-included offenses is relevant (among the factors courts consider are "the nature and circumstances of the offense charged," *see* 18 U.S.C. § 3142(g)), but he does not develop this argument or explain how the nature of his convictions bears on whether he is a flight risk or danger to the community. And he largely fails to address the remaining § 3142(g) factors: the weight of the evidence against him; his history and characteristics, including past conduct, criminal history, and record concerning appearance at court proceedings; and the nature and seriousness of the danger posed by his release.

Thus, we need not determine whether Haley's convictions are crimes of violence that trigger § 3142(a)(2)'s heightened standard or whether 18 U.S.C. § 3156(a)(4)(B) is unconstitutionally vague. Haley's conclusory assertions and minimal argument fall well below the "clear and convincing" evidence required to justify presentence bail under any applicable standard.

Accordingly, the district court is **AFFIRMED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk