IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 2:23-cr-20191-MSN

TADARRIUS BEAN,
DEMETRIUS HALEY, and
JUSTIN SMITH,

    Defendants.

**ORDER DENYING DEFENDANT TADARRIUS BEAN'S
MOTION FOR JUDGMENT OF ACQUITTAL**

    Before the Court is Defendant Tadarrius Bean's Motion for Judgment of Acquittal (ECF No. 661, "Motion"). The United States responded in opposition (ECF No. 682). The Defendant has filed a reply[1] (ECF No. 699). For the reasons stated below, Defendant Bean's Motion is **DENIED**.

**BACKGROUND**

    This is Defendant Bean's third motion for judgment of acquittal. (ECF No. 615; ECF No. 690 at PageID 13413.) After the Government rested its case, Defendant moved for judgment of acquittal under Rule 29. (ECF No. 615.) The Court took that motion under advisement, and after considering the evidence in the light most favorable to the Government, the Court denied that

---

[1] In his reply brief, Defendant Bean requests a hearing prior to the Court's ruling on this motion. The Court **DENIES** this request, as the parties have thoroughly briefed the issues, and oral arguments would not assist in the resolution of this motion.

motion, finding sufficient evidence for a rational jury to find the essential elements of all charged crimes beyond a reasonable doubt. (ECF No. 690 at PageID 13414–15.)

At the close of all proof, Defendant Bean's attorney addressed his Rule 29 motion, emphasizing its importance and offering to make additional arguments "in light of the evidence, in light of the defense case." (*Id*. at PageID 13413–14.) The Court treated this as a renewed motion for acquittal and again took the motion under advisement. (*Id*. at PageID 13419.) In ruling on the renewed motion—after closing arguments but before jury instructions—the Court considered whether additional evidence changed the Court's disposition in any way. (ECF No. 679 at PageID 12730–31.) The Court denied the motion after determining that, contrary to earlier assertions that the Government had no expert proof, Lt. Wright had been qualified and accepted by the Court under Rule 702 as an expert witness in Memphis Police Department policies, including defensive tactics and use of force. (*Id*. at PageID 12730–32.)

Defendant Tadarrius Bean and his Co-Defendants, Desmond Mills Jr., Emmitt Martin III, Demetrius Haley, and Justin Smith, were all members of the Memphis Police Department's SCORPION Team. (ECF No. 2.) They were charged in a four-count indictment related to the arrest and subsequent death of Tyre Nichols. (*Id*.) Specifically: Count One charged deprivation of rights under color of law in violation of 18 U.S.C. § 242; Count Two charged deliberate indifference to medical needs in violation of 18 U.S.C. § 242; Count Three charged conspiracy to witness tamper in violation of 18 U.S.C. § 1512(k); and Count Four charged obstruction of justice through witness tampering in violation of 18 U.S.C. § 1512(b)(3). (*Id*.)

Prior to trial, Co-Defendants Mills and Martin pleaded guilty to Count One, deprivation of rights under color of law resulting in death, and Count Three, conspiracy. (ECF No. 92; ECF No. 500.) After a nearly four-week trial, the jury found Defendant Haley guilty of the lesser included

offense in Counts One and Two, deprivation of rights under color of law resulting in bodily injury, as well as Count Three, conspiracy and Count Four, obstruction of justice. The jury acquitted Defendant Smith on Counts One, Two, and Three but found him guilty of Count Four, obstruction of justice. (ECF No. 629.)

Similar to Defendant Smith, the jury found Defendant Bean guilty of Count Four, obstruction of justice, and acquitted on the remaining counts. (*Id.*) Count Four charged that:

> On or about January 7, 2023, defendants EMMITT MARTIN III, TADARRIUS BEAN, DEMETRIUS HALEY, DESMOND MILLS JR., and JUSTIN SMITH while aiding and abetting one another, knowingly engaged in misleading conduct towards, corruptly persuaded, and attempted to corruptly persuade, their supervisor, [Lt. DeWayne Smith], and MPD Detective [Valandria McKinnie] with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of truthful information relating to the commission and possible commission of a Federal offense. Specifically, defendants MARTIN, BEAN, HALEY, MILLS, and SMITH provided false and misleading information and withheld and intentionally omitted material information in their communications with [Lt. Smith] and [Det. McKinnie], each of whom was tasked with writing MPD reports for the arrest of Tyre Nichols, including: defendants MARTIN, BEAN, HALEY, and SMITH omitted that defendants Martin and Haley kicked Nichols; defendants MARTIN, BEAN, HALEY, MILLS, and SMITH omitted that Nichols had been struck in the head; defendants falsely stated to [Det. McKinnie] that Nichols was actively resisting at the arrest scene; defendants falsely stated to [Det. McKinnie] that Nichols grabbed defendant SMITH by his vest and pulled on officers' duty belts; and defendants MILLS and SMITH falsely stated to [Det. McKinnie] that Nichols lifted both of them in the air. In violation of 18 U.S.C. § 1512(b)(3).

