IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA

    **Plaintiff,**

vs.                                                                              Case No.: 2:23-cr-20191-MSN

EMMITT MARTIN, III,
TADARRIUS BEAN, DEMETRIUS
HALEY, DESMOND MILLS, JR.,
AND JUSTIN SMITH

    **Defendant.**

---

### ADDENDUM TO THE PRESENTENCING POSITION OF TADARRIUS BEAN

After the recent state trial of Tadarrius Bean, he asserts that his Pre-Sentence Report should reflect the following:

**Related to the "Cross Reference"**

1. As the Court is well aware, Tadarrius Bean went to trial on this matter beginning September 9, 2024, and the same ending on October 3, 2024.

2. 2. Likewise, this Court is aware that Defendant Bean went to trial in the case of the State of Tennessee vs. Tadarrius Bean, Cause No. 23-00241, a seven-count indictment, where Mr. Bean was acquitted on all counts.

3. This court is well aware that while Defendant Bean was never charged with Murder in the Second Degree pursuant to 18 U.S. Code, Section 1112, he was acquitted of all charges related to Civil Rights Deprivation leading to death (Counts 1 and 2), and Conspiracy (Count 3)

4. This Court may or may not be aware that the state court case included Second Degree Murder as one of the seven acquitted counts.

5. To use a "cross-reference" to second degree murder in light of the fact that Defendant Bean has faced a total of 11 counts but has been found guilty of one count related to improper reporting of the incident would not be logical nor fair to Defendant Bean.

6. To use a "cross-reference" would grotesquely undermine the right to be tried and acquitted by a jury of peers, which is one of the cornerstones of our judicial system. Related to Bean's Minor Role.

7. Defendant Bean asks that this Court would find the following in relation to Defendant Bean's role in **Obstruction of Justice:**

8. Defendant Bean was the most junior member of Team 1 of the Memphis Police Department SCORPION Unit.

9. Defendant Bean's focus was on the fact that he had the most difficult arrest in which he had ever participated when Lt. Smith arrived.

10. Defendant Bean was extremely fatigued and believed that the suspect was under the influence of a controlled substance because his strength was so extraordinary.

11. Defendant Bean was with the suspect at St. Francis Hospital when Detective Valendria McKinnie was at the SCORPION Unit officer on Flicker Street. Defendant Bean had no information regarding the alleged assault on Defendant Emmit Martin (by grabbing Defendant Martin's service weapon). Detective McKinnie's purpose of taking statements was because of the alleged assault on Defendant Martin, while on the first scene. Defendant Bean would have been on another scene when this allegedly took place.

12. Defendant Bean was criticized at trial for using the term "soft handed closed fist" by the Government, but the term was in the report that was prepared after 2:00 a.m. without the benefit of the City of Memphis' Response to Resistance sheet of terms. In short, one

could easily ascertain that the erm was an attempt to describe the level of force that he uses in attempting to arrest the suspect.

13. Defendant Bean neither instructed nor coerced any officers to explain, write, or in anyway, communicate in a way that was meant to frustrate the efforts of investigators or detectives. Accordingly, Defendant Bean would ask for a 4-point reduction in the criminal category related to the same.

### Conduct out of Defendant's Character

14. Defendant Bean asks that this Court take note that all witnesses were consistent in their testimony that Defendant never participated in:

    a. "street tax" or summary punishment of suspects;

    b. "excessive force" as described during trial;

    c. Any incidents where in his honesty was ever brought into question.

15. The testimony regarding this fact was consistent in both trials

16. The courts in both the state and federal trial received character testimony from witnesses regarding Defendant Bean's high character and truthfulness.

17. Accordingly, Defendant Bean asks for a full reduction since the charge for which Defendant Bean was convicted is totally uncharacteristic for him. This should be a 2-point reduction.

Respectfully Submitted,

s/ John Keith Perry, Jr.
John Keith Perry, Jr., #24283
Attorney for Defendant
5699 Getwell Road. Bldg. G5
Southaven, MS 38672
P: 662-536-6868
F:662-536-6869
Email: JKP@PerryGriffin.com

**CERTIFICATE OF SERVICE**

I, John Keith Perry, certify that I have filed a true and correct copy of the above and foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record.

**David Pritchard**
U.S. ATTORNEY'S OFFICE
Federal Building
167 N. Main Ste. 800
Memphis, TN 38103
Email: david.pritchard2@usdoj.gov

**Forrest Christian**
DOJ-CRT
950 Pennsylvania Avenue, NW Building
Room 7116
Washington, DC 20530
Email: Forrest.Christian@usdoj.gov

**Kathryn Gilbert**
DOJ-CRT
950 Pennsylvania Ave NW
Washington, DC 20530
Email: kathryn.gilbert@usdoj.gov

**Elizabeth Jane Rogers**
US ATTORNEY'S OFFICE
167 N. Main Suite 800
Memphis, TN 38103
elizabeth.rogers@usdoj.gov

**Andrew Manns**
DOJ-CRT
150 M Street NE
Washington, DC 20002
andrew.manns@usdoj.gov

**William D. Massey**
MASSEY & MCCLUSKY
3074 East Street
Memphis, TN 38128
Email: masseymccluskylaw@gmail.com

**Stephen R. Leffler**
LAW OFFICE OF STEPHEN R. LEFFLER, P.C.

2670 Union Avenue Ext Suite 819
Memphis, TN 38112
stephenrleffler@yahoo.com

**Michael Stengel**
MICHAEL J. STENGEL, ATTORNEY AT LAW
619 South Cooper Street Memphis, TN 38104
Email: stengel12260@mjspc.com

**Martin W. Zummach**
SPARKMAN ZUMMACH, P.C.
P.O. Box 266 Southaven, MS 38671-0266
Email: martin@sparkman-zummach.com

This the 5th  day of June 2025.

/s/ John Keith Perry, Jr._____
JOHN KEITH PERRY, JR.
