IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES,

    Plaintiff,

v.                                                No. 23-20191

DEMETRIUS HALEY,                            **FILED UNDER SEAL**

    Defendant.

---

DEMETRIUS HALEY'S SEALED MOTION FOR NEW TRIAL

---

Comes now the defendant, Demetrius Haley, by and through his counsel of record, and, pursuant to Fed. R. Crim. P. 25(b)(2)[1] and 33(b)(1), moves this court to grant a new trial on the counts of conviction. In support thereof, Mr. Haley would show:

Demetrius Haley learned that the United States was going to seek a continuance of his sentencing due to an *ex parte* communication initiated by Judge Norris upon receipt of an email seeking his position. The email was received on June 10, 2025. (Ex. A, attached). Three days later, June 13, 2025, Haley received a brief summary of the *ex parte* communication when the government filed a Sealed Notice on the record. (R. 846, Notice of Oral Communication). Thereafter, Judge Norris recused himself from

---

[1] Judge Norris' recusal makes Rule 25 applicable. United States v. Colon-Munoz, 292 F.3d 18 (1st Cir. 2002).

further consideration of the case. (R. 854, Order of Recusal, ID 16006). The basis for the recusal is undisclosed. Clearly, even the United States recognized that the *ex parte* communication, at a minimum, raised the spectre of an appearance of impropriety requiring recusal pursuant to 28 U.S.C. § 455(a) (R. 846, Notice of Oral Communication). In addition, the bare bones disclosure certainly gives credence to the possibility that Judge Norris harbored actual bias or prejudice, mandating recusal pursuant to 28 U.S.C. § 144. Judge Norris wants the home invasion shooting of Razi Lane solved. Based upon the chronology of his *ex parte* statements to management in the U.S. Attorney's Office, it is simply illogical to surmise that Judge Norris didn't have the opinion that the Memphis Police Department is "gang infested to the top" during this trial. Otherwise, his refusal to report and give a statement to MPD to aid the investigation of that shooting within days of the verdict herein makes no sense. The fact that the Notice of Oral Communications, R. 846, is unrebutted, unchallenged, and uncontested leads inexorably to the conclusion that, although a meager summary, it is accurate.

This court has ample authority to grant a new trial based upon this newly discovered evidence. The newly discovered evidence itself permits granting a new trial pursuant to Rule 33(b)(1). Moreover, given the protracted pretrial proceedings, multiple

erroneous rulings on contested issues both pretrial and during the trial, and the lengthy trial involving 27 witnesses, a successor judge cannot properly perform sentencing, authorizing a new trial pursuant to Rule 25(b)(2)(A), while other reasons – the legally erroneous rulings – authorize a new trial pursuant to Rule 25(b)(2)(B). Granting a new trial will prevent a manifest injustice and enable this court to perform its duties fairly, accurately, impartially, and within the bounds of the law without the handicap of proceedings impacted by Judge Norris' partiality.

While the circumstances are entirely different, the Sixth Circuit has acknowledged the authority of a successor judge to grant a new trial either because "a judge other than the one who presided at trial cannot perform post-trial duties; or . . . a new trial is necessary for some other reason". United States v. Winkle, 477 F.3d 407, 419 (6th Cir. 2007).  A new trial is necessary to prevent a manifest injustice, provide Demetrius Haley due process and the fair trial he is constitutionally entitled to receive, and provide the public a fair, open proceeding.

Contested issues which resulted in legally erroneous rulings that prejudiced Demetrius Haley and authorize a new trial pursuant to Rule 25(b)(2)(B) include the following:

1. Improper limitation on his ability to cross-examine Desmond Mills and Emmitt Martin caused by granting U.S. Motion *in*

*limine,* R. 299. (R. 559, Order; R. 599, TR., 9/18/24, ID 8228-36); United States v. Taylor, 127 F.4th 1008 (6th Cir. 2025);

2. The erroneous admission of prior act evidence over Haley's objection and without any requirement that the prior acts admitted constitute excessive, rather than simply the actual use of force. (R. 130, 146, 339, 392, 404, 481, 506; R. 515, Order);

3. Improperly excluding relevant, admissible *res gestae* evidence regarding Tyre Nichols. R. 236, 237, 254, 267; R. 517, Order);

4. Improperly allowing Lt. Larnce Wright, MPD to offer opinion testimony on the use of force. R. 160; R. 671, TR., 9/11/24, ID 11297-347; R. 588, TR., 9/12/24, ID 7851;

5. The erroneous admission of "blue team" forms as trial exhibits 16-18 contrary to Garrity v. New Jersey, 385 U.S. 493 (1967). R. 672, TR., 9/12/24, ID 11439-59; R. 673, TR., 9/13/24, ID 11467-546; R. 576, Garrity hearing Exhibit/witness list;

6. Improperly limiting the testimony of Don Cameron, who was qualified to offer opinion testimony in the area of use of force. R. 696, TR., 9/27/24, ID 13779-802.

Based upon the foregoing, a new trial should be granted. Alternatively, this court should grant Demetrious Haley the opportunity to obtain full details of all related *ex parte* communications Judge Norris made to the prosecution team/U.S. Attorney's Office/Department of Justice, including U.S. Marshal's Service prior to conducting an evidentiary hearing for him to establish that Judge Norris held an actual bias or prejudice during the pendency of this case.

Finally, given the lengthy procedural history and record in this case, in view of the acknowledgement that Judge Norris cannot perform the remaining judicial duties necessary herein, this court should make an explicit record of what it has done to certify sufficient familiarity with the trial record to proceed.

WHEREFORE, PREMISES CONSIDERED, Mr. Haley prays this court grant his motion and order a new trial on the counts of conviction without disturbing his acquittal on the two counts of violating Tyre Nichols' civil rights resulting in his death to which jeopardy has attached. United States v. Scott, 437 U.S. 82, 90-91 (1978). Alternatively, limited discovery and an evidentiary hearing should be ordered.

Respectfully submitted,

S/Michael J. Stengel

_____
Michael J. Stengel (12260)
Lawyer for Demetrius Haley
619 South Cooper Street
Memphis, TN 38104
(901) 527-3535

S/Stephen R. Leffler

_____
Stephen R. Leffler (11038)
Lawyer for Demetrius Haley
2670 Union Ave. Extd., Ste. 819
Memphis, TN 38112
(901) 509-9112


Certificate of Service

      I hereby certify that, due to the sealed nature of the filing, I have served a copy of the foregoing Motion for New Trial by email on AUSA's David Pritchard, Kathryn Gilbert, Forrest Christian, and Andrew Manns and counsel for the co-defendants this 17th day of June, 2025.

S/Michael J. Stengel