IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 23-20191

DEMETRIUS HALEY,                 **<u>FILED UNDER SEAL</u>**

    Defendant.

---

DEMETRIUS HALEY'S SEALED REPLY TO UNITED STATES' OMNIBUS
RESPONSE IN OPPOSITION (R. 904) TO HIS MOTION FOR NEW TRIAL

---

    Comes now the defendant, Demetrius Haley, by and through his counsel of record, and replies to the United States' response in opposition to his request for a new trial as follows:

    First, Mr. Haley has explicitly sought a new trial, *inter alia,* pursuant to Fed. R. Crim. P. 25(b)(2). (R. 861, Haley's Motion for New Trial). It authorizes this court to grant a new trial for either of two reasons. A new trial is appropriate if, as a successor judge, it finds that "a judge other than the one who presided at the trial cannot perform the post-trial duties" or "a new trial is necessary for some other reason". Fed. R. Crim. P. 25(b)(2). It is axiomatic that this court cannot rule on Haley's motion for a new trial pursuant to Rule 25(b)(2) until it

determines BOTH that it can perform the post-trial duties AND whether there is "some other reason" to grant a new trial.[1]

Next, the United States' opposition and response, R. 904, focuses exclusively on whether Haley meets the standard for a new trial pursuant to Fed. R. Crim. P. 33. Contrary to Rule 25(b)(2), Rule 33(a) requires Haley to establish that the "interest of justice requires" a new trial, not simply whether this court found, in the different language that Congress chose to pass in enacting Rule 25(b)(2)(B), that it is satisfied "some other reason" exists to grant a new trial. United States v. Winkle, 477 F.3d 407, 419 (6th Cir. 2007). The United States also chose not to address Judge Norris' repeated violations of the ABA Code of Judicial Conduct, Canon 3A(4) in its response. (See, R. 897, Haley's Motion to Compel). In short, while it has opposed granting Haley a new trial pursuant to Fed. R. Crim. P. 33(a), the United States has waived any opposition to Haley's request for a new trial pursuant to Rule 25(b)(2). (See, L.Crim.R. 12.1(c)).

Even without the meager additional information Haley has moved this court to compel the United States to produce[2], ample evidence exists that Demetrius Haley is entitled to a new trial,

---

[1] Once made, Demetrius Haley accepts this court's decision on whether it can perform post-trial duties without granting a new trial, however, maintains a new trial is necessary for "some other reason" consistent with Fed. R. Crim. P. 25(b)(2)(B).

[2] He seeks an MPD report in possession of the USAO; a single email Judge Norris sent AUSA Boswell; and Judge Norris' requests for additional security attributable to being assigned this case and the civil case seeking compensation for Tyre Nichols' alleged wrongful death. Compare the expansive request for full scale discovery made by Emmitt Martin. (R. 899, Martin Motion).

ensuring that his constitutional right to Due Process and a fair trial before an impartial judge is honored. Chapman v. California, 386 U.S. 18, 23 fn. 8 (1967); Railey v. Webb, 540 F.3d 393, 399 (6th Cir. 2008). Failure to grant a new trial will result in a manifest injustice.

The record already reflects that as early as October, 2024, within days of the verdict, Judge Norris violated the Code of Judicial Conduct[3] by initiating *ex parte* contact with the USAO regarding matters he believed and, apparently, still believes are related to this case. This violation – his statements – clearly and explicitly expressed his personal bias against Haley, his trial co-defendants, and the Memphis Police Department. (Hereafter "MPD"). The statement "MPD was infiltrated to the top with gang members" was made between October 21 – November 15, 2024 while he stated and believed that "at least one of the defendants [in this case] was in a gang and the gang was responsible for shooting R.L., despite intending to shoot another former clerk", which was expressed to the USAO, *ex parte,* on May 30, 2025. Not coincidently, Judge Norris issued notices setting Haley's sentencing date for June 17, 2025 on May 30, 2025, the same date he expressed this prejudice. (R. 820, Setting Letter). Judge Norris' statements are false and without any factual basis, (R.

---

[3] Canon 3A(4) provides, in pertinent part, "a judge should not initiate, . . . ex parte communications or consider other communications concerning a pending . . . matter that are made outside the presence of the parties or their lawyers"..

895, U.S. Supplemental Disclosure), yet, Judge Norris' unexplained[4] recusal and decision not to contest any of the facts the government disclosed at R. 846, when he remained the presiding judge, compel this court to rely on those statements as accurate and established for the purpose of proceeding herein. It is analogous to the basis for the existence of the rule regarding adoptive admissions against interest.

Judge Norris made the gang statements on at least two occasions, demonstrating that it is a firmly held belief, not an off-hand remark. The impact of the prejudicial statements is exacerbated by the fact that his known expressions were made *ex parte* to the USAO prosecuting him and that they were made while the case was active, with matters pending. The Fall 2024 statement was made while Demetrius Haley's bond appeal was pending. The May 30, 2025 statement was made the date he set Haley's sentencing hearing for roughly two weeks hence. Clearly, Judge Norris intended to sentence Demetrius Haley on June 17, 2025 until his personal bias was exposed.

The Sixth Circuit has noted that judicial bias is structural error, not subject to forfeiture or harmless error analysis. <u>Railey v. Webb</u>, *supra,* at 399. Due Process demands that the judge be unbiased because "our system of law has always endeavored to

---

[4] Demetrius Haley describes the recusal as "unexplained" because neither the order nor any other pleading indicates whether the recusal was pursuant to 28 U.S.C. § 144 or 455.

prevent even the probability of unfairness". In re Murchison, 349 U.S. 133, 136 (1955). Logic, Judge Norris' repeated initiation of *ex parte* communication with the USAO, his holding onto the "gang theory" of R.L.'s shooting for months despite being presented evidence to the contrary, and his willingness to sentence Haley while harboring personal bias without any basis in fact or the record of the case are ample reason for this court to exercise the authority it has pursuant to Fed. R. Crim. P. 25(b)(2)(B), if not any other basis, and grant Demetrius Haley a new trial.

WHEREFORE, PREMISES CONSIDERED, Emmitt Martin's opposition is not supported by law, not well taken and Haley's motion should be granted.

Respectfully submitted,

S/Michael J. Stengel
_____
Michael J. Stengel (12260)
Lawyer for Demetrius Haley
619 South Cooper Street
Memphis, Tennessee  38104
(901) 527-3535

S/Stephen R. Leffler
_____
Stephen R. Leffler (11038)
Lawyer for Demetrius Haley
2670 Union Ave. Extd., Ste. 819
Memphis, TN 38112
(901) 509-9112

<u>Certificate of Service</u>

    I hereby certify that I have served a copy of the foregoing Sealed Reply to United States' Response in Opposition to Motion for New Trial by email on AUSA's Karen Hartridge, Kathryn Gilbert, Forrest Christian, Andrew Manns and counsel for the co-defendants due to the fact that it has been filed under seal this 23d day of July, 2025.

                                          S/Michael J. Stengel