IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES,

    Plaintiff,

v.                                                          No. 23-20191

DEMETRIUS HALEY,

    Defendant.

---

MOTION FOR BOND PENDING TRIAL

---

Comes now the defendant, Demetrius Haley, by and through his counsel of record, and moves this court to reinstate his bond and order his release pending trial. In support thereof, Mr. Haley would show:

1. Mr. Haley concedes that, if the United States demands, it is entitled to a detention hearing, however, the decision is governed by 18 U.S.C. § 3142 since he is presumed innocent and awaiting trial. Moreover, the rebuttable presumption for detention is inapplicable. 18 U.S.C. § 3142(e).

2. This court is required to set the least restrictive set of conditions necessary to reasonably assure his appearance and the safety of any member of the community. 18 U.S.C. § 3142(b),(c).

3. Upon indictment Demetrius Haley promptly surrendered as scheduled. When his release was governed by 18 U.S.C. § 3142 rather than § 3143, like now, with the government's agreement, (R. 14, Minutes: Initial Appearance/Arraignment), he was released on an unsecured bond. (R. 20, Order Setting Conditions of Release, ID 39-44; R. 53, Order Amending Release Conditions, ID 152). Pursuant to those orders Demetrius Haley was on bond from September 13, 2023 until October 3, 2024 and fully compliant with the conditions of his release. (R. 528, PTS Report, ID 7510; R. 585, Amended PTS Report, ID 7839-40).

4. In preparation for any hearing ordered, counsel has confirmed that since his detention on October 3, 2024 Mr. Haley has not had any write-ups or disciplinary infractions. Written documentation will be submitted at the hearing.

5. Mr. Haley was acquitted of a violation of civil rights resulting in death. He now faces less serious charges and potential penalties than when the government agreed to a bond. He cannot be retried for civil rights violation resulting in death due to his acquittal of this offense and the Double Jeopardy clause. U.S. Const., amend. 5. "There is no question that a jury verdict of acquittal precludes retrial". Evans v. Michigan, 568 U.S. 313, 328 (2013) *citing* Ball v. United States, 163 U.S. 662, 671 (1896). One of his co-defendants, Desmond Mills, has been convicted of

violating § 242 resulting in death and awaits sentencing. His release is governed by § 3143, rather than § 3142. While each is an individualized decision, the government's decision not to seek Mills' detention pending sentencing pursuant to § 3143 speaks volumes about the nature and circumstances of the offense charged, which is a proper factor to consider. 18 U.S.C. § 3142(g)(1). Actions speak louder than words.

6. Mr. Haley is neither a flight risk nor a danger to others, which his history and characteristics reflect. He has been detained at the same facility as another co-defendant, Emmitt Martin. Despite the fact that Mr. Martin actually testified against him, no separatee order is in place. Mr. Haley is such a low risk of threat that the U.S.M.S has been transporting them to and from the federal building for court appearances in the same van. There has been no improper conduct or statements from Mr. Haley, vividly demonstrating that he is not a threat to anyone.

7. Finally, in view of his acquittal of the § 242 resulting in death charges (R. 627, Jury Verdict, ID 9513-14) and the state murder, aggravated kidnapping, aggravated assault, official misconduct, and official oppression charges Demetrius Haley faces less serious charges and significantly less potential time than when he was previously released on bond and fully compliant with his release conditions.

8. The undersigned have consulted with the prosecution and learned from DOJ Attorney Forrest Christian that the United States objects to Demetrius Haley's release pending trial.

WHEREFORE, PREMISES CONSIDERED, Demetrius Haley prays this court promptly conduct any hearing necessary, consider the proof presented, and impose the least restrictive condition(s) necessary to reasonably assure his appearance and the safety of members of the community pending trial.

Respectfully submitted,

S/Michael J. Stengel
_____
Michael J. Stengel (12260)
Lawyer for Demetrius Haley
619 South Cooper Street
Memphis, TN 38104
(901) 527-3535

/Stephen R. Leffler
_____
Stephen R. Leffler (11038)
Lawyer for Demetrius Haley
2670 Union Ave. Extd., Ste. 819
Memphis, TN 38112
(901) 509-9112

## Certificate of Service

I hereby certify that I have served a copy of the foregoing Motion for Bond Pending Trial by electronic means, via the Court's electronic filing system, on AUSA's Kathryn Gilbert, Forrest Christian, and Andrew Manns this 1st day of September, 2025.

S/Michael J. Stengel