IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                               Case No.: 2:23-cr-20191-MSN

EMMITT MARTIN, III,
TADARRIUS BEAN, DEMETRIUS
HALEY, DESMOND MILLS, JR.,
AND JUSTIN SMITH

    **Defendant.**

## DEFENDANT, TADARRIUS BEAN'S, POSITION REGARDING COUNTS THAT ARE NOT PRECLUDED BY THE PROHIBITON AGAINST DOUBLE JEOPARDY

COMES NOW Defendant, Tadarrius Bean, by and through his attorney of record, and submits his position regarding the counts that are not precluded by the prohibition against double jeopardy. In support of his position, Defendant, Tadarrius Bean, would state as follows:

1. Tadarrius Bean ("Defendant Bean") has been acquitted of three (3) of four (4) of the counts that comprised the case currently before this Court.

2. The principles of the United States Constitution prohibiting a criminal defendant from twice having his liberty placed in jeopardy for the same charged case is a principle that has consistently been expound in both the United States Supreme Court and the Sixth Circuit Court of Appeals in the following cases:

   A. **U.S. Supreme Court cases**

   1. U.S. vs. Martin Linen Supply Co., 430 U.S. 564 (1977)

   2. Burks vs. U.S., 437 U.S. 1 (1978)

   3. U.S. vs. Ball, 163 U.S. 662 (1896)

   4. Smith vs. Massachusetts, 543 U.S. 462 (2005)

   B. **Sixth Circuit Court of Appeals cases**

    1. U.S. v. Foster, 945 F.3d 470 (6th Cir. 2019)

    2. Soto v. Siefker, (6th Cir. 2003)

    3. U.S. v. Love, 597 F.2d 81 (6th Cir.1979)

3. Defendant Bean adopts the pronouncements and analysis of Defendant Justin Smith and incorporates the same into the body of this memorandum verbatim. Both defendants are identically situated in regard to acquitted conduct, and the analysis of Defendant Smith's memorandum is well stated.

4. Defendant Bean has reviewed the trial transcript and although deficient to the point of virtual non-existence, the proof of witness tampering would have had to come from either Lieutenant DeWayne Smith or Detective Valandria McKinnie.

5. At trial, witnesses have consistently discussed the fact that this testimony was coerced or incentivized by the desire to earn leniency.

6. Lieutenant DeWayne Smith was clear in his previous testimony that:

  a. Defendant Bean's "Blue Teams Report" could have been written to expose what he did, and that he was not responsible for explaining the actions of other actors on said scene.

  b. Defendant Bean never affirmatively lied or misled investigators.

7. At trial, the Government relied on the testimony of Detective Valandria McKinnie. The questions posed to Ms. McKinnie during her direct examinations gave the impression that Defendant Bean was present during her investigation of part of the events from the evening of the arrest of Tyre Nichols.

8. Detective McKinnie has provided an affidavit that clearly explains the misleading nature of her direct examination and the fact that:

    a.  Defendants Bean and Smith were not present when the information that she was tasked with discovering was rendered.

    b.  Defendants Bean and Smith would not have been present on the scene of the initial traffic stop of Tyre Nichols and would not have had information relevant to her inquiry. [1]

9. Due to the lack of any credible information regarding "Obstruction of Justice by Witness Tampering" the Government should not spend Government resources to prosecute said count.

Respectfully submitted,

**PERRY GRIFFIN, PC**
/s/ John Keith Perry, Jr.
John Keith Perry, Jr., #24283
Attorney for Tadarrius Bean
5699 Getwell Road. Bldg. G5
Southaven, MS 38672
P: 662-536-6868
F: 662-536-6869
JKP@PerryGriffin.com

---

[1] Attached to the body of this paper is Ms. McKinnie's Affidavit.

**CERTIFICATE OF SERVICE**

I, John Keith Perry, certify that I have filed a true and correct copy of the above and foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record:

David Pritchard
U.S. ATTORNEY'S OFFICE
Federal Building
167 N. Main St.
Ste. 800
Memphis, TN 38103
Email: david.pritchard2@usdoj.gov

Forrest Christian
DOJ-CRT
950 Pennsylvania Avenue, NW Building
Room 7116
Washington, DC 20530
Email: Forrest.Christian@usdoj.gov

Kathryn Gilbert
DOJ-CRT
950 Pennsylvania Ave NW
Washington, DC 20530
Email: kathryn.gilbert@usdoj.gov

William D. Massey
MASSEY & MCCLUSKY
3074 East Street
Memphis, TN 38128
Email: masseymccluskylaw@gmail.com

Michael Stengel
MICHAEL J. STENGEL, ATTORNEY AT LAW
619 South Cooper Street Memphis, TN 38104
Email: stengel12260@mjspc.com

Blake D. Ballin
BALLIN BALLIN & FISHMAN
200 Jefferson Ave. Ste. 1250 Memphis, TN 38103
Email: bballin@bbfpc.com

Martin W. Zummach<br>
SPARKMAN ZUMMACH, P.C.<br>
P.O. Box 266 Southaven, MS 38671-0266<br>
Email: martin@zummachlaw.com

This the 8th day of September 2025.

/s/ John Keith Perry, Jr.<br>
JOHN KEITH PERRY, JR.