IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | CR. No. 2:23-cr-20191-MSN |
| | ) | |
| **EMMITT MARTIN, III** | ) | |

### SUPPLEMENT TO MOTION FOR REVOCATION OF DETENTION ORDER AND MOTION FOR RELEASE UNDER APPROPRIATE CONDITIONS

A pending motion before this Court seeks the release of Emmitt Martin, III, on appropriate conditions, or, in the alternative, revocation of the Magistrate Judge's Order of detention for Mr. Martin. *See* (Motion for Revocation, ECF No. 801, PageIDs 15474–15494); (Memorandum in Support of Motion for Revocation, ECF No. 802, PageIDs 15495–15515). The motion's premise is that this revocation order was entered against the then-joint recommendation of the parties and based on an unsupported finding that Mr. Martin committed the (uncharged) Tennessee misdemeanor offense of harassment during a coparenting dispute with his daughter's mother; pursuant to either 18 U.S.C. § 3145(b) or (c), this Court could grant his release. *See*, *e.g.*, (Memorandum, ECF No. 802, PageIDs 15513–15514) (identifying "exceptional circumstances" warranting release). Mr. Martin had been successfully working, cooperating with the government, and complying with the terms of his release for nearly 18 months when he was ordered to be detained pending sentencing. Despite his record of compliance, the Probation Office sought his detention based on allegations stemming from a strained coparenting relationship and did so prior to conducting an independent investigation, notably, to avoid a potential "circus" in this "high-profile case." *See* (*id.*, PageID 15498). Mr. Martin should not have been detained; like his similarly situated codefendants who have been granted new trials, Mr. Martin should be released pending trial and/or sentencing. *See* (Orders Granting Release, ECF Nos. 936 [Haley], 942 [Bean], 943

[Smith]); *see also* (Motion to Excuse Mills' Appearance, ECF No. 937, PageID 16605) (noting out on bond).

This supplemental filing seeks to bring the Court's attention to a relevant development since Mr. Martin's motion was filed in March 2025, specifically, the Court's finding that structural error related to the appearance of judicial bias warrants a new trial for Mr. Martin's codefendants. *See* (Order, ECF No. 919, PageIDs 16555–16565). As concerns this motion, even though structural error premised on judicial bias does not require proof of prejudice or invalid judicial rulings, an objective view of Judge Norris' handling of Mr. Martin's motion to be released pending sentencing suggests the appearance of bias, which should not be tolerated. Namely, Judge Norris ordered the government to file a response to Mr. Martin's motion to be released from detention, even though his motion (1) explained the government's initial agreement and statements to the Magistrate Judge that Mr. Martin should be released with additional conditions of release sufficient to address any concerns, and (2) certified that defense counsel consulted with the government before filing the motion, and the government did not take a position on the motion. Indeed, the government only opposed Mr. Martin's re-release *after* the District Court ordered a response.

For the following reasons, Mr. Martin asks this Court to review his motion for release and find that—either based on the original reasons identified in the motion, or with the additional consideration of the government's change in position coupled with the issue of judicial bias—he should be released pending sentencing.[1]

---

[1] In July, before the Court granted Mr. Martin's codefendants' motions for a new trial, the government took the position that it "would make sense" for Mr. Martin and Mr. Mills to be sentenced "after the trial defendants." *See* (Transcript, ECF No. 914, PageID 16503). All sentencings in this case were then scheduled for December 2025 with Mr. Martin scheduled fourth of out of the five codefendants. *See* (Notice of Setting, ECF No. 912, PageID 16467).

I. **Background.**

In September 2023, Mr. Martin was indicted and placed on an unsecured Appearance Bond. *See* (Appearance Bond, ECF No. 37, PageIDs 92–97). In August 2024, Mr. Martin pleaded guilty to two of the charges against him. (Plea Agreement, Doc. 499, PageIDs 7235). He was allowed to remain out on bond pending sentencing. *See* (Order on Change of Plea, Doc. 500, PageID 7236). In February 2025, he was accused of violating the condition of release that prohibits violating "federal, state, or local law while on release." *See* (Order Setting Conditions of Release, ECF No. 37, PageID 94).

