IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 2:23-cr-20191-MSN |
| | ) | |
| EMMITT MARTIN, III | ) | |

**SECOND SUPPLEMENT TO MOTION FOR REVOCATION OF DETENTION ORDER AND MOTION FOR RELEASE UNDER APPROPRIATE CONDITIONS**

A pending motion before this Court seeks the release of Emmitt Martin, III, on appropriate conditions, or, in the alternative, revocation of the Magistrate Judge's Order of detention for Mr. Martin. *See* (Martin Supplement to Motion for Revocation of Detention Order, ECF No. 945, PageIDs 16617–16628) (supplementing ECF Nos. 801, 802). Mr. Martin recently filed a supplement to that motion to bring the Court's attention to an additional exceptional circumstance that warrants his release, namely, this Court's finding that structural error related to the appearance of judicial bias requires a new trial for Mr. Martin's codefendants, all of whom are now released from custody. *See* (Supplement, ECF No. 945, Page ID 16618) (noting government changed its position as to whether Mr. Martin should be released after Judge Norris ordered response, despite having supported or remained neutral on the issue, as the defense had already communicated to the court). After Mr. Martin supplemented his motion, the government filed an interlocutory appeal of the Order granting new trials, and this Court cancelled a report date that had been scheduled for September 25, 2025. *See* (Government's Notice of Appeal, ECF No. 946, PageIDs 16629–16631); (Notice of Cancellation, ECF No. 948).

This second supplement to Mr. Martin's motion seeking his immediate release asks the Court not to delay ruling on Mr. Martin's motion because (1) the government's appeal does not

divest this Court of jurisdiction to rule on Mr. Martin's motion, and (2) Mr. Martin has been held in effective solitary confinement for the last seven months, far away from his counsel of choice.

**(1) This Court still has jurisdiction to release Mr. Martin.** District Courts retain jurisdiction over question of custody, so Mr. Martin's motion for release remains appropriate for this Court's disposition, even while the government's appeal of an Order (ECF No. 919) is pending. *See United States v. Prigmore*, No. 21-3716, 2022 U.S. App. LEXIS 16886, at *3–4 (6th Cir. June 16, 2022) ("The general rule is that filing a notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.' . . . In criminal proceedings, one such exception applies with respect to whether the defendant should be released or in custody pending a direct criminal appeal. The district court also has authority to 'recommend to the Attorney General that the defendant be confined near the place of the trial or appeal for a period reasonably necessary to permit the defendant to assist in preparing the appeal.") (citing Fed. R. App. P. 9; Fed. R. Crim. P. 38); *United States v. Krzyske*, 857 F.2d 1089, 1091 (6th Cir. 1988) (quoting favorably from Seventh Circuit case and reasoning that district court "best equipped to respond to" changed circumstances in bail context); *United States v. Cater*, No. 3:18-cr-46-RGJ, 2023 U.S. Dist. LEXIS 74250, at *3 (W.D. Ky. Apr. 28, 2023) (concluding court will consider motion for release even though defendant "now appealing" sentence); *cf. United States v. Archambault*, 240 F. Supp. 2d 1082, 1083 (D.S.D. 2002) (granting motion for release while defendant's motion to dismiss under consideration by Eighth Circuit).

**(2) Mr. Martin's location and conditions of confinement are unacceptable.** Despite having no criminal history preceding this case and, to defense counsel's knowledge, no disciplinary issues while in custody, Mr. Martin is being detained in a brutal form of confinement: for approximately 21 hours per day (24 hours per day on the weekends), he is in effective solitary

confinement.[1] As a former law enforcement officer, the reason for his administrative segregation is his own safety. Concerningly, though, the protective custody justification for Mr. Martin's solitary confinement is undermined by how the practice is otherwise used: "the hole" is where inmates with behavioral issues are placed as punishment. Placing administratively segregated individuals in the same housing unit as individuals who have been separated from others due to disciplinary problems, even if all are in solitary confinement, not only causes the jail to place further restrictions on detainees' already limited privileges but confirms that Mr. Martin's conditions of confinement are understood by the jail itself as particularly punitive. Indeed, studies show that conditions of confinement like what Mr. Martin has experienced for the last seven months have both short-term and long-term consequences. Individuals kept in solitary confinement suffer long-term physical and psychological consequences, and subjecting individuals to prolonged isolated confinement can exacerbate existing issues.[2] As such, Mr. Martin's well-documented diminished capacity—as reflected in the neuropsychological and forensic psychiatric

---

[1] "Solitary confinement is defined based on the United Nations Standard Rules for the Treatment of Prisoners ('The Nelson Mandela Rules') to mean prolonged isolated confinement characterized by sensory deprivation and/or little human contact in relatively small spaces for more than 22 hours per day." National Association of Criminal Defense Lawyers, *The Woodfox Resolution Against Solitary Confinement* (Aug. 5, 2023), https://www.nacdl.org/Content/Resolution-Against-Torture-and-Solitary-Confinemen (calling for ban on use of solitary confinement because, in part, "Solitary confinement results in long term physical and mental health effects and often irreversible damage, is contrary to rehabilitation, and serves no legitimate penological or societal purpose" and "The United Nations, Amnesty International, the World Health Organization, and leading humanitarian groups throughout the world recognize that solitary confinement for more than 15 consecutive days is torture").