(ECF No. 2.)

In support of his motion, Defendant Bean contends that: (1) There is "absolutely no record evidence" that supports an individual finding of Mr. Bean guilty of obstruction of justice; (2) There is no evidence that Defendant Bean provided any information to Lt. Smith or responded to Lt. Smith's question or inquiry; (3) There is no evidence of any conversation nor communication with Det. McKinnie; (4) His Response to Resistance report properly documented his use of force consistent with MPD policies and procedures. (ECF No. 661.) Additionally, in his reply brief,

3

Defendant argues for the first time that his acquittal on Counts One through Three logically precludes his conviction on Count Four for obstruction of justice. (ECF No. 699 at PageID 14034.)

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 29, a court must enter a judgment of acquittal if the evidence is insufficient to sustain a conviction. In reviewing a Rule 29 motion, the court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Graham*, 622 F.3d 445, 448 (6th Cir. 2010); *United States v. LaVictor*, 848 F.3d 428, 456 (6th Cir. 2017).

The court must "give the government the benefit of all reasonable inferences from the testimony." *United States v. Ray*, 803 F.3d 244, 262 (6th Cir. 2015). In making this determination, the court does not weigh the evidence, assess the credibility of the witnesses, or substitute its judgment for that of the jury. *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002). Instead, all conflicts in the testimony are resolved in favor of the government, and every reasonable inference is drawn in its favor. *United States v. Siemaszko*, 612 F.3d 450, 462 (6th Cir. 2010).

Circumstantial evidence alone is sufficient to sustain a conviction, and such evidence need not remove every reasonable hypothesis except that of guilt. *LaVictor*, 848 F.3d at 456 (citing *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 1999)). All reasonable inferences must be made to support the jury verdict. *Id*. As a result, "[a] defendant claiming insufficiency of the evidence bears a very heavy burden." *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006) (quoting *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir. 1986)) (cleaned up).

To prove obstruction of justice through witness tampering under 18 U.S.C. § 1512(b)(3), the Government must establish beyond a reasonable doubt that: (1) the defendant knowingly and

willfully engaged in misleading conduct toward another person; (2) the defendant acted with intent to hinder, delay, or prevent the communication of information to a federal law enforcement officer; and (3) such information related to the commission or possible commission of a federal offense. *United States v. Belcher*, 92 F.4th 643, 652 (6th Cir. 2024) (citing *United States v. Carson*, 560 F.3d 566, 580 (6th Cir. 2009)).

## DISCUSSION

Defendant Bean argues that there is "absolutely no record evidence that supports an individual finding of Mr. Bean guilty of obstruction of justice." (ECF No. 661 at PageID 10714.) He emphasizes his status as the newest member of the SCORPION team with only 90 days of experience and his subordinate role to more senior officers during the incident.[2] (*Id.* at PageID 10714–15.) The Court disagrees. The evidence presented at trial, when viewed in the light most favorable to the Government, was sufficient for a rational jury to find beyond a reasonable doubt that Defendant Bean violated 18 U.S.C. § 1512(b)(3) as Charged in Count Four.[3]

### A.   Interactions with Lt. Smith

Defendant Bean claims he never provided any information to Lt. Smith and had no substantive interaction with him regarding the arrest of Tyre Nichols. (ECF No. 661 at PageID

---

[2] Defendant Bean's relative inexperience and junior status does not negate his obligations under MPD policy or federal law. The evidence at trial established that Defendant Bean received the same training as other officers regarding reporting requirements and the potential federal consequences of excessive force.