Even though Mr. Martin had been "very" compliant on pretrial release, the probation office sought Mr. Martin's detention without first investigating the allegations. *See* (Memorandum, ECF No. 802, PageID 15498) (noting probation officer's explanation in this "high-profile case" of bringing allegations to court's attention, which "could be bigger . . . [or], you know, nothing at all" to avoid issue "blow[ing] up in the media").

The Magistrate Judge revoked Mr. Martin's bond on two bases: first, that he violated the conditions of his release by committing the offense of harassment, a Tennessee misdemeanor, when he sent text messages to his daughter's mother (the complainant); second, that 18 U.S.C. § 3143(a)(2) requires Mr. Martin be detained pending sentencing. Neither basis supports Mr. Martin's detention pending sentencing. There was insufficient proof that Mr. Martin violated his release conditions: (1) Mr. Martin admitted that he sent text messages expressing frustration that he was not getting to see his daughter, and he provided additional context about his strained relationship with the complainant to explain why his frustration should not be viewed as threatening; (2) the probation officer merely relayed the complaint's hearsay, conducted no independent investigation, testified that she did not know the parties' relationship or

circumstances, and admitted that the complaint could either be "bigger than what it looks like" or "nothing at all," *see* (Transcript, ECF No. 793, PageID 15399–15400); (3) the court received no exhibits in evidence and heard no other witnesses' testimony; and (4) Tennessee courts require juries to determine whether a communication constitutes a threat to constitute harassment. *See generally* (Memorandum, ECF No. 802, PageIDs 15496–15514).

When Mr. Martin moved for his release pending sentencing, he noted that (1) the government originally agreed he was not a flight risk or a threat to the community and that release was proper and, (2) even following the magistrate's decision, the government took no position on the matter. *See* (Motion, ECF No. 801, PageIDs 15477, 15494) (attaching Certificate of Consultation).

However, in April 2025, Judge Norris then "**DIRECTED**" the government to file a response to Mr. Martin's motion to address four specific questions, including whether Mr. Martin's alleged violation of state law "supports continued detention." (Order, ECF No. 804, PageIDs 15520–15521). Following the judge's direction, the government's position changed. The government informed the District Court that Mr. Martin's text message exchange with his daughter's mother was a "close call," but would "appear to violate" the state harassment statute and so "would support continued detention." *See* (Response, ECF No. 806, PageID 15527). Moreover, the government also took the position that Mr. Martin is not eligible for release. *See* (*id.*, PageIDs 15528–15529).

In June 2025, before ruling on Mr. Martin's motion for release, Judge Norris recused himself from further proceedings in this case. *See* (Order, ECF No. 854, 16006). Mr. Martin's codefendants then moved for new trials based on the underlying facts concerning that recusal. *See*

(Order, ECF No. 919, PageIDs 16555–16556) (summarizing motions and the government's response).

In August 2025, this Court granted new trials for each of Mr. Martin's codefendants who went to trial. (*Id.*) The Court reasoned that "Judge Norris' decisions throughout this case were deliberate and searching" and not inconsistent with the law, but the Due Process Clause means that "justice must satisfy the appearance of justice," and the "extreme set of facts" in this case and the "requisite objective standard" lead to the conclusion that new trials are warranted. (*Id.*, PageID 16556, 16564–16565). The Court also noted that judicial bias is "structural error," which is not susceptible or amenable to harmless error analysis. (*Id.*, PageID 16565).

Although convicted on some counts, Mr. Martin's codefendants have been released pending their new trials. *See* (Orders Granting Release, ECF Nos. 936 [Haley], 942 [Bean], 943 [Smith]).

**II.    Mr. Martin is not required to be detained pending sentencing, and exceptional reasons for his release include the District Court's handling of his motion for release.**

This Court may grant Mr. Martin's release based on the reasons set forth in his original motion, or because the Court's conclusion that structural error caused by the appearance of judicial bias is an additional exceptional circumstance.