[2] *See*, *e.g.*, Stuart Grassian, *Psychiatric Effects of Solitary Confinement*, 22 Wash. U. J. L. & Pol'y 325 (2006), https://openscholarship.wustl.edu/law_journal_law_policy/vol22/iss1/24 (observing that, "for many of the inmates so housed, incarceration in solitary caused either severe exacerbation or recurrence of preexisting illness, or the appearance of an acute mental illness in individuals who had previously been free of any such illness").

evaluations detailing his PTSD and the circumstances that prevented him from acting with premeditation or malice in this case[3]—also makes his restrictive housing contrary to the duty of the federal government to provide "safe, humane, and appropriately secure conditions."[4] *See Apodaca v. Raemisch*, 586 U.S. 931, 935 (2018) (Sotomayor, J., concurring) (collecting cases and studies in support of statement that "we do know that solitary confinement imprints on those that it clutches a wide range of psychological scars"); *J.H. v. Williamson Cnty.*, 951 F.3d 709, 719 (6th Cir. 2020) ("As the Third Circuit has explained, confinement of a detainee should be assessed 'in light of his mental illness,' recognizing the 'growing consensus' that solitary confinement 'can cause severe and traumatic psychological damage, including anxiety, panic, paranoia, depression, post-traumatic stress disorder, psychosis, and even a disintegration of the basic sense of self identity.'") (citation omitted); *Finley v. Huss*, 102 F.4th 789, 812 n.11 (6th Cir. 2024) (citing decisions recognizing relationship between risks of solitary confinement and mental health).

Further, the location of Mr. Martin's detention is disruptive of his right to counsel of choice. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 150-52 (2006) (holding that deprivation of the right to counsel of choice is a violation of the Sixth Amendment and is a "structural error" in a criminal proceeding and is not subject to harmless error analysis). For nearly seven months, Mr. Martin has been detained in a jail outside of Tennessee.[5] That jail is not an insignificantly distant location from Memphis, and its distance adds significant travel time and hardship for both Mr.

---

[3] *See* (Martin Sentencing Factors Position, ECF No. 736, PageIDs 14954–15013).

[4] *Cf.* U.S. Government Accountability Office, *Bureau of Prisons*: *Additional Actions Needed to Improve Restrictive Housing Practices* (Feb. 6, 2024), https://www.gao.gov/assets/gao-24-105737.pdf (citing 18 U.S.C. § 4042).

[5] The specific location of Mr. Martin's detention is not being listed here for security reasons.

Martin's West Tennessee and especially his East Tennessee counsel. So long as Mr. Martin is required to be in custody, both his safety and his access to counsel of choice must be protected. This case is in a uniquely challenging posture, requiring significant in-person consultation with Mr. Martin by his counsel of choice, especially his East Tennessee counsel. *Cf.* Fed. R. Crim. P. 38(b)(2) (permitting courts to make recommendations on place of confinement "to permit the defendant to assist in preparing the appeal"). Notably, the question of Mr. Martin's release is an appealable decision. *See* 18 U.S.C. §3145(c).

THEREFORE, Mr. Martin asks this Court to exercise its discretion to release Mr. Martin pending sentencing or to revoke the Magistrate Judge's detention order. At the original revocation hearing, the government agreed that conditions of release are sufficient for Mr. Martin, and the probation officer agreed that conditions of release could address the alleged transgression that led to the petition for revocation. Mr. Martin asks that, if the Court is disinclined to grant him release, that it hear argument and allow him to present evidence to show the exceptional reasons warranting his release pending sentencing. The government's interlocutory appeal has no effect on Mr. Martin's motion to revoke the detention order. There is no jurisdictional reason to delay ruling on this motion, and Mr. Martin's solitary confinement is unjustifiably punitive.

Respectfully submitted this 29th day of September, 2025.

RITCHIE, JOHNSON & STOVALL, P.C.

/s/Stephen Ross Johnson
STEPHEN ROSS JOHNSON [TN BPR No. 022140]
CATALINA L.C. GOODWIN [TN BPR No. 038660]
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
johnson@rjs.law
goodwin@rjs.law

THE LAW OFFICE OF MASSEY MCCLUSKY FUCHS & BALLENGER

/s/ William D. Massey
WILLIAM D. MASSEY [BPR No. 9568]
3074 East Road
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com
masseymccluskylaw@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on September 29, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Stephen Ross Johnson