[3] This Order discusses certain evidence presented during the nearly four-week trial to explain the Court's ruling. However, this discussion is not exhaustive and does not catalogue every piece of evidence that supported the jury's verdict. In reviewing the sufficiency of evidence, the Court has considered the entirety of the trial record, including all exhibits, testimony, and other evidence presented to the jury. The specific evidence discussed in this Order represents examples that illustrate why Defendant Bean's arguments fail, but the Court's ruling is based on its comprehensive review of all evidence presented at trial.

10714–15.)  According to Defendant Bean's Motion, there is "no record evidence [he] provided any information to Lt. Smith nor responded to Lt. Smith's question or inquiry."  (*Id.* at PageID 10714.)  In his reply brief, Defendant Bean further asserts that it is "undisputed that there was no evidence to show that Defendant Bean corruptly persuaded or attempted to corruptly persuade Lt. Smith in any fashion."  (ECF No. 699 at PageID 14036.)

This focus on corrupt persuasion misconstrues the statutory requirements.  Section 1512(b) provides alternative means of violation through "misleading conduct."  Because the statute is written in the disjunctive, the Government needs to prove only one of these methods.

The legal standard for "misleading conduct" under 18 U.S.C. § 1515(a)(3)(B) encompasses both affirmative misrepresentations and material omissions.  As the Sixth Circuit has held, it includes intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading or intentionally concealing a material fact, and thereby creating a false impression.  *See Kliczak v. United States*, 940 F.2d 660 (6th Cir. 1991) (table).

The Government presented substantial evidence of Defendant Bean's misleading conduct through both documentary evidence and witness testimony.  First, body-worn camera footage shows that Defendant Bean participated in conversations where Defendant Martin admitted hitting Nichols with "straight haymakers," and Defendant Bean acknowledged Tyre Nichols was "eating" those blows.  (Exhibits 6, 7, and 9.)  When Lt. Smith arrived moments later, Bean participated in a second conversation where these details were omitted, and officers instead claimed Nichols was on drugs and actively resisting arrest.  (*Id.*)  Second, multiple witnesses, including MPD trainers

Commissioner Zayid Saleem[4] and Lieutenant Larnce Wright, testified that MPD DR 127 required Defendant Bean to report any misconduct by another officer to his supervisor. (*See e.g.* ECF No 606 at PageID 8758–60.) Third, Lt. Smith testified that he relied on these conversations and reports to complete his own supervisory documentation of the incident. (ECF No. 665 at PageID 10870.)

Defendant Bean's failure to make required disclosures is particularly significant given his training that excessive force could lead to federal investigation and prosecution. (ECF No. 588 at PageID 7861.) His subsequent admission to FBI investigators that he withheld information because he "didn't want to put the team in a bad position" and "didn't want to be labeled a snitch" provides direct evidence of his consciousness of guilt. (ECF No. 646 at PageID 10184.)

Based on the evidence, viewed in the light most favorable to the Government, a rational jury could find that Defendant Bean engaged in misleading conduct by intentionally withholding material information from Lt. Smith about the use of excessive force, with the intent to prevent that information from reaching federal law enforcement.[5] While this evidence alone would be sufficient to sustain the conviction, the Government presented additional evidence of misleading conduct through Defendant Bean's interactions with Det. McKinnie.

---

[4] Zayid Saleem now serves as a Judicial Commissioner for General Sessions Criminal Court in Shelby County. Prior to this role, he served as legal advisor to the Memphis Police Department, where he provided training to officers on topics including police liability and officers' duties under MPD policy.

[5] To be clear, the record unequivocally establishes that excessive force occurred during the incident. Co-Defendants Mills and Martin pleaded guilty to Count One, deprivation of rights under color of law resulting in death. (ECF No. 92; ECF No. 500.) Additionally, the jury found Defendant Haley guilty of the lesser included offenses in Count One, deprivation of rights under color of law resulting in bodily injury. (ECF No. 629.) These convictions and pleas demonstrate the underlying excessive force that Defendant Bean failed to report.

7

B.      **Interactions with Det. McKinnie**

Defendant Bean advances a similarly unavailing argument regarding his interactions with Det. McKinnie, asserting he had no interactions whatsoever with Det. McKinnie and, therefore, could not have obstructed justice through communications with her. (ECF No. 661 at PageID 10715.) Specifically, he argues there is "no record evidence to support that [he] had any conversation nor interaction" with Det. McKinnie. (*Id.*)

To establish a violation of § 1512(b)(3), the government must prove that the defendant knowingly engaged in misleading conduct toward another person with the intent to hinder, delay, or prevent the communication of information to a federal law enforcement officer. *Carson*, 560 F.3d at 580.