**A.  Legal Standards.**

Pursuant to § 3145(b), "'If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.' District courts review *de novo* a magistrate judge's detention order." *See United States v. Haley*, No. 2:23-cr-20191-MSN-cgc, 2024 U.S. Dist. LEXIS 216146, at *7 (W.D. Tenn. Nov. 27, 2024) (citations omitted). *See generally* (Memorandum in Support of Motion, ECF

No. 802, PageIDs 15507–15508) (explaining Bail Reform Act's provisions regarding mandatory detention for a "crime of violence" and arguments that "residual clause" of § 3156(a) is unconstitutionally vague).

In addition, a court may order release "under appropriate conditions." *See* (*id.*, PageID 15510). To obtain release under § 3145(c), defendants must make two showings: "(1) that [they] meet[] the conditions of release set forth in § 3143(a)(1) [*i.e.*, not likely to flee or pose a danger to the safety of any other person or the community] and (2) that exceptional circumstances make [their] detention inappropriate." *United States v. Wise*, No. 3:20-CR-46-TAV-JEM-2, 2023 U.S. Dist. LEXIS 121832, at *5–6 (E.D. Tenn. July 14, 2023). Under this provision, courts retain "broad discretion" to consider the "totality of the circumstances" and allow defendants to remain out of custody. *See United States v. Sadrinia*, No. 24-5464, 2025 U.S. App. LEXIS 2073, at *8 (6th Cir. Jan. 29, 2025) (quoting guidance from *United States v. Garcia*, 340 F.3d 1013, 1016 (9th Cir. 2003), concluding defendant did not establish exceptional reasons after examining evidentiary and sufficiency arguments, due process argument regarding sentencing exhibits, the defendant's criminal history and the offense conduct, and a lack of medical or family issues warranting release).

The Bail Reform Act does not define "exceptional reasons" permitting release. Tennessee federal courts have emphasized that, because the term is not defined, "the determination of whether exceptional reasons have been clearly shown is quintessentially a fact-intensive inquiry requiring case by case analysis and the district judge, therefore, has *broad discretion in the factors* the judge might consider when determining whether exceptional reasons for release exist." *Wise*, 2023 U.S. Dist. LEXIS 121832, at *7–8 (emphasis added) (citations and quotations omitted).

**B. Mr. Martin may—and should—be released from detention without further delay.**

Mr. Martin is a good candidate for release, and this Court should exercise its discretion to order his release without further delay. In March, the exceptional reasons warranting Mr. Martin's release pending sentencing included: (1) the government's position at the hearing was that Mr. Martin is not a flight risk or threat to the community, and the government did not seek Mr. Martin's detention for the alleged violation; (2) Mr. Martin had no previous criminal history (adult or juvenile), so the offense conduct in this case was aberrational; (3) the probation office informed the Magistrate Judge that Mr. Martin had been very compliant with all of the terms of his supervised release and obeyed all the rules, until the alleged violation; (4) Mr. Martin provided expert analysis of his well-documented mental health issues that make him differently situated than his co-defendants and mitigate his involvement in the offense; (5) Mr. Martin's present circumstances, including his need to earn money to pay for child support, render his pre-sentencing custody a hardship; (6) Mr. Martin has been unusually cooperative, and the government may still require Mr. Martin's cooperation, through information or testimony, prior to or during the sentencing hearings of the co-defendants in this case;[2] (7) the probation officer sought detention but did not do an investigation or conclusively establish a violation of Mr. Martin's conditions of release;[3] (8) there is no history of violence between Mr. Martin and Ms. Davis, Ms. Jones, or his

---

[2] This Court's order granting new trials to Mr. Martin's co-defendants is a exceptional circumstance; further cooperation at any retrial (or retrials) accentuates this point made in Mr. Martin's earlier motion.