The Government's evidence contradicts Defendant Bean's claims in several ways. First, Det. McKinnie testified that she spoke with Defendant Bean and reviewed her draft report with him and the other SCORPION Team officers. (ECF No. 644 at PageID 9790 & 9787.) Second, Det. McKinnie testified that Defendant Bean admitted to being at the arrest scene, but Defendant Bean never disclosed any information about officers striking Nichols in the head or kicking him. (*Id.* at PageID 9788–89.) Third, Det. McKinnie's testimony about Defendant Bean's omissions is corroborated by his own subsequent admissions to FBI investigators that he withheld information because he "didn't want to put the team in a bad position" and "didn't want to be labeled a snitch." (ECF No. 646 at PageID 10184.)

Given this evidence demonstrating both active misrepresentation and material omissions, a rational jury could have found that Defendant Bean's conduct satisfied the elements of misleading conduct under § 1512(b)(3).

C. **Bean's Response to Resistance Report**

Defendant Bean's final argument concerns his Response to Resistance report, which he contends was truthful and complied with MPD policies. He argues that he "properly drafted his Response to Resistance Report documenting his use of force" and that MPD policy required him to document his own actions, not those of other officers. (ECF No. 661 at PageID 10715–16.)

The Sixth Circuit has held that, where officers receive training about excessive force potentially constituting federal crimes, a "reasonable jury could conclude that [the defendant] knew that writing a misleading report to cover up the use of excessive force might result in a federal investigation." *Carson*, 560 F.3d at 581. Here, multiple witnesses testified that Defendant Bean received such training, including Lt. Wright, who trained Defendant Bean that excessive force could lead to a federal investigation and prosecution. (ECF NO. 588 at PageID 7861.)

The evidence presented at trial does not support Defendant Bean's characterization of his Response to Resistance report. First, his report claimed he used only "soft hands techniques" when body camera footage and witness testimony established his use of punches. (Exhibit 16; ECF No. 588 at PageID 7912.) Second, Lt. Wright, who trained Defendant Bean in defensive tactics and use of force at the academy, testified that "soft hands techniques" refer to escort techniques or pressure point techniques, while punches are considered "hard hands" techniques. (ECF No. 588 at PageID 7868.) Third, multiple witnesses, including Lt. Wright and Lt. Smith, testified that Defendant Bean's description of using "soft hands techniques with a closed hand" was nonsensical and did not reflect MPD training. (ECF No. 606 at PageID 8710; ECF No. 644 at PageID 9738–40.) Lt. Smith further testified that Response to Resistance forms are "supposed to include everything that [sic] – that happened, you know, all the force that was used and everything that happened." (ECF No. 665 at PageID 10859.) And Lt. Wright testified that Defendant Bean's

9

Response to Resistance report was "not accurate from what we seen [sic] on video…." (ECF No. 606 at PageID 8710.)

The jury was able to directly compare the events captured on video (Exhibits 5–11), showing multiple angles of the violent encounter with Tyre Nichols against Defendant Bean's own Response to Resistance form (Exhibit 16) and Det. McKinnie's incident report (Exhibit 42). This allowed the jury to assess for itself whether Defendant Bean's written accounts matched the actual event they witnessed on video. Additionally, the jury heard testimony from Agent Householder about Defendant Bean's own proffer. (ECF No. 647 at PageID 10178–245.)

The evidence further demonstrates that Defendant Bean understood his reporting obligations. Lt. Wright testified that he trained officers about the importance of accurate reporting and the potential federal consequences of excessive force. (ECF No. 588 at PageID 7856 and 7861.) Moreover, Defendant Bean's own statements to FBI investigators that he withheld information because he "didn't want to put the team in a bad position" and "didn't want to be labeled a snitch" provide context for his reporting decisions. (ECF No. 646 at PageID 10184.)

Viewing this evidence in the light most favorable to the Government, a rational jury could conclude that Defendant Bean's conduct—participating in misleading conversations with supervisors, failing to report witnessed misconduct, and submitting an incomplete and inaccurate report—was intended to hinder the communication of truthful information to federal law enforcement about potential civil rights violations.