[3] As explained in Mr. Martin's prior filings, the magistrate judge relied on unreliable evidence and did not question Mr. Martin about the interpretation or hear from witnesses with direct knowledge; the evidence presented at Mr. Martin's revocation hearing did not establish a violation of Tennessee's harassment statute. At a revocation hearing, a defendant is "entitled to" several procedural protections, including "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear" and "an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2)(C), (b)(2)(E). Although the Rules of Evidence do not

daughter; (9) there was insufficient or, in the light most favorable to the government, minimal evidence of the misdemeanor offense of harassment, and no charges were brought by the Memphis Police Department as a result of the reports that form the basis of the release revocation. *See* (Memorandum, ECF No. 802, PageIDs 15513–15514).

Looking back at the progression of events surrounding Mr. Martin's detention, an additional exceptional circumstance has emerged: even though the government had been supportive and/or neutral regarding Mr. Martin's request to be released from detention, Judge Norris ordered the government to file a written response to address, in relevant part, whether Mr. Martin should be detained. *Compare* (Memorandum, ECF No. 802, PageID 15499) (quoting government's position and Minute Entry reflection that the government agreed "with release with modifications") *with* (Order, ECF No. 804, PageID 15521) (asking the government to address whether it "believes Defendant is eligible for release pending sentencing under 18 U.S.C. § 3143 or 3145(c)").

The effect of the court's order caused the government's position to change. At minimum, the court's order directing the government to respond to a question that had already been answered created an unconstitutional appearance of bias. When this Court granted Mr. Martin's codefendants new trials, it cited the Due Process Clause's standard that "justice must satisfy the appearance of justice," and the objective test applied to the facts before this Court should lead to the conclusion that Mr. Martin should not be detained at this time. *See* (Order, ECF No. 919, PageID 16565) ("Because '[b]oth the appearance and reality of impartial justice are necessary to the public legitimacy of judicial pronouncements and thus to the rule of law itself,' an

---

apply, defendants in revocation proceedings are entitled to some minimal but flexible due process requirements, including the right to confront and cross-examine adverse witnesses. *See United States v. Lewis*, 790 F. App'x 702, 707 (6th Cir. 2019).

unconstitutional failure to recuse is structural error and thus not amenable to harmless-error review.") (citations omitted).

Finally, over the government's objections, all of Mr. Martin's codefendants are now released from detention. *See, e.g.*, (Government's Response in Opposition to Defendant Haley's Motion for Bond, ECF No. 930, PageIDs 16594–16599); (Minute Entry, ECF No. 935) (noting proceedings held on Mr. Haley's motion for bond, defendant ordered released on bond); (Notice of Cancellation, ECF No. 944) (cancelling hearings for Mssrs. Bean and Smith because orders granting motions had entered).

### III. Conclusion.

This Court should exercise its discretion to release Mr. Martin pending sentencing or to revoke the Magistrate Judge's revocation order. At the revocation hearing, the government agreed that conditions of release are sufficient for Mr. Martin, and the probation officer agreed that conditions of release could address the alleged transgression that led to the petition for revocation. Mr. Martin asks that, if the Court is disinclined to grant him release, that it hear argument and allow him to present evidence to show the exceptional reasons warranting his release pending sentencing.

Respectfully submitted this 19th day of September, 2025.

RITCHIE, JOHNSON & STOVALL, P.C.

/s/Stephen Ross Johnson
STEPHEN ROSS JOHNSON [TN BPR No. 022140]
CATALINA L.C. GOODWIN [TN BPR No. 038660]
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
johnson@rjs.law
goodwin@rjs.law

THE LAW OFFICE OF MASSEY MCCLUSKY FUCHS & BALLENGER

/s/ William D. Massey
WILLIAM D. MASSEY [BPR No. 9568]
3074 East Road
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com
masseymccluskylaw@gmail.com

*Counsel for Emmitt Martin, III*

## CERTIFICATE OF SERVICE

I certify that on September 19, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Stephen Ross Johnson