**D.     The Jury Verdicts Are Not Inconsistent**

Although first raised in his reply brief, Defendant Bean argues that his acquittal on Counts One through Three logically precludes his conviction on Count Four for obstruction of justice.[6] (ECF No. 699 at PageID 14034.)  Specifically, he contends that because he was found not guilty of using unreasonable force, failing to intervene, and conspiracy, "logically and legally he must be not guilty of Count Four." (*Id.*)

This argument fails for several reasons.  First, courts have consistently held that inconsistent verdicts are not reviewable. *United States v. Ruiz*, 386 F. App'x 530, 533 (6th Cir. 2010); *United States v. Beckman*, 624 F. App'x 909, 921–22 (6th Cir. 2015).  Rather than comparing verdicts, courts independently review the sufficiency of evidence supporting each conviction, regardless of verdicts on other counts. *Ruiz*, 386 F. App'x at 533.  Thus, a defendant may not argue that a partial acquittal means the jury "rejected the government's theory" in a way that undercuts a guilty verdict on other charges. *United States v. Ashraf*, 628 F.3d 813, 823 (6th Cir. 2011) (citing *United States v. Powell*, 469 U.S. 57, 65 (1984)).  As the Supreme Court has explained, an acquittal "merely proves the existence of a reasonable doubt as to his guilt," not that the defendant was found factually innocent. *Dowling v. United States*, 493 U.S. 342, 349 (1990).

Even if a jury returns irreconcilably inconsistent verdicts, "it is equally possible that the jury, convinced of guilt, properly reached its conclusion on [one count], and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the [other] offense[s]. *Powell*, 469

---

[6] In his reply, Defendant Bean repeatedly asserts this argument, claiming that if the evidence was insufficient to convict Defendant Bean of Counts One, Two, and Three, that same evidence must be insufficient to convict Defendant Bean of Count Four." (ECF No. 699 at PageID 4039.)  This misinterprets the meaning of an acquittal, which does not establish factual innocence but merely indicates the existence of reasonable doubt. *See Dowling v. United States*, 493 U.S. 342, 349 (1990).

U.S. at 65.  Thus, the existence of an inconsistent verdict does not invalidate the jury's finding of guilt.  As the Supreme Court held in *Dunn v. United States*, 284 U.S. 390, 393 (1932), "[c]onsistency in the verdict is not necessary.  Each count in an indictment is regarded as if it were a separate indictment."

The Sixth Circuit recently reaffirmed that inconsistent verdicts are permitted.  *Hollins v. Smith*, No. 24-3023, 2024 U.S. App. LEXIS 22718, at *6 (6th Cir. Sept. 5, 2024); *Mapes v. Coyle*, 171 F.3d 408, 419–20 (6th Cir. 1999) (rejecting a challenge to a guilty verdict that was allegedly inconsistent because inconsistent verdicts are viewed completely separately, and no conclusion may be drawn from comparing the two).

Second, § 1512(b)(3) does not require proof that the underlying conduct was actually criminal.  The statute prohibits misleading conduct intended to hinder communication about "the possible commission of a Federal offense."  In other words, the focus is on the defendant's obstructive conduct and intent, not whether the underlying offenses are ultimately proven beyond a reasonable doubt.

Third, the verdicts here are not inconsistent.  A reasonable jury could have concluded that, while Defendant Bean did not personally use excessive force or engage in a conspiracy, he later chose to mislead investigators about the incident.  The evidence supports this interpretation.  As discussed above, body camera footage shows that Defendant Bean participated in conversations where officers admitted using force, yet these details were omitted in subsequent conversations with supervisors.  (Exhibits 6, 7, and 9.)  Moreover, Defendant Bean's own statements to FBI investigators that he withheld information because "he didn't want to put the team in a bad position" and "didn't want to be labeled a snitch" provide evidence of his intent to obstruct,

12

regardless of his personal involvement in any underlying offenses. (ECF No. 646 at PageID 10184.)

The jury could reasonably find such behavior constituted obstruction while simultaneously finding reasonable doubt as to his direct participation in the use of force. Moreover, even if the verdicts could be characterized as inconsistent, that would not provide grounds for acquittal. *See Ruiz*, 386 F. App'x at 533; *see also Dunn*, 284 U.S. at 393.

## CONCLUSION

The Court has twice before found the evidence sufficient when viewed in the light most favorable to the Government, and nothing in Defendant Bean's current motion warrants a different result. Accordingly, Defendant Bean's Motion for Judgment of Acquittal (ECF No. 661) is **DENIED**.

**IT IS SO ORDERED**, this 5th day of May, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE